## IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

JAMES E. CROUCH                                          **PLAINTIFF**

F I L E D

SEP 25 2002

VS.                                          CAUSE NO. *02-0672-GN-W*

*Jimy C. Havard*
*Chancery Clerk*

AMSOUTH BANK                                          **DEFENDANT**

### COMPLAINT FOR DISCOVERY

1.     Plaintiff James E. Crouch is a resident of Lamar County, Mississippi.

2.     Defendant AmSouth Bank is a foreign corporation authorized to do business in Mississippi.   AmSouth Bank's agent for service of process is C.T. Corporation, 631 Lakeland East Dr., Flowood, Mississippi 39232.  AmSouth has a branch in and does business in Forrest County.

3.     This is a complaint for discovery.   Jurisdiction of such actions has traditionally been in the chancery courts as a matter of common law.

4.     Plaintiff James Edward Crouch is the son of James Earl Crouch, deceased. In 1998, the senior Mr. Crouch informed his son that he had purchased an annuity at AmSouth Bank from Lincoln Financial Group in an amount of $250,000 and listed Plaintiff James Edward Couch as the beneficiary.

5.     James Earl Crouch died on February 14, 2001.  Plaintiff has since been informed that the beneficiary of the annuity was changed without his father's knowledge.

6.     In order for  Plaintiff to establish a claim to the annuity purchased for him

1

by his father, it is necessary that Plaintiff examine the annuities purchased by James Earl Crouch through AmSouth Bank.  Plaintiff has applied to AmSouth Bank and Lincoln Financial for an opportunity to examine the required documents and has been unable to obtain a sufficient examination thereof.

7.    Plaintiff requires a copy of any and all annuities purchased by James Earl Crouch  and any all documents relating to the annuities  including relating to the beneficiary and/or changes to the beneficiary of the annuity in order to establish any claim he may have to the proceeds of the annuity(ies).

8.    Wherefore, Plaintiff requests an order requiring Defendant to produce copies of all documents in its possession, custody or control  relating to annuities purchased by James Earl Crouch as described above and copies of any  and all documents relating to the annuity(ies).

Respectfully submitted on this the 25 day of _____Sept_____, A.D., 2002.

Glenn N. White, Esq. MSB 7137

**Holmes & White, PLLC**
601 Highway 42 East
P.O. Box 662
Petal, Mississippi 39465
Telephone: (601) 544-8855
Facsimile: (601) 544-8889
*Attorney for James Edward Crouch*

2

# IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

JAMES E. CROUCH                                                    PLAINTIFF

VS.                                              CAUSE NO. 02-0672 *G&W*

AMSOUTH BANK                                                       DEFENDANT

---

### SUMMONS
### (Process Server)

### THE STATE OF MISSISSIPPI

TO:    C.T. Corporation
       631 Lakeland East Dr.
       Flowood, Mississippi 39232

### NOTICE TO DEFENDANT

## THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Glenn L. White, Attorney At Law, Holmes & White, PLLC, whose post office address is Post Office Box 662, Petal, Mississippi 39465, and whose street address is 601 Highway 42 East, Petal, Mississippi. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgement by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this 25 day of September, 2002.

(SEAL)                              HON. JIMMY C. HAVARD
                                    FORREST COUNTY CHANCERY CLERK
                                    P. O. BOX 951
                                    HATTIESBURG, MS 39403

                                    By: _____ D.C.

3

## PROOF OF SERVICE - SUMMONS
(Process Server)

**C.T. CORPORATION**

     I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

    \_\_\_ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

    \_\_\_PERSONAL SERVICE. I personally delivered copies to _____ on \_\_\_\_\_ day of _____, 2002, where I found said person in _____County of the State of Mississippi.

    \_\_\_ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within_____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2002, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2002, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

    \_\_\_ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to person served.

    At time of service I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below: [Please print or type]
Name _____
Social Security No._____
Address _____
_____
Telephone No. _____

STATE OF MISSISSIPPI
COUNTY OF _____
    Personally appeared before me the undersigned authority in and for the State and County aforesaid, the within named _____ who being first by me duly sworn states on oath that the matter and facts set forth in the foregoing "Proof of Service- Summons" are true and correct as therein stated.

_____
Process Server

    Sworn to and subscribed before me this the _____ day of _____, 2002.

_____
Notary Public

My Commission Expires:

_____

# IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

JAMES E. CROUCH                                                    PLAINTIFF

**F I L E D**
OCT 17 2002
*Jimy C. Harrel*

VS.                                              CAUSE NO. __02-0672-GN-W__

AMSOUTH BANK                                                       DEFENDANT

## ACKNOWLEDGMENT OF SERVICE

TO:   C.T. Corporation
      631 Lakeland East Dr.
      Flowood, MS 39232

The enclosed summons and complaint are served pursuant to Rule 4(c)(3) of the Mississippi Rules of Civil Procedure.

You must sign and date the acknowledgment at the bottom of this page. If you are served on behalf of a corporation, unincorporated association (including a partnership), or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within 20 days of the date of mailing shown below, you (or the party on whose behalf you are being served) may be required to pay any expenses incurred in serving a summons and complaint.

If you do complete and return this form, you (or the party on whose behalf you are being served) must respond to the complaint within 30 days of receipt of this notice. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

I declare that this Notice and Acknowledgment of Receipt of Summons and Complaint was mailed on _____. (Insert date)

*Laura R. Betty*
Signature
Vice President & Counsel, AmSouth Bank

THIS ACKNOWLEDGMENT OF RECEIPT OF SUMMONS AND COMPLAINT MUST BE COMPLETED.

I acknowledge that I have received a copy of the summons and of the complaint in the above-captioned matter in the State of _Tennessee_.

_Laura R. Betty_
Signature

_Vice President + Coun_ (Relationship to Entity/Authority to Receive Service of Process)
_AmSouth Bank_

_10-10-02_     Date of Signature


STATE OF _Tennessee_
COUNTY OF _Davidson_

Personally appeared before me, the undersigned authority in and for the State and County aforesaid, the above named _Laura Betty_, who ____ solemnly and truly declared and affirmed before me that the matters and facts set forth in the foregoing Acknowledgment of Receipt of Summons and Complaint are true and correct as therein stated.

Affirmed and subscribed before me this _10th_ day of _October_, 2002.

