IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES E. CROUCH                                                                                   PLAINTIFF

VERSUS                                                                       CAUSE NO.2:05-cv-00045-KS-JMR

AMSOUTH BANK, INA SUE CROUCH
and JOHN and JANE DOES 1-10                                                                     DEFENDANTS

## ANSWER TO AMENDED COMPLAINT

COMES NOW, Amsouth Bank, Defendant in the above-referenced proceeding, by and through its attorneys of record, Balch & Bingham LLP, and files this Answer and Defenses to the Amended Complaint filed herein against it and in support thereof would show unto the Court the following, to-wit:

### FIRST DEFENSE

The allegations of the Complaint fail to state a cause of action against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Venue in this cause is improper in that the Defendants are citizens of the State of Alabama and all events relevant thereto occurred within the State of Alabama, more particularly in the Middle District of Alabama and the same should be transferred to that District.

### THIRD DEFENSE

Alternatively, this Defendant would show the Court that all of the events relevant there to occurred within the State of Alabama, more particularly within the Middle District of Alabama and that the Defendants are residents of the State of Alabama and that nearly all witnesses reside

within the State of Alabama and the same should be transferred to the United States District Court for the Middle District of Alabama pursuant to 28 USC 1404(a).

## ANSWER

Answering the allegations of the Complaint paragraph by paragraph, this Defendant would say:

1. The allegations of paragraph 1 of the Amended Complaint are admitted.

2. It is admitted that AmSouth Bank is a foreign corporation authorized to do business in the State of Mississippi. It is further admitted that Paul J. Delcambre, Jr. of Balch & Bingham, LLP is counsel for AmSouth Bank in this cause. The remaining allegations of paragraph 2 of the Amended Complaint not specifically admitted herein are denied.

3. It is admitted that Ina Sue Crouch is an adult resident citizen of Alabama and that her last known address was 360 Old 231 Highway, Wetumpka, Alabama. The remaining allegations of paragraph 3 of the Amended Complaint not specifically admitted herein are denied.

4. The allegations of paragraph 4 of the Amended Complaint do not pertain to this Defendant. However if mistaken, the same is denied.

5. The allegations of paragraph 5 of the Amended Complaint are denied and it is specifically denied that the Court has personal jurisdiction over all parties herein.

## FACTS

6. It is admitted that James Edward Crouch is the son of James Earl Crouch deceased. The remaining allegations of paragraph 6 of the Amended Complaint not specifically admitted herein are denied.

7. It is admitted that James Earl Crouch died on February 14, 2001. The remaining allegations of paragraph 7 of the Amended Complaint not specifically admitted herein are denied.

8. The allegations of paragraph 8 of the Amended Complaint are denied as stated.

9. It is admitted that on or about September 25, 2002, Plaintiff filed a Complaint for Discovery seeking copies of annuities purchased by James Earl Crouch and any and all documents relating to the annuities. The remaining allegations of paragraph 9 of the Amended Complaint not specifically admitted herein are denied.

10. It is admitted that discovery was propounded to the Defendant herein. However, the remaining allegations of paragraph 10 of the Amended Complaint not specifically admitted herein are denied as stated.

11. This Defendant has insufficient information from which to either admit or deny the allegations of paragraph 11 of the Amended Complaint in so far as the statements made by Ina Sue Crouch are concerned. However, the remaining allegations of paragraph 11 of the Amended Complaint not specifically admitted herein are denied.

12. It is admitted that on or about October 22, 2004, counsel for AmSouth Bank advised counsel for the Plaintiff that the customer refused to waive her rights under the Gramm-Leach-Bliley Act protecting regarding the confidentiality of financial information so as to prevent the release of information relating to her financial transactions. However, the remaining allegations of paragraph 12 of the Amended Complaint not specifically admitted herein are denied.

## **COUNT I – ENFORCEMENT OF SETTLEMENT AGREEMENT**

13. In response to the allegations of paragraph 13 of the Amended Complaint, this Defendant would adopt and incorporate by reference herein its responses to paragraphs 1 through 12 of the Amended Complaint being paragraphs 1 through 12 of this Answer.

14. It is admitted that counsel for Defendant has conferred with Plaintiff's counsel regarding the existence of documents. However, the remaining allegations of paragraph 14 of the Amended Complaint not specifically admitted herein are denied as stated.

15. The allegations of paragraph 15 of the Amended Complaint are denied.

## **COUNT II – SPECIFIC PERFORMANCE**

16. In response to the allegations of paragraph 15 of the Amended Complaint, this Defendant would adopt and incorporate by reference herein its responses to paragraphs 1 through 15 of the Amended Complaint being paragraphs 1 through 15 of this Answer.

17. The allegations of paragraph 17 of the Amended Complaint are denied.

## **COUNT III – BREACH OF FIDUCIARY DUTY**

18. In response to the allegations of paragraph 18 of the Amended Complaint, this Defendant would adopt and incorporate by reference herein its responses to paragraphs 1 through 17 of the Amended Complaint being paragraphs 1 through 17 of this Answer.

19. The allegations of paragraph 19 of the Amended Complaint are denied.

## **COUNT IV – NEGLIGENCE**

20. In response to the allegations of paragraph 20 of the Amended Complaint, this Defendant would adopt and incorporate by reference herein its responses to paragraphs 1 through 19 of the Amended Complaint being paragraphs 1 through 19 of this Answer.

