IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION



| | |
|---|---|
| JAMES E. CROUCH | PLAINTIFF |
| VS | CAUSE NO. 2:05CV45ksJMR |
| AMSOUTH BANK, INA SUE CROUCH and JOHN and JANE DOES 1-10 | DEFENDANTS |

### SEPARATE ANSWER AND DEFENSES OF INA SUE CROUCH TO AMENDED COMPLAINT

COMES NOW INA SUE CROUCH, a Defendant in the above-styled and numbered cause, by and through her undersigned attorney of record, and files this her Separate Answer and Defenses to the Amended Complaint filed herein against her and in support thereof would show unto the Court the following, to wit:

### FIRST DEFENSE

The allegations of the Amended Complaint fail to state a cause of action against this Defendant upon which relief can be granted.

### SECOND DEFENSE

Venue in this cause is improper in that the Defendants are citizens of the State of Alabama and all events relevant thereto occurred within the State of Alabama, more particularly in the Middle District of Alabama and the same should be transferred to that District.

### THIRD DEFENSE

Alternatively, this Defendant would show the Court that all of the events relevant thereto occurred within the State of Alabama, more particularly within the Middle District of Alabama and that the Defendants are residents of the State of Alabama and that nearly all witnesses reside

within the State of Alabama and the same should be transferred to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. §1404(a).

## ANSWER

AND NOW, having asserted the foregoing defenses, and without waiving any of the foregoing defenses, this Defendant separately answers the allegations of the Amended Complaint paragraph by paragraph as follows:

1. Upon information and belief, the allegations of paragraph 1 of the Amended Complaint are admitted.

2. This Defendant is without personal knowledge as to the allegations of paragraph 2, and the allegations of paragraph 2 do not pertain to this Defendant so that no answer is required of this Defendant; if this Defendant is mistaken, the allegations of paragraph 2 are denied.

3. The allegations of paragraph 3 of the Amended Complaint are admitted.

4. This Defendant is without personal knowledge as to the allegations of paragraph 4, and that allegations of paragraph 4 do not pertain to this Defendant so that no answer is required of this Defendant; if this Defendant is mistaken, the allegations of paragraph 4 are denied.

5. The allegations of paragraph 5 of the Amended Complaint are denied.

## FACTS

6. It is admitted that James Edward Crouch is the son of James Earl Crouch deceased. The remaining allegations of paragraph 6 of the Amended Complaint are denied.

7. It is admitted that James Earl Crouch died on February 14, 2001. The remaining allegations of paragraph 7 of the Amended Complaint are denied.

8. The allegations of paragraph 8 of the Amended Complaint, as stated, are denied.

9. This Defendant is without personal knowledge of a Complaint for Discovery filed on or about September 25, 2002, by James Edward Crouch, and the allegations of paragraph 9 of the Amended Complaint do not pertain to this Defendant so that no answer is required of this Defendant; is this Defendant is mistaken, the allegations of paragraph 9 of the Amended Complaint are denied.

10. This Defendant is without personal knowledge of what discovery was propounded and the other allegations of paragraph 10 of the Amended Complaint, and the allegations of paragraph 10 of the Amended Complaint do not pertain to this Defendant so that no answer is required of this Defendant; is this Defendant is mistaken, the allegations of paragraph 10 of the Amended Complaint are denied.

11. This Defendant has insufficient information to either admit or deny the allegations of paragraph 11 of the Amended Complaint and does not know to what event is referred in paragraph 11 of the Amended Complaint; therefore, the allegations of paragraph 11 of the Amended Complaint are denied.

12. This Defendant is without personal knowledge of the communications between counsel for the Plaintiff and counsel for Defendant AmSouth Bank and is therefore unable to either admit or deny the allegations of paragraph 12 of the Amended Complaint, and the allegations of paragraph 12 of the Amended Complaint do not pertain to this Defendant so that no answer is required of this Defendant; if this Defendant is mistaken, the allegations of paragraph 12 of the Amended Complaint are denied.

**COUNT I - ENFORCEMENT OF SETTLEMENT AGREEMENT**

13. This Defendant adopts and incorporates by reference herein its responses to

paragraphs 1 through 12 of this separate Answer.

14. This Defendant is without personal knowledge of involvement in any of the allegations of paragraph 14 of the Amended Complaint and is unable to answer thereto, and the allegations of paragraph 14 of the Amended Complaint do not pertain to this Defendant so that no answer is required of this Defendant; if this Defendant is mistaken, the allegations of paragraph 14 of the Amended Complaint are denied.

15. The allegations of paragraph 15 of the Amended Complaint are denied.

## COUNT II - SPECIFIC PERFORMANCE

16. This Defendant adopts and incorporates by reference herein its responses to paragraphs 1 through 15 of this separate Answer.

17. The allegations of paragraph 17 of the Amended Complaint are denied.

## COUNT III - BREACH OF FIDUCIARY DUTY

18. This Defendant adopts and incorporates by reference herein its responses to paragraphs 1 through 17 of this separate Answer.

