IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JAMES E. CROUCH**                                                                                   **PLAINTIFF**

**v.**                                           **NO.:2:05cv45ksJMR**

**AMSOUTH BANK, INA SUE CROUCH,**                 **DEFENDANTS**
**and JOHN and JANE DOES 1-10**

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF THE MOTION TO REMAND

The Plaintiff, James Edward Crouch, recognizes that 28 U.S.C. § 1447 requires that motions to remand cases from federal court to state court are normally required to be filed within thirty days of the notice of such a removal. However, as this memorandum will demonstrate, the Defendant, AmSouth Bank, through its willful and unfair conduct, has deprived the Plaintiff of a reasonable opportunity to comply with such requirements. Therefore, the Plaintiff contends that equitable considerations should allow the extension of the thirty-day limitation on the opportunity to move for remand of this action.

28 U.S.C. § 1441, which allows for the removal of state actions that meet the requirements of 28 U.S.C. § 1331, was originally intended to provide defendants an opportunity to avail themselves of the federal district courts in search of a fair and impartial forum, when those defendants might be prejudiced in a forum chosen solely by the plaintiff, and which may be hostile to an outsider in that forum. To that end, Congress provided a simple, yet effective, procedure that allowed defendants to ensure that the results of legal proceedings would be unbiased. However, in the adoption of 28 U.S.C. § 1446(b), Congress was also intent on avoiding the removal of actions which had made

substantial progress in the state courts. H.R.Rep. No. 100-889, at 72 (1988). And as the Fifth Circuit has noted in several opinions, when the procedures that are in place to govern the forum-selection options for the parties are abused or unfairly manipulated, the purpose of the statutes is thwarted and should be protected by court intervention. *Tedford v. Warner-Lambert Co.,* 327 F.3d 423 (5th Cir. 2003).

Equitable remedies are well within the authority of the Court when reviewing actions by the parties in procedural maneuvers. In *Doe v. Kerwood, D.O.*, the Fifth Circuit, through Judge Wisdom, considered the possibility that a plaintiff might delay service on a non-diverse party until after the thirty-day window required by 28 U.S.C. § 1446 has passed, thereby depriving the defendant of removing the action. 969 F.2d 165, 169 (5th Cir. 1992). The Fifth Circuit held that "should such a situation arise, it is within the equitable power of the court to consider such exceptional circumstances on a case-by-case basis." *Id*. To further expound on the point, the Fifth Circuit quoted *Brown v. Demco*, 792 F.2d 478, which held that "exceptional circumstances might permit removal even when a later-joined defendant petitions more than precisely thirty days after the first defendant is served." *Kerwood*, 969 F.2d at 169, n.15.

The Fifth Circuit has also recognized an "equitable exception" to the one year limitation on removing diversity actions, when that rule was abused by a plaintiff who, in bad faith, prejudiced a diverse party through manipulative pleading. *Tedford v. Warner-Lambert Co.*, 327 F.3d 423 (5th Cir. 2003). In that case, the plaintiff had fraudulently joined a non-diverse defendant for the purposes of depriving a diverse defendant the opportunity to remove the action to federal court. *Id.* at 424. The Fifth Circuit noted in that case that "[s]ection 1446(b) is not inflexible, and the conduct of the parties

may affect whether it is equitable to strictly apply the one year limit." *Id*. at 426. The Fifth Circuit ultimately held that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." *Id*. at 428-29.

The Plaintiff now prays that this Court employ the same concern for fairness and equitable employment of the procedural rules to prevent the Defendant, AmSouth Bank, from frustrating the progress of this civil action and causing undue burden on the Plaintiff. Where equitable considerations may justify granting a defendant a reprieve when treated unfairly, those considerations ought not be ignored when that defendant has demonstrated willful disregard for procedural responsibilities. The Plaintiff believes that equitable considerations should allow the extension of the thirty-day limitation because, despite repeated requests over a period of two years and a settlement agreement to produce the underlying documents, the Defendant, AmSouth Bank, improperly failed to produce those underlying documents in this case, which on their face show:

1) The AmSouth Annuity Contract was created and signed by James Earl Crouch (Plaintiff's father) naming the Plaintiff as the sole beneficiary (see Exhibit 1)

2) The purported change of beneficiary form was clearly not signed by James Earl Crouch and the purported signature is a forgery (see Exhibit 2).

This civil action was commenced in Forrest County Chancery Court in September of 2002, when the Plaintiff, James Edward Crouch, filed a Complaint for Discovery, alleging that the Annuity Contract purchased by Plaintiff's father had been changed without consent by the purchaser, and demanding that the Defendant, AmSouth Bank, produce all documents in its possession related to the

Annuity Contract. For a full year, which included the propounding of two sets of interrogatories and answers, the Defendant, AmSouth Bank, refused to provide the documents demanded by the Plaintiff, which were necessary for the Plaintiff to establish the validity of the beneficiary status of the Annuity Contract and claim the proceeds of the Annuity Contract. The Plaintiff was forced to file a Motion to Compel that the Defendant, AmSouth Bank, produce the documents. Despite such a motion, the Defendant, AmSouth Bank, still refused to produce the documents. Finally, in November of 1993, Attorney Paul Delcambre, the counsel for the Defendant, AmSouth Bank, acknowledged that the documents were in the possession of the Defendant, AmSouth Bank, and reached an agreement with the Plaintiff to produce the documents. However, Attorney Paul Delcambre reneged on this agreement and subsequently refused to provide the documents to the Plaintiff.

