IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES E. CROUCH                                                                                   PLAINTIFF

VERSUS                                               CIVIL ACTION NO. .2:05-CV-00045-KS-JMR

AMSOUTH BANK, INA SUE CROUCH
and JOHN and JANE DOES 1-10                                                            DEFENDANTS

### MEMORANDUM OF AMSOUTH BANK IN RESPONSE TO PLAINTIFF'S MOTION TO REMAND

COMES NOW Defendant, AmSouth Bank ("AmSouth"), by and through its undersigned counsel, and hereby submits this Memorandum in Response to Plaintiff's Motion to Remand and supporting memorandum. AmSouth requests that this Court enter an Order denying Plaintiff's requested relief to remand this case, and instead order that it be transferred to the United States District Court for the Middle District of Alabama.[1]

### BACKGROUND

On September 25, 2002, Plaintiff filed a Discovery Complaint in Chancery Court, Forrest County against AmSouth. AmSouth responded to the discovery requests but objected to production of certain documents in compliance with the Gramm-Leach-Bliley Act.[2]

On June 24, 2004, AmSouth sent correspondence to Plaintiff stating that it could not disclose certain requested information as such was protected under the Gramm-Leach-Bliley Act. See Exhibit A. AmSouth stated:

---

[1] AmSouth is filing its Motion to Transfer contemporaneously with its response to Plaintiff's Motion to Remand.

[2] The Gramm-Leach-Bliley Act governs the privacy of consumer financial information by regulating the treatment of non-public personal information about consumers by financial institutions. 15 U.S.C. § 6801 et. seq. and its regulations, 16 C.F.R. §§ 313 and 314.

> I am enclosing herein, copies of the relevant sections from the Code of Federal Regulations. Under the Act and the Regulations, it does not appear that my client can effectively have a customer waive his right or her rights under the act by failing to enter an appearance. It appears that they may have to take some affirmative action to do so, and even then, if they opt out of disclosure, the documents may remain confidential under the Act and the Regulations and my client may not be able to release the documents.
>
> I am trying to contact all parties who may have an interest and obtain from them an authorization to release the records. If they object, it may require that they be made a party to the proceedings in order to protect my client's interest. <u>It seems that the act makes them a necessary party.</u>

<u>See</u> Exhibit A (emphasis added).

On July 1, 2004, Plaintiff responded to AmSouth's correspondence and simply stated that he was "disappointed" that AmSouth had failed to produce the documents and accused AmSouth of recognizing that the documents were forged. <u>See</u> Exhibit B. Plaintiff did not mention the Gramm-Leach-Bliley Act or acknowledge AmSouth's statement that the customer was a necessary party to the Discovery Complaint.

On July 2, 2004, AmSouth responded to Plaintiff's correspondence stating:

> I want to assure you that I am not trying to avoid resolution of this matter by way of agreement. My only concern is the protection of my client from claims of breach of confidentiality by its customer.

<u>See</u> Exhibit C. In an attempt to reach an amicable resolution of the matter with Plaintiff – without violating existing law – AmSouth contacted its customer and requested her permission to release the documents to the Plaintiff. The customer refused to grant such permission.

Although AmSouth stated on multiple occasions its reason for not producing such documents, and its belief that the customer was a necessary party to the discovery complaint, Plaintiff failed to amend his complaint until January 13, 2005.

On January 13, 2005, Plaintiff amended his complaint to not only include the customer as a Defendant, but to also modify his complaint from one that only sought discovery to one for enforcement of a settlement agreement, specific performance, breach of fiduciary duty, negligence, breach of contract, and tortuous interference with a contract. In light of the amended complaint, AmSouth removed this action to the United States District Court for the Southern District of Mississippi, Hattiesburg Division on February 7, 2005, pursuant to 28 U.S.C. §1441(a). Plaintiff failed to file a timely motion to remand. Rather such motion was filed on June 2, 2005, approximately three (3) months after the deadline to file same.

## ARGUMENT

**I.  Plaintiff's Motion to Remand is Untimely and Therefore is Due to be Denied.**

Although Plaintiff filed a Discovery Complaint on September 22, 2002, it was not until January 13, 2005, that the Plaintiff filed his Amended Complaint making it "unequivocally clear and certain . . . that the amount in controversy requirement was met and the case was removable under federal diversity jurisdiction." *Bosky v. Kroger Texas, LP*, 288 F.3d 208, 212 (5th Cir. 2002).[3] Accordingly, on February 7, 2005, AmSouth properly removed this action to the United States District Court for the Southern District of Mississippi, Hattiesburg Division. Plaintiff had thirty (30) days upon receipt of same to file his Motion to Remand. Plaintiff failed to comply with such deadline, and rather filed an untimely Motion to Remand on June 2, 2005.

In his untimely Motion to Remand, Plaintiff attempts to create an argument that his untimely filing of the Motion to Remand was in some way caused by the delay in

---

[3] " 'If the statute is going to run, the notice ought to be unequivocal' and 'should not be one which may have a double design.' " *Id*. at 211 (quoting *DeBry v. Transamerica Corp*., 601 F.2d 480, 489 (10th Cir. 1979).

