**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

JAMES E. CROUCH                                                                                      PLAINTIFF

VERSUS                                               CIVIL ACTION NO. .2:05-CV-00045-KS-JMR

AMSOUTH BANK, INA SUE CROUCH
and JOHN and JANE DOES 1-10                                                              DEFENDANTS

## MOTION TO TRANSFER PURSUANT TO 28 USC SECTION 1404(a)

Comes now AmSouth Bank, one of the Defendants in the above styled and numbered cause, and moves the court to transfer this cause pursuant to 28 USC Section 1404(a) to a more convenient forum and in support thereof would show unto the Court the following, to-wit:

1.      This cause was originally filed against AmSouth Bank in the Chancery Court of Forrest County, Mississippi on September 25, 2002 as an equitable action for discovery (the "Discovery Action"). The original Complaint did not seek damages or equitable relief other than the release to James Edward Crouch of certain documents believed to be in the possession of AmSouth Bank.

2.      AmSouth is an Alabama banking corporation with its principal place of business being located in Birmingham, Alabama. However, AmSouth is licensed to do business in Mississippi and has branches located in several locations in Mississippi including in Forrest County, Mississippi. It also has several branches located throughout Alabama, including one in Wetumpka, Alabama.

3.      When the Discovery Action was filed, copies of the documents being sought by the original Complaint, while not generated by AmSouth, were in the possession of AmSouth. These documents related to an annuity contract purchased by

49798.1

James Earl Crouch and Ina Sue Crouch who were the parents of James Edward Crouch, the Plaintiff herein. Ina Sue Crouch is a Co-Defendant herein. Ina Sue Crouch was not named as a party in the original Complaint filed in the Discovery Action. Under the Gramm-Leach-Bliley Financial Services Modernization Act of 1999 (P.L.106-102) the documents being sought by James Edward Crouch were considered confidential and were not subject to disclosure when AmSouth's customer was not a party to the proceeding in which they were sought. As a result, AmSouth refused to release the documents without authorization from or notice to Mrs. Crouch in compliance with the Gramm-Leach-Bliley Act.

      4.      Thereafter, on January 12, 2005, the Plaintiff filed an Amended Complaint naming Mrs. Crouch as a Co-Defendant and seeking money damages in excess of $75,000 under the following theories: Enforcement of Settlement Agreement; Specific Performance; Breach of Fiduciary Duty; Negligence; Breach of Contract; and, Tortious Interference with Contract. For the first time, James Edward Crouch was unequivocally seeking more than release of the documents. On or about February 7, 2005 a Notice of Removal was filed in this Court. On February 17, 2005 AmSouth filed its Answer and Defenses to the Amended Complaint. Raised among the defenses, more particularly the Second Defense and the Third Defense, were challenges to the venue of this action under 28 U.S.C. §1391(a) and under §1404(a). On February 28, 2005, the Ina Sue Crouch joined in the removal by separate pleading.

      5.  Both Ina Sue Crouch and her deceased husband were resident citizens of Wetumpka, Alabama. Her husband, James Earl Crouch, was James Edward Crouch's father. James Earl Crouch died on February 14, 2001 in Wetumpka, Alabama. His

49798.1

estate is being administered in the Probate Court for Elmore County, Alabama in Wetumpka, Alabama. James Edward Crouch is named in those proceedings as a party to them by virtue of his status as an heir at law of James Earl Crouch. (Exhibit 1).

6. All of the relevant events leading to and resulting in the transactions which are the subject of this action occurred at the AmSouth Branch located at 703 Main Street, in Wetumpka, Alabama. Ronda Robinson, who was an employee of AmSouth Investment Services (AIS), was the licensed agent who assisted the Crouches with the completion of the documentation necessary to purchase the subject annuity and to later change the beneficiary on that contract. Her office was located in the AmSouth Branch in Wetumpka, Alabama. Mrs. Robinson was then and is now a resident citizen of Wetumpka, Alabama. She now works in Prattville, Alabama for the Peoples Bank and Trust Company of Prattville. All of the banking and financial records of Ida Sue Crouch and her deceased husband are maintained in Wetumpka, Alabama. The files and other records or documents relating to this transaction, except those maintained by Lincoln National Life Insurance Co., are maintained in Wetumpka or Birmingham, Alabama. (Declaration of Robinson attached as Exhibit 2).

7. Carol Spricht, who is also identified as someone who has knowledge of the facts in this action, is an employee of AmSouth and is employed in Birmingham, Alabama. The other two people who are identified as having some knowledge of the issues in this action are employees of Lincoln National Life Insurance Company and are believed to be residents of Illinois. (Defendant's Pre-Discovery Disclosure of Core Information attached as Exhibit 3.)

49798.1

8. This matter has no contacts with the State of Mississippi other than the fact that the James Edward Crouch is a resident of Mississippi. The cause of action did not accrue or occur in Mississippi. All of the key witnesses who can be expected to be called are residents of Alabama where they are subject to process. Substantially all of the documentary evidence that will be offered at trial is located within the State of Alabama, either in Birmingham, Alabama or Wetumpka, Alabama. Alabama law will most likely be applied to determine the legal issues in this case.

9. Ina Sue Crouch has recently suffered a serious illness and is in a weakened physical condition and it is questionable as to whether she can travel to Mississippi to participate in the proceedings.

10. There is an alternative forum available wherein the action could have been brought and all public and private factors necessary to warrant transfer under 28 U.S.C. §1404(a) have been satisfied. Therefore, this matter should be transferred to the United States District Court for the Middle District of Alabama.

RESPECTFULLY SUBMITTED, this the 17th day of June, 2005.

          AMSOUTH BANK
          BY:   BALCH & BINGHAM, LLP


          BY:  s/Paul J. Delcambre, Jr.
                 Paul J. Delcambre, Jr.
                 Mississippi Bar No. 6034

## **CERTIFICATE OF SERVICE**

      I, Paul J. Delcambre, Jr., do hereby certify that I have this day hand delivered a true and correct copy of the above and foregoing pleading to:

      Glenn L. White, Esquire
      Holmes & White, PLLC
      601 Highway 42 E
      Petal, Mississippi 39465

      Sheila Smallwood, Esquire
      849 Highway 42, Suite B
      Petal, Mississippi 39465

THIS, the 17th day of June, 2005.

                                          s/Paul J. Delcambre, Jr.
                                          Paul J. Delcambre, Jr.

49798.1