**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

JAMES E. CROUCH                                                                         PLAINTIFF

VERSUS                                         CIVIL ACTION NO. .2:05-CV-00045-KS-JMR

AMSOUTH BANK, INA SUE CROUCH
and JOHN and JANE DOES 1-10                                                      DEFENDANTS

**BRIEF IN SUPPORT OF MOTION TO TRANSFER**
**PURSUANT TO 28 USC SECTION 1404(a)**

**PROCEDURAL HISTORY**

This cause was originally filed against AmSouth Bank in the Chancery Court of Forrest County, Mississippi on September 25, 2002 as an equitable action for discovery (the "Discovery Action"). The original Complaint did not seek damages or equitable relief other than the release to James Edward Crouch of certain documents believed to be in the possession of AmSouth Bank.

AmSouth is an Alabama banking corporation with its principal place of business being located in Birmingham, Alabama. However, AmSouth is licensed to do business in Mississippi and has branches located in several locations in Mississippi including in Forrest County, Mississippi. It also has several branches located throughout Alabama, including one in Wetumpka, Alabama.

When the Discovery Action was filed, copies of the documents being sought by the original Complaint, while not generated by AmSouth, were in the possession of AmSouth. These documents related to an annuity contract purchased by James Edward Crouch's father, James Earl Crouch, and his mother, Ina Sue Crouch. Ina Sue Crouch is

a Co-Defendant herein.[1] However, Ina Sue Crouch was not named as a party in the original Complaint filed in the Discovery Action. AmSouth refused to release the documents without authorization from or notice to Ina Sue Crouch because certain federal and state statutes, made the documents being sought by James Edward Crouch confidential, and therefore not subject to disclosure when AmSouth's customer was not a party to the proceeding.[2]

Thereafter, on January 12, 2005, the Plaintiff filed an Amended Complaint naming Ina Sue Crouch as a Co-Defendant and seeking money damages in excess of $75,000 under the following theories: Enforcement of Settlement Agreement; Specific Performance; Breach of Fiduciary Duty; Negligence; Breach of Contract; and Tortious Interference with Contract. For the first time, James Edward Crouch states unequivocally that he was seeking more than release of the documents. On or about February 7, 2005 a Notice of Removal was filed in this Court. On February 17, 2005 AmSouth filed its Answer and Defenses to the Amended Complaint. Raised among the defenses, more particularly the Second Defense and the Third Defense, were challenges to the venue of this action under 28 U.S.C. §1391(a) and under §1404(a). On February 28, 2005, Ina Sue Crouch joined in the removal by separate pleading.

## STATEMENT OF OPERATIVE FACTS

Both Ina Sue Crouch and her deceased husband were resident citizens of Wetumpka, Alabama. Her husband, James Earl Crouch, was James Edward Crouch's

---

[1] Both the Plaintiff and his father were known as James E. Crouch. However, the Plaintiff's name is James Edward Crouch and his father's name was James Earl Crouch. To prevent confusion, each will be referred to by their full name throughout this brief. The Co-defendant, who is the Plaintiff's mother will also be referred to by her full name, Ina Sue Crouch.

[2] Gramm-Leach-Bliley Financial Services Modernization Act of 1999 (P.L.106-102) and § 81-5-55 of the Mississippi Code of 1972, as amended

2

father.  James Earl Crouch died on February 14, 2001 in Wetumpka, Alabama.  His estate is being administered in the Probate Court for Elmore County, Alabama in Wetumpka, Alabama.  James Edward Crouch is named in those proceedings as a party to them by virtue of his status as an heir at law of James Earl Crouch. (Exhibit 2 to Motion to Transfer, Pleadings from Cause No. 2001-272, on the docket of the Probate Court of Elmore County, Alabama styled *In Re the Estate of James Earl Crouch, Deceased*".)

All of the relevant events leading to and resulting in the transactions which are the subject of this action occurred at the AmSouth Branch located at 703 Main Street, in Wetumpka, Alabama.  Ronda Robinson, who was the employee of AmSouth Investment Services (AIS), was the licensed agent who assisted the Crouches with the completion of the documentation necessary to purchase the subject annuity and to later change the beneficiary on that contract. Her office was located in the AmSouth Branch in Wetumpka, Alabama.  Ronda Robinson was then and is now a resident citizen of Wetumpka, Alabama. She now works in Prattville, Alabama for the Peoples Bank and Trust Company of Prattville.  All of the banking and financial records of Ina Sue Crouch and her deceased husband are maintained in Wetumpka, Alabama.  The files and other records or documents relating to this transaction, except those maintained by Lincoln National Life Insurance Co., are maintained in Wetumpka or Birmingham, Alabama (Declaration of Robinson).  Since all of the relevant parts of the transaction occurred in Alabama, then the law of Alabama will be applied to determine the rights and obligations of the parties.

