Not Reported in F.Supp.2d                                                                                                                   Page 1
1998 WL 410898 (S.D.N.Y.)
**(Cite as: 1998 WL 410898 (S.D.N.Y.))**

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, S.D. New York.
GERLING AMERICAN INSURANCE COMPANY, as
Subrogee of Stinnes Corporation and PB &
S Chemical Company, Inc., Plaintiff,
v.
FMC CORPORATION, Defendant.
**No. 97 Civ. 6473(LMM).**

July 22, 1998.

*MEMORANDUM AND ORDER*

MCKENNA, J.

**\*1** Defendant FMC Corporation ("FMC") moves pursuant to 28 U.S.C. § 1404(a) for an order transferring venue from the Southern District of New York to the Western District of Kentucky. For the reasons stated below, defendant's motion is granted.

I. BACKGROUND

This is a subrogation action which stems from an underlying claim arising from a fire that occurred on February 17, 1996 at the warehouse of PB & S Chemical Company, Inc. ("PB & S") in Calvert City, Kentucky. Plaintiff Gerling American Insurance Company ("Gerling") is a domestic insurance company with its principle place of business in New York (Comp.¶ 2), and brings this action as the subrogee of Stinnes Corporation ("Stinnes"), which is incorporated in Delaware and maintains its principal place of business in New York. (Comp.¶ 3). PB & S, an affiliate of Stinnes, is a Kentucky corporation with its principle place of business in Kentucky. (Comp.¶ 4). PB & S is engaged in the business of buying chemicals in bulk from various manufacturers and distributing these chemicals to its customers. (Comp.¶ 4).

Defendant FMC Corporation ("FMC") is incorporated in Delaware with its principle place of business in Illinois. (Comp.¶ 5). FMC manufactures industrial and commercial chemicals for sale and distribution throughout the United States, (Comp.¶ 9), and owns and operates a facility located in Tonawanda, New York where it manufactures and distributes these chemicals. (Comp.¶ 10).

Gerling issued an insurance policy to Stinnes which was effective for a period of one year from January 1, 1996 to January 1, 1997. (Comp.¶ 6). Pursuant to the terms of this policy, Gerling agreed to provide coverage to Stinnes or any of its corporate affiliates for losses to certain real and personal property. (Comp.¶ 7). The policy provided all risk property coverage for Stinnes' real property, including the Kentucky warehouse owned and operated by PB & S. (Comp. ¶ 8).

On February 5, 1996, PB & S purchased from FMC over 30,000 pounds (546 bags) of ammonium persulphate; 11,550 pounds (210 bags) of potassium persulphate; and 1,350 pounds (6 bags) of sodium persulphate. (Comp.¶ 12). These orders were to be delivered from FMC's facility in Tonawanda, New York to PB & S' warehouse in Calvert City, Kentucky. (Comp.¶ 12).

Plaintiff alleges that on February 17, 1996, FMC's chemicals ignited and set fire to PB & S' Kentucky warehouse. (Comp.¶ 14). As a direct and proximate cause of this fire, plaintiff contends, PB & S' warehouse and its contents were severely damaged and destroyed. (Comp.¶ 15). The approximate losses amounted to $1.1 million, and pursuant to the insurance policy between Gerling and Stinnes, Gerling paid a total of $1,190,143 to the insured. (Comp.¶¶ 17, 19).

Plaintiff contends that FMC's carelessness and negligence in the manufacturing, packaging, and shipping of the aforementioned chemicals was the direct and proximate cause of the fire. (Comp.¶ 20). Plaintiff asserts four causes of action against FMC: negligent manufacture of chemicals, negligent shipping and handling, negligent packaging, and failure to warn. All four claims arise from the fire in PB & S' warehouse. (Comp.¶¶ 21-37).

II. DISCUSSION
A. Transfer of Venue

**\*2** A motion to change venue from one federal district court to another, when venue is initially proper, is governed by 28 U.S.C. § 1404(a), which provides in pertinent part:

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                    Page 2
1998 WL 410898 (S.D.N.Y.)
**(Cite as: 1998 WL 410898 (S.D.N.Y.))**

[F]or the convenience of the parties and witnesses, in the interests of justice, a district court may transfer any civil action to any other district division where it might have been brought.

