Not Reported in F.Supp.                                                                                                                                 Page 1
1994 WL 577266 (D.N.H.), 1994-2 Trade Cases P 70,766
**(Cite as: 1994 WL 577266 (D.N.H.))**

H

**Motions, Pleadings and Filings**

United States District Court, D. New Hampshire.
CLAUDIA CLOSE, Executrix of the Estate of James R. CLOSE; Humphrey Motors,
Inc., d/b/a Jim Close House of Honda,
v.
AMERICAN HONDA MOTOR COMPANY, INC.
**No. CIV. 94-365-SD.**

Oct. 18, 1994.

ORDER

DEVINE.

**\*1** In this civil action, plaintiffs allege that defendant American Honda engaged in racketeering in violation of 18 U.S.C. §§ 1962(a) and 1962(c); violated section 2(c) of the RobinsonPatman Act, 49 Stat. 1526 (codified at 15 U.S.C. § 13(c)); violated the California Unfair Trade Practices Act, Cal. Bus. & Prof.Code §§ 17000, *et seq.;* and intentionally interfered with plaintiffs' prospective business relations. Presently before the court is defendant's motion for a change of venue, to which plaintiffs object.

*Background*

Plaintiff Claudia Close, executrix of the Estate of James Robert Close, is a resident and citizen of California. Plaintiff Humphrey Motors, Inc., d/b/a Jim Close House of Honda, was a California corporation from 1981 to 1988, with its principal place of business in Hayward, California. From 1988 to 1990, Jim Close Honda was operated by James Close as a sole proprietorship.

From 1974 until 1990, James Close and American Honda entered into a series of annual Dealer's Sales and Service Agreements. Pursuant to said agreements, Jim Close Honda was authorized to sell Honda automobiles.

Defendant American Honda, plaintiffs' Honda distributor, is a California corporation with its principal place of business in Torrance, California.

In March of 1994, criminal charges were brought against several former American Honda officials in the United States District Court for the District of New Hampshire alleging that the officials accepted bribes and kickbacks from certain Honda dealers throughout the United States and, in return, gave those dealers preferential treatment in the allocation of Honda automobiles and in the awarding of Honda and Acura dealership franchise locations.

In bringing this civil action against American Honda, plaintiffs assert that they were injured as a result of the preferential treatment given to the dealers involved in this nationwide bribery and kickback scheme.

*Discussion*

Defendant seeks to have this action transferred to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a), which provides, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Here, there is no dispute that this action could have been brought in the Northern District of California.

"Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.' " *Stewart Organization, Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964)). "A motion to transfer under § 1404(a) thus calls on the district court to weigh" the factors for and against transfer of the action to another venue. *Id.* Such factors include

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

**\*2** *Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508 (1947). The court may also consider factors of public interest, including the "local interest in having localized controversies decided at home" and the appropriateness in having the trial of a case in a forum that is at home with the state law that governs some or all of the case. *Id.* at 508-09.

Not Reported in F.Supp.  Page 2
1994 WL 577266 (D.N.H.), 1994-2 Trade Cases P 70,766
**(Cite as: 1994 WL 577266 (D.N.H.))**

"[A] defendant moving to transfer an action is faced with the substantive burden of having to show that these factors predominate in favor of transfer." *Buckley v. McGraw-Hill, Inc.,* 762 F.Supp. 430, 439 (D.N.H.1991). Accordingly, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp., supra,* 330 U.S. at 508.

However, plaintiff's choice of forum " 'is accorded less weight when ... "[t]he operative facts of [the] case have no material connection with this district." ' " *McFarland v. Yegen,* 699 F.Supp. 10, 15-16 (D.N.H.1988) (quoting *Sheet Metal Workers' Nat'l Pension Fund v. Gallagher,* 669 F.Supp. 88, 93 (S.D.N.Y.1987) (quoting *Heyco, Inc. v. Heyman,* 636 F.Supp. 1545, 1551 (S.D.N.Y.1986))); *accord Armco Steel Co. v. CSX Corp.,* 790 F.Supp. 311, 323 (D.D.C.1991). "The deference accorded the plaintiff's choice of forum is diminished even further when 'the plaintiff has brought suit in a forum which is not its "home turf." ' " *Armco Steel, supra,* 790 F.Supp. at 323 n. 11 (quoting *Magee v. Essex-Tec Corp.,* 704 F.Supp. 543, 547 (D. Del.1988) (quoting *Shutte v. Armco Steel Corp.,* 431 F.2d 22, 24 (3d Cir.1970))). *See also Royal Bed & Spring Co. v. Famossul Industria e Comercio de Moveis Ltda.,* 906 F.2d 45, 52 (1st Cir.1990) (" 'a plaintiff's choice of forum is entitled to greater deference when the plaintiff has chosen the home forum[,]' because 'it is reasonable to assume that this choice is convenient' ") (quoting *Piper Aircraft Co. v. Reyno,* 452 U.S. 235, 255-56 (1981)).

