Not Reported in F.Supp.2d                                                                                                          Page 1
2000 WL 1635701 (S.D.N.Y.), 19 NDLR P 159
**(Cite as: 2000 WL 1635701 (S.D.N.Y.))**

**Motions, Pleadings and Filings**

United States District Court, S.D. New York.
Peter HANDLER, Arnold Handler, and Florence Handler, Plaintiffs,
v.
REGENTS OF THE UNIVERSITY OF MICHIGAN, Defendants.
**No. 00 Civ. 6314(DLC).**

Nov. 1, 2000.

R. Arnold Handler, New York, NY, Richard J. Landau, Krista L. Lenart, Dykema Gossett PLLC, Ann Arbor, MI, for Plaintiffs.

Susan I. Robbins, Miller, Canfield, Paddock & Stone PLLC, New York, NY, for Defendants.

*OPINION AND ORDER*

COTE, J.

***1** Plaintiffs assert in this action, filed August 23, 2000, that the University of Michigan ("the University") discriminated against plaintiff Peter Handler by failing to accommodate his learning disability, breached its contract with plaintiffs and made material misrepresentations to plaintiffs regarding the programs and services that would be available to Peter at the University. Plaintiffs allege that the University violated Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132 *et seq.* ("ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("the Rehabilitation Act"). They also bring state law claims for violations of the New York Human Rights Law, N.Y. C.L.S. Exec. § 290 *et seq.,* breach of contract, and fraudulent misrepresentation.

Defendants have moved to dismiss for improper venue or, in the alternative, to transfer venue to the Eastern District of Michigan pursuant to either 28 U.S.C. § 1406(a) or 28 U.S.C. § 1404(a). Defendants additionally move to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). For the reasons set forth below, defendants' motion to transfer is granted.

BACKGROUND
The following facts are either undisputed or are alleged by plaintiffs and accepted as true for the purpose of this motion. Plaintiffs are domiciliaries of the State of New York. Defendants are residents of Michigan and serve as the governing board of the University. The University is a corporation created by the State of Michigan.

Peter Handler has a learning disability. While Peter was a student at Scarsdale High School, in New York, plaintiffs reviewed written materials and materials posted on the Internet by defendants concerning the University's programs and services. Peter applied to the University and, in the Fall of 1996, enrolled in the Honors Program at the University in reliance upon defendants' representations.

In the Fall of 1998, Peter began to suffer academic difficulties due to his learning disability and received the equivalent of an "F" in one class. Because of this grade, the Associate Director of the Honors Program wrote Peter a warning letter. Peter petitioned the Honors Board to change his failing grade in light of the fact that his performance in class was a product of his learning disability, but the Honors Program administrators did not respond to this request for several months. Peter received three additional warning letters regarding his academic performance. Based upon his academic difficulties, Peter withdrew from the University after the Winter 2000 term and returned to New York.

DISCUSSION
Section 1404(a) of Title 28, United States Code, allows for a transfer of venue "[f]or the convenience of parties and witnesses, [and] in the interest of justice." Such motions are in the Court's discretion to grant or deny and are " 'determined upon notions of convenience and fairness on a case-by-case basis." ' Hall v. South Orange, 89 F.Supp.2d 488, 493 (S.D.N.Y.2000) (quoting In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir.1992)). Courts should, ordinarily, defer to plaintiffs' choice of venue, but may give the plaintiffs' choice of forum substantially less deference when the "operative facts upon which the litigation is brought bear little material connection to the chosen forum." Berman v. Informix Corp., 30 F.Supp.2d 653, 659 (S.D.N.Y.1998) (internal quotation omitted).

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                Page 2
2000 WL 1635701 (S.D.N.Y.), 19 NDLR P 159
**(Cite as: 2000 WL 1635701 (S.D.N.Y.))**

**\*2** To determine whether a transfer is warranted, the Court must first determine whether the case could have properly been brought in the transferee court. *Id.* at 656. If the transferee court appears to have jurisdiction over the case, the Court must next consider whether the transfer is appropriate based upon several factors:

> (1) the convenience of witnesses, (2) the convenience of the parties, (3) the location of relevant documents and the relative ease of access to sources of proof, (4) the locus of operative facts, (5) the availability of process to compel the attendance of unwilling witnesses, (6) the relative means of the parties, (7) the forum's familiarity with the governing law, (8) the weight accorded the plaintiff's choice of forum, and (9) trial efficiency and the interest of justice, based on the totality of the circumstances.

