IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JAMES E. CROUCH**                                                                                           **PLAINTIFF**

v.                                                                                                                    NO.:2:05cv45ksJMR

**AMSOUTH BANK, INA SUE CROUCH,**                                                          **DEFENDANTS**
**and JOHN and JANE DOES 1-10**

<u>**PLAINTIFF'S MEMORANDUM IN RESPONSE TO DEFENDANT'S OPPOSITION OF
THE MOTION TO REMAND**</u>

The Plaintiff herein responds to Defendant AmSouth Bank's [hereinafter AmSouth] memorandum opposing the Motion to Remand. In the Memorandum of AmSouth in Response to Plaintiff's Motion to Remand, AmSouth attempts to justify its actions in removing this case more than one year after commencement, despite having repeatedly failed to produce documents and cooperate with the state court over a period of more than two years. Moreover, AmSouth's conduct demonstrates manipulative attempts to delay this action, to unduly burden the Plaintiff with increased costs and inconvenience, and to disregard the authority of the state and federal Courts.

1. **Improper Removal of the Action**

AmSouth predicates its removal of this action on the Amended Complaint filed by the Plaintiff on January 3, 2005, claiming that the Amended Complaint amounts to a new cause of action, or alternatively that the Amended Complaint made AmSouth aware that the amount in controversy was more than $75,000. However, this position is not well founded. AmSouth was aware from the original complaint filed on September 25, 2002, that the Plaintiff alleged facts constituting fraud or forgery and that AmSouth, having sold the annuity, knew the value to be $250,000, considerably more than the $75,000 requirement for federal jurisdiction. Moreover,

AmSouth always had notice that the parties were diverse. Thus, AmSouth always knew that the Plaintiff's claims were removable under the Federal Rules of Civil Procedure, yet failed to remove the action for more than two years. Further, AmSouth possessed documents bearing the signature of its agent, purporting to witness the signature of James Earl Crouch, when the form clearly shows a forgery. Therefore, AmSouth was on notice that the Plaintiff's claims involved an amount in controversy in excess of $75,000 and that AmSouth would be subject to liability for its conduct in connection with the forgery. As such, AmSouth had notice of the claims of the Plaintiff and the facts which would constitute a removable action, yet declined to remove the action within the proper time provided in 28 U.S.C. § 1441.

    2.    **Motion for Remand was Proper**

AmSouth claims that the Plaintiff should be barred from making a motion for remand of this action, because the Plaintiff's motion came more than thirty (30) days after the removal of the action. However, AmSouth neglects to inform the Court of the reasons which excuse the Plaintiff's failure to comply with that deadline.

First, the Plaintiff was completely candid with the Court and AmSouth in his writings to the Court and in pretrial statements, regarding his intention to dismiss this case, if there appeared to be no forgery on the change of beneficiary form. To that end, the Plaintiff continued his more than two-year effort to obtain the documents in question. After this unacceptable delay in producing the documents, an officer of the court, counsel for AmSouth, committed to producing the documents. However, subsequently, counsel for AmSouth continued delaying the production of those documents for an additional three months. The Plaintiff could not, in good faith, move to remand the action without having reviewed the annuity documents. Therefore, any additional efforts to change the procedural posture of the case would have subjected the Plaintiff to possible sanctions under Rule

11 of the Federal Rules of Civil Procedure.

Once AmSouth through its counsel, finally complied with the demands for the documents, the Plaintiff filed a good faith motion to remand this action within 30 days of receiving those documents. It should be noted that the Plaintiff has repeatedly allowed AmSouth additional time to reply to requests for the documents, while AmSouth has repeatedly delayed replying to the requests and repeatedly refused to comply with those requests. After AmSouth improperly removed this action to federal court without first producing the documents which would allow the Plaintiff to respond or oppose the removal in good faith, AmSouth now argues that the Plaintiff should be held to the strictest of standards for procedural deadlines.

