AMSOUTH INVESTMENTS   205 560 7087   10/21 '0   1:31   NO.964   14/16
OCT-21-02  12:16   FROM-CUSTOMER   CE                +8474663111          T-111  P.14/16  F-310


## Lincoln
**Financial Group**
Lincoln Life

September 8, 2001

*Administrative Office*
Lincoln National Life Insurance Company
10 North Martingale Road
Schaumburg, IL 60173-2268
Phone: 847 466-8100

JAMES EDWARD CROUCH
46 BOB GRAHAM RD
SUMRALL MS 39482

RE: Annuity Contract # 774944
    Claim Request For: James E. Crouch

Dear Mr. Crouch:

We are writing in response to your recent letter regarding the above annuity contract.

A review of our records indicates that you were in fact the initial beneficiary of record at the time the application was completed. However, as you are aware, there was a beneficiary change that was received by our office April 18, 2000. Due to privacy restrictions, we are unable to provide you with copies of any information pertaining to this contract. We are committed to keeping the personal information received from our potential, current and former customers confidential and secure.

Please note, our office has thoroughly reviewed our records and determined that the processing of the death claim proceeds was accurate.

If you have any questions, I can be reached at (800)248-6301, extension 8371.

Sincerely,

*Ronald Sylvander*

Ronald Sylvander
Annuity Claims, Supervisor

+8474663111       => AMSOUTH   EXHIBIT  5 560 7087   10/21'02 10:40

tabbies  1

# BUSTIN LAW FIRM

109 FAIRFIELD DRIVE, SUITE 109
HATTIESBURG, MISSISSIPPI 39402
TELEPHONE (601) 268-6551
FACSIMILE (601) 268-6771

CAROL ANN ESTES BUSTIN
JOEY FILLINGANE
*ATTORNEYS AT LAW*

June 9, 2005

**VIA FAX 601-261-4106 AND U.S. MAIL**



JUN 1 0 2005

BRYAN NELSON P.A.

Sam McHard
Bryan Nelson P.A.
P.O. Drawer 18109
Hattiesburg, Mississippi 39404-8109

    Re:   *James E. Crouch v. AmSouth Bank, Ina Sue Crouch, et al.*, Civil Action No. 2:05-CV-0045-KS-JMR in the U.S. District Court for the Southern District of Mississippi, Hattiesburg Division

Dear Mr. McHard:

    Per your request, I have checked on Mrs. Ina Sue Crouch's ability to give a deposition in this matter at this time.

    As you know, Mrs. Crouch is 82 years old. While she still drives herself occasionally to the local grocery store or beauty shop or a doctor's appointment during broad daylight and to places just a mile or two from her home, she has otherwise quit driving. It has been years since she has driven herself out of town, much less out of state. And she tells me that she does not have anyone to drive her to Hattiesburg. Obviously, we would have to travel to her – to Wetumpka, Alabama – for any deposition of her.

    As to her current health situation – she had some "passing out spells" in April and was hospitalized. She underwent some tests, i.e. a heart monitor, a brain MRI, etc. It was determined that one valve in her heart was "bad". She also recently had gall bladder surgery. She is currently on two medications for high blood pressure and one medication for depression. I don't think I have had a conversation with her when she has not become upset and cried. In fact, she broke down and sobbed twice during my conversation with her a few days ago as I was attempting to gather this information.

    I discussed the possibility of a deposition with Mrs. Crouch. She certainly wants to do anything reasonable to bring this matter to a satisfactory resolution, and she has a cooperative spirit. However, she states that her doctor has advised to avoid such stressful situations in light of her high blood pressure (which can lead to a stroke, etc.) and her bad heart valve. At this time, she is not medically able to submit herself to a deposition.



EXHIBIT 2

Mr. McHard
June 9, 2005
Page Two

Further, the status of where this case may ultimately be tried seems to be in flux. You have apparently filed a motion to remand the matter back to state court (which I have not yet received, although I did receive electronic notice from the court). And AmSouth's attorney has advised the Court that it is about to file a motion to transfer this matter to a federal district court in Alabama. It seems possible that this matter may not be tried in its current court. We should wait to see where it will be tried before we all rush off to Wetumpka, Alabama, at least three attorneys or more each spending 10 hours traveling round trip

At this time, due to Mrs. Crouch's fragile health and due to the uncertain status of venue of this cause, I cannot make Mrs. Crouch available for deposition.

In response to your "offer" of an "opportunity" for Mrs. Crouch to "provide" your client with the proceeds of the Annuity Contract, Mrs. Crouch vehemently, definitively, and without hesitation declines. She is unaware of any *invalid* change of beneficiary. It is our continued position that any change of beneficiary was *valid*, whether the signature was in actuality her husband's or not. Please refer to UCC law regarding execution of instruments. (A person may sign an instrument by an agent or representative and the signature is binding on the represented person. The signature of the representative is the "authorized signature of the represented person" and the represented person is liable on the instrument.)

If you would like to discuss anything further, please do not hesitate to contact me.

                              Sincerely,

                              Carol Ann Estes Bustin

CAEB/dcs

c:    Paul Delcambre (via fax and U.S. Mail)
      Sheila Smallwood (via fax and U.S. Mail)
      Glenn White (via fax and U.S. Mail)