IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JAMES E. CROUCH**                                                                 **PLAINTIFF**

v.                                                                                  **CAUSE NO.:2:05cv45KSJMR**

**AMSOUTH BANK, INA SUE CROUCH,**                                                   **DEFENDANTS**
**and JOHN and JANE DOES 1-10**

### PLAINTIFF'S MEMORANDUM OPPOSING DEFENDANT'S MOTION TO TRANSFER VENUE

COME NOW Plaintiff, James Edward Crouch, and submits this, his Memorandum Opposing Defendant's Motion to Transfer Venue.

Plaintiff filed this civil action on September 25, 2002, in Chancery Court in Mississippi. Plaintiff instituted this action seeking to acquire the underlying documents related to his claim as the rightful beneficiary to the proceeds of an annuity contract which had been sold by Defendant, AmSouth Bank [hereinafter AmSouth], and issued by Lincoln National Life Insurance Company. For more than two years, AmSouth repeatedly and willfully refused to produce those documents to Plaintiff, despite having legal authority to release them, pursuant to the Gramm-Leach-Bliley Act. 16 C.F.R. § 313.15(a)(7). Instead of providing those documents to Plaintiff, as required by the rules of discovery, AmSouth carried on a long campaign of dilatory conduct that extended this action for nearly three years without reaching trial. Moreover, AmSouth induced Plaintiff to file an Amended Complaint by stating it would not release the documents until a second defendant, Ina Sue Crouch, was named in the action. Following the filing of the Amended Complaint, AmSouth again refused to provide the required documents and improperly removed this action to federal court, in violation

of the one-year limitation in 28 U.S.C. § 1446(b). Three months after improperly removing this action, AmSouth finally produced the required documents, which included some correspondence and documents not protected by Gramm-Leach-Bliley, and which AmSouth had no justifiable reason for failing and refusing to produce for more than two years.

Following Plaintiff's statement at the initial federal status conference to dismiss this action if no forgery or fraud were evident in the requested annuity documents, the magistrate ordered AmSouth to produce the annuity documents. Promptly after receipt of these documents, Plaintiff notified AmSouth of an obvious forgery in the purported change of beneficiary form and promptly filed a motion to remand this action back to state court, complying with the good faith filing requirements of Rule 11 of the Federal Rules of Civil Procedure. Thereafter, more than three years following the commencement of this suit, Amsouth filed a motion to transfer venue along with its response to the Motion for Remand.

Plaintiff does not concede that this action should be in federal court, and again urges this Court to grant the motion to remand this action to state court, from whence it was improperly removed. However, without conceding the remand issue, Plaintiff hereby objects to AmSouth's Motion to Transfer Venue of this case to the Middle District of Alabama.

    1.    **28 U.S.C. § 1391 does not apply to removed actions.**

The law is well settled that actions which have reached federal court via removal from state court are not governed by the general venue statute in 28 U.S.C. § 1391. *See Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 663, 665-66 (1953). In fact, courts have adhered to the rule that the removal statute itself (28 U.S.C. § 1441(a)) governs the proper venue for removed actions. *Polizzi, supra.* The key distinction between the two venue rules is that 28 U.S.C. § 1391 provides guidance on the proper venue for actions originally filed in federal courts, whereas removed actions are filed

according to applicable state law. Therefore, the proper venue of the original state action is not logically considered within the framework of 28 U.S.C. § 1391.

The federal courts, most notably the Supreme Court, have routinely pointed out that the proper venue for a removed action is controlled by 28 U.S.C. § 1441(a):

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, ***to the district court of the United States for the district and division embracing the place where such action is pending.*** **(emphasis added)**

There can be no question that the Southern District of Mississippi, Hattiesburg Division, is the appropriate venue in the remand action. Thus, AmSouth, by removing this action from state court to federal court, has acknowledged that, by virtue of the federal removal statute, venue is proper in this Court. In interpreting this doctrinal rule, the Eleventh Circuit stated:

> "In removed actions, the general venue provision, 28 U.S.C. § 1391 does not apply. Instead, § 1441(a), by requiring removal to the district court for the district in which the state action is pending, properly fixes the federal venue in that district." *Hollis v. Florida State University*, 259 F.3d 1295, 1299 (11th Cir. 2001).

