**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**HATTIESBURG DIVISION**

JAMES E. CROUCH                                                                                PLAINTIFF

VERSUS                                               CIVIL ACTION NO. .2:05-CV-00045-KS-JMR

AMSOUTH BANK, INA SUE CROUCH
and JOHN and JANE DOES 1-10                                                             DEFENDANTS

**REPLY BRIEF OF AMSOUTH BANK IN RESPONSE TO THE MEMORANDUM FILED BY THE PLAINTIFF IN OPPOSITION TO AMSOUTH BANK'S MOTION TO TRANSFER PURSUANT TO 28 USC 1404(a)**

COMES NOW Defendant, AmSouth Bank ("AmSouth"), by and through its undersigned counsel, and hereby submits this Reply Brief in Response to the Memorandum filed by the Plaintiff in Opposition to AmSouth Bank's Motion to Transfer this cause to the Middle District of Alabama pursuant to 28 U.S.C. Section 1404(a) and in support of the same would say:

**STATEMENT OF FACTS**

Plaintiff's Memorandum in opposition to the motion to transfer filed in this cause by AmSouth, claims that 28 U.S.C. Section 1391 has no relevance at all in this action and that AmSouth has not met its burden of proving that it a transfer is warranted for the convenience of the parties. AmSouth will address each of the arguments raised by James Edward Crouch in detail. However, AmSouth must first correct several significant misstatements of facts made by James Edward Crouch in his Memorandum.

The Memorandum repeatedly stated as fact that AmSouth "willfully refused" to produce documents "despite having legal authority to release them" under the Gramm-Leach-Bliley Act. Such statements disclose Plaintiff's lack of understanding of the Gramm-Leach-Bliley Act and the regulations adopted to enforce it. It is assumed that by

legal authority Counsel means the exception to the act for the production of documents under judicial process.[1] However, James Edward Crouch fails to recognize that, as to Ina Sue Crouch's records, he is a third party or stranger to the relationship between AmSouth and Ina Sue Crouch. Any order rendered in the Chancery Court of Forrest County, Mississippi *without Ina Sue Crouch as a party,* would not be binding on her and would not interfere with her right to claim that AmSouth had wrongfully released the information. Basic due process demands that she be given notice and an opportunity to be heard *before* her privacy rights are abrogated. Until then, AmSouth faced potential liability for releasing the records even pursuant to an order of the Chancery Court.

It is further stated as a fact in the Memorandum that AmSouth "engaged in dilatory conduct" until it "induced" James Edward Crouch to file an Amended Complaint. As evidenced by the Exhibits to the Declaration of Paul Delcambre, AmSouth was of the opinion that it could not safely disclose any of the information to James Edward Crouch without the risk of liability under Gramm-Leach-Bliley. The risk of liability for wrongful disclosure can not, under any stretch of the imagination, be considered dilatory.

The discovery to which James Edward Crouch refers in the Memorandum was answered on February 27, 2003. In those answers, AmSouth objected to the production of certain information on the ground that it was confidential. A motion to compel was not filed until September 23, 2003. By letters dated June 24, 2004 and July 2, 2004, counsel for James Edward Crouch was informed specifically as to why AmSouth was claiming that it was prohibited from releasing the documents. A motion for leave to Amend was not filed until October 1, 2004 and the Amended Complaint was not filed

---

[1] 16 CFR §3137(a)(7)

until January 13, 2005 and was not served on AmSouth until January 25, 2005. Based upon that factual scenario, it can hardly be said that the AmSouth was "dilatory". The record indicates that AmSouth merely wanted all parties before a court with jurisdiction over all parties to authorize the release of the records. The mere service of the summons on Ina Sue Crouch did not waive the confidentiality of the Gramm-Bleach-Bliley Act and provided no protection to AmSouth against claims of wrongful disclosure by Ina Sue Crouch. It was not until the Case Management Conference, when the Magistrate Judge, in the presence of all parties, directed AmSouth to disclose the privileged documents within ten days that the risk was eliminated. Within ten days of the order, the documents were disclosed.

James Edward Crouch's claim that he was a third party beneficiary grants him no comfort. Pursuant to the records of AmSouth[2], James Edward Crouch was not a beneficiary under the annuity agreement. Correspondence to James Edward Crouch dated September 8, 2003 from Lincoln National Life Insurance Company, the other party to the annuity contract, informed him of that fact. Thus from September 8, 2001, James Edward Crouch knew that neither AmSouth nor Lincoln National considered him a beneficiary of the annuity.

