UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION


JAMES E. CROUCH                                                                    PLAINTIFF

V.                                         CIVIL ACTION NO. 2:05CV45 LTS-JMR

AMSOUTH BANK, ET AL.                                                          DEFENDANTS


## MEMORANDUM OPINION

This case involves rival claimants to benefits payable under a $250,000 annuity contract issued by Lincoln National Life Insurance Company through Defendant AmSouth Bank (AmSouth). The contract was purchased on May 7, 1998, by the late James Earl Crouch (the annuitant and owner) and his wife, Ida Sue Crouch (co-owner).  James Earl Crouch died on February 14, 2001.

Plaintiff James E. Crouch (Plaintiff Crouch) is the son of the late James Earl Crouch, the purchaser of the annuity.  Defendant Ina Sue Crouch (Defendant Crouch), the other claimant, is the widow of the late James Earl Crouch. Defendant Crouch is the co-owner and beneficiary of record under the annuity contract.

Plaintiff Crouch was the original primary beneficiary under the annuity contract.  Plaintiff Crouch was designated as the primary beneficiary at the time the annuity was purchased.  On April 4, 2000, a change of beneficiary form was filled out designating Defendant Crouch as the new primary beneficiary.  The signature of the late James Earl Crouch was affixed to the change of beneficiary form by Defendant Crouch.  The central question of fact in this case is whether James Earl Crouch authorized Defendant Crouch to sign the change of beneficiary form.

Plaintiff Crouch contends that the form used to change the beneficiary is invalid because the annuity owner's name was signed by his wife, Defendant Crouch, who then became the new beneficiary.  Defendant Crouch contends that she was authorized by her husband to sign the change of beneficiary form.  The change of beneficiary form was filled out in the same local AmSouth office where the annuity was purchased.

This case was originally filed in state court on September 25, 2002, as an action seeking only the discovery of AmSouth's records concerning the change of beneficiary form.  For the next two years, the parties contested issues of privacy and the discoverability of these documents.

On January 11, 2005, Plaintiff Crouch amended his state court complaint to allege fraud and other misconduct by AmSouth.  In his amended complaint Plaintiff Crouch, for the first time, sought damages above the minimum jurisdictional limit for diversity actions.  In his original state

court complaint, Plaintiff Crouch sought no damages. The amended complaint also added Defendant Crouch as a party. On February 8, 2005, AmSouth removed the case.

Plaintiff Crouch filed his motion to remand on June 2, 2005, almost four months after the removal was accomplished. Plaintiff Crouch contends that this case should be remanded because it was pending in state court over one year before AmSouth removed it on grounds of diversity of citizenship. AmSouth argues that Plaintiff Crouch waived his right to seek remand by allowing a lapse of over thirty days before filing his motion to remand.

Both parties appear to me to be correct in their respective contentions. The one-year time limit on removal of diversity cases, embodied in 28 U.S.C. §1446(b), applies to this case since it was filed on September 25, 2002; and the thirty-day time limit that applies to a motion to remand, embodied in 28 U.S.C. §1447 (c), also applies. Under the terms of these statutes, both the removal and the motion to remand were untimely.

The Fifth Circuit has determined that while the one-year time limitation of 28 U.S.C. §1446(b) is not jurisdictional, it is to be strictly enforced. <u>Tedford v. Warner-Lambert Company</u>, 327 F.3d 423 (5th Cir. 2003). <u>Tedford</u> recognized an equitable exception to this requirement of strict enforcement, and it applies when a plaintiff has manipulated his pleadings to avoid federal jurisdiction. While I find that this exception does not apply to the facts before me, I nevertheless find that these facts support a different equitable exception to the one-year time limitation.

While I do not see any evidence that the plaintiff has manipulated his pleadings to avoid federal jurisdiction, it does appear to me that his amended complaint is so different from his original action as to constitute a completely different lawsuit. With respect to the theory of recovery framed by the amended complaint, there has been no substantial progress in the state court action prior to removal. In these circumstances, I find that equity requires that AmSouth be given an opportunity to avail itself of a federal forum. Accordingly, I will overrule Plaintiff Crouch's motion to remand. An appropriate order will be entered.

Decided this 8th day of November, 2005.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge