UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**JAMES E. CROUCH**            **PLAINTIFF**

V.            **CIVIL ACTION NO. 2:05CV45 LTS-JMR**

**AMSOUTH BANK, ET AL.**            **DEFENDANTS**

## MEMORANDUM OPINION

The Court has before it a motion to transfer this case to the United States District Court for the Middle District of Alabama. 28 U.S.C. §1404(a).

This case involves rival claimants to benefits payable under a $250,000 annuity contract issued by Lincoln National Life Insurance Company through Defendant AmSouth Bank (AmSouth). The contract was purchased on May 7, 1998, by the late James Earl Crouch (the annuitant and owner) and his wife, Ida Sue Crouch (co-owner). James Earl Crouch died on February 14, 2001.

Plaintiff James E. Crouch (Plaintiff Crouch) is the son of the late James Earl Crouch, the purchaser of the annuity. Defendant Ina Sue Crouch (Defendant Crouch), the other claimant, is the widow of the late James Earl Crouch. Defendant Crouch is the co-owner and beneficiary of record under the annuity contract.

Plaintiff Crouch was the original primary beneficiary under the annuity contract. Plaintiff Crouch was designated as the primary beneficiary at the time the annuity was purchased. On April 4, 2000, a change of beneficiary form was filled out designating Defendant Crouch as the new primary beneficiary. The signature of the late James Earl Crouch was affixed to the change of beneficiary form by Defendant Crouch. The central question of fact in this case is whether James Earl Crouch authorized Defendant Crouch to sign the change of beneficiary form.

Plaintiff Crouch contends that the form used to change the beneficiary is invalid because the annuity owner's name was signed by his wife, Defendant Crouch, who then became the new beneficiary. Defendant Crouch contends that she was authorized by her husband to sign the change of beneficiary form. The change of beneficiary form was filled out in the same local AmSouth office where the annuity was purchased.

All of the relevant events in this action, i.e. the purchase of the annuity contract, the original designation of beneficiary, and the change of beneficiary were done at the AmSouth branch in Wetumpka, Alabama. The legality of these actions will be determined by reference to the laws of the state of Alabama. Defendant Crouch and the bank employees who were involved in the transactions in question are all residents of Alabama. The only connection that this action has with the state of Mississippi is the residence of Plaintiff Crouch.

In order to prevail on a motion to transfer under 28 U.S.C. §1404, the moving party has the burden of proving that the transfer will result in a more convenient forum, taking into consideration the convenience of the parties, the convenience of the witnesses, the interests of justice, the location of the relevant documentary evidence, the cost of obtaining the attendance of witnesses, and the place where the events in question took place. Mizell v. Prism Computer Corporation, 27 F.Supp.2d 708 (S.D.Miss.1998). Transfer under 28 U.S.C. §1404 is limited to the districts in which the action might have originally been filed.

28 U.S.C. §1391 provides that a diversity action my be brought in the district where the defendants reside or in the district where the events involved in the case occurred. Thus, the Middle District of Alabama, where Defendant Crouch resides and where the events in question occurred, represents a forum in which this diversity action could have been originally filed.

In these circumstances, I am of the opinion that the factors enunciated in *Apache Products Co. v. Employers Ins. of Wausau*, 154 F.R.D. 650 (S.D.Miss.1994) favor a transfer of this action to the Middle District of Alabama. I also find that this transfer will be in the interest of justice. Accordingly, the motion of AmSouth to transfer this action to the Middle District of Alabama will be granted.

An appropriate order will be entered.

Decided this 30th day of January, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge