IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JAMES R. CROUCH                                                           PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 2:06-CV-00111-MEF

AMSOUTH BANK, INA SUE CROUCH
AND JOHN DOES 1 – 10                                                      DEFENDANT

**MOTION TO CONTINUE AMSOUTH BANK'S
MOTION FOR SUMMARY JUDGMENT PENDING DISCOVERY**

COMES NOW, Plaintiff James R. Couch, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, and submits this Motion to Continue Defendant AmSouth Bank's Motion for Summary Judgment Pending Discovery. In support of this Motion, Plaintiff states:

1.      This action was originally filed on September 25, 2002 in the Chancery Court of Forrest County, Mississippi. Since that time, it was removed to the United States District Court for the Southern District of Mississippi and then transferred to the United States District Court for the Middle District of Alabama. On or about March 9, 2006, Defendant AmSouth Bank ("AmSouth") filed its Motion for Summary Judgment.

2.      The parties have not undertaken any discovery with the exception of pre-discovery disclosures filed by AmSouth at the direction of the United States District Court for the Southern District of Mississippi.

3.      Rule 56(f) of the Federal Rules for Civil Procedure states:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

4. While there is no requirement for discovery to be ***complete*** before a court considers a motion for summary judgment, *see Weir v. Anaconda Co.*, 773 F.2d 1073, 1081 (10th Cir. 1983), courts usually allow discovery to be completed before entertaining such motions. *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988); *Alabama Farm Bureau Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979) ("Summary Judgment [sic] ***should not, therefore, ordinarily be granted before discovery has been completed***.") (emphasis added).

5. When it is impossible, through no fault of his own, for the nonmoving party to cite specific issues of material fact in opposition to a motion for summary judgment, a court may, pursuant to Rule 56(f), either deny the motion for summary judgment or order a continuance to permit affidavits to be obtained or depositions to be taken. Fed R. Civ. P. 56(f). To take advantage of the measures described in Rule 56(f), the moving party must produce an affidavit that states the particular facts that he expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment. *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998); *see also Mattoon v. City of* Pittsfield, 980 F.2d 1, 7 (1st Cir. 1992); *United States ex rel. Fisher v. Network Software Assoc's.*, 227 F.R.D. 4, 8–9 (D.D.C. 2005) (requiring affidavit to also explain why the moving party is unable to present the necessary opposing material and a reasonable basis to suggest that discovery would reveal issues of material fact). Attached hereto as Exhibit A is the affidavit of Samuel S. McHard, counsel of record for the Plaintiff.

6. The parties have not yet held a discovery conference pursuant to Fed R. Civ. P. 26(f). By the terms of that rule, the parties may not participate in discovery until such a conference takes

place.[1] Fed R. Civ. P. 26(f). However, Plaintiff has reviewed a deposition given by Defendant Crouch in *In re: The Estate of James Earl Crouch*, a civil action in the Probate Court of Elmore County, Alabama, No. 01-0272. There, Defendant Crouch gave sworn testimony that she had never signed her husband's name to any document and that she had been the primary beneficiary of the annuity since the original application was filed. This testimony is completely different than the allegations made in the affidavit attached to AmSouth's Motion. Plaintiff believes that if discovery were had, facts would confirm that James Earl's signature on the purported change of beneficiaris form is a forgery and Ina Sue did not sign the change of beneficiary form with James Earl's permission. See Exhibit A; Exhibit B, Affidavit from James E. Crouch; and Exhibit C, Affidavit from Teresa Crouch. Furthermore, plaintiff believes that discovery would reveal facts to confirm the breach of duties of AmSouth and Ronda Robinson in connection with the annuity.

7.     AmSouth Bank's Motion for Summary Judgment should therefore be continued, pursuant to Rule 56(f), so that Plaintiff may discover facts that will allow him to respond to said Motion. Plaintiff attaches as Exhibit D the interrogatories, requests for production, and requests for admission that it proposes to file and attaches as Exhibit E the subpoena to Lincoln National Life Insurance Company. In addition, after said written discovery is answered, Plaintiff requests leave to depose Ina Sue and Ronda Robinson. Plaintiff believes that facts discovered thereby regarding execution of the changes of beneficiary form will further create a genuine issue of material fact, precluding summary judgment

---

[1] That conference is now scheduled for April 7, 2006.

8. Alternatively, AmSouth Bank's Motion for Summary Judgment should be denied for the reasons stated in Plaintiff's Response to AmSouth Bank's Motion for Summary Judgment, which is filed simultaneous with this Motion or will be filed shortly thereafter.

WHEREFORE, PREMISES CONSIDERED, Plaintiff James R. Couch respectfully requests this Court grant this Motion to Continue AmSouth Bank's Motion for Summary Judgment Pending Discovery, and enter an Order continuing AmSouth Bank's Motion until some later date that would permit Plaintiff to conduct reasonable discovery as outlined herein.

> Respectfully submitted,
> JAMES R. CROUCH
>
>
> By:    s/ Samuel S. McHard
>         Samuel S. McHard, MS Bar No. 100295
>         *pro hac vice*

BRYAN NELSON P.A.
Attorneys at Law
6524 U.S. Highway 98
P.O. Drawer 18109
Hattiesburg, MS 39404-8109
T: (601) 261-4100
F: (601) 261-4106

**CERTIFICATE OF SERVICE**

I do hereby certify that on March 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Carol Ann Estes Bustin
acbynum@netdoor.com
bustinlf@netdoor.com

Glenda W. Hughes
103-B Commerce St.
Wetumpka, AL 36092
**Attorney for Ina Sue Crouch**

    Paul J. Delcambre, Jr.
    pdelcambre@balch.com
    lhale@balch.com
    **Attorney for AmSouth Bank**

                                                                 s/Samuel S. McHard