IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JAMES E. CROUCH                                                     PLAINTIFF

VERSUS                                          CIVIL ACTION NO. 2:06-CV-00111-MEF

AMSOUTH BANK, INA SUE CROUCH
AND JOHN DOES 1 – 10                                                DEFENDANT

## AFFIDAVIT OF SAMUEL S. MCHARD

STATE OF MISSISSIPPI
COUNTY OF LAMAR

COMES NOW, Samuel S. McHard, after first being duly sworn, and deposes and states as follows:

1. My name is Samuel S. McHard. I am an attorney licensed to practice law in the States of Illinois, Iowa, and Mississippi, and I am admitted to practice law *pro hac vice* before this Court. I am one of the attorneys of record for the Plaintiff, James E. Crouch. I began to represent Mr. Crouch in April 2005.

2. On or about February 7, 2005, this case was removed to the United States Court for the Southern District of Mississippi. On April 27, 2005 at the first federal court status conference, counsel for AmSouth stated that AmSouth planned to move to change the venue of this action to Alabama. The Court instructed counsel for AmSouth to produce the annuity documents so that Plaintiff's counsel could determine whether the signature on the change of beneficiary forms was valid. If forgery or unauthorized signature was indicated, AmSouth was directed by the Court to promptly file its motion to be taken up at the rescheduled conference on June 24, 2005. On May 5,

Page 1 of 3    

2005, Plaintiff's counsel received AmSouth's Pre-Discovery Disclosure. Although the documents failed to contain the annuity contract that has been repeatedly requested for more than two and one half years, the disclosure did contain the original application and the purported "change of beneficiary" form (Both the application and the form are also Exhibits 1 and 7, respectively to the affidavits of James Edward Crouch and Teresa Crouch, which are also attached to the Plaintiff's Motion to Continue AmSouth's Motion for Summary Judgment). Those exhibits clearly demonstrated that the signature of James Earl was forged on the change of beneficiary form and that his purported signature on the form is identical to that of Ina Sue. Despite this, counsel for AmSouth represented that the signature of James Earl was valid and was witnessed by AmSouth's employee, Ronda Robinson.

3. Plaintiff is unable to respond fully to AmSouth Bank's Motion for Summary Judgment because none of the parties have yet participated in discovery. The parties to this litigation have not yet held the Rule 26(f) conference. Rule 26(d) prohibits the parties from propounding discovery to one another until the Ruled 26(f) conference is completed. This leaves the Plaintiff unable to fully respond to AmSouth's Motion.

4. However, as set forth in Plaintiff's Motion to Continue and Plaintiff's Preliminary Combined Response to AmSouth Bnak's Motion for Summary Judgment (hereinafter, "Preliminary Response"), Plaintiff and his counsel possess a reasonable belief that such facts confirming forgery and the unauthorized signature on the purported change of beneficiary form and facts confirming the breach of duties by Ronda Robinson would be discovered if this Court continued AmSouth's Motion and permitted the parties to conduct discovery.

5. As set forth in the Preliminary Response, the purported testimony of Ina Sue and

Ronda Robinson is inconsistent with the position that AmSouth and Ina Sue Crouch are taking in the instant case, and justice demands that the Plaintiff should have opportunity to explore the inconsistencies.

6. Because Plaintiff has been denied the fundamental right to conduct discovery, Plaintiff cannot present by affidavit further facts to justify Plaintiff's opposition to the summary judgment and therefore requests that AmSouth Bank's Motion for Summary Judgment be continued and the right to conduct further discovery.

Further affiant sayeth naught.

_____
SAMUEL S. MCHARD

SWORN TO AND SUBSCRIBED BEFORE ME, this 24th day of March, 2006.

_____
NOTARY PUBLIC

My commission expires: _____

MISSISSIPPI STATEWIDE NOTARY PUBLIC
MY COMMISSION EXPIRES JAN. 23, 2009
BONDED THRU STEGALL NOTARY SERVICE

