## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

**JAMES E. CROUCH**                                                    **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 2:06-CV-00111-MEF**

**AMSOUTH BANK, INA SUE CROUCH**
**AND JOHN DOES 1 – 10**                                              **DEFENDANT**

## PLAINTIFF JAMES E. CROUCH'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS PROPOUNDED TO INA SUE CROUCH

COMES NOW, the Plaintiff, James E. Crouch, by and through undersigned counsel, and serves this, his First Set of Interrogatories, Requests for Production of Documents and Things, and Requests for Admissions  to Defendant Ina Sue Crouch, pursuant to the Federal Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

A.     The terms "document" and "documents" include, but not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, communications, and all retrievable information in computer storage.  For items of electronic data requested herein or identified in responses, please produce the electronic data in ASCII form.

B.     For purposes of interpreting or construing the scope of these interrogatories, the terms used shall be given their most expansive and inclusive interpretation.  This includes, without limitation, the following:

1.     Construing the terms "and" and "or" used in any interrogatory in the disjunctive of conjunctive, as necessary, to make the interrogatory more inclusive;

2.     Construing the singular form of any word to include the plural and the plural form to include the singular;

3.     Construing the past tense of the verb to include the present tense and the



EXHIBIT

D

present tense to include the past tense;

4.  Construing the masculine form to include the feminine form and the feminine form to include the masculine form;

5.  Construing the terms "AmSouth" to mean AmSouth Bank, AmSouth Investment Services, Inc., its employees, agents, attorneys, and representatives, and all other persons acting in concert with them or on their behalf;

6.  Construing the terms "you", "Ina Sue", "yours" to mean Ina Sue Crouch, her agents, attorneys and all other persons acting in concert with her and/or on her behalf;

7.  Construing the term "date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters;

8.  Construing the term "person" to mean natural persons, associations, corporations, partnerships, governments (or governmental agencies), quasi-public entities, proprietorships, joint ventures, trusts, estates, and all other forms of legal entities;

9.  Construing the term "communication" to mean any form of verbal or written interchange, however transmitted;

10. Construing the terms "refer to," "referring to," "relate to," or "relating to" to mean constitutes, embodies, comprises, reflects, discusses, identifies, states, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to the stated subject matter;

11. Construing the term "Complaint" to mean the "Complaint" and each Amendment thereto filed by James E. Crouch in this cause;

12. Construing the term "Answer" to mean the "Answer" and each Amendment thereto filed by Defendants in this cause;

13. Construing the term "Occurrence" to mean all activities from the date of application in 1998 to present regarding Annuity Contract No. 774944 issued on annuitant by Lincoln National Life Insurance Company (hereinafter, "the Annuity");

14. Construing the term "identify" or "identity" to mean, with respect to a person,

2

to set forth the person's name, employer, job title, home and business addresses and home and business telephone numbers; and

15. Construing the term "identify" or "identity" to mean (regardless of whether any claim of privilege is asserted), with respect to a document, to set forth the following information:

   a. Its nature (e.g., letter, memorandum, report, etc.);
   b. The date it bears, or, if undated, the date it was written or created;
      c. The identity of the person(s) who wrote or created it;
   d. The identity of the person(s) who received it;
   e. Its file number or other identifying mark or code;
   f. Its general subject matter;
   g. Its present or last known location; and
   h. Its custodian.

16. Construing the term "Lincoln" to mean Lincoln National Life Insurance Company, its agents, representatives, and corporate affiliates;

17. Construing the term "identify" to mean, with respect to an act, transaction or occurrence, to set forth the following information:

   a. A complete description and explanation thereof;
   b. The date thereof; and
   c. the identity of all participants therein.

C. Each discovery request solicits all information available to AmSouth or obtainable by AmSouth, from its employees, agents, attorneys, and representatives.

D. The time frame for this discovery, unless indicated otherwise, is from May 1, 1997, through the date of your response.

E. Regarding any responsive document that was once, but no longer is in your possession, custody or control, identify what disposition was made of the document, its present location, and its present custodian. This includes information which was in computer storage.

F. Regarding any responsive document that has been destroyed, identify that document by date, author(s), addressee(s) and subject matter, the date of such destruction, the manner of such destruction, the reason for such destruction, the person authorizing such destruction, and the custodian of the document at the time of its destruction.

G. Construing the term "relevant time period" to mean the period two years preceding

3

the transaction identified in the Complaint to the date of the answer to these
Interrogatories.

