AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Southern _____ **DISTRICT OF** _____ Mississippi _____

James E. Crouch

V.

AmSouth Bank, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:06-CV-00111-MEF
Middle District of Alabama

TO:  Lincoln National Life Insurance Co.
c/o Bradley G. Hall
1675 Lakeland Dr., Ste. 500
Jackson, MS 39216

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE    Bryan Nelson, P.A., P.O. Drawer 18109, 6524 Highway 98, Hattiesburg, MS 39404 | DATE AND TIME 4/7/2006 12:00 pm |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.


EXHIBIT
E

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# Exhibit "A"

You are commanded to produce the following documents and things for inspection at the place and time listed on the subpoena duces tecum to which this exhibit is attached.

1.    Annuity Contract No. 774944 (hereinafter, "the Annuity").

2.    Each contract or agreement between Lincoln National Life Insurance Company (hereinafter, "Lincoln") and Ronda Robinson, who is or was an employee or agent of AmSouth Bank (or AmSouth Investments) in Wetumpka, Alabama that were in during the period of May 7, 1998, and February 14, 2001.

3.    The complete copy of any contracts or agreements between Lincoln and AmSouth Bank and/or AmSouth Investments that were in effect during the period of May 7, 1998, to February 14, 1998, and which concern the sale and/or service of Lincoln insurance products and/or investments including, and not limited to, the Annuity, by employees or agents of AmSouth Bank.

4.    All manuals, instructions, regulations, policies, etc. that were issued by Lincoln to Ronda Robinson, AmSouth Bank, and/or AmSouth Investments relating to the sale and service of Lincoln insurance products and investments, including_____, and which were in effect during the period of May 7, 1998 to February 14, 1998.

5.    Copies of any and all insurance licenses issued by the Alabama Department of Insurance to Ronda Robinson. AmSouth Bank, and/or AmSouth Investments.

6.    All statements filed by Lincoln with the Alabama Commissioner of Insurance (or the Department of Insurance) that reflects:

    (a)    The kind or kinds of insurance or classifications thereof Ronda Robinson was authorized to solicit or write on behalf of Lincoln;

    (b)    What investigation Lincoln made of Ronda Robinson's qualifications, character and fitness for the duties to be assumed;

    (c)    The results of said investigation; and

    (d)    All appointments of Ronda Robinson, AmSouth Bank, and/or AmSouth Investments by Lincoln

7.  Copies of each and every notice concerning any proceeding by the Alabama Department of Insurance to suspend or revoke the license(s) held by Ronda Robinson, whether received from Robinson, the Alabama Department of Insurance, or some third party.

8.  Aall communications between any of the following entities (including their respective agents and representatives) relating to the annuity, including, but not limited to, any notices of errors in the Annuity application and changes in the designation of the beneficiary:

    (a)  James Edward Crouch;

    (b)  Ina Sue Crouch;

    (c)  James Earl Crouch;

    (d)  Lincoln National Life Insurance Company; and

    (e)  AmSouth Bank; and

    (f)  AmSouth Investments.

9.  Provide all documents which relate to activity of the following person or businesses regarding the Annuity:

    (a)  James Edward Crouch;

    (b)  Ina Sue Crouch;

    (c)  James Earl Crouch;

    (d)  Lincoln National Life Insurance Company;

    (e)  AmSouth. Bank; and

    (f)  AmSouth Investments.

10.  Provide all documents that relate to compensation paid to the following persons or businesses in relation to the Annuity:

    (a)  James Edward Crouch;

    (b)  Ina Sue Crouch;

Page 2 of 3

       (c)      James Earl Crouch;

       (d)      Lincoln National Life Insurance Company;

       (e)      AmSouth.Bank; and

       (f)      AmSouth Investments.

11. Provide all documents relating to relating to requests by or on behalf of the Plaintiff for and/or provisions of a copy of the Annuity contract, the application therefore, or any other document pertaining to the Annuity.

12. All documents related to an investigation to determine whether the signature of James Earl Crouch on the change of beneficiary form attached hereto as Exhibit B was forged or otherwise unauthorized.