IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JAMES E. CROUCH                                                                                   PLAINTIFF

VERSUS                                                            CIVIL ACTION NO. 2:06-CV-00111-MEF

AMSOUTH BANK, INA SUE CROUCH
AND JOHN DOES 1 – 10                                                                          DEFENDANT

**PLAINTIFF'S PRELIMINARY COMBINED RESPONSE TO AMSOUTH BANK'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW**

COMES NOW, the Plaintiff, James E. Crouch ("James"), and files his Preliminary Response to AmSouth Bank's Motion for Summary Judgment. In support thereof, Plaintiff states:

HISTORY AND FACTUAL BACKGROUND

1.      For the reasons set forth in the Motion to Continue simultaneously filed herewith and pursuant to Federal Rule of Civil Procedure 56(e), James files this preliminary response without prejudice to his request to conduct discovery and to further respond after completion of discovery.

2.      This action arose from a series of events concerning Plaintiff James E. Crouch, his father, James Earl Crouch ("James Earl"), and his mother, Ina Sue Crouch ("Ina Sue").

3.      On or about May 7, 1998, James Earl and Ina Sue applied with AmSouth Bank and its wholly owned subsidiary, AmSouth Investment Services, Inc. (referred to collectively as "AmSouth") to purchase a tax-deferred annuity from Lincoln National Life Insurance Company (hereinafter, "the Annuity") in the amount of $250,000.00. In that application, they listed James as the sole beneficiary.

4.      On or about April 4, 2000, a form was allegedly filled out to change the primary beneficiary under the annuity from James to Ina Sue. One of the key issues to this litigation is

whether Ina Sue Crouch signed her husband's signature with his knowledge, consent, and authorization or whether that signature of James Earl is a forgery.

5. After James Earl's death, James was told that the beneficiary of the annuity had been changed without his father's consent.

6. James began this litigation on September 25, 2002, when he filed a Complaint in the Chancery Court of Forrest County, Mississippi, demanding from AmSouth Bank a copy of any and all annuities purchased by James Earl through AmSouth, as well as any related documents. For a full year, which included two sets of interrogatories and answers, AmSouth Bank refused to provide the documents necessary for the Plaintiff to establish the validity of the beneficiary status of the Annuity Contract. Even when confronted with a Motion to Compel, AmSouth Bank failed to produce the documents. Finally, in November 2003, the counsel for AmSouth Bank acknowledged that AmSouth possessed the documents and agreed to produce them. Months later, AmSouth's counsel stated that they could not produce them due to federal privacy laws. AmSouth requested that Ina Sue Crouch, who was the new beneficiary, be made a party to the Complaint before AmSouth would release the documents. Discovery was propounded to AmSouth on the Complaint for Discovery, and AmSouth again failed to produce the documents.

7. The Plaintiff amended the suit to include claims related to the enforcement of the settlement agreement, along with the original allegations related to the change of beneficiary. Plaintiff sought enforcement of the above-mentioned settlement agreement, sought specific performance in the form of payment of the annuity to him as beneficiary, and he made claims of negligence, breach of fiduciary duty, breach of contract, and tortious interference with contract.

8. On or about February 7, 2005, this case was removed to the United States Court for

the Southern District of Mississippi. On April 27, 2005 at the first federal court status conference, counsel for AmSouth Bank stated that AmSouth Bank planned to move to change the venue of this action to Alabama. The Court instructed counsel for AmSouth Bank to produce the annuity documents so that Plaintiff's counsel could determine whether the signature on the change of beneficiary forms was valid. If forgery or unauthorized signature was indicated, AmSouth Bank was directed by the Court to promptly file its motion to be taken up at the rescheduled conference on June 24, 2005. On May 5, 2005, Plaintiff's counsel received AmSouth Bank's Pre-Discovery Disclosure. Although the documents failed to contain the annuity contract that has been repeatedly requested for more than two and one half years, the disclosure did contain the original application and the purported "change of beneficiary" form (Both the application and the form are also Exhibits 1 and 7, respectively, to Exhibits A and B attached hereto). Those exhibits clearly demonstrate that the signature of James Earl was forged on the change of beneficiary form and that his purported signature on the form is identical to that of Ina Sue. Despite this, counsel for AmSouth represented that the signature of James Earl was valid and was witnessed by AmSouth's employee, Ronda Robinson.

9.    On February 6, 2006, this action was transferred to the Middle District of Alabama. To date, no discovery has taken place in federal court due to the fact that the scheduling conference has not occurred. Despite the lack of discovery, Defendant AmSouth Bank ("AmSouth") filed a Motion for Summary Judgment on or about March 9, 2006, and purported to support that Motion with two affidavits, both of which should be stricken pursuant to Fed. R. Civ. P. 56(e).

## GROUNDS TO DENY AMSOUTH'S MOTION

10. AmSouth's Motion is premature in that the parties have not participated in any discovery. *See Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988); *Alabama Farm Bureau Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979) ("Summary Judgment [sic] ***should not, therefore, ordinarily be granted before discovery has been completed***.") (emphasis added).[1] Plaintiff further notes that the parties have not conferred as described in Fed R. Civ. P. 26(f), and therefore, the parties are not allowed to propound discovery to one another. Fed. R. Civ. P. 26(d).

