IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES E. CROUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | 2:06-cv-00111-MEF |
| AMSOUTH BANK, INA SUE CROUCH ) | |
| and JOHN and JANE DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**REPORT OF PARTIES' PLANNING MEETING**

1. **Appearances**: Pursuant to Fed.R.Civ.P. 26(f) a meeting of the parties' representatives was held on April 7, 2006.

    (a) Appearing on behalf of Plaintiff Samuel S. McHard and Glenn White.

    (b) Appearing on behalf of Defendant AmSouth Bank, Charles B. Paterson, Joseph Seawell Moore, and Paul J. Delcambre, Jr.

    (c) Appearing on behalf of Defendant Mrs. Ina Sue Crouch, Glenda W. Hughes.

2. **Synopsis of Case**: Plaintiff James E. Crouch seeks damages against Defendant AmSouth Bank and Defendant Ina Sue Crouch arising from a dispute regarding the benefits payable under a $250,000 annuity contract issued by Lincoln National Life Insurance Company. The Plaintiff alleges in his amended complaint that he is the rightful beneficiary under the annuity contract to the exclusion of Defendant Ina Sue Crouch and that he was deprived of such benefits by the Defendants. The Plaintiff's claims are couched in terms of: (1) enforcement of settlement agreement; (2) specific performance; (3) breach of fiduciary duty (4) negligence; (5) breach of contract; and (6) tortuous interference with the contract.

    The Defendants deny the allegations contained in the Plaintiff's complaint and contend that the Plaintiff has no interest in the benefits of the annuity contract in question.

3. **Join Additional Parties/Amended Pleadings**:

   (a) The Plaintiff shall have until July 1, 2006 join any additional parties and to amend the pleadings.

   (b) The Defendants shall have until August 1, 2006 to join any additional parties and to amend the pleadings.

4. The parties shall have until November 1, 2006 to file any dispositive motions.

5. **Expert Testimony**: Unless modified by stipulation of the parties, the disclosure of expert witnesses-including a complete report under Fed.R.Civ.P. 26(a)(2)(B) for any specially retained or employed expert are due from:

   (a) Plaintiff: October 1, 2006.

   (b) Defendants: October 30, 2006.

6. **Discovery Limitations and Cutoffs**: The parties jointly propose to the court the following discovery plan:

   (a) Maximum of five (5) depositions for the Plaintiff and five (5) depositions for the Defendants, excluding expert depositions, with a maximum time limit of eight (8) hours per deposition, unless extended by agreement of the parties.

   (b) Maximum of thirty (30) interrogatories to each party with responses due within thirty (30) days after service.

   (c) Supplementation under Rule 26(e), Fed.R.Civ.P. due 14 days before the close of discovery.

7. **Pre-discovery Disclosure**:

   (a) The parties shall exchange the information required by local Rule 26.1(a)(1) by June 1, 2006.

   (b) All discovery must be commenced in time to be completed by December 1, 2006.

8. **Pre-trial Conference**: The parties request a pre-trial conference to be scheduled in December 2006.

9. **Trial:** The parties request this case be set for a trial by jury in the June 2007 term. The trial is expected to last two days.

10. **Final List:** Final list of trial witnesses and exhibits under Fed.R.Civ.P. 26(a)(3) must be served and filed by the parties at least thirty (30) days before trial and objections are to be filed within ten (10) days after receipt of final list.

11. **Scheduling Conference:**  The parties do not request a scheduling conference prior to the entry of the Scheduling Order.

12. **Motions in Limine:**  All limine motions should be filed thirty (30) days before trial.

13. **Settlement:**  Settlement cannot be realistically evaluated prior to the completion of some discovery.

14. **Suitability of Action for Mediation:**  This case appears to be a matter that might benefit from the process of mediation.  However, the parties cannot realistically evaluate the suitability of this action for mediation prior to the completion of some discovery.

Respectfully submitted this 7th day of April, 2006.

        /s/ Samuel S. McHard
        One of the Attorneys for Plaintiff James E. Crouch

**OF COUNSEL:**

Samuel S. McHard
MS Bar No. 100295
BRYAN NELSON, P.A.
Attorneys at Law
6524 U.S. Highway 98
P.O. Drawer 18109
Hattiesburg, MS 39404-8109
Telephone:  (601)261-4100
Facsimile:  (601)261-4106

Glenn White, Esq.
Post Office Box 672
Petal, MS 39465
Phone: (601) 544-8855
Fax: (601) 544-8889

                /s/ Charles B. Paterson
                One of the Attorneys for Defendant,
                AmSouth Bank

**OF COUNSEL:**

Charles B. Paterson
AL Bar No. ASB-1542-R73C
Joseph Seawell Moore
AL Bar No. ASB-9146-O77M
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
cpaterson@balch.com
jsmoore@balch.com

Paul J. Delcambre, Jr.
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228)864-9900
Facsimile: (228) 864-8221
pdelcambre@balch.com

                /s/ Glenda W. Hughes
                Attorney for Defendant Ina Sue Crouch

**OF COUNSEL:**

Glenda W. Hughes, Esq.
103-B Commerce Street
Wetumpka, Alabama 36092

166582.2      4