IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

**JAMES E. CROUCH**                                                                   **PLAINTIFF**

**VS.**                                                                  **CIVIL ACTION NO. 2:06-CV-00111-MEF**

**AMSOUTH BANK, INA SUE**                                                    **DEFENDANTS**
**CROUCH, AMSOUTH INVESTMENT**
**SERVICES, INC., LINCOLN**
**NATIONAL LIFE INSURANCE**
**COMPANY, and**
**JOHN and JANE DOES 3-10**

## SECOND AMENDED COMPLAINT

COMES NOW the Plaintiff, James E. Crouch, by and through his attorneys, and files this Complaint against the Defendants, AMSOUTH Bank, Ina Sue Crouch, AMSOUTH Investment Services, Inc., Lincoln National Life Insurance Company, and John and Jane Does 3-10, and would respectfully show unto the Court as follows:

1. Plaintiff, James E. Crouch, is a Mississippi resident.

2. Defendant AMSOUTH Bank (hereafter "AmSouth") is an Alabama corporation having its principal place of business at 1900 Fifth Avenue North, Birmingham, Alabama 35203, and the said is authorized to do and is doing business in the State of Mississippi and process was effected upon such corporate defendant by serving its attorney of record, Hon. Paul J. Delcambre, Jr., Balch & Bingham LLP, P.O. Box 130, Gulfport, Mississippi 39502.

3. Defendant Ina Sue Crouch is an adult resident of Alabama and process was effected upon said Defendant by serving her former attorney of record, Carol Ann Bustin, Bustin Law Firm, 109 Fairfield Drive, Suite 109, Hattiesburg, Mississippi 39402.

-1-



4.      Defendant AMSOUTH Investment Services, Incorporated (hereafter "AISI"), formerly named John and Jane Doe 1 in the prior complaint, is an Alabama corporation having its principal place of business at 250 Riverchase Parkway East, RCS4, Birmingham, Alabama 35244, and the said corporation is authorized to do and is doing business in the State of Alabama, and process may be had upon such corporate defendant by serving its attorney of record or by serving its registered agent.

5.      Defendant Lincoln National Life Insurance Company (hereafter"Lincoln"), formerly named John and Jane Doe 2 in the prior complaint, is an Indiana corporation, having its principal place of business at 1300 South Clinton Street, Fort Wayne, Indiana 46801, and the said corporation is authorized to do and is doing business in the State of Alabama, and process may be had upon such corporate defendant by serving its registered agent, Prentice-Hall Corporation System, 150 South Perry Street, Montgomery, Alabama 36104.

6.      Defendants John and Jane Does 3-10 are corporations, individuals, partnerships, associations, or other entities whose identities are unknown to the Plaintiff at present but who are responsible for negligent acts and/or omissions that contributed to Plaintiff's damages. Plaintiff avers that he should be allowed to amend this Complaint to include the correct identity of such corporations, individuals, partnerships, associations, or other entities as Defendants herein at such time as the same may be ascertained by Plaintiffs and they hereby respectfully request leave of the Court to do so pursuant to Rule 15 of the Federal Rules of Civil Procedure and pursuant to Rule 9(h) of the Mississippi Rules of Civil Procedure.

### VENUE AND JURISDICTION

7.      This Court has personal jurisdiction and subject matter jurisdiction.

## **FACTS**

8.     Plaintiff James Edward Crouch is the son of James Earl Crouch, deceased. In 1998, the senior Mr. Crouch informed his son that he had purchased an annuity contract #774944 at AmSouth from Lincoln in an amount of $250,000 (hereinafter "Annuity Contract"), and that Plaintiff James Edward Crouch was listed as the sole beneficiary on the Annuity Contract.

9.     James Earl Crouch died on February 14, 2001. Plaintiff has since been informed that the beneficiary of the Annuity Contract was changed without his father's knowledge or consent.

10.    On or about September 25, 2002, the Plaintiff filed his Complaint for Discovery seeking copies of any and all annuities purchased by James Earl Crouch and any and all documents relating to the annuity contract, including documents related to the beneficiary and/or changes to the beneficiary of the annuity in order to establish his claim to the proceeds of the Annuity Contract.

