IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES E. CROUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | 2:06-cv-00111-CSC |
| AMSOUTH BANK, INA SUE CROUCH ) | |
| and JOHN and JANE DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

### AMSOUTH BANK AND AMSOUTH INVESTMENT SERVICES, INC.'S ANSWER TO SECOND AMENDED COMPLAINT

**First Defense**

COMES NOW, Defendants AmSouth Bank ("AmSouth") and AmSouth Investment Services, Inc. ("AIS") (collectively "Defendants"), in the above-referenced proceeding, by and through its attorneys of record, Balch & Bingham LLP, and file this Answer and Defenses to the Second Amended Complaint filed herein against them.  Defendants adopt and incorporate by reference AmSouth's previously filed Answer to Amended Complaint as if set forth herein.  Defendants answer the Second Amended Complaint as follows:

1. Admitted.

2. Admitted.

3. It is admitted that Ina Sue Crouch is an adult resident citizen of Alabama.  Defendants are without knowledge to answer the remaining allegations in paragraph 3.

4. Defendants admit that AmSouth Investment Services, Inc. is an Alabama corporation with its principal place of business in Birmingham, Alabama.  Defendants deny that AIS is a proper party to this litigation.  It is well-settled that fictitious party practice does not

169665.1

exist under federal law. *See Floyd v. Allstate Insurance Co.*, 989 F. Supp. 1435, 1436 (M. D. 1998) ("Accordingly, the court finds that the fictitious Defendants named in the Plaintiff's Complaint are due to be dismissed, there being no provision for fictitious party practice under federal law").

5.   Denied.

6.   Denied. It is well-settled that fictitious party practice does not exist under federal law. *See Floyd v. Allstate Insurance Co.*, 989 F. Supp. 1435, 1436 (M. D. 1998) ("Accordingly, the court finds that the fictitious Defendants named in the Plaintiff's Complaint are due to be dismissed, there being no provision for fictitious party practice under federal law").

## Venue and Jurisdiction

7.   It is admitted that this Court has jurisdiction over AmSouth and AIS. It is denied that AIS is a proper party to this litigation.

## FACTS

8.   It is admitted that James Edward Crouch is the son of James Earl Crouch deceased. The remaining allegations of paragraph 8 of the Second Amended Complaint not specifically admitted herein are denied.

9.   It is admitted that James Earl Crouch died on February 14, 2001. The remaining allegations of paragraph 9 of the Second Amended Complaint not specifically admitted herein are denied.

10.   It is admitted that on or about September 25, 2002, Plaintiff filed a Complaint for discovery seeking copies of annuities purchased by James Earl Crouch and any and all documents relating to the annuities. The remaining allegations of paragraph 10 of the Second Amended Complaint not specifically admitted herein are denied.

169665.1                                    2

11. It is admitted that discovery was propounded to AmSouth. The remaining allegations of paragraph 11 of the Second Amended Complaint not specifically admitted are denied as stated.

12. Defendants have insufficient information from which to either admit or deny the allegations of paragraph 12 of the Second Amended Complaint in so far as the statements made by Ina Sue Crouch are concerned. The remaining allegations of paragraph 12 of the Second Amended Complaint not specifically admitted are denied.

13. It is admitted that on or about October 22, 2004, counsel for AmSouth Bank advised counsel for the Plaintiff that the customer refused to waive her rights under the Gramm-Leach Bliley Act protecting regarding the confidentiality of financial information so as to prevent the release of information relating to her financial transactions. The remaining allegations of paragraph 13 of the Second Amended Complaint not specifically admitted herein are denied.

14. Denied.

15. Denied.

16. Denied.

17. Admitted.

18. AmSouth denies that it sold the Annuity Contract to James E. Crouch. AmSouth Investment Services admits that it sold the Annuity Contract to James E. Crouch as an agent of Lincoln National Insurance Company. The remaining allegations of paragraph 18 of the Second Amended Complaint not specifically admitted are denied.

19. Ronda Robinson was the licensed representative of AIS who sold and assisted in administering the annuity contract.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Ronda Robinson was a licensed representative of AIS when she sold the annuity contract in question. Defendants are without knowledge to answer the remaining allegations in paragraph 24 of the Second Amended Complaint.

25. Defendants are without knowledge to answer paragraph 25 of the Second Amended Complaint.

26. Denied.

27. Denied.

28. Denied.

## COUNT I – BREACH OF CONTRACT

29. In response to the allegations of paragraph 29 of the Second Amended Complaint, Defendants adopt and incorporate by reference paragraphs one through 28 of this Answer.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT II – SPECIFIC PERFORMANCE

36. In response to the allegations of paragraph 36 of the Second Amended Complaint,

Defendants adopt and incorporate by reference paragraphs one through 35 of this Answer.