_Michelle Latimer_
Notary Public

My Commission Expires:
_March 29, 2003_

(Seal)

IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

**FILED**

NOV 0 4 2002

*Jimmy C. Havard*
**Chancery Clerk**

JAMES E. CROUCH                                                                    PLAINTIFF

VERSUS                                                              CAUSE NO. 02-0672-GN-W

AMSOUTH BANK                                                                       DEFENDANT

### MOTION FOR EXTENSION OF TIME

COMES NOW, Amsouth Bank, Defendant in the above-referenced proceeding, by and

through its attorneys of record, Balch & Bingham LLP, and moves the Court for an additional thirty

(30) days time in which to respond to the Complaint on file herein against it, and in support thereof

would show unto the Court that counsel has just been retained, and has not yet had an opportunity

to discuss the facts of the case with his client so as to allow him to prepare a full and complete

response to the Complaint.

Plaintiff will not be prejudiced by this reasonable extension of time.

RESPECTFULLY SUBMITTED, this the 1st day of November, 2001.

AMSOUTH BANK

BY:    BALCH & BINGHAM, LLP

BY:    *Paul J Delcambre*
Paul J. Delcambre, Jr.
Mississippi Bar No. 6034

## CERTIFICATE OF SERVICE

I, Paul J. Delcambre, Jr., do hereby certify that I have this day mailed, postage prepaid a true and correct copy of the above and foregoing Motion for Extension of Time to Glenn N. White, Esquire, Holmes & White, PLLC, Post Office box 662, Petal, Mississippi 39465.

THIS, the ____ day of November, 2001.


Paul J. Delcambre, Jr.


BALCH & BINGHAM LLP
Post Office Box 130
1310 Twenty-Fifth Avenue
Gulfport, MS 39501-7748
Telephone:      (228) 864-9900
Facsimile:      (228) 864-8221

IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

**FILED**

**NOV 26 2002**

*Jenny E. Howard*
**Chancery Clerk**

| | |
|---|---|
| JAMES E. CROUCH | PLAINTIFF |
| VERSUS | CAUSE NO. 02-0672-GN-W |
| AMSOUTH BANK | DEFENDANT |

## <u>ORDER GRANTING ADDITIONAL TIME TO ANSWER COMPLAINT</u>

This cause having come on for hearing on the motion of Defendant, Amsouth Bank, for additional time to respond to the Complaint on file herein against it, having shown to the Court that counsel has just been retained and has not yet had an opportunity discuss the facts of the case with his client, and the Court having duly considered the same finds that the motion is well taken and should be sustained. It is therefore,

ORDERED AND ADJUDGED, that Amsouth Bank be, and it is hereby granted an additional thirty (30) days from the date of this order within which to answer the Complaint.

ORDERED AND ADJUDGED, this the 2<u>7th</u> day of November, 2002.

_____
CHANCELLOR

APPROVED:

_____
Glenn L. White, Attorney for Plaintiff

## IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

**JAMES E. CROUCH**                                                              **PLAINTIFF**

**VERSUS**                                                              CAUSE NO. 02-0672-GN-W

**AMSOUTH BANK**                                                              **DEFENDANT**



### ANSWER AND DEFENSES OF AMSOUTH BANK
### TO THE COMPLAINT FOR DISCOVERY

Comes now AmSouth Bank, the defendant in the above styled and numbered cause, and

files this, its Answer and Defenses to the Complaint for Discovery and in support thereof would

show unto the Court the following, to-wit:

### FIRST DEFENSE

The allegations of the Complaint fail to state a cause of action upon which relief can be

granted.

### SECOND DEFENSE

The Court lacks jurisdiction over the person of the Defendant.

### THIRD DEFENSE

The Court lacks jurisdiction over the subject matter of this claim.

### FOURTH DEFENSE

Venue in Forrest County is improper.

### FIFTH DEFENSE

Answering the allegations of the Complaint paragraph by paragraph, the Defendant would

say:

1.       The allegations of Paragraph 1 of the Complaint are admitted.

2.    The allegations of Paragraph 2 of the Complaint are admitted.

3.    It admitted that Chancery Courts have traditionally had jurisdiction over Complaints for Discovery, however it is denied that the allegations of the Complaint are sufficient to vest jurisdiction in the Chancery Court.  The remaining allegations of Paragraph 3 of the Complaint not specifically admitted herein are denied.

4.    It is admitted that James Earl Crouch, Deceased, purchased an annuity at AmSouth Bank from Lincoln Financial Group.  The remaining allegations of Paragraph 4 of the Complaint not specifically admitted herein are denied.

5.    It is admitted that James Earl Crouch died on February 14, 2001.  The remaining allegations of Paragraph 5 of the Complaint not specifically admitted herein are denied.

6.    It is admitted that the Plaintiff has requested records from AmSouth Bank.  The remaining allegations of Paragraph 6 of the Complaint not specifically admitted herein are denied.

7.    The allegations of Paragraph 7 of the Complaint are denied.

8.    The allegations of Paragraph 8 of the Complaint are denied.

### SIXTH DEFENSE

Alternatively, the Defendant would affirmatively show that the material which the Plaintiff seeks is not exclusively in the possession and control of the Defendant but is also in the possession and control of and is available from Lincoln Financial Group and therefore a Complaint for Discovery is not appropriate.

### SEVENTH DEFENSE

Alternatively, the Defendant would affirmatively show that there is no actual, existing civil action pending in the Plaintiff's behalf to warrant an order for discovery.

## **EIGHTH DEFENSE**

Alternatively, the Defendant would affirmatively show that the Defendant and its employees are merely witnesses and are not parties to any pending action so that a Complaint for Discovery is not maintainable.

Now having answered the allegations of the Complaint and having asserted its defenses thereto, the Defendant prays that upon a hearing of this cause the Complaint will be dismissed, with prejudice to the rights of the Plaintiff, and that all costs will be taxed against the Plaintiff.

RESPECTFULLY SUBMITTED, this the 2nd day of December, 2002.

AMSOUTH BANK

BY:    BALCH & BINGHAM, LLP


BY:    _Paul J Delcambre Jr_
Paul J. Delcambre, Jr.
Mississippi Bar No. 6034

## CERTIFICATE OF SERVICE

I, Paul J. Delcambre, Jr., do hereby certify that I have this day forwarded, via facsimile and U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing Answer and Defenses to Glenn L. White, Esquire, Holmes & White, PLLC, Post Office Box 662, Petal, Mississippi 39465, (601) 544-8889.

THIS, the 4th day of December, 2002.