21. The allegations of paragraph 21 of the Amended Complaint are denied.

22. The allegations of paragraph 22 of the Amended Complaint are denied.

## COUNT V – BREACH OF CONTRACT

23. In response to the allegations of paragraph 23 of the Amended Complaint, this Defendant would adopt and incorporate by reference herein its responses to paragraphs 1 through 22 of the Amended Complaint being paragraphs 1 through 22 of this Answer.

24. The allegations of paragraph 24 of the Amended Complaint are denied.

## COUNT VI – TORTIOUS INTERFERENCE WITH CONTRACT

25. In response to the allegations of paragraph 25 of the Amended Complaint, this Defendant would adopt and incorporate by reference herein its responses to paragraphs 1 through 24 of the Amended Complaint being paragraphs 1 through 24 of this Answer.

26. The allegations of paragraph 26 of the Amended Complaint are denied.

## DAMAGES

27. In response to the allegations of paragraph 27 of the Amended Complaint, this Defendant would adopt and incorporate by reference herein its responses to paragraphs 1 through 26 of the Amended Complaint being paragraphs 1 through 26 of this Answer.

28. The allegations of paragraph 28 of the Amended Complaint are denied.

29. The allegations of paragraph 29 of the Amended Complaint are denied.

The allegations of the paragraph beginning "Wherefore" are denied and it is denied that this Defendant is indebted to the Plaintiff in any amount whatsoever.

## FOURTH DEFENSE

Alternatively, this Defendant would affirmatively show that the annuity contract which is the subject of this action was not issued or sold by AmSouth Bank, and that this Defendant is not

the proper Defendant in an action seeking to enforce any parties' rights under the annuity contract.

**FIFTH DEFENSE**

Alternatively, this Defendant would affirmatively show that at no time was there a fiduciary duty owed to the Plaintiff by this Defendant.

**SIXTH DEFENSE**

Alternatively, this Defendant would affirmatively show that the Plaintiff, if named as a beneficiary in the annuity contract, would have only inchoate rights which could be terminated at any time before they vested and which would not be vested in him until such time as his father died. At the time his father died, he was not identified as the primary beneficiary of the subject annuity.

**SEVENTH DEFENSE**

Alternatively, the Defendant would affirmatively show that this Defendant was not a party to the annuity contract which the Plaintiff seeks to enforce, and is not responsible for payment thereunder.

**EIGHTH DEFENSE**

Alternatively, this Defendant would affirmatively show that the Plaintiff has failed to join a necessary party, more particularly, Lincoln National Life Insurance Company who issued the annuity contract in question.

**NINTH DEFENSE**

Plaintiffs' Complaint, to the extent that it seeks punitive damages, violates this Defendant's rights to procedural due process and equal protection of law, under the Fifth and

Fourteenth Amendments to the United States Constitution, and under Section 14 of the Constitution of the State of Mississippi.

### TENTH DEFENSE

Plaintiffs' Complaint, to the extent that it seeks punitive damages, violates this Defendant's rights to substantive due process, as provided in the Fifth and Fourteenth Amendments to the United States Constitution, and under Section Fourteen of the Constitution of the State of Mississippi.

### ELEVENTH DEFENSE

Plaintiffs' Complaint, to the extent that it seeks punitive damages, violates this Defendant's right to protection from excessive fines, as provided in the Eighth Amendment to the United States Constitution, and Section Twenty-Eight of the Constitution of the State of Mississippi.

### TWELFTH DEFENSE

Plaintiffs' claims for punitive damages cannot be sustained because Mississippi law regarding the standards for determining liability for the amount of punitive damages fails to give this Defendant prior adequate notice of the conduct for which punitive damages may be imposed and are void for vagueness in violation of this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Section Fourteen of the Constitution of the State of Mississippi.

### THIRTEENTH DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained because, under Mississippi law, a jury award of punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards to ensure that the award is rationally related

to the state=s legitimate goal of deterrence and retribution, which violate this Defendant=s due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Section Fourteen of the Constitution of the State of Mississippi.

### FOURTEENTH DEFENSE

Plaintiffs' claim for punitive damages cannot be sustained because, under Mississippi law, a jury award of punitive damages is not subject to post-trial and appellate court review under constitutionally adequate objective standards to ensure that the award is rationally related to the state's legitimate goal of deterrence and retribution, which violate this Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and Section Fourteen.

Now having answered the allegations of the Amended Complaint and having asserted the Affirmative Defenses thereto, AmSouth Bank prays that upon a hearing of this cause, the Amended Complaint will be dismissed with prejudice.

RESPECTFULLY SUBMITTED, this the 17th day of February, 2005.

      AMSOUTH BANK

      BY:   BALCH & BINGHAM, LLP

      BY:   s:/ Paul J. Delcambre
                Mississippi Bar No. 6034

**CERTIFICATE OF SERVICE**

I, Paul J. Delcambre, Jr., do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

>Glenn L. White, Esquire
>Holmes & White, PLLC
>601 Highway 42 E
>Petal, Mississippi 39465
>
>Sheila Smallwood, Esquire
>849 Highway 42, Suite B
>Petal, Mississippi 39465

and I hereby certify that I have mailed by United States Postal Service the document to the following non-ECF participants:

>Sue Crouch
>% Glenda Hughes
>Attorney at Law
>103B Commerce Street
>Wetumtka, Alabama  36092

THIS, the 17th day of February, 2005.

s:/ Paul J. Delcambre, Jr.

BALCH & BINGHAM LLP
Post Office Box 130
1310 Twenty-Fifth Avenue
Gulfport, MS 39501-7748
Telephone:    (228) 864-9900
Facsimile:    (228) 864-8221