19. The allegations of paragraph 19 of the Amended Complaint are denied.

## COUNT IV - NEGLIGENCE

20. This Defendant adopts and incorporates by reference herein its responses to paragraphs 1 through 19 of this separate Answer.

21. The allegations of paragraph 21 of the Amended Complaint are denied.

22. The allegations of paragraph 22 of the Amended Complaint are denied.

## COUNT V - BREACH OF CONTRACT

23. This Defendant adopts and incorporates by reference herein its responses to

paragraphs 1 through 22 of this separate Answer.

24. The allegations of paragraph 24 of the Amended Complaint are denied.

## COUNT VI - TORTIOUS INTERFERENCE WITH CONTRACT

25. This Defendant adopts and incorporates by reference herein its responses to paragraphs 1 through 24 of this separate Answer.

26. The allegations of paragraph 26 of the Amended Complaint are denied.

## DAMAGES

27. This Defendant adopts and incorporates by reference herein its responses to paragraphs 1 through 26 of this separate Answer.

28. The allegations of paragraph 28 of the Amended Complaint are denied.

29. The allegations of paragraph 29 of the Amended Complaint are denied.

The allegations of the last unnumbered paragraph of the Amended Complaint beginning with the word "Wherefore" and ending with the words "just and proper." are denied, and it is specifically denied that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

AND NOW having answered the Amended Complaint paragraph by paragraph, this Defendant asserts the following affirmative matters:

## FIRST AFFIRMATIVE DEFENSE

This Defendant would affirmatively show that she was not a party to any alleged agreement, or contract, between Plaintiff's counsel and Defendant AmSouth's counsel, so that she is not a proper party in an action seeking to enforce a contract, or a specific performance of contractual rights between them.

## SECOND AFFIRMATIVE DEFENSE

This Defendant would affirmatively show that she at no time had a fiduciary duty owed to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

This Defendant would affirmatively show that she at no time had a contract, verbal or written, express or implicit, or otherwise, with Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

This Defendant would affirmatively show that her late husband, James Earl Crouch, at no time owed any fiduciary duty to the Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE

This Defendant would affirmatively show that her late husband, James Earl Crouch, at no time had a contract, verbal or written, express or implicit, or otherwise, with Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

This Defendant would affirmatively show that the Plaintiff was not the primary beneficiary of the subject annuity at the time of the of James Earl Crouch.

## SEVENTH AFFIRMATIVE DEFENSE

This Defendant would affirmatively show that the Plaintiff has failed to join a necessary a party, i.e. Lincoln National Life Insurance Company, who issued the annuity contract in question.

## EIGHTH AFFIRMATIVE DEFENSE

This Defendant would affirmatively show that Plaintiff's Amended Complaint, to the extent that it seeks punitive damages, violates this Defendant's rights to procedural due process,

equal protection of law, and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under Section 14 of the Constitution of the State of Mississippi.

## NINTH AFFIRMATIVE DEFENSE

This Defendant would affirmatively show that Plaintiff's Amended Complaint, to the extent it seeks punitive damages, violates this Defendant's right to protection from excessive fines, as provided in the Eighth Amendment to the United States Constitution and under Section 28 of the Constitution of the State of Mississippi.

## TENTH AFFIRMATIVE DEFENSE

This Defendant would affirmatively show that Plaintiff's claims for punitive damages cannot be sustained under Mississippi law.

WHEREFORE, PREMISES CONSIDERED, this Defendant respectfully request that this her Separate Answer and Defenses be received and filed and that she be dismissed from this cause with all costs assessed against Plaintiff including all costs of court. Further, this Defendant prays for general and special relief as she may be entitled in the premises.

Respectfully submitted,

INA SUE CROUCH

BY: *Carol Ann Bustin*
CAROL ANN BUSTIN, Of Counsel

## CERTIFICATE OF SERVICE

I, Carol Ann Estes Bustin do hereby certify that I have this day served via facsimile and via first-class U.S. Mail, postage prepaid, a true and correct copy of the above and foregoing Separate Answer and Defenses to:

Paul Delcambre
Balch & Bingham LLP
P.O. Box 130
1310 Twenty-Fifth Avenue
Gulfport, MS  39501-7748
    *Attorney for AmSouth Bank*

Glen L. White
Holmes & White
601 Highway 42 E
Petal, MS  39465
    *Attorney for Plaintiff*

Sheila Smallwood
849 Highway 42 Suite B
Petal, MS  39465
    *Attorney for Plaintiff*

Samuel S. McHard
Bryan Nelson PA
6524 Highway 98 W
P.O. Box 18109
Hattiesburg, MS  39404
    *Attorney for Plaintiff*

THIS, the 9th day of May, 2005.

                                                  /s/ Carol Ann Bustin
                                              CAROL ANN ESTES BUSTIN

CAROL ANN ESTES BUSTIN  Miss. Bar No. 9074
Bustin Law Firm
109 Fairfield Drive, Suite 109
Hattiesburg, Mississippi  39402
phone: 601-268-6551   fax: 601-268-6771
    *Attorney for Ina Sue Crouch*