After considerable time had passed with this case pending in Forrest County Chancery Court, totaling more than two years, Defendant, AmSouth Bank, had still refused to produce any documents to the Plaintiff. Eventually, despite the willful frustration of the litigation by the Defendant, AmSouth Bank, the Plaintiff gathered enough information to file a more precise Amended Complaint in this case. This Amended Complaint gave substance to the allegations in the original Complaint for Discovery and also named an additional party. On February 7, 2005, before any documents had been provided, Defendant, AmSouth Bank, used 28 U.S.C. § 1441 to remove this action to federal court, more than two years after its commencement, and while still willfully refusing to provide any documentation to the Plaintiff regarding the Annuity Contract which was the source of contention in the case.

The Defendant, AmSouth Bank, then waited nearly three more months before providing the documents demanded by the Plaintiff, which prevented the Plaintiff from having a reasonable opportunity to oppose the removal of this action.  Upon receiving the documents on May 3, 2005, the Plaintiff reviewed the materials, which included critical evidence of the alleged fraud, and which also bore the signatures of the Defendant's, AmSouth Bank, employee who sold the Annuity Contract in question, and who prepared the purported change of beneficiary form.  Had the Plaintiff been aware of the full gravity of the information contained in the documents, which the Defendant, AmSouth Bank, had repeatedly refused to provide to the Plaintiff for more than two years, the Plaintiff would have been able to make a good faith effort to oppose the removal of this action, particularly based upon equitable considerations.

Having reviewed the documents which the Defendant, AmSouth Bank, produced after more than two years of willful refusal, and only subject to an order by Judge Roper, the Plaintiff contends that the Defendant, AmSouth Bank, refused to produce these documents because the Defendant, AmSouth Bank, was fully aware of the forgery contained in the documents and the likely liability of the Defendant, AmSouth Bank.  As such, this constituted a bad faith and willful effort by the Defendant, AmSouth Bank, to frustrate the litigation proceedings.  Moreover, the effort to remove this action following the Amended Complaint filed by the Plaintiff constitutes a bad faith effort by the Defendant, AmSouth Bank, to place an unfair and undue burden on the Plaintiff by maliciously manipulating the rules of procedure to increase the costs of pursuing this action.

Finally, the removal of this action was in direct violation of 28 U.S.C. § 1446, which requires that diversity actions pending for more than a year may not be removed, when diversity is the sole

basis of federal jurisdiction. The Defendant, AmSouth Bank, knowingly filed for the removal of this action more than two years after the initial pleading was filed in state court, in violation of the statute's requirements. Moreover, the Defendant, AmSouth Bank, should not be allowed to argue that the Amended Complaint provided an additional thirty days for removal under 28 U.S.C. § 1446(b), since it was the willful misconduct of the Defendant, AmSouth Bank, which prevented the Plaintiff from acquiring the documents necessary to file such an amended complaint within a more reasonable time which would allow the Defendant, AmSouth Bank, to remove the action properly.

Therefore, the Plaintiff prays that this Court recognize the equitable considerations present in this case and refuse to reward the Defendant's, AmSouth Bank, willful misconduct in refusing to comply with discovery demands and the requirements of the removal statute. Allowing the Defendant, AmSouth Bank, to acquire federal jurisdiction after unfairly manipulating the legal proceedings in the state court below and the removal statute before this Court, would unfairly prejudice the Plaintiff, who has maintained a constant good-faith effort to prosecute this action, despite the repeated misdeeds of the Defendant, AmSouth Bank. To that end, the Plaintiff prays that this Court follow the Fifth Circuit's precedents and exercise its equitable powers to extend the thirty-day deadline for motions to remand under 28 U.S.C. § 1447 and remand this proceeding to the Chancery Court in Forrest County, Mississippi, from whence it was removed.

Respectfully submitted,

/s Samuel S. McHard
Samuel S. McHard, Esq., MSB#100295
BRYAN NELSON PA
Attorneys at Law
Post Office Box 18109
Hattiesburg, MS 39404-8109
Phone: (601) 261-4100
Fax: (601) 261-4106

Glenn White, Esq.
Post Office Box 672
Petal, MS 39465
Phone: (601) 544-8855
Fax: (601) 544-8889

## **CERTIFICATE OF SERVICE**

I I do hereby certify that on June 2, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Carol Ann Estes Bustin
acbynum@netdoor.com
bustinlf@netdoor.com
Attorney for Ina Sue Crouch

Paul J. Delcambre, Jr.
pdelcambre@balch.com
lhale@balch.com
Attorney for AmSouth Bank

/s Samuel S. McHard