AmSouth providing him the requested documents.  First, as stated above, such delay was not "willful misconduct" as alleged by the Plaintiff, but was rather AmSouth complying with the Gramm-Leach-Bliley Act and following the directions given by its customer.  Notwithstanding same, such documents have nothing to do with Plaintiff's Motion to Remand, and Plaintiff has failed to articulate the validity of same.  *See Barnes v. Westinghouse Elec. Corp.,* 962 F.2d 513 (5th Cir. 1992) (holding that plaintiff waived the opportunity to object to defendant's procedural defect by waiting more than twenty months to move for hearing on motion to remand); *O.W. Weeks v. The Fidelity and Casualty Company of New York,* 218 F.2d 503 (5th Cir. 1955) (holding that plaintiff could waive their right to object to late filing of petition for removal by seeking relief in federal court after removal).

Plaintiff has waived his right to seek a remand of this action by waiting three (3) months to file a motion seeking such relief.  As such, his motion is due to be denied.

**II.    Equity Does Not Require That This Action be Remanded and Thus, Plaintiff's Motion is Due to be Denied.**

Plaintiff again attempts to create an argument by stating that the limited equitable exceptions that have been recognized by certain courts with regard to removal under § 1446(b) should be applied to the thirty (30) day deadline to remand under § 1447 which was ignored by Plaintiff in this case.  As admitted by the Plaintiff on page one (1) of his Memorandum in Support of Motion to Remand:

> 28 U.S.C. § 1441, which allows for the removal of state actions that meet the requirements of 28 U.S.C. § 1331, was originally intended to provide <u>defendants</u> an opportunity to avail themselves of the federal district courts in search of a fair and impartial forum, when those defendants might be prejudiced in a forum chosen solely by the plaintiff, and which may be hostile to an outsider in that forum.

See Plaintiff's Memorandum in Support of Motion to Remand, p. 1, para. 2 (emphasis added). As also noted by the Plaintiff, part of the implementation of such procedure was to prevent forum selection options for plaintiffs attempting to abuse and manipulate procedural safeguards. See Plaintiff's Memorandum in Support of Motion to Remand, p. 2, para. 1. Plaintiff fails to cite a single case wherein a court has taken such equitable exceptions and applied it in a case where the plaintiff has simply failed to file a motion to remand within the thirty (30) day deadline, as the Plaintiff did here.

Although Plaintiff cites three cases for the proposition that his Motion to Remand should be granted due to equity exceptions, none of the cases relied on by Plaintiff support his position. First, Plaintiff relies on *Tedford v. Warner-Lambert Co.,* 327 F.3d 423 (5th Cir. 2003), as a basis for broad equitable consideration of the procedural time limits for removal and remand. However, *Tedford* specifically addressed an equitable exception to removal under § 1446(b), not remand under § 1447. *Id* at 423. Additionally, *Tedford* considered such procedural issue based on the *plaintiff's* actions. *Id*. The Court stated, "Where a *plaintiff* has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." *Id*. at 428-29 (emphasis added). While the Court recognized equity, it did so only to ensure that the defendant was provided the opportunity to avail itself to the federal court as provided in §1446 without being constrained by the plaintiff's actions. *Id.*

Second, Plaintiff relies on *Doe v. Kerwood, D.O.*, 969 F.2d 165 (5th Cir. 1992), to argue that the Court has general equitable power to create procedural exceptions on remand and/or removal. However, in *Doe*, the Court considered equity when addressing

the question of whether the consent of all defendants was required for removal. *Id*. at 169. The Court made no determination as to how equity impacted the procedural time limits of removal and remand. While the Court stated that equity could be considered where a *plaintiff* served all defendants with the exception of one, waited thirty (30) days and then served the last defendant in order to prevent all defendants from consenting to removal in order to prevent same, such statements by the Court were in reference to allowing an exception to unanimous consent of all defendants as a result of the plaintiff's actions. *Id.*

Finally, the Plaintiff relies on *Brown v. Demco, Inc.,* 972 F.2d 478 (5th Cir. 1986), for the proposition that equity could permit remand where the plaintiff failed to follow procedural time limits. While *Brown* did hold that equity provided for a later filing for removal where the plaintiff intentionally failed to name additional defendants in order to prevent the case from being removed, it does so in the context of excusing the defendant from the first-served rule. *Id.* at 482.

Plaintiff fails to cite a single case that applies such equitable exception as he argues should be allowed here. Plaintiff's attempt to formulate an equitable argument relating to his untimely filing of a Motion to Remand is illogical and unsupported by law. As such, Plaintiff's Motion to Remand should be denied.

## RELIEF REQUESTED

WHEREFORE, Defendant AmSouth Bank, requests that this Honorable Court enter an Order denying Plaintiff's Motion to Remand and instead order that this case be transferred to the United States District Court for the Middle District of Alabama.

RESPECTFULLY SUBMITTED, this the 17th day of June, 2005.

                        AMSOUTH BANK

                        BY:   BALCH & BINGHAM, LLP

                        BY:   s/Paul J. Delcambre, Jr.
                                Paul J. Delcambre, Jr.

Paul J. Delcambre, Jr. (6034)
Julie Jarrell Gresham (100974)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221

## **CERTIFICATE OF SERVICE**

      I, Paul J. Delcambre, Jr. do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Glenn L. White, Esquire
Holmes & White, PLLC
601 Highway 42 E
Petal, Mississippi 39465

Sheila Smallwood, Esquire
849 Highway 42, Suite B
Petal, Mississippi 39465

Samuel S. McHard, Esq.
Bryan Nelson Randolph PA
P.O. Box 18109
Hattiesburg, MS  39404

Carol Ann Estes Bustin
Bustin Law Firm
109 Fairfield Drive, Suite 109
Hattiesburg, MS  39402

This the 17th day of June, 2005.

                                                       s/Paul J. Delcambre, Jr.
                                                       Paul J. Delcambre, Jr.