Carol Spricht, who is also identified as someone who has knowledge of the facts in this action, is a resident of the Birmingham, Alabama area.  The other two people who

3

are identified as having some knowledge of the issues in this action are employees of Lincoln National Life Insurance Company and are believed to be residents of Illinois.

This matter has no contacts with the State of Mississippi other than the fact that the James Edward Crouch is a resident of Mississippi. The cause of action did not accrue or occur in Mississippi. All of the key witnesses who can be expected to be called are residents of Alabama where they are subject to process. Substantially all of the documentary evidence that will be offered at trial is located within the State of Alabama, either in Birmingham, Alabama or Wetumpka, Alabama. Furthermore, Ina Sue Crouch has recently suffered a serious illness and is in a weakened physical condition and it is questionable as to whether she can travel to Mississippi to participate in the proceedings.

## STATEMENT OF ISSUES

The motion presents the Court with one issue: Should this action be transferred to the United States District Court for the Middle District of Alabama pursuant to 28 U.S.C. Section 1404(a).

## ARGUMENT

Section 1404(a) states "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. §1404(a). Therefore, to determine if this case should be transferred under 28 U.S.C. §1404(a), the Court must first determine if there is an adequate alternative forum available, and if so, then it must address the issue of convenience.

### I.  **AN ALTERNATIVE FORUM IS AVAILABLE.**

This action has landed in this Court because of it removal flight from the Chancery Court of Forrest County, Mississippi.  Therefore, 28 U.S.C. §1391 is inapplicable.  However, there is no question that but for that fact the Southern District of Mississippi would be determined not to be the proper venue of this action.  In original actions that are based solely upon diversity of citizenship, venue is governed by 28 U.S.C. §1391(a) which states that:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

While AmSouth is amenable to process in this district, there is another district in which this action can be brought so that §1391(a)(3) would not apply to save the Plaintiff's choice of venue in this District.  Ina Sue Crouch is a citizen of Elmore County, Alabama which lies in the Middle District of Alabama.  AmSouth is both incorporated in and has its principal place of business in Alabama, and has an office in Wetumpka, Alabama.  Nearly all of the acts relevant to the transaction out of which the Plaintiff claims his cause of action arose occurred in Wetumpka, Alabama. Therefore, venue is proper and this matter could have been brought in the Middle District of Alabama.  In fact, it is the only proper venue. ***See Loeb v. Bank of America,* 254 F. Supp. 2d 581 (E.D.Pa., 2003); *Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.,* 725 F. 2d 317, 320 (S.D. Miss. 1989).**

The United States District Court for the Middle District of Alabama is an appropriate alternative forum because personal and subject matter jurisdiction exist and venue is proper in that forum. AmSouth is incorporated in Alabama and has its principal place of business in Birmingham, Alabama with a branch in Wetumpka, Alabama and Ina Sue Crouch is a resident citizen of Wetumpka, Alabama. Therefore, Alabama courts have personal jurisdiction over AmSouth and Ina Sue Crouch. Because James Edward Crouch is a citizen of Mississippi and the amount in controversy exceeds $75,000, exclusive of interest and costs, federal diversity jurisdiction exists. 28 U.S.C. §1332. Second, venue is proper because most of the operative facts occurred there. 28 U.S.C. §1391(a)(2). Therefore, an alternative forum is available.

## II.   LITIGATING THIS CASE IN MISSISSIPPI WILL SUBSTANTIALLY INCONVENIENCE THE DEFENDANTS

In order for a forum non conveniens transfer to be appropriate (1) the defendant must identify an alternative forum *and* (2) certain public and private interest factors must warrant a transfer. *See Koehring Co. v. Hyde Const Co.,* **324 F. 2d 295 (5th Cir. 1963);** *Hartford Fire Ins. Co.v. Westinghouse Elec. Corp,* **725 F. Supp at 319-20;** *Mizell v. Prism Computer Corp,* **27 F. Supp. 2d 708, 713 (S.D. Miss. 1998).** Once the defendant establishes an alternative forum, the trial court must consider "the private interests of the litigants and factors of public interest in determining relative convenience of the forum chosen by the plaintiff." *Gulf Oil Corp. v. Gilbert,* **330 U.S. 501, 508-09 (1947).**

In *Gulf Oil Corp. v. Gilbert,* the Supreme Court explained some of the factors courts should consider in determining whether to transfer an action:

> Important considerations are the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view

6

of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial.