The goal of section 1404(a) "is to prevent waste of 'time, energy, and money' and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack,* 376 U.S. 612, 616, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) (quoting *Continental Grain Co. v. Barge FBL-585,* 364 U.S. 19, 26-27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960)). Motions for transfer lie within the broad discretion of the courts and are determined upon notions of convenience and fairness. *See In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir.1992) (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)).

The plaintiff's choice of forum should not be disturbed unless the balance of the factors tips heavily in favor of a transfer. *See S-FER Int'l., Inc. v. Paladoin Partners, Ltd.,* 906 F.Supp. 211, 213 (S.D.N.Y.1995) (citing *Dwyer v. General Motors Corp.,* 853 F.Supp. 690, 692 (S.D.N.Y.1994)). The moving party has the burden of showing that a transfer is appropriate and that the motion should be granted. *See Wine Markets Int'l., Inc. v. Bass,* 939 F.Supp. 178, 179 (E.D.N.Y.1996) (internal citation omitted). A motion to transfer venue pursuant to § 1404(a) is governed by a two-prong test: (1) whether the action sought to be transferred is one that "might have been brought" in the district court to which the movant seeks to have the case transferred; and (2) whether the convenience of the parties and witnesses and the interests of justice favors transfer. *Wine Markets Int'l,* 939 F.Supp. at 179.

1. *Might Have Been Brought*
The first prong of the § 1404(a) transfer of venue test requires the moving party to demonstrate that the proposed transferee court is located in a district where the action might have been brought originally. *Wine Markets Int'l,* 939 F.Supp. at 179. The statute controlling venue in diversity actions, 28 U.S.C. § 1391(a), provides that an action may be initially be brought in the following districts:

(1) Where any defendant resides, if all the defendants reside in the same state;

(2) Where a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) Where the defendants are subject to personal jurisdiction at the time the action is commenced.

28 U.S.C. § 1391(a). In the present case, the parties do not dispute that this action "might have been brought" for the purposes of § 1404(a) in the Western District of Kentucky. Indeed, the Western District of Kentucky is proper pursuant to 28 U.S.C. § 1391(a)(2) because it is the location of the fire and the property damage, both of which constitute a "substantial part of the events ... giving rise to the claim." *Id.*

2. *Convenience of the Parties*
**\*3** In determining whether transfer is warranted "for the convenience of the parties and witnesses [and] in the interests of justice" under § 1404(a), courts generally consider several factors. *Orb Factory, Ltd. v. Design Science Toys, Ltd.,* 1998 WL 262601, at \*4 (S.D.N.Y. May 19, 1998). These factors include (1) the convenience of witnesses, (2) the location of relevant documents and the relative ease of access to sources of proof, (3) the convenience of parties, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interests of justice based on the totality of the circumstances. *Wilshire Credit Corp. v. Barrett Capital Management Corp.,* 976 F.Supp. 174, 180 (W.D.N.Y.1997).

A. *Convenience of Witnesses*
The convenience of both the party and non-party witnesses is considered the single most important factor in the analysis of whether a transfer should be granted. *Nieves v. American Airlines,* 700 F.Supp. 769, 772 (S.D.N.Y.1988). The availability of process to compel the attendance of witnesses to testify at trial must also be considered. *Wine Markets Int'l,* 939 F.Supp. at 184.

In support of its motion, FMC argues that many of the relevant documents and witnesses necessary for trial are located in Kentucky. (Reply ¶ 3). FMC specifically names four non-party witnesses who are employed by PB & S as

Not Reported in F.Supp.2d                                                                                                              Page 3
1998 WL 410898 (S.D.N.Y.)
**(Cite as: 1998 WL 410898 (S.D.N.Y.))**

warehouse personnel and reside in Kentucky, *id.,* and has provided a list of the issues to which these witnesses are expected to testify. *Id.* In addition, FMC asserts that the clean-up entities and fire investigative personnel who also reside in Kentucky will be needed to testify about the factual setting of the fire. *Id.* These witnesses would be unwilling and unable to testify in New York, FMC contends, and conducting the trial in New York would therefore force FMC to defend its interests solely through deposition testimony. *Id.* There is no indication from the parties that these witnesses would be subject to the process of this Court to compel their attendance at a trial conducted in this district.