The only connection between this action and New Hampshire is the ongoing criminal action described herein. In that action, the only criminal conduct alleged to have occurred in New Hampshire is the acceptance by a former American Honda official of an Acura automobile and college tuition payments of approximately $17,000 from a Nashua, New Hampshire, Acura dealership. [FN1] However, such allegations are but one small piece of the conspiracy puzzle upon which the criminal action is based.

The court finds that the operative facts of this case have no material connection to New Hampshire. Further, plaintiffs' home forum is California, not New Hampshire. As such, plaintiff's choice of forum is not entitled to the same degree of deference it would otherwise be accorded.

*Convenience of the Parties*

The parties in this action are all located in California.

Plaintiffs contend that, despite their California location, the ongoing criminal investigation and action in this district makes it more convenient for them to pursue their civil action here rather than in California. Plaintiffs further assert that transfer of this case will make such suit more difficult and expensive because their counsel will be required to travel to California and engage local counsel there. However, "[t]he location of counsel carries little, if any, weight in the analysis under § 1404(a)." *Armco Steel, supra,* 790 F.Supp. at 324. *See also* 15 Charles A. Wright, et al, Federal Practice and Procedure: Jurisdiction 2d § 3850 (1986) (the majority of courts have found that location of counsel "is not to be considered at all or that it is to be given very little weight").

**\*3** Defendant points out that its Zone 1, Western Region, and national offices are all located in Torrance, California. Affidavit of John Franz ¶¶ 4-5. [FN2] American Honda's national sales personnel, regional personnel for the Western Region, and Zone 1 personnel are all located at the Torrance, California, offices. *Id.* ¶¶ 6-7. This includes national personnel "involved with the establishment of dealerships and the planning of future dealerships," *id.* ¶ 6, and personnel who were responsible for the allocation of automobiles to plaintiffs, *id.* ¶ 13.

Defendants further maintain that all national, regional, and zone documents are maintained at their Torrance, California, offices. *Id.* ¶¶ 8-10.

The court finds that the convenience of the parties weighs in favor of transfer to the Northern District of California.

*Convenience of the Witnesses*

"The most important factor in deciding whether to transfer an action is the convenience of witnesses." *Buckley v. McGrawHill, supra,* 762 F.Supp. at 440 (citing 15 Charles A. Wright, et al, Federal Practice and Procedure: Jurisdiction 2d § 3851 n. 1).

At this early stage in the litigation, defendant expects to rely

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                          Page 3
1994 WL 577266 (D.N.H.), 1994-2 Trade Cases P 70,766
**(Cite as: 1994 WL 577266 (D.N.H.))**

on testimony of people employed by plaintiffs' Honda dealership and at its competing dealerships, as well as American Honda employees involved with Jim Close Honda. Most, if not all, of these witnesses are located in California.

Plaintiffs name thirteen former American Honda officials who have pled guilty to various criminal charges in connection with the ongoing criminal action in New Hampshire. However, these former American Honda officials are not parties to this action, and none of them are located in New Hampshire or within this court's subpoena power. [FN3] *See* Rule 45(b)(2), Fed.R.Civ.P.

On balance, the court finds that the convenience of the witnesses favors transfer to the Northern District of California.

*Location of Documents*

Documents that defendant expects to use as evidence are located in California. However, the court records from the criminal action that plaintiffs expect to use as evidence are located in New Hampshire. Thus the location of documents does not weigh strongly in favor of transfer.

*Other Factors*

Plaintiffs allege that they were injured as a result of the criminal conduct of American Honda's former officials. While this criminal conduct occurred throughout the country, plaintiffs were injured in California. Further, California law applies to plaintiffs' state-law claims.

In light of the above, and recognizing that there is a local interest in having localized controversies decided at home and in having the trial of a case in a forum familiar with applicable state law, the court finds that the relevant public interest factors weigh in favor of transfer.

*Conclusion*

After due consideration of all the relevant factors, the court finds that this action should be transferred to the Northern District of California pursuant to 28 U.S.C. § 1404(a). Defendant's motion to change venue (document 5) is therefore granted.

**\*4** SO ORDERED.

> FN1. American Honda has two automobile sales divisions, one responsible for the sale of Honda automobiles and the other responsible for the sale of Acura automobiles. Affidavit of John Franz ¶ 2 (attached to Defendant's Motion). Plaintiffs did not own or operate an Acura dealership. However, plaintiffs allege that James Close expressed an interest in obtaining an Acura dealership or "point", but was never awarded one. Complaint ¶¶ 18-22.

> FN2. Jim Close Honda was located in Zone 1 of American Honda's Western Region.

> FN3. Five of these thirteen individuals reside in California. The remaining individuals reside in North Carolina, New Jersey, Florida, Texas, and Georgia. *See* Statement of United States Attorney Paul M. Gagnon (attached to Plaintiffs' Objection).

1994 WL 577266 (D.N.H.), 1994-2 Trade Cases P 70,766

**Motions, Pleadings and Filings (Back to top)**

• 1:94CV00365 (Docket) (Jul. 12, 1994)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.