*Id.* at 657.

It is undisputed that this case could have been brought in the Eastern District of Michigan. The individual defendants reside there, a substantial part of the events giving rise to the claim occurred there, and the University is located there and incorporated in the State. *See* 28 U.S.C. § 1391(b).

Plaintiffs assert that they intend to call a large number of non-party New York resident witnesses who would be inconvenienced by a transfer of venue, including witnesses who could testify about Peter's learning disability and need for accommodation, and witnesses who could testify regarding damages. The most important witnesses, however, for plaintiffs' case--with the exception of Peter himself--are in Michigan. All of the people mentioned in plaintiffs' complaint reside in Michigan, and it is doubtful that plaintiffs could prove their case without their testimony. A court in the Eastern District of Michigan would be better able to compel testimony from the most material non-party witnesses in this case, should they refuse to testify. All of the documents relevant to this case are also located in the Eastern District of Michigan. Because the primary witnesses and documents in this case are in the Eastern District of Michigan, transfer would make litigation of this case more convenient and less expensive.

At issue in this case are the actions taken by defendants to accommodate Peter's learning disability while he was a student at the University. New York has no connection to this case beyond the fact that plaintiffs reside in New York, read information about the University while in New York, and accepted the University's offer of admission in New York. Therefore, the locus of operative facts is in the Eastern District of Michigan.

Although plaintiffs assert that trial in Michigan would be less convenient, they make no showing of financial hardship that would prevent them from fully litigating this case there. Plaintiffs' counsel will, undoubtedly, be able to litigate this case less expensively in the Eastern District of Michigan, where they are located.

The interest in judicial efficiency and the interests of justice, based on the totality of the circumstances, further support defendants' request to transfer venue. A federal court in Michigan will be as familiar with the provisions of the ADA and the Rehabilitation Act as a court sitting in New York. Each of plaintiffs' claims is based upon their assertion that defendants failed to accommodate Peter Handler's learning disability or respond to his requests while he was attending the University. The material facts that support plaintiffs' allegations occurred in Michigan, and the documents and witnesses that can prove or disprove these claims are in Michigan. The totality of circumstances, therefore, support defendants' motion for transfer. *See, e.g., Douglas v. Syracuse University College of Law,* No. 94 Civ. 9195(LAP), 1995 WL 555693 (S.D.N.Y. Sept.18, 1995); *Watkins v. Harvard University,* 89 Civ. 2602(JMM), 1989 WL 135181 (E.D.N.Y. Nov. 3, 1989).

**\*3** Having found that this action should be transferred to the Eastern District of Michigan, this Court will not resolve defendants' motions to dismiss the litigation. *Delarosa v. Holiday Inn,* No. 99 Civ. 2873(RWS), 2000 WL 648615 at \*5 (S.D.N.Y. May 19, 2000); *Hernandez v. Graebel Van Lines,* 761 F.Supp. 983, 992 (S.D.N.Y.1991). *But see Security insurance Company of Hartford v. ITA Textiles Corp.,* No. 99 Civ. 10942(MBM), 2000 WL 1576879 at \*2 (S.D.N.Y. Oct. 23, 2000).

CONCLUSION

The defendants' motion to transfer venue is granted. The Clerk of Court shall send a certified copy of this Opinion and any original documents filed in this action to the Clerk

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                  Page 3
2000 WL 1635701 (S.D.N.Y.), 19 NDLR P 159
**(Cite as: 2000 WL 1635701 (S.D.N.Y.))**

of Court for the Eastern District of Michigan.

  SO ORDERED:

2000 WL 1635701 (S.D.N.Y.), 19 NDLR P 159

**Motions, Pleadings and Filings (Back to top)**

• 1:00CV06314 (Docket) (Aug. 23, 2000)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.