3.     **The Plaintiff did not waive remand of this action.**

AmSouth argues that the Plaintiff waived his opportunity to oppose the removal of this action based on the one year limitation on removal of diversity actions. However, this argument, like others put forth by AmSouth fails to inform the Court of its own conduct in these procedural maneuvers.

As stated above, AmSouth stated through counsel, an officer of the Court, that it would produce the documents. The Plaintiff relied upon this commitment and refrained from any efforts to change the procedural posture of the case until after he had a chance to review the documents. However, it took a direct order from Judge Roper to force AmSouth and its counsel to produce those documents. Even then, the production came three months after removal of the case. During this time, the counsel for the Plaintiff and AmSouth were under the supervision of the Court. Therefore, the conduct of AmSouth and its counsel was always under the authority of the Court and its discretionary powers of equity. Moreover, the Plaintiff's repeated efforts to gain access to the documents, even after removal to federal court, demonstrate the continued efforts to properly pursue this action. There has never been a failure of the Plaintiff to assert his rights or an affirmative action

that would constitute a waiver of his rights or options in these proceedings. Instead, the Plaintiff, at all times, candidly kept the Court and AmSouth informed of his intentions to review the documents for their authenticity and validity, and ultimately dismiss the action if there was no forgery. It was only due to the conduct of AmSouth and its counsel in refusing promptly to produce the required documents that, yet again, caused delay in these proceedings. The Plaintiff never waived his right to move for a remand of this case–he was deprived of the opportunity to comply with the deadline because of the conduct of AmSouth and its agent.

    **4.**    **Privacy concerns did not prevent disclosure of the documents.**

Counsel for AmSouth points to his letter citing the Gramm-Leach-Bliley Act for justification of the refusal to produce the required documents in this action. However, this Act allows for the disclosure of the documents pursuant to certain conditions or exceptions, the following two of which are relevant: 1) to those with a "legal or beneficial interest relating to the consumer," and 2) to comply with state rules and other applicable legal requirements, and to comply with civil interrogations. 16 C.F.R. §§ 313.16 (2)(iv), 313.16 (7). As to the first exception, the Plaintiff was a third-party beneficiary entitled to the disclosure of the annuity documents. As to the second exception, the civil investigation and judicial discovery pursuant to the Mississippi Rules of Civil Procedure entitled the Plaintiff to the disclosure of the annuity documents. Yet Amsouth continued refusing to supply those documents. Because the counsel for AmSouth, as an officer of the court, committed to provide the documents, the Plaintiff was not required to further pursue some mandate from a judicial official requiring the counsel to fulfill his commitment. Instead, the Plaintiff reasonably believed that the documents would be produced, as permitted by the Gramm-Leach-Bliley Act. Despite these statutory grants of authority to disclose the documents related to the annuity contract, AmSouth continued refusing to provide access to them, and manipulated the Plaintiff to

amend the complaint to add Ina Sue Crouch.

In addition to this delay tactic, when AmSouth finally complied with the order of the Court to produce the documents, the production contained several items which were not even arguably within the protections of the Gramm-Leach-Bliley Act, such as letters of inquiry from the Plaintiff and from the Plaintiff's sister to the annuity contract underwriter, responses thereto, and AmSouth internal communications which were unrelated to the consumer privacy information. When citing the privacy laws for justification for refusing to provide access to the annuity documentation, AmSouth never even bothered to comply with discovery demands for unprotected documents.

In fact, the two year refusal to produce the documents which were not even arguably within the protection of the Gramm-Leach-Bliley Act could constitute a willful disregard of the rules of discovery, subjecting AmSouth to sanctions under Rule 37 of the Mississippi Rules of Civil Procedure. To date, the Plaintiff has not sought such relief.