AmSouth cannot argue that the venue in the Forrest County Mississippi Chancery Court was improper. The Plaintiff sought to prosecute this action in state court, as was his right. AmSouth had notice at all times that the dispute involved diverse parties and involved a claim to an asset that was far in excess of $75,000. Thus, AmSouth knew from the date of the first pleading that this action was removable. Yet for more than two years, AmSouth never sought to have this case dismissed based on improper venue. However, despite the removable nature of this action, the propriety of the venue in state court is immaterial in considering venue issues in federal court following removal. ". . . [A]s a matter of law, § 1441(a) establishes federal venue in the district where the suit was pending, and it is immaterial that venue was improper under state law when the action was originally filed." *Hollis v. Florida State University,* 259 F.3d 1295, 1300 (11th Cir. 2001). Thus, any discussions in AmSouth's briefs regarding available alternative fora or improper venue in state court

are moot.

### 2. AmSouth has not met its burden in demonstrating a need to transfer this action pursuant to 28 U.S.C. § 1404.

Although courts allow for consideration of venue transfers pursuant to 28 U.S.C. § 1404, even in the cases of removed actions, such transfers must satisfy the criteria developed for weighing the "interest of justice" and the "convenience of parties and witnesses" stated in that statute. AmSouth has failed to sustain its burden of proof on even a single point of these factors.

Defendant Ina Sue Crouch, cannot legitimately submit a plea for transfer of venue for several reasons. First, Defendant Crouch waived this privilege by waiting longer than twenty (20) days to seek additional time, or to file an answer to the Amended Complaint. Plaintiff filed his Amended Complaint on January 3, 2005, naming Ina Sue Crouch as an additional defendant in this action. Defendant Crouch was served on January 31, 2005 (Exhibit 1) and thereafter joined in AmSouth's improper removal of this action on February 24, 2005, but did not file a pleading in response to the Amended Complaint until she was granted additional time to file an answer on April 29, 2005. In fact, Defendant Crouch's answer to Plaintiff's Amended Complaint was not filed until May 9, 2005.

Rule 12(a) of the Federal Rules of Civil Procedure requires a defendant to file an answer within twenty (20) days of being served with a summons and complaint. Also, as Rule 12(h) notes, the failure to comply with Rule 12 and to raise a defense of improper venue with a timely response results in a waiver of that defense. Despite having sought additional time from the Court to answer the Amended Complaint to avoid a default judgment, Defendant Crouch's failure to reply to the Amended Complaint within the twenty days prescribed in Rule 12 waived her ability to raise a claim for improper venue.

Second, Defendant Crouch has stated affirmatively through her counsel that Defendant Crouch is physically, mentally, or emotionally unable to withstand even a deposition. Certainly,

Defendant Crouch cannot argue that her interests would be better served at trial by having the action in another venue, in light of her claim that she would not be able to participate in that trial, due to her frail condition. Therefore, Defendant Crouch's convenience should not be considered as a factor in determining which venue is proper in this case.

Having negated Defendant Crouch's convenience as a proper consideration, the only remaining party to this action whose convenience may be considered is AmSouth. Although AmSouth seeks to transfer this action to Alabama purportedly to procure a more convenient forum, AmSouth waived its right to seek a transfer of venue by its delay and laches which commenced long before this case was removed to federal court. 28 U.S.C. 1406(b) requires "timely and sufficient objection" to improper venue in order to maintain that there is a defect in venue. This case lingered for more than two years in state court in Mississippi without AmSouth seeking any venue dismissal or transfer for convenience. During that period, this suit experienced the filing of some twenty pleadings, including multiple exchanges of interrogatories and answers. AmSouth willingly submitted itself to the venue and jurisdiction of the Mississippi state court for more than two years without ever filing a single motion objecting to improper venue. Certainly, this cannot be considered a "timely and sufficient objection" to venue at this stage in the proceedings.

Additionally, AmSouth's motion only seeks to shift the burden of this litigation from one party to another. As stated above, Defendant Crouch is unwilling or unable to participate in even a deposition. Therefore, the "convenience" issue boils down to weighing whether AmSouth or Plaintiff can better bear the burden of inconvenience, and AmSouth loses such a weighing.