### ARGUMENT

**1. 28 USC Section 1391 is Relevant to Establish an Alternate Forum**

AmSouth admits that 28 U.S.C. Section 1391 does not apply to establish venue in removed actions. AmSouth admitted as much in the Memorandum Brief in Support of its

---

[2] These documents were produced with AmSouth's Pre-discovery Disclosure (Exhibit 3 to the Motion to Transfer).

Motion to Transfer. However, that does not mean that Section 1391 is irrelevant to the question of transfer under 28 U.S.C. Section 1404(a).

In order to prevail on a motion to transfer, AmSouth must first establish that there is an alternate forum available to which the case can be transferred. *See Koehring Co. v. Hyde Const. Co.,* **324 F.2d 295 (5th Cir. 1963);** *Hartford Fire Ins. Co. v. Westinghouse Elec. Corp.,* **725 F. Supp. at 319-20 (S.D. Miss. 1989);** *Mizell v. Prism Computer Corp.*, **27 F. Supp. 2d 708, 713 (S.D. Miss. 1998).** In order to do so, it must prove that venue in the alternate forum is proper under Section 1391. Reference to the fact that this action could not have been brought in the Southern District of Mississippi had it been an original action, was for the purpose of emphasizing to the Court that not only is there a proper alternate forum to which the case could be transferred, but that the alternate forum was a more appropriate forum than the existing one.

James Edward Crouch's claim that AmSouth knew that this action was removable from the date it was filed as a discovery action is wholly without merit. While AmSouth knew that the annuity contract was for more than $75,000, the original Complaint for discovery did not seek any money damages from AmSouth.[3] It merely sought the production of documents. The fact that the deceased called James Edward Crouch in Mississippi is also irrelevant. Conduct sufficient to establish jurisdiction and venue in Mississippi against AmSouth, must be based upon its conduct, not the deceased's.

### 2. **AmSouth has met its burden of demonstrating the need for transfer.**

James Edward Crouch argues that because there are not that many documents and only a few witnesses, and since Birmingham is not that far from Hattiesburg, then the motion to transfer should be overruled. The factors laid down in *Gulf Oil Corp. v.*

---

[3] The original Complaint is an Exhibit to the Notice of Removal on file herein.

*Gilbert,* **330 U.S. 501, 508-09 (1947)** focus on the quality of the connection with the forum, not the quantity and include not only factors of private interest to the parties, but also factors of public interest. While Section 1404(a) refers to a transfer for convenience, it is evident from the cases interpreting that section that the Court is to consider a number of factors other than those which fit the traditional definition of convenience. The only factor referring to convenience is the first one, which raises the question of whether the convenience of the parties will be served by transfer. However, cases applying that factor note that it is the <u>location</u> of both party and non-party witnesses that is most important. *See, e.g., Mohamed v. Mazsa Motor Corp.,* **90 F. Supp. 2d 757, 775 n.20 (E.D. Tex. 2000)**

A motion to transfer under Section 1404(a) is not one of the enumerated defenses set forth in Rule 12(b) that must be raised in the initial pleading. Therefore, Ina Sue Crouch's failure to file an answer within 20 days is not a waiver of anyone's right to transfer this matter to a more convenient forum. Furthermore, the actions of Ina Sue Crouch can not deprive AmSouth of its rights under Section 1404(a). The convenience referred to in Section 1404(a) includes the convenience of witnesses. Ina Sue Crouch, while a party, is also a witness who will be called by AmSouth regardless of whether she is still a party at the time of trial. Moreover, she is a witness who is not under AmSouth's direction and control. Therefore, whether she has waived venue is totally irrelevant to any issue in this motion. Furthermore, Ina Sue Crouch is 81 years old and James Edward Crouch has admitted that she is in poor health. Regardless of what she may have "waived" as a party, she will still be a witness called by AmSouth. AmSouth has the right to have her appear in person rather than by deposition. Such an aged and infirmed

witness should not be required to travel to Hattiesburg, Mississippi only because James Edward Crouch chose the forum without regard to any fact other than his own convenience.