H.     If you withhold information, by claiming that it is privileged or subject to protection
       as trial preparation material, make the claim expressly and describe the nature of the
       documents, communications or things not produced or disclosed in a manner that,
       without revealing the information that is privileged or protected, will enable the
       parties and the Court to access the applicability of the privilege or protection by
       preparing a privilege log containing at least the following information:

1.   Identification of the document by date and author;
2.   The identity of the author by corporate position and capacity;
3.   The identity and corporate position of the person or persons involved in the
     creation of the document and/or supplying information for the creation of the
     document;
4.   The source of the information contained in the document;
5.   The place of creation or recordation of the document;
6.   The names of all persons participating in the preparation of the document;
7.   The subject matter of the document;
8.   The purpose for the creation of the document;
9.   The name and corporate position, if any, of each person to whom the contents
     of the document have heretofore been communicated by copy, exhibition,
     reading or substantial summarization;
10.  The number of pages and estimated cost of location and reproduction of the
     document; and
11.  The location of the document.

## INTERROGATORIES

**INTERROGATORY NO. 1**:          Identify each and every person known by you who has,

or claims to have, knowledge of any discoverable information relevant to any remand related claims

and defenses, identifying the subjects and substance of the information known by each respectively..

**INTERROGATORY NO. 2 :**          Identify each person who acted to participate in the

handling of any matter related to the Annuity and identify each act taken by each respective person.

**INTERROGATORY NO. 3 :**          Identify    all documents which evidence

communications:

4

a)      between Ina Sue Crouch and/or James Earl Crouch and AmSouth related to the Annuity;

b)      between Ina Sue Crouch and/or James Earl Crouch and Lincoln National Life Insurance Company related to the Annuity;

d)      between Ina Sue Crouch and/or James Earl Crouch and Ronda Robinson related to the Annuity; and

e)      Between AmSouth and Lincoln National Life Insurance Company related to the Annuity;

**INTERROGATORY NO. 4 :**      Identify each communication between James Earl Crouch and/or Ina Sue Crouch and the Plaintiff, James Edward Crouch, concerning the Annuity, including the identity of the beneficiary of the Annuity. For each communication, please give its date, the persons involved, and the substance of the communication.

**INTERROGATORY NO. 5:**      Identify each banking transaction performed by James Earl Crouch from January 1, 1997, through February 14, 2001.

**INTERROGATORY NO. 6:**      Identify each document executed by James Earl Crouch from January 1, 1997, through February 14, 2001.

**INTERROGATORY NO. 7:**      With respect to your denial of any Request for Admission propounded to you herein, please identify each Request for Admission separately and give a complete description of all the facts relied upon in making each respective denial. If this Interrogatory is answered on information and belief, set forth the specific information believed, the source of the information, when and in what manner the information was obtained, and why it is reasonable to believe the information is true; and if the above identified Requests for Admission was

5

denied because of lack of information or knowledge, give a detailed chronological account of every effort made by you or your attorney to inquire into the subject matter of the Request, including the date of each effort, the person making each effort, the substance of each effort, and the information obtained by each effort, specifically setting forth all facts relied upon, and identify all witnesses and documents relied upon and/or relating to each denial.

**INTERROGATORY NO. 8:** Identify each and every time that you signed the name of James Earl Crouch to any document. For each signature, identify the document signed, the reason you signed James Earl Crouch's name, and the date on which it was signed.

**INTERROGATORY NO. 9 :** Identify all proposed opinion witnesses and in connection with each opinion witness identified, state the following:

1.      the subject matter on which the expert is expected to testify;

2.      the substance of the facts on which the expert is testify;

3.      the opinions to which the expert is expected to testify; and

4.      a summary of the grounds for each opinion.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**    Produce any admissions or statements made by any party to this action or the agent or servant of any party to this action.

**REQUEST NO. 2:**    Produce each and every document identified in your Answers to Interrogatories in this cause.

**REQUEST NO. 3:**    Produce copies of any written or recorded statements, whether signed or unsigned, transcribed or in any other form, or memoranda of any written or recorded statement of the Plaintiff, any Defendant, or any witness or other individual having any direct knowledge of

6

the facts of the incident complained of or of the damages claimed by the Plaintiff.

**REQUEST NO. 4:** Provide a copy of all documents related to the Annuity purchased by James E. Crouch including the complete annuity contract for Lincoln Annuity No. 774944.

**REQUEST NO. 5:** Provide copies of all cancelled checks dated January 1, 1997 until March 1, 2001 written on any account in which James Earl Crouch had an interest, either solely or jointly, including, but not limited to, the cashiers and/or certified check for $100,000.00 payable to James Edward Crouch.

**REQUEST NO. 6:**   Provide copies of all communications between any of the following entities (including their respective agents and representatives) regarding the Annuity, including, but not limited to, any notices of errors in the Annuity application and changes in beneficiary:

      (a)     Plaintiff;

      (b)     Ina Sue Crouch;

      (c)     James Earl Crouch;

      (d)     Lincoln National Life Insurance Company; and

      (e)     AmSouth.

**REQUEST NO. 7:**   Provide all documents which relate to activity of the following person or businesses regarding the subject Annuity:

      (a)     Plaintiff;

      (b)     Ina Sue Crouch;

      (c)     James Earl Crouch;

      (d)     Lincoln National Life Insurance Company; and

      (e)     AmSouth.