11. At least one issue of material fact remains for the finder of fact to decide—namely, whether the signature of James Earl is a forgery and/or unauthorized. As such, the Court should deny AmSouth's Motion. In opposition to AmSouth's Motion, James and his wife, Teresa, have provided affidavits, attached as Exhibits A and B, respectively and incorporated herein by reference.

12. AmSouth's premature Motion is also fatally flawed. AmSouth relies upon an affidavit of Ina Sue to support its Motion. In that affidavit, Ina Sue states that she signed her husband's name with his permission. (¶ 4). This directly contradicts her earlier sworn testimony. When one supports a motion for summary judgment with an affidavit that contradicts earlier sworn testimony, that affidavit must be disregarded. *Simler v. Conner*, 372 U.S. 221, 222-23 (1963); *Road Sprinkler Fitters Local Union v. Simplex Grinnell LP*, 251 F.Supp. 2d 1201, 1204-05 (W.D.N.Y. 2003); *Cheatwood v. Roanoke Indus.*, 891 F.Supp. 1528, 1533 n.1 (N.D. Ala. 1995); *cf. Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 228 (5th Cir. 223) (nonmovant cannot manufacture an issue of material fact by submitting an affidavit contradicting earlier testimony).

---

[1] Plaintiff has also filed a Motion to Continue AmSouth Bank's Motion for Summary Judgment Pending Discovery. Nothing in this Motion should be construed as Plaintiff waiving his Motion to Continue.

13. Ina Sue gave a deposition in *In re James Earl Crouch*, Case No. 01-272, in the Probate Court of Elmore County, Alabama on January 22, 2002. The relevant portion of that deposition (the transcript of which is attached as Exhibit 6 to Exhibit A (hereinafter, "Exhibit 6")) reads:

> Q:   Have you ever signed Mr. Crouch's name to anything?
>
> A:   Unh-unh.
>
> Q:   Never?
>
> A:   Unh-unh. Unh-unh. *Never. Mr. Crouch was always able to sign his own name whenever we done business. No, I've never signed his name to nothing.* [sic]

(Exhibit 6, pp. 74-75 (emphasis added)). Ina Sue also admits that James Earl did not authorize any transactions past the date on which he and Ina Sue applied for the Annuity:

> A.   There was never no money changes or nothing unless he was there and aware of it. We had no money changes. No bank changes was made since May the 8th, 1998. And I think very he was very, very aware then.
>
> Q.   And when you say bank changes, you mean –
>
> A.   Changed something.
>
> Q.   – y'all didn't transact any business?
>
> A.   No. Transact no business whatsoever after May the 8th, 1998.
>
> Q.   Okay. And it's your testimony from May the 8th, 1998, until he died, your husband transacted no business?
>
> A.   Well, we just had CDs; and when they come due, we just let them review theirselves [sic].
>
> Q.   So it's an automatic renewal.
>
> A.   We didn't take them out. Just automatic renewal.

(Exhibit 6, pp. 44-45). Further, Ina Sue also testified that she and James Earl never changed the beneficiary of the annuity:

> Q. Tell me about the annuity that your husband had.
>
> A. I told you that a while ago.
>
> Q. Okay. Tell me again. I'm slow.
>
> A. Well, we just had an annuity with Lincoln Life Insurance Company.
>
> Q. And how many times has the beneficiary been changed on that?
>
> A. Never.
>
> Q. Never. So from the time it was first purchased until the time of your husband's death, the beneficiary was you?
>
> A. Yes. Right.

(Exhibit 6, p 93). Clearly, Ina Sue earlier stated that she had never signed James Earl's name and that he was always able to sign his name. This statement stands in direct contradiction to the affidavit of Ina Sue prepared and submitted by AmSouth in support of its Motion for Summary Judgment. Further, Ina Sue stated that she was always the beneficiary on the annuity, an assertion that is clearly contradicted by the facts.

15. The Eleventh Circuit has considered the issue of affidavits that conflict with earlier testimony and decided that summary judgment is generally inappropriate when the motion is supported by such contradictory affidavits. When the affidavit raises a flat, unexplained contradiction to the earlier deposition, the affidavit is to be ignored. *Tippens v. Celotex Corp.*, 805 F.2d 949, 953 (11th Cir. 1986). However, if the discrepancy may be "inherently inconsistent" with the deposition testimony, the inconsistency raises issues of credibility, which is the sole province of a jury. *Id.* at 953-54. In the instant case, either Ina Sue's affidavit is inherently inconsistent with

her deposition testimony, in which case the affidavit should be ignored by the Court, or it raises issues of credibility for a jury to decide. In either situation, the Court should deny AmSouth's Motion for Summary Judgment.

16.     Likewise, the affidavit of Ronda Robinson contradicts her earlier declaration filed in the United States District Court for the Southern District of Mississippi in support of another motion to transfer. In that affidavit, she states that she witnessed both James Earl and Ina Sue sign the purported change of beneficiaries form. (See Declaration attached hereto as Exhibit C).