11.    Proper discovery was propounded by Plaintiff seeking the above referenced information with respect to the annuity but AmSouth failed and refused to produce the same. In connection with a motion to compel said discovery, on or about November 12, 2002, counsel for the Defendant conferred with Plaintiff's counsel and acknowledged the existence of the Annuity Contract purchased by James Earl Crouch and documents related to the annuity and/or annuities, including documents relating to the beneficiary and/or changes to the beneficiary. After acknowledging possession of the documents, counsel agreed to produce the documents in response to the Complaint for Discovery. Counsel then refused to produce any documents in contradiction of the settlement agreement.

12. On or about January 22, 2002, Ina Sue Crouch stated under oath that the beneficiary on the Lincoln Life Insurance Annuity was never changed from its date of purchase, that she was the original and sole named beneficiary on the annuity, and that she never signed her husband's signature on any documents.

13. On or about October 22, 2004, counsel for the Plaintiff was made aware by counsel for the Defendant, AmSouth Bank, that Defendant, Ina Sue Crouch, refused to give her consent to release copies of the relevant documents reflecting the Annuity Contract and its beneficiary designations and/or changes.

14. On April 27, 2005, the United States District Court for the Southern District of Mississippi instructed counsel for AmSouth to produce the annuity documents so that Plaintiff's counsel could determine whether the signature on the change of beneficiary forms was forged.

15. AmSouth's Pre-Discovery Disclosure filed on or about May 5, 2005, did contain the original application (Exhibit 1) and the "change of beneficiary" form (Exhibit 2). Those exhibits demonstrate that the signature of Mr. Crouch, Sr. was forged on the change of beneficiary form and that his purported signature on the form is identical to the handwriting of Ina Sue Crouch.

16. On May 9, 2005, counsel for Plaintiff notified counsel for AmSouth of the obvious forgery on the "change of beneficiary" form.

17. The Annuity Contract was issued by Lincoln National Life Insurance Company in May, 1998.

18. The Annuity Contract was sold to James E. Crouch by AmSouth Bank and its wholly owned subsidiary, AISI. AmSouth and AISI were agents of Lincoln and were specifically

identified as agent #437.

19. Ronda Robinson was the employee and agent of AmSouth and AISI who sold the annuity contract and assisted in administering the annuity contract.

20. Plaintiff was an annuitant beneficiary designee named by his father who was the only annuitant.

21. The Annuity Contract provides that a non-annuitant owner's death causes the benefits to go to the joint owner and the owner beneficiary designations control only if there is not a joint owner; however, annuitant beneficiary designations control over the rights of joint owners.

22. "But for" the purported change of beneficiary form dated April 4, 2000, and signed only as owner and joint owner, Plaintiff would have gotten all the proceeds.

23. Defendant Lincoln issued the subject Annuity pursuant to a "national selling agreement" with AmSouth and/or AISI. Lincoln specifically authorized AmSouth and/or AISI to issue and sell its products, including the Annuity contract. Further, Lincoln authorized Ronda Robinson, an agent of AmSouth and/or AISI, to issue and sell its products.

24. Ronda Robinson held no license or authority to sell life insurance in Alabama before November, 1997, and became authorized to sell Lincoln products in Alabama on November 26, 1997.

25. Ronda Robinson applied to become an agent for Lincoln on or about the last week of September, 1997.

26. Lincoln provided no rules, regulations, or procedures and no education or training to Ronda Robinson, AmSouth, or AISI in connection with selling or administering contracts such

as the Annuity contract.

27. Upon information and belief, AmSouth and AISI provided no rules, regulations, or procedures and no education or training to Ronda Robinson.

28. Lincoln terminated the license of Ronda Robinson to sell its products in Alabama on August 24, 2004.

## COUNT I - BREACH OF CONTRACT

29. Plaintiff repeats and realleges the preceding paragraphs by reference.

30. Plaintiff was a third party beneficiary of the annuity contract because he was the annuitant beneficiary designee of his father, the sole annuitant.