 37. Denied.

## COUNT III – NEGLIGENCE

 38. In response to the allegations of paragraph 38 of the Second Amended Complaint, Defendants adopt and incorporate by reference paragraphs one through 37 of this Answer.

 39. Denied.

 40. Denied.

 41. Denied.

## COUNT IV – FRAUD

 42. In response to the allegations of paragraph 42 of the Second Amended Complaint, Defendants adopt and incorporate by reference paragraphs one through 41 of this Answer.

 43. Denied.

 44. Denied.

## COUNT V – TORTIOUS INTERFERENCE WITH CONTRACT

 45. In response to the allegations of paragraph 45 of the Second Amended Complaint, Defendants adopt and incorporate by reference paragraphs one through 44 of this Answer.

 46. Denied.

## COUNT VI – CONSTRUCTIVE TRUST

 47. In response to the allegations of paragraph 47 of the Second Amended Complaint, Defendants adopt and incorporate by reference paragraphs one through 46 of this Answer.

 48. Denied.

## REQUEST FOR RELIEF

Defendants deny the averments of the "WHEREFORE" clauses following Paragraphs 35, 37, 41, 44, 46, and 48 of the Second Amended Complaint and deny that plaintiff is entitled to the

relief requested therein or to any relief whatsoever.

## Second Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted.

## Third Defense

Defendants deny each and every allegation of the Second Amended Complaint not expressly admitted and further deny that plaintiff is entitled to any relief.

## Fourth Defense

Some or all of plaintiff's claims are barred by the applicable statute of limitations. In particular, the tort claims against AIS are barred by the applicable statute of limitations.

## Fifth Defense

Defendants have not breached any duty or committed any wrongful acts against the plaintiff.

## Sixth Defense

Defendants aver that it is well-settled that fictitious party practice does not exist under federal law.

## Seventh Defense

The amount of any compensatory or punitive damages that plaintiff seeks to recover from Defendants is subject to the applicable damage caps.

## Eighth Defense

The punitive damages sought by plaintiff are unconstitutional under the Excessive Fines Clause of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Plaintiff's claims for punitive damages are barred further because

the acts and omissions, if any, of Defendants which are specifically denied, fail to rise to the level required to sustain an award of punitive damages.

### Ninth Defense

Any claims for punitive damages by plaintiff cannot be sustained because any award of such damages by a jury that [1] is not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a damage award, [2] is not expressly prohibited from awarding such damages, or determining the amount of an award of such damages, in whole or in part, on the basis of invidiously discriminatory characteristics, [3] is permitted to award such damages under a standard for determining liability for such damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes such damages permissible, and [4] is not subject to judicial review on the basis of objective standards, would violate Defendants' due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by the Alabama Constitutional Provisions providing for due process, equal protection and guarantee against double jeopardy.

### Tenth Defense

Any claims for punitive damages by plaintiff cannot be sustained because any award of such damages without proof of every element beyond a reasonable doubt would violate Defendants' due process rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and under the due process provisions of the Alabama Constitution.

### Eleventh Defense

Defendants reserve the right to amend this answer to add all applicable affirmative defenses as are warranted in this matter.

Respectfully submitted this 10th day of July, 2006.

                                             s/Joe S. Moore
                                             One of the Attorneys for Defendant,
                                             AmSouth Bank

**OF COUNSEL:**

Charles B. Paterson (PAT018)
Joseph Seawell Moore (MOO106)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
cpaterson@balch.com
jsmoore@balch.com


Paul J. Delcambre, Jr.
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone:  (228)864-9900
Facsimile:  (228) 864-8221
pdelcambre@balch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following:

| | |
|---|---|
| Glenn L. White, Esquire<br>Holmes & White, PLLC<br>601 Highway 42 E<br>P.O. Box 672<br>Petal, Mississippi 39465<br><br>*Attorney for James E Crouch* | Carol Ann Estes Bustin<br>Bustin Law Firm<br>109 Fairfield Drive, Suite 109<br>Hattiesburg, Mississippi 39402<br><br>*Attorney for Ina Sue Crouch* |
| Samuel S. McHard, Esq.<br>Bryan Nelson Randolph PA<br>P.O. Box 18109<br>Hattiesburg, Mississippi 39404<br><br>*Attorney for James E. Crouch* | Glenda W. Hughes, Esq.<br>103-B Commerce Street<br>Wetumpka, Alabama 36092<br><br>*Attorney for Ina Sue Crouch* |

In addition, I hereby certify that I have mailed by United States Postal Service a copy of the foregoing document to any non-CM/ECF participants.

Done this the 10th day of July, 2006.

    s/Joe S. Moore
    Of Counsel

169665.1

9