_____
Paul J. Delcambre, Jr.


BALCH & BINGHAM LLP
Post Office Box 130
1310 Twenty-Fifth Avenue
Gulfport, MS 39501-7748
Telephone:     (228) 864-9900
Facsimile:     (228) 864-8221

## IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

JAMES E. CROUCH                                                    PLAINTIFF

VERSUS                                      DEC 1 7 2002            CAUSE NO. C02-0672-GN-W

AMSOUTH BANK                                                       DEFENDANT

Chancer

---

### NOTICE OF SERVICE OF DISCOVERY

---

TO:    Hon. Paul J. Delcambre, Jr.
       Balch & Bingham LLP
       P. O. Box 130
       Gulfport, MS  39502

       COMES NOW, Glenn L. White, attorney for Plaintiff, and hereby gives notice to the

Court that the following discovery has been served upon counsel for the Defendants in the above

styled and numbered cause.

       (1)    Interrogatories and Request for Production of Documents & Tangible
              Things Propounded to AmSouth Bank

       Further, notice is hereby given that the originals of these pleadings are being retained in

our office files.

       RESPECTFULLY SUBMITTED, this the _16_ day of December, 2002.

                                             JAMES E. CROUCH, Plaintiff


                                      BY:    _Glenn L White_ by
                                             GLENN L. WHITE, MBN 7137

**Holmes & White, PLLC**
P. O. Box 662
Petal, MS 39465
601.544.8855

IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

**FILED**

**JAN 2 3 2003**

*Jimmy L. Husond*
**Chancery Clerk**

JAMES E. CROUCH                                                                    PLAINTIFF

VERSUS                                                                    CAUSE NO. 02-0672-GN-W

AMSOUTH BANK                                                                    DEFENDANT

## MOTION FOR EXTENSION OF TIME TO RESPOND TO DISCOVERY

COMES NOW, Amsouth Bank, Defendant in the above-referenced proceeding, by and through its attorneys of record, Balch & Bingham LLP, and moves the Court for an additional twenty (20) days time in which to respond to the Interrogatories and Request for Production of Documents and Tangible Things propounded to it, and in support thereof would show unto the Court that counsel has not yet had an opportunity to fully review the documents submitted by his client for review so as to allow him to prepare a full and complete responses to the discovery.

Plaintiff will not be prejudiced by this reasonable extension of time.

RESPECTFULLY SUBMITTED, this the 21st day of January, 2003.

AMSOUTH BANK

BY:    BALCH & BINGHAM, LLP

BY:    *Paul J. Delcambre*
Paul J. Delcambre, Jr.
Mississippi Bar No. 6034

## CERTIFICATE OF SERVICE

I, Paul J. Delcambre, Jr., do hereby certify that I have this day mailed, postage prepaid a true and correct copy of the above and foregoing Motion for Extension of Time to Respond to Discovery to Glenn N. White, Esquire, Holmes & White, PLLC, Post Office box 662, Petal, Mississippi 39465.

THIS, the 21st day of January, 2003.

_Paul J. Delcambre, Jr._
Paul J. Delcambre, Jr.


BALCH & BINGHAM LLP
Post Office Box 130
1310 Twenty-Fifth Avenue
Gulfport, MS 39501-7748
Telephone:     (228) 864-9900
Facsimile:     (228) 864-8221

IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

JAMES E. CROUCH                                              PLAINTIFF



VERSUS                                            CAUSE NO. 02-0672-GN-W

AMSOUTH BANK                                                 DEFENDANT

FEB 07 2003

Jimmy C. Howard
**Chancery Clerk**

## ORDER GRANTING ADDITIONAL TIME TO ANSWER DISCOVERY

This cause having come on for hearing on the motion of Defendant, AmSouth Bank, for additional time to respond to the Interrogatories and Request for Production of Documents and the Court having duly considered the same finds that the motion is well taken and should be sustained. It is therefore,

ORDERED AND ADJUDGED, that AmSouth Bank be, and it is hereby granted an additional twenty (20) days from the date of this order within which to respond to the Interrogatories and Request for Production of Documents and Tangible Things propounded by the Plaintiff.

ORDERED AND ADJUDGED, this the 7th day of January, 2003.

_____
CHANCELLOR

APPROVED:

_____
Glenn L. White, Attorney for Plaintiff

BOOK 0481 PAGE 418

IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

JAMES E. CROUCH                                                                PLAINTIFF

VERSUS                                                          CAUSE NO. 02-0672-GN-W

AMSOUTH BANK                                                                  DEFENDANT

F I L E D
FEB 2 8 2003

*Jimmy e. Howard*
*Chancery Clerk*

## NOTICE OF SERVICE OF PLEADINGS

To:          Glenn N. White, Esquire
             Holmes & White, PLLC
             Post Office Box 662
             Petal, Mississippi 39465

             NOTICE IS HEREBY GIVEN, that Paul J. Delcambre, Jr., counsel for Defendant,

AmSouth Bank, has this date served in the above-styled action the following:

1.          Defendant's Answers to and Requests for Production of Documents and Tangible
            Things

            The undersigned retains the originals of the above documents as custodian thereof pursuant

to the Uniform Rules.

            This the 27th day of February, 2003.

                                    AMSOUTH BANK

                                    BY:     BALCH & BINGHAM LLP

                                    BY:     *Paul J Delcambre Jr*
                                            Paul J. Delcambre, Jr.
                                            MS Bar No. 6034

## CERTIFICATE OF SERVICE

I, Paul J. Delcambre, Jr., do hereby certify that I have this day served a true and correct copy

of the above and foregoing Notice of Service of Pleadings by U. S. mail, postage prepaid, to:

> Glenn N. White, Esquire
> Holmes & White, PLLC
> Post Office Box 662
> Petal, Mississippi 39465

This the 27th day of February, 2003.


_Paul J. Delcambre Jr._
PAUL J. DELCAMBRE, JR.




PAUL J. DELCAMBRE, JR.
BALCH & BINGHAM LLP
1310 - 25th Avenue
P. O. Box 130
Gulfport, MS 39502
(228) 864-9900
FAX: 864-8221

IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

FILED

FEB 28 2003

*Henry C. Howard*
**Chancery Clerk**

JAMES E. CROUCH                                                    PLAINTIFF

VERSUS                                                    CAUSE NO. 02-0672-GN-W

AMSOUTH BANK                                                    DEFENDANT

## MOTION FOR EXTENSION OF TIME TO FILE VERIFICATION

COMES NOW, Amsouth Bank, Defendant in the above styled and numbered cause, and moves the Court for an additional five (5) days time within which to serve upon counsel for the Plaintiff verification to the Answers to Interrogatories and propounded herein, and in support thereof would show unto the Court the following:

I.