* * *

Factors of public interest also have [a] place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. In cases which touch the affairs of many persons, there is reason for holding the trial in their view and reach rather than in remote parts of the country where they can learn of it by report only. ***Id*. at 508-09.**

The following facts compel transfer of this action to the United States District Court for the Middle District of Alabama.

(1)   Other than James Edward Crouch, nearly all of the relevant witnesses are in Alabama;

(2)   This Court cannot compel attendance of unwilling non-party witnesses;

(3)   Nearly all of the operative facts giving rise to James Edward Crouch's cause of action occurred, if at all, in Alabama (the remaining few facts occurred in Illinois);

(4)   The documents and physical evidence likely to be relevant are located in Alabama (the remaining documents would be located in Illinois); and,

5)   Alabama law governs this action.

1.   <u>Convenience to the parties and witnesses would be best served by transfer.</u>

The location of both the party and non party witnesses typically is the single most important factor in the analysis of whether a §1404(a) transfer should be granted. ***See Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 775 n.20 (E.D. Tex. 2000);**

7

*Frasca v. Yaw,* **787 F. Supp. 327, 331 (E.D.N.Y. 1992);** *see also* **CHARLES ALAN WRIGHT & ARTHUR H. MILLER, 15 FEDERAL PRACTICE & PROCEDURE § 3851 (2d ed. 1986).**

AmSouth likely will use testimony of three or four witnesses who have knowledge of the facts regarding the alleged contract discussions including the execution of the application for the purchase of the annuity and the application for the change of beneficiary. The execution of these documents, and particularly the method of execution, is obviously crucial. When the documents were signed, there were three people present: Ronda Robinson, James Earl Crouch and Ina Sue Crouch. Only two are alive today and both of them reside in Wetumpka. In addition, Ronda Robinson is employed in Prattville, near Wetumpka. The only relevant witness for James Edward Crouch is James Edward Crouch himself. An additional witness, who gathered the records and maintained the files, Carol Spricht, is also in Alabama. With respect to the convenience of the parties, AmSouth and Ina Sue Crouch would be substantially inconvenienced by maintaining this action in Mississippi. They would be forced to pay for travel and the room and board of AmSouth employees knowledgeable of the policy and procedures of AmSouth with regard to these transactions, for Ronda Robinson.

      2.    <u>Transfer is appropriate because this Court cannot compel the attendance of unwilling witnesses living in Alabama.</u>

The fact that key witnesses may not be compelled to testify is an important factor favoring transfer. ***Syndicate 420 at Lloyds' London v. Early American Ins. Co.*, 796 F. 2d 821,** *See, e.g., Gerling Am. Ins. Co. v. FMC Corp*., **No. 97 Civ. 6473, 1998 WL 410898, at *3 (S.D.N.Y. July 22, 1998)**(finding that the availability of compulsory

process favored transfer to Kentucky where the majority of non party witnesses resided)(copy attached) )(copy attached).  Maintaining an action where litigants cannot compel personal attendance of material witnesses and may be forced to try their cases via depositions creates a condition that is unacceptable to the court, jury, and the litigants. *See Gulf Oil Corp. v. Gilbert,,* **330 U.S. at 511.**  In fact, "[i]t is more than just important that the jury see and hear the live testimony of material witnesses.  It is essential to the cause of justice itself." *Laitram Corp. v. Hewlett-Packard Co.,* **120 F. Supp. 2d 607, 610 (E.D. La. 2000)** (transferring case where material witnesses were not subject to court's compulsory process); *see also In re EDRSIL,* **850 F. Supp. 188, 194 (E.D.N.Y. 1994)** (granting transfer motion despite plaintiffs' suggestion that use of videotaped depositions would mitigate subpoena problems, because "[d]epositions . . . even when videotaped, are no substitute for live testimony").