In response to FMC's motion to transfer, plaintiff has offered the names and expected testimony of several witnesses who reside in New York. (Opp.¶ 25).

The Court concludes that although several witnesses reside in New York, the majority of non-party witnesses reside in Kentucky, and this factor, therefore, favors a transfer to Kentucky.

B. *Location of Relevant Documents and the Relative Ease of Access to Sources of Proof*

Plaintiff asserts that because the chemicals were manufactured in, and shipped from, New York, New York is the best source of relevant documents and evidence. (Opp.¶ 34). However, this argument overlooks the fact that the fire itself occurred in PB & S' Kentucky warehouse. Although the chemicals originated in New York, the site of the fire, any physical evidence remaining after the fire, internal and external investigative reports, photographs, PB & S' warehouse personnel, the fire investigative personnel, and other documentation relating to the fire are located in Kentucky.

*4 In addition, other parties who may have information about the fire are located in or near Kentucky. Paschall Truck Lines ("Paschall"), the company that shipped the chemicals, is incorporated and maintains its principal place of business in Kentucky. Rex Rosenlew International, Inc. ("Rex Rosenlew"), implicated as the manufacturer of the bags in which the chemicals were stored and shipped, is incorporated and maintains its principal place of business in North Carolina, which is closer to Kentucky than to New York. In view of the location of the principal places of business of these entities, transfer of venue would make the examination of evidence relating to the manufacture of the bags and the shipment of the chemicals easier.

The Court accordingly finds that although plaintiff correctly assert that the manufacturing and initial shipment of the chemicals from FMC's New York facility must be explored, the location of most of the other documents and sources of proof weigh in favor of a transfer to Kentucky.

C. *Convenience of the Parties*

The convenience of the parties must also be considered in a motion to transfer. (*Schuur v. Walt Disney Co., 1998 WL 190321,* at *2 (S.D.N.Y. April 21, 1998). The logical and relevant starting point is a consideration of the residence of the parties. *Wine Markets Int'l, 939 F.Supp. at 182*.

PB & S is a Kentucky corporation with its principal place of business in Kentucky. Gerling and Stinnes maintain their principal places of business in New York. Defendant FMC is incorporated in Delaware with its principal place of business in Illinois, which is closer to Kentucky than to New York, although that fact is probably balanced by more convenient air travel from Illinois to New York than from Illinois to Kentucky.

Although the Western District of Kentucky may be a more convenient location for PB & S and maybe FMC, it is more inconvenient for Gerling and Stinnes. Thus, this factor does not tip in favor of transfer.

D. *Locus of Operative Facts*

Plaintiff claims that New York is the locus of operative facts because it is the place in which the chemicals originated. (Opp.¶ 34). To the contrary, defendant argues that Kentucky is the more appropriate location because it is the site of the fire and the property damage. (Reply ¶ 3).

Upon consideration of all the facts, the Court finds that Kentucky is the locus of operative facts. Although the fact that the chemicals originated in New York is substantial, it is outweighed by the fact that the site of the fire, most of the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d    Page 4
1998 WL 410898 (S.D.N.Y.)
**(Cite as: 1998 WL 410898 (S.D.N.Y.))**

documents and sources of proof, and the other companies that may have information regarding the fire, are closer to Kentucky than to New York. Paschall, the shipper of the chemicals, is located in Kentucky, and Rex Rosenlew, the manufacturer of bags in which the chemicals were stored and shipped, is located in North Carolina, which, as stated, is closer to Kentucky that to New York. The Court notes, in addition, that while the chemicals originated in New York, they did not originate in that part of New York included in this district.