Most importantly regarding the privacy concerns cited by AmSouth is the fact that the annuity contract underwriter, via letter to the Plaintiff attached as Exhibit 1, had already confirmed that the Plaintiff was the original beneficiary and that a change of beneficiary had been executed. That is the fact upon which bank privacy concerns might have attached had that fact not already been disclosed by the annuity company whose contract had been sold through its agency relationship with AmSouth. However, mere production of documents which evidence the purported change do not further protect the privacy of that fact, but merely serve to cover up fraud. In fact, AmSouth was fully aware of the disclosure by the annuity company, because the same letter was contained in the documentation it finally produced pursuant to Judge Roper's order. The Plaintiff needed true and correct copies of the change of beneficiary documents to verify the authenticity of the signature. AmSouth cannot argue that the facts of the purchase of the annuity and subsequent filing of a change

of beneficiary form were protected from disclosure. Rather, AmSouth blatantly refused to provide access to documents, which the Plaintiff already knew existed, and which he sought for the sole purpose of verifying their authenticity. These documents were not privileged or protected, yet AmSouth refused to provide them.

**5.     AmSouth implies that the power of the court should be restricted or limited.**

In response to the Plaintiff's assertion that this Court has broad equitable power to remedy procedural manipulation by the parties, AmSouth asserts that this Court has the power to prevent unfair procedural practices by plaintiffs, but is powerless to block such unfair manipulations of rules by defendants. In its memorandum, AmSouth points to the cases cited by the Plaintiff and attempts to distinguish them because they concern actions by the plaintiffs rather than defendants. Based upon this "red bottle/green bottle" distinction, AmSouth argues that the court is impotent with respect to blocking defendants' misconduct in these situations. To rule that this Court could not exercise equitable power over the conduct of AmSouth in this case would severely undermine the authority of the federal courts and would condone manipulative misconduct by defendants in diversity actions.

**6.     This case should be remanded to Mississippi state court and should not be transferred to a federal court district in Alabama.**

In its response to the Plaintiff's Motion to Remand, and in its Motion to Transfer Venue, AmSouth argues that this action should be transferred from Mississippi to the Middle District of Alabama. The Plaintiff first argues that this case should be remanded and does not concede that the proper forum is federal court. In the alternative, should the Court rule that the case should remain in federal court, the Plaintiff argues that the action should not be transferred to the Middle District of Alabama.

First, the Defendant, Ina Sue Crouch, waived any argument for improper venue by waiting more than thirty days to answer the Plaintiff's Amended Complaint and by failing to timely seek additional time for that answer. In fact, the Defendant, Ina Sue Crouch, received an Order for Additional Time only on April 29, 2005, months after service of the Amended Complaint, and her answer was not filed until May 9, 2005. As noted in Rule 12(h) of the Mississippi and Federal Rules of Civil Procedure, failure to raise improper venue as a defense in a timely pleading waives such a defense. Therefore, as to the Defendant, Ina Sue Crouch, claims of improper venue should not be entertained due to waiver.

In addition, the Defendant, Ina Sue Crouch, through her counsel, has stated that she is physically or mentally unable to even give a deposition in this matter. See Exhibit 2. Certainly, she would not be able to attend and participate in a trial in such a frail condition. Therefore, this Court should completely eliminate, or at least minimize, the consideration of the convenience of that party when weighing the possibility of transferring this case to Alabama.

AmSouth should not be allowed to pursue a transfer of this case to another venue, because of waiver and laches. AmSouth failed to seek such a transfer for more than two years. The original complaint in this proceeding was filed in November of 2002. While the Answer filed by AmSouth contested that venue was improper, AmSouth failed to remove this action or seek a transfer to a more convenient court, despite possessing the knowledge described in Section 1, *infra*. Instead, AmSouth filed numerous pleadings and wrote several pieces of correspondence in this matter while submitting without objection to the jurisdictional authority and venue of the Chancery Court of Forrest County, Mississippi, for more than two years. AmSouth never attempted any procedural change or transfer in all that time, until the Amended Complaint was filed by the Plaintiff. By submitting itself without objection to the jurisdiction and venue of the Chancery Court for that long, AmSouth cannot now

argue that Mississippi is an inconvenient venue for this action. Nor for the same reason can AmSouth argue that the case would be prejudiced if it were not tried in Alabama.