A large corporate defendant is inherently better able to withstand the inconvenience of litigation, as compared to a single individual. In this case, AmSouth is infinitely better equipped in resources and personnel to weather the burden of allowing one or a few employees to travel to Mississippi for the required testimony. In contrast, the Plaintiff would have to put his life in

suspension during these proceedings, incurring significant costs in lost wages and travel expenses–expenses creating burdens which Plaintiff is less able to withstand. *See Home Products International-North America, Inc. v. PeopleSoft USA, Inc.,* 201 F.R.D. 22 (D.Mass. 2001); *F&G Scrolling Mouse, LLC v. Microsoft, Inc.,* 56 F.Supp.2d 1005 (N.D.Ill. 1999); *Schmidt v. American Flyers Airline Corp.*, 260 F.Supp. 813 (S.D.N.Y. 1966). AmSouth has not demonstrated that providing its witnesses for trial will create a substantial burden on the corporation. AmSouth is licensed to do business in Mississippi and has multiple banking facilities in Mississippi. Surely, AmSouth does not intend to argue that it conducts business under the assumption that all litigation involving AmSouth will be tried where it maintains its primary administrative offices. When viewing the resources of AmSouth in comparison to those available to Plaintiff, there is no question that AmSouth is better able to handle the costs of litigating in Mississippi.

Moreover, AmSouth has not demonstrated with specificity that it will be required to pay travel costs and other expenses for witnesses. The only witness named in AmSouth's memorandum supporting the motion to transfer venue is Ronda Robinson, who is no longer an employee of AmSouth.

Since AmSouth only seeks to shift the costs and burden to Plaintiff, a transfer of venue is not proper. It is well-settled law that a moving party cannot bear the burden of proof for transfer of venue by merely showing that the transfer will shift the burden from one party to another. *Kahn v. General Motors Corp., 889 F.2d 1078*, 1083 (Fed.Cir. 1989); *Enserch Int'l. Exploration, Inc. v. Attock Oil Co.,* 656 F.Supp. 1162, 1167 (N.D.Tex. 1987). In the Fifth Circuit, a plaintiff is generally entitled to choose the forum. *Peteet v. Dow Chemical Co.,* 868 F.2d 1428, 1436 (5th Cir. 1989). "For this reason, courts 'should not transfer venue where the result will be merely to shift the expense and inconvenience from one party to the other.'" *Carrot Bunch Co., Inc. v. Computer Friends, Inc.,* 218 F.Supp.2d 820, 827 (N.D.Tex. 2002)(quoting from *Enserch, supra*). "Transferring

venue. . . will simply shift the inconvenience of litigating outside of one's home state from Defendants to Plaintiff. Under such circumstances, Plaintiff's choice of forum trumps." *Id.* In the cited cases, as here, the defendant is better able to bear the costs of litigation, and the choice of forum by the Plaintiff should be given due consideration.

Having demonstrated that the parties' convenience does not support the transfer of venue, the Plaintiff contends that the convenience of the witnesses is not a substantial factor weighing in favor of transfer of venue. "The movant must specifically identify the key witnesses and outline the substance of their testimony." *Dupre v. Spanier Marine Corp.,* 810 F.Supp. 823, 825 (S.D.Tex. 1993). AmSouth has only identified one witness specifically, Ronda Robinson, and has not specified her anticipated testimony. Likewise, AmSouth has failed to provide any evidence that the testimony of its potential witnesses would take such a long time as to disrupt the company's business or incur great costs to the company. Therefore, AmSouth has not demonstrated that the convenience of the witnesses in this action weigh in favor of transferring the case.

AmSouth alleges that all of the operative facts in this case occurred solely in Alabama and that the cause of action could not have arisen in Mississippi. However, this argument fails utterly when looking at two critical facts. First, the deceased Mr. Crouch called Plaintiff in Mississippi upon purchasing the annuity contract to inform Plaintiff that he was the sole beneficiary to the policy proceeds. Secondly, as a third party beneficiary to the annuity contract, Plaintiff is entitled to enforce his rights to that contract, creating a cause of action under Mississippi law allowing for the recovery of the proceeds of that annuity. Thus, it was entirely proper that this action be filed and litigated in Mississippi state court. Therefore, AmSouth has not met its burden of proof on this factor to support a transfer of venue.