The next attack on the motion comes in the form of "the money card." That is, James Edward Crouch argues that AmSouth, because it is a "large corporate defendant" is better able to fund the costs of out of state litigation than is James Edward Crouch. However, he cites no case law that holds that the relative wealth or means of the parties is or should be a factor in determining whether a case should be transferred under Section 1404(a). He has provided no declaration or affidavit to support his claims. A party's corporate status or wealth is not relevant in such matters. The argument that a transfer will disrupt his life, also disregards the fact that the Estate of his father, to which he is an heir, is pending in Alabama.

As a whole, Plaintiff's brief has made no credible argument that any of the public interest factors enumerated in *Gulf Oil Corp. v. Gilbert* weigh in his favor. The argument that his choice of forum should be given deference is specious. This District, as well as others, has held that when the only connection to the forum is the residence of the plaintiff, as it is here, then the plaintiff's choice of the forum is not to be given deference.

Moreover, the Plaintiff's argument fails to address the question of compulsory attendance of witnesses. As evidenced by her declaration, Ronda Robinson is not an employee of AmSouth. Since she witnessed the signature of the deceased, she must be She can not be forced to attend the trial in person, regardless of whether it is inconvenient for her to do so. Courts have recognized that the use of a deposition, especially a critical

6

witness, is not as effective as testimony in the courtroom. AmSouth should not have its trial strategy effected by the Plaintiff's choice of a forum in which AmSouth can not compel the attendance of the most critical witness to their defense. *See Gulf Oil Corporation v. Gilbert,* 330 U.S. 511; *Syndicate 420 at Lloyds' London v. Early American Ins. Co.,* 796 F.2d 821.

The only tie to Mississippi other than his residency which James Edward Crouch has raised is a telephone call made to him from the deceased, which was made from Alabama. The location of the operative facts is considered a primary factor in transfer. *See Koehring Co. v. Hyde Const. Co.,* 324 F.2d 295. This is not a significant operative fact. Who is or is not a beneficiary to an annuity is determined by the contract documents not by what an owner of the annuity says. The annuity was purchased in Alabama. The contract was signed in Alabama. The change of beneficiary was executed in Alabama in a branch of AmSouth in the presence of two people who are residents of Alabama. The records of the contract were maintained in Alabama, and upon the death of James Earl Crouch the annuity was paid in Alabama. There is no significant operative fact which occurred in Mississippi.

Under the Mississippi conflict of laws rules, which this Court is *Erie* bound to apply, it is not only likely that Alabama law will apply to this case, but it is evident beyond reasonable doubt that it will apply. The principal issue in this case is whether the decedent, James Earl Crouch, signed the change of beneficiary. Under Alabama law, James Earl Crouch's signature could be made by someone other than him. *See Goldsmith v. Gates,* 205 Ala. 632 88 So. 861 (1921). An Alabama district court, more

familiar with the interpretation of Alabama law, is best in a position to make that decision.

## **CONCLUSION**

The only factor mitigating in favor of this Court retaining this cause in this District, is the James Edward Crouch's residency. However, when the other public and private interest factors which must be considered by the Court are examined, that fact is entitled to little, if any, deference. AmSouth has clearly demonstrated that there is an alternate forum available for the transfer of this action and that both the public and private interest factors demand a transfer to the Middle District of Alabama.

RESPECTFULLY SUBMITTED, this the 11th day of July, 2005.

                                                                 AMSOUTH BANK

                                                                 BY:    BALCH & BINGHAM, LLP

                                                                  BY:  s/Paul J. Delcambre, Jr.
                                                                                Paul J. Delcambre, Jr.

Paul J. Delcambre, Jr. (6034)
Julie Jarrell Gresham (100974)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221

## **CERTIFICATE OF SERVICE**

I, Paul J. Delcambre, Jr. do hereby certify that I have this day electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Glenn L. White, Esquire
Holmes & White, PLLC
601 Highway 42 E
Petal, Mississippi 39465

Sheila Smallwood, Esquire
849 Highway 42, Suite B
Petal, Mississippi 39465

Samuel S. McHard, Esq.
Bryan Nelson Randolph PA
P.O. Box 18109
Hattiesburg, MS  39404

Carol Ann Estes Bustin
Bustin Law Firm
109 Fairfield Drive, Suite 109
Hattiesburg, MS  39402

This the 11th day of July, 2005.

                                                s/Paul J. Delcambre, Jr.
                                                Paul J. Delcambre, Jr.