**REQUEST NO. 8:**    Produce all bank statement for any account owned by Ina Sue Crouch and/or James Earl Crouch from January 1, 1997, to present.

**REQUEST NO. 9:**    Produce all copies (and the right to inspect originals) of all documents executed by James Earl Crouch from January 1, 1997, through February 14, 2001.

**REQUEST NO. 10:**    Produce the prescription for all eyeglasses used by James Earl Crouch from January 1, 1998 to February 14, 2001.

**REQUEST NO. 11:**    Produce your marriage license to James Earl Crouch

**REQUEST NO. 12:**    Produce income tax records and 1099's for James Earl Crouch and/or Ina Sue Crouch from 1997 through 2002.

**REQUEST NO. 13:**    Produce a copy of all deeds related to the ownership of the last residence of James Earl Crouch from acquisition by James Earl Crouch to present.

**REQUEST NO. 14:**    Produce the obituary which was published regarding the death of James Earl Crouch.

**REQUEST NO. 15:**    Produce a copy of the CD with Alliant referenced in the application for the Annuity.

**REQUEST NO. 16:**    Produce copies of any written or recorded statements, whether signed or unsigned, transcribed or in any other for, or memoranda of any written or recorded statements of the Plaintiff, any Defendant, or any witness or other individual having any direct knowledge of the facts of the incident complained of or of the damages claimed by the Plaintiff.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**    Admit that Ronda Robinson sold the Annuity issued by Lincoln National Life Insurance Company, No. 774944, to James Earl Crouch.

8

**REQUEST NO. 2:**    Admit that James Edward Crouch was listed as the sole beneficiary on the application for the Annuity.

**REQUEST NO. 3:**    Admit that Ina Sue Crouch later changed the beneficiary of the Annuity.

**REQUEST NO. 4:**    Admit that James Earl Crouch did not sign any form necessary to change the beneficiary of the Annuity.

**REQUEST NO. 5:**    Admit that Ina Sue Crouch did not have authority to sign James Earl Crouch's name on the form(s) needed to change the Annuity.

**REQUEST NO. 6:**    Admit that neither Ina Sue Crouch nor James Earl Crouch notified James Edward Crouch of the change in beneficiary from James Earl Crouch to Ina Sue Crouch.

**REQUEST NO. 7:**    Admit that in *In re James Earl Crouch*, Case No. 01-272, in the Probate Court of Elmore County, Alabama, you testified that you were the only beneficiary to ever be named on the Annuity.

**REQUEST NO. 8:**    Admit that in *In re James Earl Crouch*, Case No. 01-272, in the Probate Court of Elmore County, Alabama, you testified that you have never signed James Earl Crouch's signature to any document.

**REQUEST NO. 9:**    Admit that James Earl Crouch and Ina Sue Crouch received the letter dated May 18, 1998 (attached hereto as Exhibit A) within 10 days of its date.

Respectfully submitted,
JAMES R. CROUCH


By:____ s/ Samuel S. McHard_____
          Samuel S. McHard, MS Bar No. 100295

9

*pro hac vice*

BRYAN NELSON P.A.
Attorneys at Law
6524 U.S. Highway 98
P.O. Drawer 18109
Hattiesburg, MS 39404-8109
T: (601) 261-4100
F: (601) 261-4106

## CERTIFICATE OF SERVICE

    I do hereby certify that on March 24, 2006, I mailed via U.S. Postal Service a true and correct copy of the above and foregoing to the following:

    Carol Ann Estes Bustin
    acbynum@netdoor.com
    bustinlf@netdoor.com

    Glenda W. Hughes
    103-B Commerce St.
    Wetumpka, AL 36092
    **Attorney for Ina Sue Crouch**

    Paul J. Delcambre, Jr.
    pdelcambre@balch.com
    lhale@balch.com
    **Attorney for AmSouth Bank**

                   s/Samuel S. McHard

10


**LINCOLN NATIONAL**
**LIFE INSURANCE**
A part of LINCOLN NATIONAL CORPORATION

MAY 18, 1998

JAMES E. CROUCH
SUE CROUCH
360 OLD 231 N
WETUMPKA AL  36092

Re: Contract 774944        Annuitant: JAMES E. CROUCH

Dear JAMES E. CROUCH:

Congratulations on your recent annuity purchase. You have joined
thousands of others in selecting this quality tax-deferred product.
Lincoln National Life and AmSouth Investment Services appreciate
your business and look forward to providing you the best of service
in years to come.

This letter confirms the issuance of your tax-deferred annuity.
Please take a moment to review and verify the information shown
on the attached Contract Data page. If any corrections or changes
were made on the application, there may be an Amendment form
attached which requires your signature.

The original contract and these confirmation pages should be kept
with your other important investment documents. You will receive
a statement at least annually showing all activity on your annuity
contract including interest earned.