17.     Additionally, Rule 56(e) requires that affidavits supporting a motion for summary judgment "shall be made on personal knowledge, [and] shall set forth such facts as would be admissible in evidence . . . ." Fed. R. Civ. P. 56(e). The affidavits of Ina Sue and Ronda Robinson submitted to support AmSouth's Motion rely on inadmissable evidence. For example, Exhibit 1 attached to AmSouth's Motion is an affidavit by Ina Sue. This affidavit is replete with hearsay statements which are inadmissible pursuant to F.R.E. 801 and are not excepted by F.R.E. 804. In the affidavit, Ina Sue makes the following inadmissible hearsay statements:

- "In 1998, my husband and I had some discussions about our financial security and we decided to look into the possibility of purchasing an annuity." (¶ 2)
- "Ronda T. Robinson informed us that she was a licensed representative of AmSouth Investment Services, Inc. and we could purchase an annuity through her." (¶ 2)
- "We intended to purchase an annuity which we would own jointly with the survivor of us getting the benefit of the annuity." (¶ 2)
- "Ronda T. Robinson informed us that she had made a mistake on the application form and that some additional paperwork had to be completed."(¶ 3)

- "Ronda T. Robinson explained to us that at the time annuity contract #774944 was issued, our son, James Edward Crouch was incorrectly named as the primary beneficiary of the annuity . . . ." (¶ 3)

- "[W]e told Ronda T. Robinson that we could come by the bank to complete the necessary forms . . . ." (¶ 3)

- "Ronda T. Robinson explained that we would need to fill out an annuity service request so that the primary beneficiary on the annuity contract #774944 could be changed from our son, James Edward Crouch to me and have our son listed as contingent beneficiary." (¶ 4)

- "[James Earl] asked me to sign his name as well as my own name on the form." (¶ 4).

These statements go to James Earl's purported intentions, and are clearly inadmissible as hearsay. Likewise, ¶¶ 5, 6, and 7 of the affidavit of Robin Robinson contain similary inadmissiable hearsay statements. A motion for summary judgment should not be granted upon evidence that would not be admissible at the trial of the matter. *Macuba v. Deboer*, 193 F.3d 1316, 1322-23 (11th Cir. 1999) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir. 1990) (further citations omitted); *Sires v. Luke*, 544 F.Supp. 1155, 1160 (S.D. Ga. 1982); *Smith v. Crosrol, Inc.*, 498 F.Supp. 697, 700 (M.D. Ala. 1980).

18. The Court should note that Ina Sue admits in her affidavit that she and her late husband were "tardy" in changing the beneficiary after receiving notice of their alleged error. The change in beneficiary was made almost two years after applying for the annuity. Surely, if this was indeed a mistake, the Crouches would have corrected this mistake as soon as possible. The fact that the

change in beneficiary was done almost two years later casts enough doubt upon the Defendants' version of the facts to make summary judgment inappropriate.

19. Finally, AmSouth argues that the wrong party is named, and that the Annuity was sold to the Crouches by an employee of AmSouth Investment Services, Inc. However, in her affidavit, Ronda Robinson states that she is an employee of both AmSouth Bank and AmSouth Investment Services. She further states that AmSouth Investment Services is a wholly owned subsidiary of AmSouth Bank. An employee of a bank working in a bank, serving customers of the bank, and wearing two hats, one for the bank and one for the bank's wholly owned subsidiary, clearly generates liability for both due to her fraud, negligence, and breach of duty. The Court should ignore this argument for the desperate attempt it is. Alternatively, the Court should grant leave for the Plaintiff to name AmSouth Investment Services as a defendant to this litigation.

20. Because genuine issues of material fact remain, this Court should deny AmSouth's Motion for Summary Judgment.

21. Should this Court grant Plaintiff's Motion to Continue AmSouth Bank's Motion for Summary Judgment, which is filed along with the instant Motion, Plaintiff reserves the right to amend this Response with any newly-discovered evidence.

WHEREFORE, PREMISES CONSIDERED, Plaintiff James E. Crouch respectfully requests this Court deny AmSouth Bank's Motion for Summary Judgment and enter an order to the same.

    Respectfully submitted,
    JAMES R. CROUCH


    By:   s/ Samuel S. McHard
    Samuel S. McHard, MS Bar No. 100295
    *pro hac vice*

BRYAN NELSON P.A.
Attorneys at Law
6524 U.S. Highway 98
P.O. Drawer 18109
Hattiesburg, MS 39404-8109
T: (601) 261-4100
F: (601) 261-4106

DRAFT

## CERTIFICATE OF SERVICE

    I do hereby certify that on March 24, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Carol Ann Estes Bustin
acbynum@netdoor.com
bustinlf@netdoor.com

Glenda W. Hughes
103-B Commerce St.
Wetumpka, AL 36092
**Attorney for Ina Sue Crouch**

Paul J. Delcambre, Jr.
pdelcambre@balch.com
lhale@balch.com
**Attorney for AmSouth Bank**

                                        s/ Samuel S. McHard
                                          Samuel S. McHard