31. Ina Sue Crouch had no contractual right to change the annuitant beneficiary designation of the Annuity Contract.

32. By purporting to permit a joint annuity owner to change the annuitant beneficiary designee under the annuity contract, all defendants breached the Annuity Contract.

33. By submitting the beneficiary change form, AmSouth, AISI, and Ina Sue Crouch breached the annuity contract.

34. By submitting the beneficiary change form, knowing the signature of James Edward Crouch was forged, AmSouth, AISI, and Ina Sue Crouch breached the annuity contract.

35. By paying the proceeds of the annuity contract to Ina Sue Crouch, Lincoln breached the annuity contract.

WHEREFORE, Plaintiff requests the following relief:

    a. Compensatory damages of $290,487.96 plus pre judgment interest thereon after March 19, 2001;

      b.    Consequential damages including attorney fees;

      c.    Costs of suit;

      d.    Punitive damages;

      e.    Post judgment interest; and

      f.    For such other legal and equitable relief as the Court deems appropriate.

## COUNT II - SPECIFIC PERFORMANCE

36. Plaintiff repeats and realleges the preceding paragraphs by reference.

37. Plaintiff requests specific performance of the Annuity Contract as entered without any improper change of beneficiary thereafter.

WHEREFORE, Plaintiff demands specific performance of the Annuity Contract as entered in May, 1998.

## COUNT III - NEGLIGENCE

38. Plaintiff repeats and realleges the preceding paragraphs by reference.

39. Defendant had a duty to the Plaintiff, as a beneficiary of the annuity and to the purchaser of the annuity, James Earl Crouch, to insure that the designated annuitant beneficiary receive the proceeds of the Annuity Contract.

40. The Defendants, AmSouth, AISI, and Lincoln breached the duties owed to Plaintiff and were negligent in the following particulars, to-wit:

      a.    Each of said Defendants failed to provide policies, procedures, rules, and regulations for the sales and administration of the Annuity Contract to Ronda Robinson.

      b.    Each of said Defendants failed to provide education and training to Ronda

        Robinson regarding the sale and administration of the Annuity Contract.

    c.    Each of the Defendants failed to supervise the work of its inexperienced and untrained agent, Ronda Robinson.

    d.    Defendant Lincoln failed to provide rules, regulations, policies, procedures, education, and training to AmSouth and AISI regarding the sale and administration of the Annuity Contracts.

41.    As a direct and proximate result of said breaches of their duties, Defendants Lincoln, AmSouth, and AISI proximately caused Plaintiff's damages, namely the loss of his right as the sole annuitant beneficiary designated to receive the benefits of $290,487.96 as of March 19, 2001.

WHEREFORE, Plaintiff requests the following relief:

    a.    Compensatory damages of $290,487.96 plus pre judgment interest thereon after March 19, 2001;

    b.    Consequential damages including attorney fees;

    c.    Costs of suit;

    d.    Punitive damages;

    e.    Post judgment interest; and

    f.    For such other legal and equitable relief as the Court deems appropriate.

## COUNT IV - FRAUD

42.    Plaintiff repeats and realleges the preceding paragraphs by reference.

43.    Defendants AmSouth, AISI, and Ina Sue Crouch improperly conspired and fraudulently submitted the change of beneficiary form (Exhibit 2) knowing it was a forged

document signed by Ina Sue Crouch who had no contractual right to change the beneficiary of the annuity contract.

44.     Defendants AmSouth, AISI, and Ina Sue Crouch conspired to change their original representations in United States District Court that the signature of the sole annuitant, James Edward Crouch, was his valid signature witnessed by Ronda Robinson after AmSouth was forced to disclose the change of beneficiary form which bore the obvious forgery. Only thereafter did said Defendants contend that the forged signature of Jamed Edward Crouch was instead the purported "authorized signature" thereof by Ina Sue Crouch despite her prior sworn testimony that she had never signed her husband's name.