Counsel for the Defendant has this day served upon counsel for the Plaintiff Answers to the Interrogatories and Response to Request for Production of Documents propounded herein by the Plaintiff, which answers have been signed by counsel for the Defendant, however, without a verification as to the Answers to the Interrogatories.

II.

The representative of the Defendant who was to sign the verification has been on an extended medical leave, and that it is necessary to obtain the signature of another representative of the Defendant and that five (5) days time should be a sufficient amount of time within which to obtain the verification

RESPECTFULLY SUBMITTED, this the 27 day of February, 2003.

AMSOUTH BANK

BY:    BALCH & BINGHAM, LLP


BY:    _Paul J. Delcambre, Jr._
       Paul J. Delcambre, Jr.
       Mississippi Bar No. 6034




## CERTIFICATE OF SERVICE

I, Paul J. Delcambre, Jr., do hereby certify that I have this day mailed, postage prepaid a true

and correct copy of the above and foregoing Motion for Extension of Time to File Verification to

Glenn N. White, Esquire, Holmes & White, PLLC, Post Office box 662, Petal, Mississippi 39465.

THIS, the 27 day of February, 2003.



_Paul J. Delcambre, Jr._
Paul J. Delcambre, Jr.




BALCH & BINGHAM LLP
Post Office Box 130
1310 Twenty-Fifth Avenue
Gulfport, MS 39501-7748
Telephone:    (228) 864-9900
Facsimile:    (228) 864-8221

# IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

JAMES E. CROUCH  **PLAINTIFF**

**VERSUS** CAUSE NO. C02-0672-GN-W

MAR 10 2003

AMSOUTH BANK **DEFENDANT**

Chancery Clerk

## NOTICE OF SERVICE OF DISCOVERY

TO:   Hon. Paul J. Delcambre, Jr.
      Balch & Bingham LLP
      P. O. Box 130
      Gulfport, MS  39502

   **COMES NOW**, Glenn L. White, attorney for Plaintiff, and hereby gives notice to the

Court that the following discovery has been served upon counsel for the Defendants in the above

styled and numbered cause.

   *Plaintiff's Second Set of Interrogatories Propounded to the Defendant*

   **FURTHER**, notice is hereby given that the originals of these pleadings are being retained

in our office files.

   **RESPECTFULLY SUBMITTED**, this the ____7____ day of March, 2003.

                                        JAMES E. CROUCH, Plaintiff


                              BY: _____
                                        GLENN L. WHITE, MBN 7137

Holmes & White, PLLC
P. O. Box 662
Petal, MS 39465
601.544.8855

IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

# F I L E D

**MAR 1 3 2003**

*Henry E. Howard*
**Chancery Clerk**

| | | |
|---|---|---|
| JAMES E. CROUCH | | PLAINTIFF |
| VERSUS | | CAUSE NO. 02-0672-GN-W |
| AMSOUTH BANK | | DEFENDANT |

## NOTICE OF SERVICE OF VERIFICATION

To:        Glenn N. White, Esquire
           Holmes & White, PLLC
           Post Office Box 662
           Petal, Mississippi 39465

NOTICE IS HEREBY GIVEN, that Paul J. Delcambre, Jr., counsel for Defendant,

AmSouth Bank, has this date served in the above-styled action the following:

1.      Verification to Defendant's Answers to and Requests for Production of Documents
        and Tangible Things

The undersigned retains the originals of the above documents as custodian thereof pursuant

to the Uniform Rules.

This the 13th day of March, 2003.

                              AMSOUTH BANK

                              BY:    BALCH & BINGHAM LLP

                              BY:    *Paul J Delcambre Jr.*
                                     Paul J. Delcambre, Jr.
                                     MS Bar No. 6034

## CERTIFICATE OF SERVICE

I, Paul J. Delcambre, Jr., do hereby certify that I have this day served a true and correct copy

of the above and foregoing Notice of Service of Pleadings by U. S. mail, postage prepaid, to:

>  Glenn N. White, Esquire
>  Holmes & White, PLLC
>  Post Office Box 662
>  Petal, Mississippi 39465

This the 13th day of March, 2003.

                                        _Paul J. Delcambre_
                                        PAUL J. DELCAMBRE, JR.


PAUL J. DELCAMBRE, JR.
BALCH & BINGHAM LLP
1310 - 25th Avenue
P. O. Box 130
Gulfport, MS  39502
(228) 864-9900
FAX: 864-8221

IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI



JAMES E. CROUCH                                                      PLAINTIFF

VERSUS                                              CAUSE NO. 02-0672-GN-W

AMSOUTH BANK                                                       DEFENDANT

## NOTICE OF SERVICE OF PLEADINGS

To:          Glenn N. White, Esquire
             Holmes & White, PLLC
             Post Office Box 662
             Petal, Mississippi 39465

        NOTICE IS HEREBY GIVEN, that Paul J. Delcambre, Jr., counsel for Defendant,

AmSouth Bank, has this date served in the above-styled action the following:

    1.       Defendant's Answers to Plaintiff's Second Set of Interrogatories Propounded to
             Defendant

    The undersigned retains the originals of the above documents as custodian thereof pursuant

to the Uniform Rules.

        This the 16th day of May, 2003.

                                    AMSOUTH BANK

                                    BY:    BALCH & BINGHAM LLP

                                    BY: Paul J. Delcambre Jr.
                                         Paul J. Delcambre, Jr.
                                         MS Bar No. 6034

## CERTIFICATE OF SERVICE

I, Paul J. Delcambre, Jr., do hereby certify that I have this day served a true and correct copy

of the above and foregoing Notice of Service of Pleadings by U. S. mail, postage prepaid, to:

> Glenn N. White, Esquire
> Holmes & White, PLLC
> Post Office Box 662
> Petal, Mississippi 39465

This the 16th day of May, 2003.

PAUL J. DELCAMBRE, JR.