During the trial of this case, the testimony of Ronda Robinson will be very important to AmSouth's defense.  Ronda Robinson is no longer and employee of AmSouth.  She works and lives in the Middle District of Alabama.  Her testimony is important because she was the person who witnessed the signature of James Earl Crouch on the application for the purchase of the annuity and on the application to change the beneficiary.  These documents are at the center of this controversy, and Ronda Robinson is outside the subpoena power of this court.  See Fed. R. Civ. P. 45 ("a subpoena may be served at any place within the district of the court by which it is issued, or from any place without the district that is within 100 miles of the place of deposition, hearing, or trial.")  In contrast, the United States District Court for the Middle District of Alabama has subpoena power over any non-party witnesses and could compel their testimony.

"Even if witnesses were willing to testify, the long distance travel required could impede trial in this district and would impose substantial expense on witnesses or the parties calling them. Transfer will allow live trials at lesser expense, an important factor in determining whether to transfer a case." *In re EDRSIL,* **850 F. Supp. 188, 194 (E.D.N.Y. 1994).** Unless this case is transferred, AmSouth will be substantially prejudiced in its defense of this action because there is simply no reasonable substitute for live testimony at a reasonable cost.

    3.    <u>Substantially all of the operative facts occurred in Alabama.</u>

"The location of operative events giving rise to an action is a 'primary factor' in determining a motion to transfer venue." ***DealTime.com, Inc. v. McNulty,*** **123 F. Supp. 2d 750, 756 (S.D.N.Y. 2000)** (emphasis in original). The Fifth Circuit and other courts agree that an action should be transferred when none or few of the operative facts alleged in the Complaint occurred in the forum. *See **Koehring Co. v. Hyde Constr.* 324 F.2d at 296-97*** (transferring an action where the operative facts occurred outside the forum despite the fact that the defendant was incorporated and headquartered in the forum). *See also **Close v. American Honda Motor Co.,*** **No. CIV. 94-365-SD, 1994 WL 577266, at \*2 (D. N.H. 1994)** (transferring case from New Hampshire to California where a substantial portion of the events occurred) (copy attached); ***Armco Steel Co., L.P. v. CSX Corp.*, 790 F. Supp. 311 (D.D.C. 1991)** (transferring case from District of Columbia to Ohio where the operative facts alleged in the complaint occurred).

The operative facts in James Edward's Complaint all occurred in Alabama. The subject annuity was purchased in Alabama, the application was completed in Alabama and mailed from Alabama to Illinois, the application for a change of beneficiary was

10

signed in Alabama, and the application for the change was mailed from Alabama to Illinois. Finally, the documents necessary for receipt of the funds upon James Earl's death were completed in Alabama, they were mailed from Alabama to Illinois and the money was sent to Alabama. (Declaration of Robinson) At no time did any representative, agent or employee of AmSouth complete any act related to the transaction in the State of Mississippi. Therefore, the relevant conduct took place nearly exclusively in Alabama. Accordingly, the United States District Court for the Middle District of Alabama is a superior forum for resolution of James Earl's claims against AmSouth and Ina Sue.

    4.    <u>Transfer to Alabama will ensure easier access to documents and physical evidence</u>.

The geographic location of documents and physical evidence is an important consideration in determining whether to transfer an action. ***Koehring Co. v. Hyde Constr. Co.,*** **324 F. 2d at 296-97.** *See, e.g.,* ***Handler v. Regents of the University of Michigan,*** **No. 00 Civ. 6314 (DLC), 2000 WL 1635701, at \*2 (S.D.N.Y. Nov. 1, 2000)** (transferring case from New York to Michigan where documents relevant to the case were located)(copy attached); ***APA Excelsior III L.P., v. Premiere Tech.,*** **49 F. Supp. 2d 664, 672 (S.D.N.Y. 1999)** (granting transfer because maintenance of key documents were located at the defendant's corporate headquarters in the transferee forum); ***Reliance Ins. Co. v. Associated Marjon,*** **No. Civ. A. HAR 90 880, 1990 WL 168798, \*1 (D. Md. 1990)** (considering the place where key documents were prepared to be relevant in a § 1404(a) motion).

A substantial portion of the documents relevant to this case are located in Alabama. All of AmSouth's documents related to the allegations in the Complaint are located at its corporate headquarters in Birmingham, Alabama or in its branch in Wetumpka. Transferring this case will decrease the cost and increase the efficiency of this action; therefore, a transfer to the United States District Court for the Middle District of Alabama is warranted.