**\*5** The Court accordingly finds that Kentucky is the locus of operative facts.

E. *Availability of Process to Compel the Attendance of Unwilling Witnesses*

FMC has asserted that their Kentucky witnesses, including representatives from PB & S' warehouse in Kentucky, will be unwilling and unable to testify at a trial in New York. (Reply ¶ 3). If the case is not transferred, FMC contends, it will be left to rely solely on deposition testimony.

Plaintiff has offered the names and expected testimony of several witnesses who reside in New York. (Opp.¶ 25). If the case is transferred to Kentucky, the transferee court may not be able to compel the attendance of these New York witnesses. The Court concludes, however, that although several witnesses reside in New York, the majority of non-party witnesses reside in Kentucky. This factor, therefore, favors a transfer to Kentucky.

F. *Relative Means of the Parties*

Where a disparity between the parties exists, such as an individual plaintiff suing a large corporation, the court may also consider the relative means of the parties in determining whether to transfer. *Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 988 (E.D.N.Y.1991). Here, there is no obvious disparity. Both parties are corporations, and no showing has been made that litigating the case in either forum would impose an undue hardship upon either party. Accordingly, this factor is of little significance in the Court's analysis.

G. *Forum's Familiarity with the Governing Law*

Following the transfer of an action initiated by a defendant under section 1404(a), the transferee court is bound by the choice of law rules of the transferor court. *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). Thus, in this case, New York choice of law rules apply, which, when applied to these facts, indicate that the application of the substantive law of Kentucky to this controversy would be appropriate to determine liability. *See, e.g., Campbell v. Goodyear Tire & Rubber Co.,* 1985 WL 1514, at \*1 ("the consensus appears to be that, at least in cases involving personal injury and property damage, the doctrine of lex loci delicti governs except in extraordinary circumstances." (citing *Cousins v. Instrument Flyers, Inc.,* 44 N.Y.2d 698, 699, 405 N.Y.S.2d 441, 376 N.E.2d 914 (1978)).

Since it appears that Kentucky law would govern this action, this factor favors a transfer, since it is judicially desirable to have cases decided by a court familiar with the substantive law to be applied. *Heyco, Inc. v. Heyman,* 636 F.Supp. 1545, 1550 (S.D.N.Y.1986).

H. *Weight Accorded the Plaintiff's Choice of Forum*

The plaintiff's initial choice of forum is to be accorded a great weight, and should not be disturbed unless the balance of the several factors is strongly in favor of the defendant. *Orb Factory,* 1998 WL 262601, at \*6. It has been observed, however, that because the result under section 1404(a) is that the action is merely transferred and not dismissed as with a forum non conveniens motion, the plaintiffs choice of forum is not accorded any great significance in the analysis. *Wine Markets Int'l,* 979 F.Supp. at 183.

**\*6** Here, the balance of the factors support the defendant's motion to transfer. Kentucky is a more convenient location for witnesses, it provides easier access to documents and sources of proof, and it is the locus of operative facts.

I. *Trial Efficiency and the Interests of Justice Based on the Totality of the Circumstances*

In support of the motion, defendant has provided information regarding the docket conditions of the two districts at issue. The Court notes, however, that the docket conditions of the districts do not differ substantially enough to tip the scales in favor of a transfer. The Court therefore

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d  Page 5
1998 WL 410898 (S.D.N.Y.)
**(Cite as: 1998 WL 410898 (S.D.N.Y.))**

finds that this factor does not weigh in favor of either district.

In light of the foregoing analysis and considering the totality of the circumstances, the Court finds that the interests of justice require transfer of this action to the Western District of Kentucky pursuant to 28 U.S.C. § 1404(a).

### III. CONCLUSION

For the reasons set forth above, defendant's motion to transfer venue to the Western District of Kentucky is granted. The Clerk is directed to transfer this action to that district.

1998 WL 410898 (S.D.N.Y.)

**Motions, Pleadings and Filings (Back to top)**

• 1:97CV06473 (Docket) (Sep. 02, 1997)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.