The transfer of an action from one district court to another is meant to seek "the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404. Transferring this action to a district in Alabama will further inconvenience the Plaintiff, who has suffered inordinate delays at the hands of AmSouth for nearly three years. Moreover, a transfer of this action will serve to create an injustice, in that it would reward AmSouth for its dilatory and manipulative conduct.

As stated above, AmSouth knew of the option to remove and transfer this case for more than two years before improperly removing this case to federal court. During that time, the Plaintiff was forced, at increasing costs and attorney fees, to make repeated filings and pleadings seeking to force AmSouth to comply with the discovery process. AmSouth induced Plaintiff to file an amended pleading in the latter part of 2004, by stating that AmSouth would not release the documents until Ina Sue Crouch was a named party. In response, Plaintiff received leave to file, and in good faith filed, his Amended Complaint joining the Defendant, Ina Sue Crouch, in order to get the required documents. Rather than finally producing the documents, AmSouth continued its campaign to delay the action and increase the burden of costs on the Plaintiff by removing this case to federal court and also moving for a change of venue.

**7.    The overall conduct by the Defendant, AmSouth Bank, justifies equitable relief to the Plaintiff.**

These delay tactics by AmSouth and its counsel have gone on for nearly three years. AmSouth has virtually limitless resources with which to oppress the Plaintiff and create delay and costs. In fact, AmSouth has every reason to delay, and the Plaintiff contends is delaying, this action, because AmSouth has full knowledge of facts which are known to be true:

      a.      The annuity was purchased with the Plaintiff listed as the beneficiary, making the Plaintiff a third-party beneficiary to the contract.

      b.      A change of beneficiary form was filed with a clearly forged signature, bearing the signature of the agent of AmSouth purporting to witness the signature.

      c.      As a result of this obvious forgery, the Plaintiff's funds under the proceeds of the annuity were converted.

AmSouth is guilty of laches in its belated and improper manipulation of the rules regarding removal and venue. AmSouth improperly removed this action more than two years after the initial pleading was filed, in violation of 28 U.S.C. § 1446(b). While removing the case, AmSouth continued its willful and unjustified refusal to provide the documents demanded by the Plaintiff and authorized for disclosure by the Gramm-Leach-Bliley Act.

    **8.**    **Relief requested.**

In light of the conduct of AmSouth, Plaintiff asks this Court to remand this action to the Chancery Court of Forrest County, Mississippi. Allowing the action to remain in federal court will further prejudice the Plaintiff by creating more delays and costs in seeking this claim in a new forum. Because this action was improperly removed from state court and required the Plaintiff to incur unnecessary and improper attorney fees in this proceeding as part of AmSouth's continuing effort to delay the action, the Plaintiff asks that this Court also award fees to compensate for these expenses, as authorized by 28 U.S.C. § 1447 (c).

In the alternative, should the Court not remand the case to the state court from whence it came, the Plaintiff prays that this Court deny the motion to transfer this action to the Middle District of Alabama.

Respectfully submitted,

s/Samuel S. McHard
Hon. Samuel S. McHard, MSB#100295
BRYAN NELSON PA
Attorneys at Law
Post Office Box 18109
Hattiesburg, MS 39404-8109
Phone: (601) 261-4100
Fax: (601) 261-4106

**CERTIFICATE OF SERVICE**

      I do hereby certify that on June 24, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Carol Ann Estes Bustin
acbynum@netdoor.com
bustinlf@netdoor.com
Attorney for Ina Sue Crouch

Paul J. Delcambre, Jr.
pdelcambre@balch.com
lhale@balch.com
Attorney for AmSouth Bank

                                              s/Samuel S. McHard