As to the location of documents relevant to this case, again AmSouth fails to demonstrate substantial reason to transfer this case to another venue. "It is widely held that while the location

of books and records is a factor to be considered, the movant's showing, as is the case with the availability of third-party witnesses, must exceed 'general allegations that transfer is needed because of such documents.'" *Bacik v. Peek,* 888 F.Supp. 1405, 1416 (N.D.Ohio 1993)(quoting from *Crawford & Co. v. Temple Drilling Co.,* 655 F.Supp. 279, 281 (M.D.La. 1987)). When considering a motion to transfer venue, the location of documents and business records is usually given very little weight, unless those documents "are so voluminous [that] their transport is a major undertaking." *See Gardipee v. Petroleum Helicopters, Inc.,* 49 F.Supp.2d 925, 931 (E.D.Tex. 1999)(quoting *Met-L-Wood Corp. v. SWS Indus., Inc.,* 594 F.Supp. 706, 710 (N.D.Ill. 1984)). In the case at bar, the entire volume of relevant documents could barely fill a single manila folder. Attached hereto is Exhibit 2, which are all the annuity documents disclosed by AmSouth and represented to be its entire file. As the Court can see, the small file does not even contain the actual annuity contract. Thus, it cannot be seriously contended that the burden of moving a small stack of documents from one office to another is any more burdensome in this district than another.

    As Plaintiff mentioned above, this case can be settled under Mississippi law, because Plaintiff was a third-party beneficiary to the annuity contract. However, even if one were to assume the application of Alabama law to this action, AmSouth has not demonstrated that this Court is unable to interpret and apply Alabama law in this matter. *See Action Industries, Inc. v. United States Fidelity and Guaranty Co.,* 358 F.3d 337, 340 (5th Cir. 2004)(noting defendant's failure to demonstrate that the Mississippi District Court was unwilling or unable to apply Tennessee law). Merely demonstrating that Alabama law *might* apply does not create a substantial showing of the need to transfer this case to an Alabama court. Federal courts are routinely involved in the discrete applications of diverse state laws as a matter of course in diversity actions. Therefore, AmSouth has failed to demonstrate that this Court is unable to properly consider the merits of this case.

    Finally, as has been mentioned above, in the absence of a showing of substantial reasons to

transfer venue, the plaintiff's choice of forum should be given great deference. Plaintiff contends that AmSouth has utterly failed to demonstrate how any one of the several factors cited weighs in favor of transferring this matter to another district. In fact, upon close examination, it becomes apparent that this case should be remanded to state court. In the alternative, if not remanded, this case should certainly not be transferred to another district. As has been demonstrated in other writings to this Court, AmSouth has willingly submitted itself to the authority of Mississippi state court for more than two years before asking for removal or transfer. AmSouth has made no "timely and sufficient objection" to venue as required by 28 U.S.C. § 1406(b). On the contrary, AmSouth has conducted itself at all times as being willing and able to resolve this matter in state court in Mississippi for an extended period of time, during which it resorted to dilatory and frustrating conduct. At the very least, considerations of equity, estoppel and laches should demand that AmSouth be required to again submit itself to the authority of the Mississippi state court from whence this action was improperly removed. In the event this case should remain in federal court, AmSouth certainly cannot argue that the venue is improper when it sat idly in court in Mississippi for more than two years without seeking dismissal or transfer.

  **3.**  **Relief requested.**

  WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that this Court deny the Motion to Transfer and enter its Order remanding this action to the Chancery Court of Forrest County, Mississippi, from whence it was improperly removed, and assessing against the removing defendants costs and attorney's fees incurred by the Plaintiff as a result of the removal. Alternatively, Plaintiff respectfully requests that this Court deny the Motion to Transfer and enter its Order maintaining the Southern District of Mississippi, Hattiesburg Division, as the proper venue for this action.

Respectfully submitted,

<u>     s/ Samuel S. McHard     </u>
Samuel S. McHard, Esq., MSB#100295
BRYAN NELSON PA
Attorneys at Law
Post Office Box 18109
Hattiesburg, MS 39404-8109
Phone: (601) 261-4100
Fax: (601) 261-4106

Glenn White, Esq.
Post Office Box 672
Petal, MS 39465
Phone: (601) 544-8855
Fax: (601) 544-8889

10

## CERTIFICATE OF SERVICE

I do hereby certify that on June 29, 2005, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Carol Ann Estes Bustin
acbynum@netdoor.com
bustinlf@netdoor.com
Attorney for Ina Sue Crouch

Paul J. Delcambre, Jr.
pdelcambre@balch.com
lhale@balch.com
Attorney for AmSouth Bank

                                        /s Samuel S. McHard
                                        Samuel S. McHard