Your initial deposit has been credited with an initial, guaranteed
annual interest rate as noted on the attached Contract Data page.
Any additional deposits will have a similar guarantee based on the
current interest rate for the month of deposit.

If you have any questions or need additional information, please
contact your representative at AmSouth Investment Services or our
Client Service Department directly at 1-800-248-6301. We look
forward to not only providing you with a secure and profitable
investment, but also delivering quality service for years to come.

Again, thank you for your business.

Sincerely,



ANDREA L. LEWIS
New Business Representative

cc:  C/O AMSOUTH INVESTMENT SERVICE        LN437PAB7010

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

**JAMES E. CROUCH**                                    **PLAINTIFF**

**VERSUS**                              **CIVIL ACTION NO. 2:06-CV-00111-MEF**

**AMSOUTH BANK, INA SUE CROUCH**
**AND JOHN DOES 1 – 10**                               **DEFENDANT**

---

## PLAINTIFF JAMES E. CROUCH'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS PROPOUNDED TO AMSOUTH BANK

COMES NOW, the Plaintiff, James E. Crouch, by and through undersigned counsel, and serves this, his First Set of Interrogatories, Requests for Production of Documents and Things, and Requests for Admissions to Defendant AmSouth Bank, pursuant to the Federal Rules of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

A.    The terms "document" and "documents" include, but not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, communications, and all retrievable information in computer storage. For items of electronic data requested herein or identified in responses, please produce the electronic data in ASCII form.

B.    For purposes of interpreting or construing the scope of these interrogatories, the terms used shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

1.    Construing the terms "and" and "or" used in any interrogatory in the disjunctive of conjunctive, as necessary, to make the interrogatory more inclusive;

2.    Construing the singular form of any word to include the plural and the plural form to include the singular;

3.    Construing the past tense of the verb to include the present tense and the

present tense to include the past tense;

4.     Construing the masculine form to include the feminine form and the feminine form to include the masculine form;

5.     Construing the terms "AmSouth", "you" and "your" to mean AmSouth Bank, AmSouth Investment Services, Inc., its employees, agents, attorneys, corporate affiliates, and representatives, and all other persons acting in concert with them or on their behalf;

6.     Construing the term "date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters;

7.     Construing the term "person" to mean natural persons, associations, corporations, partnerships, governments (or governmental agencies), quasi-public entities, proprietorships, joint ventures, trusts, estates, and all other forms of legal entities;

8.     Construing the term "communication" to mean any form of verbal or written interchange, however transmitted;

9.     Construing the terms "refer to," "referring to," "relate to," or "relating to" to mean constitutes, embodies, comprises, reflects, discusses, identifies, states, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to the stated subject matter;

10.     Construing the term "Complaint" to mean the "Complaint" and each Amendment thereto filed by James E. Crouch in this cause;

11.     Construing the term "Answer" to mean the "Answer" and each Amendment thereto filed by AmSouth in this cause;

12.     Construing the term "Occurrence" to mean all activities from the date of application in 1998 to present regarding Annuity Contract No. 774944 issued to annuitant James Earl Crouch by Lincoln National Life Insurance Company (hereinafter, "the Annuity");

13.     Construing the term "Lincoln" to mean Lincoln National Life Insurance Company, its agents, representatives, and corporate affiliates;

14.     Construing the term "identify" or "identity" to mean, with respect to a person, to set forth the person's name, employer, job title, home and business

2

addresses and home and business telephone numbers; and

15. Construing the term "identify" or "identity" to mean (regardless of whether any claim of privilege is asserted), with respect to a document, to set forth the following information:

    a.    Its nature (e.g., letter, memorandum, report, etc.);
    b.    The date it bears, or, if undated, the date it was written or created;
    c.    The identity of the person(s) who wrote or created it;
    d.    The identity of the person(s) who received it;
    e.    Its file number or other identifying mark or code;
    f.    Its general subject matter;
    g.    Its present or last known location; and
    h.    Its custodian.

16. Construing the term "identify" to mean, with respect to an act, transaction or occurrence, to set forth the following information:
    a.    A complete description and explanation thereof;
    b.    The date thereof; and
    c.    The identity of all participants therein.

C. Each discovery request solicits all information available to AmSouth or obtainable by AmSouth, from its employees, agents, attorneys, and representatives.

D. The time frame for this discovery, unless indicated otherwise, is from May 1, 1997, through the date of your response.

E. Regarding any responsive document that was once, but no longer is in your possession, custody or control, identify what disposition was made of the document, its present location, and its present custodian. This includes information which was in computer storage.

F. Regarding any responsive document that has been destroyed, identify that document by date, author(s), addressee(s) and subject matter, the date of such destruction, the manner of such destruction, the reason for such destruction, the person authorizing such destruction, and the custodian of the document at the time of its destruction.