WHEREFORE, Plaintiff requests the following relief:

    a.    Compensatory damages of $290,487.96 plus pre judgment interest thereon after March 19, 2001;

    b.    Consequential damages including attorney fees;

    c.    Costs of suit;

    d.    Punitive damages;

    e.    Post judgment interest; and

    f.    For such other legal and equitable relief as the Court deems appropriate.

## COUNT V - TORTIOUS INTERFERENCE WITH CONTRACT

45.     Plaintiff repeats and realleges the preceding paragraphs by reference.

46.     By submitting the change of beneficiary form and by submitting the request for payment of the annuity proceeds in lump sum to Ina Sue Crouch, AmSouth and AISI tortiously interfered with the annuity contract between James Earl Crouch and Lincoln.

WHEREFORE, Plaintiff requests the following relief:

a. Compensatory damages of $290,487.96 plus pre judgment interest thereon after March 19, 2001;

b. Consequential damages including attorney fees;

c. Costs of suit;

d. Punitive damages;

e. Post judgment interest; and

f. For such other legal and equitable relief as the Court deems appropriate.

## COUNT VI - CONSTRUCTIVE TRUST

47. Plaintiff repeats and realleges the preceding paragraphs by reference.

48. The proceeds from the Annuity Contract, which were improperly paid to Ina Sue Crouch, should be held in constructive trust and ordered to be paid to Plaintiff as the rightful owner thereof.

WHEREFORE, Plaintiff requests that the Court impose a constructive trust on the proceeds of the annuity paid to Ina Sue Crouch and order that the funds be paid to Plaintiff as beneficiary of said trust.

WHEREFORE, Plaintiff requests the relief as requested in the Counts above.

Respectfully submitted,

JAMES E. CROUCH


By:   s/ Samuel S. McHard
Samuel S. McHard, MS Bar No. 100295
pro hac vice

BRYAN NELSON P.A.
Attorneys at Law
6524 U.S. Highway 98
P.O. Drawer 18109
Hattiesburg, MS 39404-8109
T: (601) 261-4100
F: (601) 261-4106

Glenn L. White
Glenn L. White, PLLC
207 Old Richton Road
Post Office Box 672
Petal, MS 39465
T: (601) 544-8855
F: (601) 544-8889

## CERTIFICATE OF SERVICE

I do hereby certify that on June ____, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent electronic notification of such filing to the following:

Glenda W. Hughes
ghughes.atty@ATT.net
**Attorney for Ina Sue Crouch**

Paul J. Delcambre, Jr.
pdelcambre@balch.com
lhale@balch.com

Joseph Seawell Moore
jsmoore@balch.com
dharris@balch.com

Charles Burton Paterson
cpaterson@balch.com
bleveille@balch.com
**Attorneys for AmSouth Bank**

s/ Samuel S. McHard
Samuel S. McHard

**LINCOLN NATIONAL LIFE INSURANCE CO.**
A part of LINCOLN NATIONAL CORPORATION

Premium Deferred Fixed Annuity Application

Product Name: **Investor's Choice**

MARKET: ☒ Non-Qualified  ☐ New IRA (Year ___)  ☐ IRA Transfer  ☐ IRA Rollover  ☐ Other: ___

**ANNUITANT INFORMATION** (Please Print)
Full Name: James E. Crouch
Sex: ☒ M  ☐ F   Birthdate: 4/12/28
Soc. Sec. #: 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   Maturity: AGE 100
Primary Beneficiary: James Edward Crouch
Relationship: Son
Contingent Beneficiary: ___
Relationship: ___

**OWNER INFORMATION**
Contract Owner: ___
Birthdate: __/__/__   Tax ID #: ___
Relationship to Annuitant: ___

**JOINT OWNER INFORMATION**
Joint Owner (if any): Sue Crouch
Birthdate: 10/13/23   Tax ID #: 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
Relationship to Owner: Wife

Note: Joint Owners have equal rights under the contract. Upon a non-annuitant Owner's death, Surrender Value proceeds will be paid to any surviving Owner as beneficiary. Only spousal beneficiaries may continue the contract.