PAUL J. DELCAMBRE, JR.
BALCH & BINGHAM LLP
1310 - 25th Avenue
P. O. Box 130
Gulfport, MS  39502
(228) 864-9900
FAX: 864-8221



IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

JAMES E. CROUCH                                                    PLAINTIFF

VERSUS                                                 CAUSE NO. 02-0672-GN-W

AMSOUTH BANK                                                      DEFENDANT

## MOTION TO COMPEL

COMES NOW the Plaintiff, JAMES E. CROUCH, by and through counsel, and files this his MOTION TO COMPEL, and respectfully moves this Court to Compel the Defendant's Answers to the Interrogatories & Requests for Production of Documents and in support thereof would show unto the Court as follows, to wit:

[1]     That on the 25th day of September, 2002, the Plaintiff herein filed his Complaint for Discovery.

[2]     That the Plaintiff filed a Motion for Production and the answers were due on the 10th day of April, 2003, and the Defendant has not responded to said discovery with the exception of indicating a request in different formats.

[3]     That the attorney for the Defendant comply with the request for discovery.

[4]     That as of the date of filing this Motion, the answers to discovery have not been received and complied with on the Motion for Production of Documents. That the information cited is crucial to determine the Plaintiff's rights if any.

[5]     That the Court should compel the Defendant to answer and respond fully and completely to all interrogatories and request for productions filed in this matter by the Plaintiff.

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays that this Court will compel the Defendant to answer the Complaint for Discovery and the Interrogatories and Requests propounded to the Defendant by the Plaintiff.

Respectfully Submitted,
JAMES E. CROUCH, PLAINTIFF

BY_____
GLENN L. WHITE, MSB 7137

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that the undersigned will bring on for hearing the above and

foregoing **MOTION TO COMPEL** in the Chancery Courtroom of the Forrest County Courthouse,

City of Hattiesburg, Mississippi, on Thursday,  the 13th  day of November, 2003, at 9:00 a.m., or as

soon thereafter as counsel may be heard.

This the 23rd day of September , 2003.

GLENN L. WHITE, MSB 7137

**Holmes & White, PLLC**
P.O. Box 662
Petal, MS 39465
601-544-8855
601-544-8889 Facsimile

## CERTIFICATE OF SERVICE

I, Glenn L. White, do hereby certify that I have this day mailed a true and correct copy of the

above and foregoing Motion to Compel to the following at their usual mailing address:

Hon. Paul J. Delcambre, Jr.
P.O. Box 130
Gulfport  MS   39502-0130

This the 23rd day of September , 2003.

GLENN L. WHITE, MSB 7137

## IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

**JAMES E. CROUCH**                                                                    **PLAINTIFF**

**VERSUS**                                    APR 2 2 2004                CAUSE NO. _02-0672-GN_

**AMSOUTH BANK**                         *Chancery Clerk*                          **DEFENDANT**

### NOTICE OF HEARING

    **PLEASE TAKE NOTICE** that the undersigned will bring on for hearing the above and

foregoing **MOTION TO COMPEL** in the Chancery Courtroom of the Forrest County Courthouse,

City of Hattiesburg, Mississippi, on Thursday, the 7th day of June, 2004, at 9:00 a.m., or as soon

thereafter as counsel may be heard.

    This the _21_ day of _April_, 2004.


_____

**GLENN L. WHITE, MSB 7137**


**Holmes & White, PLLC**
P.O. Box 662
Petal, MS 39465
601-544-8855
601-544-8889 Facsimile

## <u>CERTIFICATE OF SERVICE</u>

I, Glenn L. White, do hereby certify that I have this day mailed a true and correct copy of

the above and foregoing Motion to Compel to the following at their usual mailing address:

Hon. Paul J. Delcambre, Jr.
P.O. Box 130
Gulfport  MS   39502-0130

This the 21 day of _____, 2004.

_____
**GLENN L. WHITE, MSB 7137**

## IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

JAMES E. CROUCH                                                      PLAINTIFF

VS.                                                    CAUSE NO. <u>02-0672-GN-W</u>

AMSOUTH BANK                                                         DEFENDANT

*FILED OCT 0 4 2004 — Chancery Clerk*

### MOTION FOR LEAVE TO AMEND COMPLAINT

COMES NOW Plaintiff, by and through counsel, and files this his Motion for Leave to

Amend Complaint pursuant to Rule 15(a) of the Mississippi Rules of Procedure, and in support

thereof would show unto the Court as follows:

[1]     That the Plaintiff respectfully requests to amend the Complaint, a copy which is

attached as "Exhibit A".

[2]     This motion is not interposed for purposes of delay or harassment and the

Defendant would not be prejudiced as a result of the granting of this Motion to Amend.

RESPECTFULLY SUBMITTED, this the _____ day of October, 2004.

BY:     _____
        GLENN L. WHITE, MBN 7130

HOLMES & WHITE PLLC
POST OFFICE BOX 662
PETAL, MS 39465
(601)544-8855

## CERTIFICATE OF SERVICE

I, Glenn L. White, hereby certify that I have this day mailed, by United States first class

mail, postage pre-paid, a true and correct copy of the above and foregoing *Motion for Leave to*

*Amend Complaint* to the following:

Honorable Paul Delcambre
Balch & Bingham LLP
P. O. Box 130
Gulfport, MS  39502

This the ___1st___ day of October, 2004.

_____
GLENN L. WHITE

IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

JAMES E. CROUCH                                                    PLAINTIFF

v.                                                    CAUSE NO. <u>02-0672-GN-W</u>

AMSOUTH BANK and
JOHN and JANE DOES 1-10                                            DEFENDANTS

<u>AMENDED COMPLAINT</u>

1.      Plaintiff James E. Crouch is a resident of Lamar County, Mississippi.

2.      Defendant AmSouth Bank is a foreign corporation authorized to do business in

Mississippi. AmSouth can be served with process through its attorney of record, Honorable Paul J.

Delcambre, Jr., Balch & Bingham LLP, P. O. Box 130, Gulfport, Mississippi 39502.

3.      That Defendants John and Janes Does 1-10 are corporations, individuals,

partnerships, associations or other entities whose identities are unknown to the Plaintiff at present

but who are responsible for negligent acts and/or omissions that contributed to Plaintiff's injuries.

Plaintiff avers that he should be allowed to amend this Complaint to include the correct identity of

such corporations, individuals, partnerships, associations or other entities as Defendants herein at

such time as the same may be ascertained by Plaintiffs and they hereby respectfully request leave of

the Court to do so pursuant to Rule 9 (h) and (i) of the Mississippi Rules of Civil Procedure.