5. *Alabama law governs this action.*

In diversity cases, there is a strong public interest in litigating the case in a forum that is most familiar with the governing law. ***See Koehring Co. v. Hyde Constr.*, 324 F. 2d at 296 (6th Cir. 1989)** (transferring case to Oklahoma because of the familiarity with Oklahoma law); *see also **Syndicate 420 at Lloyd's London v. Early American Ins. Co.,* at 836-37** (dismissing case on ground of forum non conveniens where British law would govern) ***Gulf Oil Corp. v. Gilbert,*, 330 U.S. at 509** (finding '[t]here is an appropriateness, too, in having the trial of a diversity case in a forum that is at home with the state law that must govern the case").

Alabama law governs this action. Mississippi follows the rule that the law of the state with the most significant contacts to the transaction or occurrence will apply to determine the rights of the parties. ***See Bunge Corp. v. Biglane,* 418 F.Supp. 1159 (S.D. 1976);** *Vick v. Cochran*, **316 So. 2d 242 (Miss. 1976).** As has already been demonstrated, all of the events necessary to purchase the subject annuity, to change the beneficiary to the subject annuity and the delivery of the annuity took place in Alabama. The witnesses were then and are now citizens of Alabama. The estate of the James Earl Crouch, whose signature is in question is being administered in an Alabama probate

12

court. The money received from the annuity at his death was deposited in an Alabama bank. No significant event took place in Mississippi. Because the United States District Court for the Middle District of Alabama is more familiar with Alabama law, this action should be transferred.

      6.    <u>James Edward Crouch's forum choice deserves no deference.</u>

A plaintiff's forum choice deserves scant deference when (1) none of the operative facts occurred in the forum or (2) the defendant would be substantially burdened. When the plaintiff files suit in a forum where none of the operative facts occurred, a transfer is appropriate. ***Mizell v. Prism Computer Corp.,* 27 Fed. Supp. 2d at 714.** *See **Gallant v. Trustees of Columbia Univ. in City of New York,* 111 F. Supp. 2d 638, 646 (E.D. Pa. 2000)** (giving little deference to plaintiff's forum choice and transferring case because none of the operative facts occurred in the forum); ***Danka Funding L.L.C. v. Page, Scrantom, Sprouse, Tucker & Ford, P.C.,* 21 F. Supp. 2d 465, 475 (D.N.J. 1998)** (indicating that "plaintiff's choice, however, is entitled to less deference where the operative facts of a lawsuit occurred outside the forum selected by plaintiff"). As mentioned earlier, none of the events relevant to this action occurred in Mississippi; no negotiations, no meetings, and no performance. As such, the action should be transferred to the forum where the relevant events occurred, the United States District Court for the Middle District of Alabama.

A plaintiff's forum choice is afforded little deference when the "plaintiff's chosen forum imposes a heavy burden on the defendant." ***Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 257 (1981)**. As mentioned earlier, nearly all of the witnesses and documents are in Alabama. Maintaining this action in this forum would substantially prejudice AmSouth

13

and Ina Sue Crouch because the witnesses would be forced to travel, the documents would have to be reproduced and transported, and important non-party witnesses are not subject to the compulsory process of this Court. As such, the interests of justice require a transfer of this action.

## CONCLUSION

Having demonstrated that there is an alternate forum available and that all private and public factors influencing the determination as to the convenience of the alternate forum for the parties weigh in favor of transfer, this matter should be transferred to the United States District Court for the Middle District of Alabama.

RESPECTFULLY SUBMITTED, this the 17th day of June, 2005.

        AMSOUTH BANK

      BY: BALCH & BINGHAM, LLP


      BY: s/Paul J. Delcambre, Jr.
         Paul J. Delcambre, Jr.
         Mississippi Bar No. 6034

## **CERTIFICATE OF SERVICE**

I, Paul J. Delcambre, Jr. do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Glenn L. White, Esquire
Holmes & White, PLLC
601 Highway 42 E
Petal, Mississippi 39465

Sheila Smallwood, Esquire
849 Highway 42, Suite B
Petal, Mississippi 39465

Samuel S. McHard, Esq.
Bryan Nelson Randolph PA
P.O. Box 18109
Hattiesburg, MS  39404

Carol Ann Estes Bustin
Bustin Law Firm
109 Fairfield Drive, Suite 109
Hattiesburg, MS  39402

This the 17th day of June, 2005.

                                        S/Paul J. Delcambre, Jr.
                                        Of Counsel