G. Construing the term "relevant time period" to mean the period two years preceding the transaction identified in the Complaint to the date of the answer to these Interrogatories.

H. If you withhold information, by claiming that it is privileged or subject to protection as trial preparation material, make the claim expressly and describe the nature of the

3

documents, communications or things not produced or disclosed in a manner that, without revealing the information that is privileged or protected, will enable the parties and the Court to access the applicability of the privilege or protection by preparing a privilege log containing at least the following information:

1.  Identification of the document by date and author;
2.  The identity of the author by corporate position and capacity;
3.  The identity and corporate position of the person or persons involved in the creation of the document and/or supplying information for the creation of the document;
4.  The source of the information contained in the document;
5.  The place of creation or recordation of the document;
6.  The names of all persons participating in the preparation of the document;
7.  The subject matter of the document;
8.  The purpose for the creation of the document;
9.  The name and corporate position, if any, of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, reading or substantial summarization;
10. The number of pages and estimated cost of location and reproduction of the document; and
11. The location of the document.

## INTERROGATORIES

**INTERROGATORY NO. 1**:    Identify each and every person known by you who has, or claims to have, knowledge of any discoverable information relevant to any remand related claims and defenses of AmSouth, identifying the subjects and substance of the information known by each respectively.

**INTERROGATORY NO. 2 :**    Identify each person who acted to participate in the handling of any matter related to the Annuity and identify each act taken by each respective person.

**INTERROGATORY NO. 3 :**    Identify    all documents which evidence communications:

a)    between Ina Sue Crouch and/or James Earl Crouch and AmSouth related to the

4

Annuity;

b)    between Ina Sue Crouch and/or James Earl Crouch and Lincoln National Life Insurance Company related to the Annuity;

c)    between Ina Sue Crouch and/or James Earl Crouch and Ronda Robinson related to the Annuity;

d)    between AmSouth and Lincoln National Life Insurance Company related to the Annuity; and

**INTERROGATORY NO. 4 :**    Identify any and all manuals, policies, procedures, instructions, standards, rules and regulations of AmSouth, and of Lincoln National Life Insurance Company applicable to the Annuity that were in effect at the time of the Occurrence.

**INTERROGATORY NO. 5:**    Identify all rules and regulations of the SEC and NASD applicable to the sale and servicing of the Annuity.

**INTERROGATORY NO. 6 :**    With respect to your denial of any Request for Admission propounded to you herein, please identify each Request for Admission separately and give a complete description of all the facts relied upon in making each respective denial. If this Interrogatory is answered on information and belief, set forth the specific information believed, the source of the information, when and in what manner the information was obtained, and why it is reasonable to believe the information is true; and if the above identified Requests for Admission was denied because of lack of information or knowledge, give a detailed chronological account of every effort made by you or your attorney to inquire into the subject matter of the Request, including the date of each effort, the person making each effort, the substance of each effort, and the information obtained by each effort, specifically setting forth all facts relied upon, and identify all witnesses and

documents relied upon and/or relating to each denial.

**INTERROGATORY NO. 7 :**     Identify each license possessed by Ronda Robinson, and AmSouth whether issued by the State of Alabama, NASD, SEC, or otherwise, which was in force and effect during the "relevant time period." As to each such license, identify each complaint and each proceeding to suspend or revoke said license.

**INTERROGATORY NO. 8:**     As to Exhibits A & B attached hereto, identify the author and the date of preparation and the location of the original.

**INTERROGATORY NO. 9:**     Identify all claims and suits against AmSouth and/or Ronda Robinson, regarding the sale of annuities and/or other investments or insurance.

**INTERROGATORY NO. 10:**     Explain the basis of compensation of Ronda Robinson for AmSouth Bank and its wholly owned subsidiary AmSouth Investment Services, Inc. from May 6, 1998, to February 14, 2001, and identify the documents related thereto including, but not limited to, paystubs, W-2's and 1099's.

**INTERROGATORY NO. 11 :**     Identify all proposed opinion witnesses and in connection with each opinion witness identified, state the following:

1.          the subject matter on which the expert is expected to testify;

2.          the substance of the facts on which the expert is testify;

3.          the opinions to which the expert is expected to testify; and

4.          a summary of the grounds for each opinion.

## DOCUMENTS REQUESTED

**REQUEST NO. 1:**     Produce any admissions or statements made by any party to this action or the agent or servant of any party to this action.

6

**REQUEST NO. 2:**    Produce each and every document identified in your Answers to Interrogatories in this cause.

**REQUEST NO. 3:**    Produce copies of any written or recorded statements, whether signed or unsigned, transcribed or in any other form, or memoranda of any written or recorded statement of the Plaintiff, any Defendant, or any witness or other individual having any direct knowledge of the facts of the incident complained of or of the damages claimed by the Plaintiff.