**MAILING ADDRESS** (All policy correspondence will be sent to this address).
Name: James E. or Sue Crouch
Address: 360 Old 231 N.
Wetumpka, AL 36092
Phone #: (334) 567-0183

**OWNER BENEFICIARY INFORMATION**
Owner's Beneficiary: ___
Relationship: ___
Note: Owner Beneficiary designations are applicable only when there is no Joint Owner.

Replacement: Will the proposed contract replace any existing annuity or insurance contract?
☐ Yes  ☒ No   If "Yes", give details in "Remarks" section.

Initial Premium Deposit: $250,000.00

Optional Contribution Modes:
☐ Monthly/PAC  ☐ Annual   $___
☐ Quarterly  ☐ Semi-Annual

Remarks:
Principal Approved
Signature ___
Date MAY 12 1998

[Stamps: SOUTH INVESTMENTS 98 MAY 12 AM 8:24]

Signed at: Wetumpka (City)   AL (State)   5/7/98 (Date)

X _James E. Crouch_    X _Sue Crouch_
Signature of Owner    Signature of Joint Owner (If applicable)

**AGENT'S REPORT**
Do you have any knowledge or reason to believe that the Proposed Contract will replace any existing annuity or insurance Contracts (including Lincoln National Life Insurance Company Contracts) which have been changed in premium amount, placed on paid-up, or surrendered?
☐ Yes  ☒ No   If "yes", list company, plan, year issued.

CHECK RECEIVED
5/12/98
250,000.00

X _Ronda Robinson_
Agent's Signature
Ronda Robinson #1069
Print Agent Name & Number

EXHIBIT 1

Home Office Endorsement

Form LN-1799 (12/90)   Administrative Office: 1801 South Meyers Road • Oakbrook Terrace, Illinois 60181-5214 • (708)916-0095   IIB3.0

**AmSouth Investment Services, Inc.**
Member NASD & SIPC

# FIXED ANNUITY PURCHASE AUTHORIZATION FORM

Complete this form and fax to the PRD at (800) 316-4009

## CLIENT INFORMATION

Account Title: **James E. or Sue Crouch**    Account Number: _____

Occupation(s): **Retired**    Date(s) of Birth: **4/12/28 - 10/13/23**

**Estimated Annual Household Income**
- [ ] $0-25,000
- [ ] $25,001-50,000
- [x] $50,001-100,000
- [ ] over $100,000

**Estimated Federal Tax Bracket**
- [ ] 15%
- [x] 28%
- [ ] 31%
- [ ] 36%
- [ ] 39.6%

**Estimated Net Worth (Excluding home & personal property)**
- [ ] $0-50,000
- [ ] $50,001-100,000
- [ ] $100,001-250,000
- [x] over $250,000

**Estimated Cash Equivalents** (After this purchase: Checking, Savings, Money Markets, Treasury Bills, CDs with Maturities less than one year)
- [ ] $0-5,000
- [ ] $5,001-15,000
- [ ] $15,001-25,000
- [x] over $25,000

**Investment Objective for this Purchase:**
- [x] Tax Savings
- [ ] Income
- [ ] Growth & Income
- [ ] Growth
- [ ] Aggressive Growth

**Investment Experience:**
- [x] None
- [ ] Annuities
- [ ] Mutual Funds
- [ ] Stocks
- [ ] Bonds
- [ ] Other _____

**Investment Horizon for this Purchase:**
- [ ] Less than 1 year
- [ ] 1 to 4 years
- [x] 5 to 9 years
- [ ] 10 to 14 years
- [ ] 15 years or longer

**Overall Risk Tolerance:**
- [x] Conservative
- [ ] Moderate
- [ ] Aggressive

*AMSOUTH INVESTMENTS 98 MAY 12 AM 8:*

## PURCHASE INFORMATION - FIXED ANNUITY

Insurance Company: **Lincoln National**    Annuity Product: **Investor's Choice**
Amount: **250,000.00**    Surrender charge of **8** % declining over **6** years.
- [x] Initial Investment
- [ ] Additional Investment    Source of Funds **CD, mm**    [x] inside    [ ] outside

**Rate Disclosures**
1) The initial rate is **6** %, offered for one full year and includes a bonus rate of **1** %.
2) The base rate is **5** %. The minimum rate guaranteed is **3** %.
3) Renewal rates may be higher or lower and will not include the bonus rate.    [x] Contract # **256308**

## IMPORTANT CLIENT DISCLOSURES – PLEASE READ

To ensure that you understand the key elements of this investment, please review the following and sign below.