4.      That this court has personal and subject matter jurisdiction.

FACTS

5.      Plaintiff James Edward Crouch is the son of James Earl Crouch, deceased. In 1998,

the senior Mr. Crouch informed his son that he had purchased an Annuity Contract #774944 at

AmSouth Bank from Lincoln Financial Group in an amount of $250,000 and listed Plaintiff James

EXHIBIT
A

Edward Couch as the beneficiary.

6.    James Earl Crouch died on February 14, 2001. Plaintiff has since been informed that the beneficiary of the annuity was changed without his father's knowledge or consent.

7.    In order for the Plaintiff to establish a claim to the annuity purchased for him by his father, it is necessary that Plaintiff examine the annuities purchased by James Earl Crouch through AmSouth Bank. Plaintiff has applied to AmSouth Bank and Lincoln Financial for an opportunity to examine the required documents and has been unable to obtain a sufficient examination thereof.

8.    That on or about September 25, 2002, the Plaintiff file his Complaint for Discovery seeking copies of any and all annuities purchased by James Earl Crouch and any all documents relating to the annuities, including documents related to the beneficiary and/or changes to the beneficiary of the annuity in order to establish any claim he may have to the proceeds of the annuity(ies).

9.    That the proper discovery was propounded seeking the above referenced information with respect to the annuity and the Defendant has failed and refused to produce the same.

## COUNT I - ENFORCEMENT OF SETTLEMENT AGREEMENT

10.    That the Plaintiff incorporates paragraphs 1-9 by reference.

11.    That on or about November 12, 2002, counsel for the Defendant conferred with Plaintiff's counsel and acknowledged the existence of the annuity purchased by James Earl Crouch and documents relating to the annuity and/or annuities including documents relating to the beneficiary and/or changes to the beneficiary. After acknowledging possession of the documents,

counsel agreed to produce the documents in response to the Complaint for Discovery. That counsel then refused to produce any documents in contradiction of the settlement agreement.

12.     That the Plaintiff prays that the Court enforce the settlement agreement and demand disclosure of any and all documents relating to the annuity and/or annuities purchased by James Earl Crouch prior to his death including any change of beneficiary forms.

## COUNT II - SPECIFIC PERFORMANCE

13.     That the Plaintiff incorporates paragraphs 1-12 by reference.

14.     Plaintiff demands that the Annuity Contract with the Defendant, Am South Bank, be honored and specific performance be done by way of payment of the $250,000.00 annuity contract to James Edward Crouch.

## COUNT III - BREACH OF FIDUCIARY DUTY

15.     That the Plaintiff incorporates paragraphs 1-14 by reference.

16.     That the bank has a fiduciary duty to the Plaintiff by virtue of his status as an original beneficiary of the Annuity Contract #774944 and to the purchaser of the contract, James Earl Crouch. The Plaintiff was negligent in its failure to determine the proper beneficiary of the proceeds, by its failure pay the sum of the annuity contract to the Plaintiff and/or provide adequate documentary proof to show otherwise. Defendant's conduct is a breach of the Defendant's duty to the Plaintiff and to the purchaser of the annuity. This breach is the proximate cause of the injury to the Plaintiff for which damages have been incurred.

## COUNT IV - NEGLIGENCE

17.     That the Plaintiff incorporates paragraphs 1-16 by reference.

18.     The Defendant breached the duties owed to Plaintiff and was negligent in the following particulars, to-wit: Defendant had a duty to the Plaintiff as a beneficiary of the annuity and to the purchaser of the annuity, James Earl Crouch, to insure that the properly designated beneficiary received the funds of the annuity contract.  It is the position of the Plaintiff that he is the proper beneficiary of the proceeds and the failure of the Defendant to pay the funds to him or provide adequate documentary proof to show otherwise is a breach of the Defendant's duty to the Plaintiff and to the purchaser of the annuity.  This breach is the proximate cause of the injury to the Plaintiff for which damages have been incurred.

## COUNT V - BREACH OF CONTRACT

19.     That the Plaintiff incorporates paragraphs 1-18 by reference.

20.     The Defendants have breached Annuity Contract #774944 by refusing to transfer the sum of $250,000.00 to the rightful beneficiary, James Edward Crouch.

## DAMAGES

21.     That the Plaintiff incorporates paragraph 1-20 by reference.

22.     Plaintiff demands compensatory damages be paid by Defendant.  Plaintiff has incurred legal and other expenses because of the conduct of the Defendant to which relief should be granted.

23.     Plaintiff demands punitive damages be paid by Defendants.  Defendants acted with

malice, or gross negligence or reckless disregard for the rights of others.  Universal Life Ins. Co. V.

Vastly, 610 So.2d 290 (Miss 1992).

**WHEREFORE PREMISES CONSIDERED,** Plaintiff demands judgment of and from the

Defendant in an amount to be determined by a Chancellor, punitive damages, attorneys fees allowed

by law,  as well as costs of this action, all interest allowed by law, pre and post judgment interest and

for such other equitable relief as this Court may deem just and proper.

Respectfully submitted on this the 18 day of ___Oct___, A.D., 2004.

_____
GLENN N. WHITE, ESQ. MB 7137


**Holmes & White, PLLC**
601 Highway 42 East
P.O. Box 662
Petal, Mississippi 39465
Telephone: (601) 544-8855
Facsimile: (601) 544-8889
*Attorney for James Edward Crouch*

## CERTIFICATE OF SERVICE

I, Glenn L. White, do certify that I have caused to be mailed, by first class US mail, postage prepaid, a true and correct copy of the Amended Complaint to the following:

Honorable Paul Delcambre
Balch & Bingham LLP
P. O. Box 130
Gulfport, MS  39502

This the _____ 1st day of _____ Oct _____, 2004.

_____
GLENN L. WHITE, ESQ. MB 7137

**IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI**



**JAMES E. CROUCH**                                                      **PLAINTIFF**

NOV 0 4 2004

**VS.**                                                      **CAUSE NO. 02-0672-GN-W**

Chancery Clerk

**AMSOUTH BANK**                                                      **DEFENDANT**

**NOTICE OF MOTION**

TO:    Honorable Paul J. Delcambre, Jr.
       Balch & Bingham LLP
       P. O. Box 130
       Gulfport, Mississippi 39502

Please take notice that on the **6th** day of **December**, 2004, at **9:00 A.M.** at the Forrest

County Chancery Building, <u>Hattiesburg</u>, Mississippi, that day or as soon thereafter as counsel can

be heard the undersigned shall present for immediate hearing on the Motion for Leave to Amend.

DATED:        November 3, 2004.