**REQUEST NO. 4:** Provide a copy of the entire file of AmSouth relating to the Annuity purchased by James E. Crouch and Ina Sue Crouch, including the complete annuity contract for Lincoln Annuity No. 774944.

**REQUEST NO. 5:**    Provide a copy of the entire file of Ronda T. Robinson relating to the Annuity purchased by James E. Crouch and Ina Sue Crouch, including the complete annuity contract for Lincoln Annuity No. 774944.

**REQUEST NO. 6:**    Provide a copy of the entire file of Lincoln National Life Insurance Company relating to the Annuity purchased by James E. Crouch and Ina Sue Crouch, including the complete annuity contract for Lincoln Annuity No. 774944.

**REQUEST NO. 7:** Provide copies of all cancelled checks dated January 1, 1997 until March 1, 2001 written on any account in which James Earl Crouch had an interest, either solely or jointly, including, but not limited to, the cashiers and/or certified check for $100,000.00 payable to James Edward Crouch.

**REQUEST NO. 8:**    Provide copies of all communications between any of the following entities (including their respective agents and representatives) regarding the Occurrence, including, but not limited to, any notices of errors in the Annuity application and changes in beneficiary:

7

(a)     Plaintiff;

(b)     Ina Sue Crouch;

(c)     James Earl Crouch;

(d)     Lincoln National Life Insurance Company; and

(e)     AmSouth.

**REQUEST NO. 9:** Provide all documents that relate to compensation paid to AmSouth and Ronda Robinson in connection with the Annuity.

**REQUEST NO. 10:** Provide all documents relating to requests by or on behalf of the Plaintiff for a copy of the Annuity documents.

**REQUEST NO. 11:**   Produce all documents relating to any audit or investigation regarding the Annuity whether said investigation was conducted by you or a third party.

**REQUEST NO. 12:** Produce all statements filed with the Alabama Insurance Commissioner by AmSouth and Lincoln National Life Insurance Company showing (1) the kind or kinds of insurance or classification thereof that it was proposed Ronda Robinson be authorized to solicit or write, (2) the investigation made of their qualifications, character, and fitness for such duties, and (3) the results of such investigation.

**REQUEST NO. 13:** Produce all correspondence between AmSouth and the Alabama Insurance Commissioner pertaining to Ronda Robinson.

**REQUEST NO. 14:**   Produce all bank statement for any account owned by Ina Sue Crouch and/or James Earl Crouch from January 1, 1997, to present.

**REQUEST NO. 15:**   Produce (and the right to inspect originals) all documents executed by James Earl Crouch from January 1, 1997, through February 14, 2001.

8

**REQUEST NO. 16:** Produce the agency contract between AmSouth and/or Ronda Robinson and Lincoln related to the sale of annuities and/or other investments or insurance by AmSouth and/or Ronda Robinson on behalf of Lincoln National Life Insurance Company.

**REQUEST NO. 17:** Provide the personnel file of AmSouth related to employment of Ronda Robinson including, but not limited to records of commissions, days off, disciplinary actions, training and expense reimbursements.

**REQUEST NO. 18:** Provide the statement of Lincoln appointing Ronda Robinson and/or AmSouth as agent for sale of Lincoln's products, insurance, and/or investments.

**REQUEST NO. 19:** Produce all documents related to investigations to determine whether the signature of James Earl Crouch on Exhibit C was forged or otherwise unauthorized.

**REQUEST NO. 20:** Produce a copy of the CD taken out by James Earl Crouch and/or Ina Sue Crouch with Alliant and having a maturity date of June 1998.

**REQUEST NO. 21:** Produce a copy of the signature card and account contracts for the AmSouth accounts of James Crouch during the relevant time period.

**REQUEST NO. 22:** Produce a copy of the check for $250,000 used to purchase the Annuity.

**REQUEST NO. 23:** Produce a copy (and Plaintiff's right to inspect the original) of the purported change of beneficiary form dated April 4, 2000, related to the Annuity.

**REQUEST NO. 24:** Produce the employment contract(s) of Ronda Robinson with AmSouth Bank and AmSouth Investment Service, Inc.

**REQUEST NO. 25:** Produce Ronda Robinson and AmSouth Investment Service's registration as a broker dealer with the Securities and Exchange Commission and the National

9

Association of Security Dealers during the relevant time period.

**REQUEST NO. 26:** Produce documents that evidence that Ronda Robinson was a registered representative of AmSouth Investment Services, Inc during the relevant time period.

**REQUEST NO. 27:** Produce a copy of the check for $100,000.00 representing a gift to James Edward Crouch from James Earl Crouch referenced in Exhibit "D" attached.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that Ronda Robinson was simultaneously the employee of AmSouth Bank and AmSouth Investment Services, Inc. during the relevant time period.

**REQUEST NO. 2:** Admit that Ronda Robinson sold the Annuity issued by Lincoln National Life Insurance Company, No. 774944, to James Earl Crouch.