1. An IRS penalty of 10% may apply on withdrawals made prior to age 59-1/2.
2. Annuities are issued and underwritten by insurance companies that are not affiliated with AmSouth Investment Services, Inc. This product is not a deposit, is not an obligation of, or guaranteed by AmSouth Bank or any of its affiliates. This investment is not insured by the FDIC and is subject to investment risk, including possible loss of the principal amount invested.

_James E. Crouch_  **5/7/98**    _Sue Crouch_    **5/7/98**
CLIENT SIGNATURE    DATE    CLIENT SIGNATURE    DATE

_Ronda Robinson #1069_  **5/7/98**        **MAY 12 1998**
AGENT SIGNATURE/AGENT NUMBER    DATE    PRINCIPAL SIGNATURE    DATE

Form #501815
ORIGINAL - ISR    YELLOW - OSI    PINK - CUSTOMER

# Lincoln National Life Insurance Co.
a part of LINCOLN NATIONAL CORPORATION

## ANNUITY SERVICE REQUEST
### Contract Changes

Annuitant's Name: James E. Crouch

Contract #: 774944

Institution/Agency: AmSouth Bank

Tax I.D.#: _____

### SECTION A - BENEFICIARY CHANGES

In accordance with the provisions of this contract, I hereby revoke all former designations and replace them as follows for: ☒ Annuitant's Beneficiary   ☐ Owner's Beneficiary

| Primary | Contingent | Name and Address | % | Relationship |
|---|---|---|---|---|
| ☒ | ☐ | Sue Crouch | 100 | Wife |
| ☐ | ☒ | James Edward Crouch | 100 | Son |
| ☐ | ☐ | | | |
| ☐ | ☐ | | | |

### SECTION B - NAME CHANGES

Name change for:
☐ Annuitant
☐ Primary Owner
☐ Joint/Contingent Owner

Reason for change:
☐ Marriage
☐ Divorce
☐ Legally Changed (include copy)
☐ Other: _____

Print new name: _____
Old signature: _____
New signature: _____

### SECTION C - ADD/CHANGE OWNER

To be added/changed:
☐ Primary Owner
☐ Joint/Contingent Owner

Reason for change:
☐ Marriage
☐ Divorce
☐ Court Ordered (include copy)
☐ Change to a Trust

Name: _____

The LNL contract does not allow changes to ownership for any reason other than those listed above. Assignments are also not allowed on this annuity contract.

### SECTION D - ADDRESS CHANGE

New mailing address:
Street: _____
City: _____
State, Zip: _____
Effective date of change: _____

An acknowledgment of this change will be sent to both the old and the new address. Future correspondence will be sent to the new address as shown above.

### SECTION E - DUPLICATE CONTRACT

This is to certify that the original copy of the annuity contract has been lost. Please forward a duplicate contract for my records to the following address:

Name: _____
Address: _____
City, State, Zip: _____

If the original contract is found, it should be returned to Lincoln National immediately.

### SECTION F - OTHER REQUESTS

### SECTION G - SIGNATURES

The effective date of this Contract Change Request will be the date the form is received and recorded in the Administrative Office of Lincoln National Life Insurance Company.

Dated at: Wetumpka, AL    on the 4 day of April, 2000

Owner: James E. Crouch       Agent/Witness: Ronda Robinson
Joint Owner: Sue Crouch      Agent/Witness: Robinson

1801 South Meyers Road • Oakbrook Terrace, Illinois 60181-5214 • (630) 916-0095    LN-3110 (8/95)

EXHIBIT 2

+8474663111          ESTMENTS, TEL=205 560 7087      10/21 '02 10:36