RESPECTFULLY SUBMITTED,

BY:    _Sheila Smallwood_
       SHEILA H. SMALLWOOD
       MBN: 9967

**HOLMES & WHITE, PLLC**
P.O. BOX 662
PETAL, MISSISSIPPI 39465
601.544.8855

## IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

JAMES E. CROUCH                                                        PLAINTIFF

VS.                                           CAUSE NO. 02-0672-GN-W

AMSOUTH BANK                                                          DEFENDANT

**FILED**

DEC 0 7 2004

*Jerry C. Howard*
Chancery Clerk

### AGREED ORDER ALLOWING AMENDMENT OF COMPLAINT

CAME ON FOR HEARING, on the 6th day December, 2004, on the Motion for Leave to

Amend Complaint filed by the Plaintiff and the Court having reviewed the Motion and finding

that it has jurisdiction, and upon the agreement of the parties does hereby find as follows:

I.

That the Plaintiff's Motion for Leave to Amended is hereby granted pursuant to Rule

15(a) of the Mississippi Rules of Civil Procedure.

ORDERED, ADJUDGED AND DECREED, on this the 7th day of

_____, 2004.

_____
CHANCELLOR

**AGREED:**

*Sheila Smallwood*
SHEILA H. SMALLWOOD
GLENN L. WHITE
ATTORNEYS FOR PLAINTIFF

*Paul Delcambre Jr.*
PAUL F. DELCAMBRE, JR.
ATTORNEY FOR DEFENDANT

BOOK 0507 PAGE 287
5

IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

JAMES E. CROUCH                                                                    PLAINTIFF

v.                                                                    CAUSE NO. 02-0672-GN-W

AMSOUTH BANK, INA SUE CROUCH and
JOHN and JANE DOES 1-10                                                    DEFENDANTS

## AMENDED COMPLAINT

1.    Plaintiff James E. Crouch is a resident of Lamar County, Mississippi.

2.    Defendant AmSouth Bank is a foreign corporation authorized to do business in

Mississippi. AmSouth can be served with process through its attorney of record, Honorable Paul J.

Delcambre, Jr., Balch & Bingham LLP, P. O. Box 130, Gulfport, Mississippi 39502.

3.    Defendant, Ina Sue Crouch, is an adult resident citizen of Alabama and can be served

with process of this court at her last known address, 360 Old 231 Highway, Wetumpka, Alabama.

4.    That Defendants John and Janes Does 1-10 are corporations, individuals,

partnerships, associations or other entities whose identities are unknown to the Plaintiff at present

but who are responsible for negligent acts and/or omissions that contributed to Plaintiff's injuries.

Plaintiff avers that he should be allowed to amend this Complaint to include the correct identity of

such corporations, individuals, partnerships, associations or other entities as Defendants herein at

such time as the same may be ascertained by Plaintiffs and they hereby respectfully request leave of

the Court to do so pursuant to Rule 9 (h) and (i) of the Mississippi Rules of Civil Procedure.

5.    That this court has personal and subject matter jurisdiction.

### FACTS

6.    Plaintiff James Edward Crouch is the son of James Earl Crouch, deceased. In 1998,

the senior Mr. Crouch informed his son that he had purchased an Annuity Contract #774944 at AmSouth Bank from Lincoln Financial Group in an amount of $250,000 and listed Plaintiff James Edward Couch as the beneficiary.

7.    James Earl Crouch died on February 14, 2001. Plaintiff has since been informed that the beneficiary of the annuity was changed without his father's knowledge or consent.

8.    In order for the Plaintiff to establish a claim to the annuity purchased for him by his father, it is necessary that Plaintiff examine the annuities purchased by James Earl Crouch through AmSouth Bank. Plaintiff has applied to AmSouth Bank and Lincoln Financial for an opportunity to examine the required documents and has been unable to obtain a sufficient examination thereof.

9.    That on or about September 25, 2002, the Plaintiff file his Complaint for Discovery seeking copies of any and all annuities purchased by James Earl Crouch and any all documents relating to the annuities, including documents related to the beneficiary and/or changes to the beneficiary of the annuity in order to establish any claim he may have to the proceeds of the annuity(ies).

10.    That the proper discovery was propounded seeking the above referenced information with respect to the annuity and the Defendant has failed and refused to produce the same.

11.    That on or about January 20, 2002, that the Defendant, Ina Sue Crouch, indicated under oath that the beneficiary on the Lincoln Life Insurance Annuity was never changed from its date of purchase and that she was the original and sole named beneficiary on the annuity.

12.    That on or about October 22, 2004, that counsel for the Plaintiff's were made aware by counsel for the Defendant, Am South Bank, that Defendant, Ina Sue Crouch, refused to give her

consent to release copies of the relevant documents reflecting the annuity and its beneficiary designation and/or changes.

## COUNT I - ENFORCEMENT OF SETTLEMENT AGREEMENT

13.    That the Plaintiff incorporates paragraphs 1-12 by reference.

14.    That on or about November 12, 2002, counsel for the Defendant conferred with Plaintiff's counsel and acknowledged the existence of the annuity purchased by James Earl Crouch and documents relating to the annuity and/or annuities including documents relating to the beneficiary and/or changes to the beneficiary.  After acknowledging possession of the documents, counsel agreed to produce the documents in response to the Complaint for Discovery. That counsel then refused to produce any documents in contradiction of the settlement agreement.

15.    That the Plaintiff prays that the Court enforce the settlement agreement and demand that the Defendants disclose of any and all documents relating to the annuity and/or annuities purchased by James Earl Crouch prior to his death including any change of beneficiary forms.

## COUNT II - SPECIFIC PERFORMANCE

16.    That the Plaintiff incorporates paragraphs 1-15 by reference.

17.    Plaintiff demands that the Annuity Contract with the Defendant, Am South Bank, be honored and specific performance be done by way of payment of the $250,000.00 annuity contract to James Edward Crouch.

## COUNT III - BREACH OF FIDUCIARY DUTY

18.    That the Plaintiff incorporates paragraphs 1-17 by reference.

19.     That the bank has a fiduciary duty to the Plaintiff by virtue of his status as an original beneficiary of the Annuity Contract #774944 and to the purchaser of the contract, James Earl Crouch. The Plaintiff was negligent in its failure to determine the proper beneficiary of the proceeds, by its failure pay the sum of the annuity contract to the Plaintiff and/or provide adequate documentary proof to show otherwise. Defendant's conduct is a breach of the Defendant's duty to the Plaintiff and to the purchaser of the annuity. This breach is the proximate cause of the injury to the Plaintiff for which damages have been incurred.