**REQUEST NO. 3:** Admit that Ronda Robinson was acting in the course and scope of her duties with AmSouth when she sold said Annuity to James Earl Crouch.

**REQUEST NO. 4:** Admit that James Edward Crouch was listed as the sole beneficiary on the application for the Annuity as of May 7, 1998.

**REQUEST NO. 5:** Admit that Ina Sue Crouch later changed the beneficiary of the Annuity.

**REQUEST NO. 6:** Admit that James Earl Crouch did not sign any form necessary to change the beneficiary of the Annuity.

**REQUEST NO. 7:** Admit that Ina Sue Crouch did not have authority to sign James Earl Crouch's name on the form(s) needed to change the Annuity.

**REQUEST NO. 8:** Admit that Ronda Robinson should have known that Ina Sue Crouch did not have authority to sign James Earl Crouch's name on the form(s) needed to change the

10

Annuity's beneficiary.

**REQUEST NO. 9:**   Admit that the memo to file dated July 6, 2001 (and attached hereto as Exhibit D) was prepared by Ronda Robinson.

**REQUEST NO. 10:**   Admit that AmSouth and James Earl Crouch received the letter dated May 18, 1998, and attached as Exhibit E, within ten days of its date.

**REQUEST NO. 11:**   Admit that no amendment forms related to the Annuity were requested by James Earl Crouch.

**REQUEST NO. 12:**   Admit that the application contained no ambiguity regarding the beneficiary when executed by James Earl Crouch and Ina Sue Crouch on May 7, 1998.

Respectfully submitted,
JAMES R. CROUCH


By:____s/ Samuel S. McHard_____
Samuel S. McHard, MS Bar No. 100295
*pro hac vice*

BRYAN NELSON P.A.
Attorneys at Law
6524 U.S. Highway 98
P.O. Drawer 18109
Hattiesburg, MS 39404-8109
T: (601) 261-4100
F: (601) 261-4106

### CERTIFICATE OF SERVICE
I do hereby certify that on March 24, 2006, I have forwarded via U.S. Postal Service a true and correct copy of the above and foregoing to the following:

Carol Ann Estes Bustin
acbynum@netdoor.com
bustinlf@netdoor.com

11

Glenda W. Hughes
103-B Commerce St.
Wetumpka, AL 36092
**Attorney for Ina Sue Crouch**

Paul J. Delcambre, Jr.
pdelcambre@balch.com
lhale@balch.com
**Attorney for AmSouth Bank**

s/Samuel S. McHard

05/18/98

RONDA T. ROBINSON
C/O AMSOUTH INVESTMENT SERVICE
743 S MAIN ST   P.O. BOX 361
WETUMPKA, AL  36092


Re: Contract # 774944          Annuitant:  JAMES E. CROUCH
                               Product:    Investors Choice

Dear RONDA:

The annuity contract noted above is now issued and recorded at
our office.

Any requirements, as noted below, should be obtained upon delivery
and returned to our office before the close out date.

```
        Outstanding Requirements                Close Out Date
        ------------------------                --------------
        NOTE: UPON THE DEATH                       07/17/98
          OF THE ANNUITANT,                        07/17/98
          ALL BENIFITS WILL                        07/17/98
          BE PAYABLE TO THE                        07/17/98
          PRIMARY BENEFICIARY                      07/17/98
          NOT THE JOINT OWNER                      07/17/98
          ALSO, THE JOINT                          07/17/98
          OWNER WILL NOT HAVE                      07/17/98
          THE OPTION OF                            07/17/98
          CONTINUING THE                           07/17/98
          CONTRACT.
```

*[handwritten: Not what customer wanted / will decide what to do and make change later.]*

Thank you for doing business with Lincoln National Life.  If
you have any questions, please contact your Operations office.


Sincerely,

*Andrea Lewis*

ANDREA L. LEWIS
New Business Services

EXHIBIT A

7/2/98 Mr. & Mrs. Crouch were in today a li le concerned about the safety of their Annuity. Again I told them they were insured by Lincoln. They understand fully that tis not FDIC. We also talked about Beneficiaries. They may want to make some changes on that later.

5/22/00 - Faxing me the statement should be the 10th

2/2/01 - Mr. Crouch's health seems to be failing rapidly. Mrs. Crouch is worried about expences if Mr. Crouch needs extended care. I assured her that she would be fine since she has other funds to pull from.

3/5 - mailed death packet (Lincoln)

3/12 - faxed / Rec'd from fax + mail

3/13 - # 289,983.61 @5.00%

Ron Sylvander
Fax  847-466-3371
Ph  1-800-248-6301 ext.8371
        Original -
            P O BOX 4170
            Schaumburg  IL 60168-4170



EXHIBIT
B

**LINCOLN NATIONAL
LIFE INSURANCE C**

A part of LINCOLN NATIONAL CORPORATION

ANNUITY SERVICE REQUEST

**Contract Changes**

Annuitant's Name: _James E. Crouch_      Contract #: _774944_

Institution/Agency: _AmSouth Bank_      Tax I.D.#: _____

## SECTION A - BENEFICIARY CHANGES

In accordance with the provisions of this contract, I hereby revoke all former designations and replace them as follows for: ☒ Annuitant's Beneficiary   ☐ Owner's Beneficiary

| Primary | Contingent | Name and Address | % | Relationship |
|---------|-----------|------------------|---|--------------|
| ☒ | ☐ | _Sue Crouch_ | _100_ | _Wife_ |
| ☐ | ☒ | _James Edward Crouch_ | _100_ | _Son_ |
| ☐ | ☐ | | | |
| ☐ | ☐ | | | |

## SECTION B - NAME CHANGES

Name change for:
☐ Annuitant
☐ Primary Owner
☐ Joint/Contingent Owner

Reason for change:
☐ Marriage
☐ Divorce
☐ Legally Changed (include copy)
☐ Other:

Print new name: _____
Old signature: _____
New signature: _____

## SECTION C - ADD/CHANGE OWNER

To be added/changed:
☐ Primary Owner
☐ Joint/Contingent Owner

Reason for change:
☐ Marriage
☐ Divorce
☐ Court Ordered (include copy).
☐ Change to a Trust

Name: _____
The LNL contract does not allow changes to ownership for any reason other than those listed above. Assignments are also not allowed on this annuity contract.

## SECTION D - ADDRESS CHANGE

New mailing address:
Street: _____
City: _____
State, Zip: _____
Effective date of change: _____
An acknowledgment of this change will be sent to both the old and the new address. Future correspondence will be sent to the new address as shown above.

## SECTION E - LOST CONTRACT

This is to certify that the original copy of the annuity contract has been lost. Please forward a duplicate contract for my records to the following address:

Name: _____
Address: _____
City, State, Zip: _____
If the original contract is found, it should be returned to Lincoln National immediately.

## SECTION F - OTHER REQUESTS

┌─────────────┐
│  **EXHIBIT**  │
│      **C**      │
└─────────────┘

## SECTION G - SIGNATURES

The effective date of this Contract Change Request will be the date the form is received and recorded in the Administrative Office of Lincoln National Life Insurance Company.

Dated at _Wetumpka, AL_      on the _4_ day of _April_ , 19 _2000_

Owner: _James E. Crouch_      Agent/Witness: _Linda Robinson_

Joint Owner: _Sue Crouch_      Agent/Witness: _Linda Robinson_

EXHIBIT "B"

Memo to the file of James E. Crouch.

July 6, 2001

Received a phone call today from James Crouch. He inquired about annuities and said that he wanted an account where he could name his beneficiary and under no circumstances could it be removed. Meaning that no one could cohearse him into signing if he mentally or physically wasn't able. I explained that annuities were flexible in the fact that you can specify information. A contract written like that would list him as owner and annuitant with ex. his daughter as beneficiary.

He went on to say that I did an annuity for his father...I told him that I could not release that information one way or the other. He said he had the paperwork in front of him. 

In reviewing the file, I feel that he was fishing for information to see if beneficiaries could be changed. I specifically remember The Crouch's purchasing a $100,000.00 cashiers check to give to this son of theirs. Seems after that they decided to remove him from the contract as beneficiary.


EXHIBIT
D

MAY 18, 1998


JAMES E. CROUCH
SUE CROUCH
360 OLD 231 N
WETUMPKA AL  36092


Re: Contract 774944        Annuitant: JAMES E. CROUCH

Dear JAMES E. CROUCH:

Congratulations on your recent annuity purchase. You have joined
thousands of others in selecting this quality tax-deferred product.
Lincoln National Life and AmSouth Investment Services appreciate
your business and look forward to providing you the best of service
in years to come.

This letter confirms the issuance of your tax-deferred annuity.
Please take a moment to review and verify the information shown
on the attached Contract Data page. If any corrections or changes
were made on the application, there may be an Amendment form
attached which requires your signature.

The original contract and these confirmation pages should be kept
with your other important investment documents. You will receive
a statement at least annually showing all activity on your annuity
contract including interest earned.

Your initial deposit has been credited with an initial, guaranteed
annual interest rate as noted on the attached Contract Data page.
Any additional deposits will have a similar guarantee based on the
current interest rate for the month of deposit.

If you have any questions or need additional information, please
contact your representative at AmSouth Investment Services or our
Client Service Department directly at 1-800-248-6301. We look
forward to not only providing you with a secure and profitable
investment, but also delivering quality service for years to come.

Again, thank you for your business.


Sincerely,


ANDREA L. LEWIS
New Business Representative

cc: C/O AMSOUTH INVESTMENT SERVICE        LN437PAB7010

EXHIBIT
E