## COUNT IV - NEGLIGENCE

20.     That the Plaintiff incorporates paragraphs 1-19 by reference.

21.     That the Defendant, Am South Bank, breached the duties owed to Plaintiff and was negligent in the following particulars, to-wit: Defendant, Am South, had a duty to the Plaintiff as a beneficiary of the annuity and to the purchaser of the annuity, James Earl Crouch, to insure that the properly designated beneficiary received the funds of the annuity contract. It is the position of the Plaintiff that he is the proper beneficiary of the proceeds and the failure of the Defendant, Am South, to pay the funds to him or provide adequate documentary proof to show otherwise is a breach of the Am South's duty to the Plaintiff and to the purchaser of the annuity. This breach is the proximate cause of the injury to the Plaintiff for which damages have been incurred.

22.     That the Defendant, Ina Sue Crouch, breached a duty to the Plaintiff by failing to disclose the information requested of her from Am South Bank and the Plaintiff herein reflecting the annuity information requested.

## COUNT V - BREACH OF CONTRACT

23.    That the Plaintiff incorporates paragraphs 1-22 by reference.

24.    The Defendants have breached Annuity Contract #774944 by refusing to transfer the sum of $250,000.00 to the rightful beneficiary, James Edward Crouch.

## COUNT VI - TORTIOUS INTERFERENCE WITH CONTRACT

25.    That the Plaintiff incorporates paragraphs 1-24 by reference.

26.    That the Defendants, in concert, knowing of the existence of the annuity, did wrongfully, without legal or social justification, refuse to disclose information concerning the beneficiary and any changes made thereto.  It is the position of the Plaintiff that the he is the rightful beneficiary of the funds and any alteration and/or change of the beneficiary designation was made improperly and by fraudulent means.  Absent the disclosure of the requested documents and information, the contract cannot be performed beyond a substantial certainty according to its terms.

## DAMAGES

27.    That the Plaintiff incorporates paragraph 1-26 by reference.

28.    Plaintiff demands compensatory damages be paid by Defendant.  Plaintiff has incurred legal and other expenses because of the conduct of the Defendant to which relief should be granted.

29.    Plaintiff demands punitive damages be paid by Defendants.  Defendants acted with actual malice, gross negligence with evidences a willful , want and /or reckless disregard for the safety of others, or committed actual fraud. *Miss. Code Ann.* §11-1-54-(1)(a)(2002) and *AmSouth*

*Bank v. Gupta*, 838 So.2d 205 (Miss. 2002).

**WHEREFORE PREMISES CONSIDERED,** Plaintiff demands judgment of and from the

Defendant in an amount to be determined by a Chancellor, punitive damages, attorneys fees allowed

by law,  as well as costs of this action, all interest allowed by law, pre and post judgment interest and

for such other equitable relief as this Court may deem just and proper.

Respectfully submitted on this the 11 day of January , A.D., 2005.

GLENN N. WHITE, ESQ. MB 7137

**Holmes & White, PLLC**
601 Highway 42 East
P.O. Box 662
Petal, Mississippi 39465
Telephone: (601) 544-8855
Facsimile: (601) 544-8889
*Attorney for James Edward Crouch*

## CERTIFICATE OF SERVICE

I, Glenn L. White, do certify that I have caused to be mailed, by first class US mail, postage prepaid, a true and correct copy of the Amended Complaint to the following:

Honorable Paul Delcambre
Balch & Bingham LLP
P. O. Box 130
Gulfport, MS  39502

This the ___11th___ day of ___January___, 2005

_____
GLENN L. WHITE, ESQ. MB 7137

## IN THE CHANCERY COURT OF FORREST COUNTY, MISSISSIPPI

**JAMES E. CROUCH**                                                      **PLAINTIFF**

**VS.**                                                                   CAUSE NO.: 02-0672-GN-W

**AMSOUTH BANK, INA SUE CROUCH AND**
**JOHN and JANE DOES 1-10**                                              **DEFENDANTS**

### SUMMONS

### THE STATE OF MISSISSIPPI

TO:    **INA SUE CROUCH**
       360 Old 231 Highway
       Wetumpka, Alabama

### NOTICE TO DEFENDANT
### THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written response to the Complaint to Holmes & White, P.L.L.C., whose post office address is Post Office Box 662, Petal, Mississippi, 39465 and whose street address is 601 Highway 42 East, Petal, Mississippi, 39465. Your response must be mailed or delivered within (30) days from the date of delivery of this summons and complaint or a judgement by default will be entered against you for the money or other things demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this _13th_ day of _January_, 2005.

Honorable Jimmy C. Havard
Forrest County Chancery Clerk
Post Office Box 951
Hattiesburg, MS 39403-0951

(SEAL)

By: _Anita Bennett Hill_                                    D.C.

## PROOF OF SERVICE - SUMMONS
(Process Server or Sheriff)

**INA SUE CROUCH**

I, the undersigned process server, served the summons and complaint upon the person or entity named above in the manner set forth below:

____ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE. By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender.

____ PERSONAL SERVICE. I personally delivered copies to _____ on _____ day of _____, 2005, where I found said person in _____County of the State of Mississippi.

____ RESIDENCE SERVICE. After exercising reasonable diligence I was unable to deliver copies to said person within_____ County, Mississippi. I served the summons and complaint on the _____ day of _____, 2005, at the usual place of abode of said person by leaving a true copy of the summons and complaint with _____ who is the _____ (here insert wife, husband, son, daughter or other person as the case may be), a member of the family of the person served above the age of sixteen years and willing to receive the summons and complaint, and thereafter on the _____ day of _____, 2005, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

____ CERTIFIED MAIL SERVICE. By mailing to an address outside Mississippi (by first class, postage prepaid, requiring a return receipt) copies to person served.

At time of service I was at least 18 years of age and not a party to this action.

Fee for service: $ _____

Process server must list below: [Please print or type]
Name _____
Social Security No._____
Address _____
_____
Telephone No. _____

STATE OF MISSISSIPPI
COUNTY OF _____

Personally appeared before me the undersigned authority in and for the State and County aforesaid, the within named _____ who being first by me duly sworn states on oath that the matter and facts set forth in the foregoing "Proof of Service- Summons" are true and correct as therein stated.

_____
Process Server

Sworn to and subscribed before me this the _____ day of _____, 2005.

_____
Notary Public

My Commission Expires: