IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES E. CROUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 2:06-cv-00111-MEF |
| LINCOLN NATIONAL LIFE INSURANCE | ) | |
| COMPANY *et al*., | ) | |
| | ) | |
| Defendants. | ) | |

**ANSWER OF DEFENDANT LINCOLN NATIONAL LIFE INSURANCE COMPANY**

Lincoln National Life Insurance Company ("Lincoln") hereby answers Plaintiff's Second Amended Complaint as follows:

1. Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 1 of the Complaint; accordingly, these allegations are denied.

2. Lincoln admits on information and belief that AmSouth Bank ("AmSouth") is an Alabama corporation having its principal place of business in Alabama. Except as admitted herein, Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 2 of the Complaint; accordingly, these allegations are denied.

3. Lincoln admits on information and belief that Ina Sue Crouch is a resident of Alabama. Except as admitted herein, Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 3 of the Complaint; accordingly, these allegations are denied.

4. Lincoln admits on information and belief that AmSouth Investment Services, Incorporated ("AISI") is an Alabama corporation having its principal place of business in Alabama. Except as admitted herein, Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint; accordingly, these allegations are denied.

5. Lincoln admits that it is an out-of-state corporation doing business in Alabama.

6. Lincoln states that fictitious party practice is not appropriate in federal court and states that no response to this allegation is required. To the extent any response is required, Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 6 of the Complaint; accordingly, these allegations are denied.

## VENUE AND JURISDICTION

7. Lincoln does not dispute jurisdiction or venue. To the extent any further response is required, Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 7 of the Complaint; accordingly, these allegations are denied.

## FACTS

8. Lincoln admits that James Earl Crouch purchased Annuity Contract #774944, the terms of which will speak for themselves. Except as admitted herein, Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 8 of the Complaint; accordingly, these allegations are denied.

9. Lincoln admits that James Earl Crouch died on February 14, 2001. Except as admitted herein, Lincoln is without knowledge or information sufficient to admit or deny the

allegations contained in paragraph 9 of the Complaint; accordingly, these allegations are denied.

    10.    Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 10 of the Complaint; accordingly, these allegations are denied.

    11.    Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 11 of the Complaint; accordingly, these allegations are denied.

    12.    Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 12 of the Complaint; accordingly, these allegations are denied.

    13.    Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 13 of the Complaint; accordingly, these allegations are denied.

    14.    Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 14 of the Complaint; accordingly, these allegations are denied.

    15.    Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 15 of the Complaint; accordingly, these allegations are denied.

    16.    Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 16 of the Complaint; accordingly, these allegations are

denied. Further responding, Lincoln denies on information and belief the existence of any "obvious forgery" as alleged by plaintiff.

17. Lincoln admits that Annuity Contract #774944 was issued in May 1998.

18. Lincoln denies that AmSouth and AISI were its agents. AISI was an independent contractor licensed to perform certain enumerated functions pursuant to a written contractual agreement, the terms of which speak for themselves. To the extent that any wrongful conduct occurred, such conduct was not in the line and scope of the Broker-Dealer Selling Agreement entered into by Lincoln and AISI. Except as stated herein, Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 18 of the Complaint; accordingly, these allegations are denied.

19. Lincoln admits that Ronda Robinson sold and assisted in administering the Annuity Contract #774944. Except as admitted herein, Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 19 of the Complaint; accordingly, these allegations are denied.

20. Lincoln states that the terms of Annuity Contract #774944 will speak for themselves. Except as stated herein, Lincoln denies the allegations contained in paragraph 20 of the Complaint.

21. Lincoln states that the terms of Annuity Contract #774944 will speak for themselves. Except as stated herein, Lincoln denies the allegations contained in paragraph 21 of the Complaint.

22. Lincoln states that the terms of Annuity Contract #774944 will speak for themselves. Except as stated herein, Lincoln denies the allegations contained in paragraph 22 of the Complaint.

23. Lincoln states that the terms of the Broker-Dealer Selling Agreement between Lincoln and AISI will speak for themselves. Except as stated herein, Lincoln denies the allegations contained in paragraph 23 of the Complaint.

24. Lincoln admits that Ronda Robinson became entitled to sell ordinary life insurance in the State of Alabama on November 26, 1997. Except as admitted herein, Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 24 of the Complaint; accordingly, these allegations are denied.

25. Lincoln denies the allegations contained in paragraph 25 of the Complaint.

26. Lincoln denies the allegations contained in paragraph 26 of the Complaint.

27. Lincoln is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 27 of the Complaint; accordingly, these allegations are denied.

28. Lincoln states that Ronda Robinson's license to sell Lincoln products in Alabama was terminated upon the discontinuation of her employment with AmSouth or AISI. Upon information and belief, Lincoln states that Ronda Robinson left AmSouth or AISI for employment with another financial institution. Except as stated herein, Lincoln denies the allegations contained in paragraph 28 of the Complaint.

29. Lincoln realleges its responses to all proceeding paragraphs of the Complaint as if fully set forth herein.

30. Lincoln states that the terms of Annuity Contract #774944 will speak for themselves. Except as stated herein, Lincoln denies the allegations contained in paragraph 30 of the Complaint.

31. Lincoln states that the terms of Annuity Contract #774944 will speak for themselves and that Ina Sue Crouch was a co-owner of the annuity. Except as stated herein, Lincoln denies the allegations contained in paragraph 31 of the Complaint.

32. Lincoln denies the allegations contained in paragraph 32 of the Complaint.

33. The allegations contained in paragraph 33 of the Complaint are directed toward defendants other than Lincoln. To the extent a response is necessary, Lincoln denies the allegations contained in paragraph 33 of the Complaint.

34. The allegations contained in paragraph 34 of the Complaint are directed toward defendants other than Lincoln. To the extent a response is necessary, Lincoln denies the allegations contained in paragraph 34 of the Complaint.

35. Lincoln denies the allegations contained in paragraph 35 of the Complaint. Additionally, Lincoln denies that Plaintiff is entitled to the requested relief.

36. Lincoln realleges its responses to all proceeding paragraphs of the Complaint as if fully set forth herein.

37. Lincoln denies the allegations contained in paragraph 37 of the Complaint. Additionally, Lincoln denies that Plaintiff is entitled to the requested relief.

38. Lincoln realleges its responses to all proceeding paragraphs of the Complaint as if fully set forth herein.

39. Lincoln states that the terms of Annuity Contract #774944 will speak for themselves. Except as stated herein, Lincoln denies the allegations contained in paragraph 39 of the Complaint.

40. Lincoln denies, separately and severally, each of the allegations contained in paragraph 40 of the Complaint and all of its subparts.

41. Lincoln denies the allegations contained in paragraph 41 of the Complaint. Additionally, Lincoln denies that Plaintiff is entitled to the requested relief.

42. Lincoln realleges its responses to all proceeding paragraphs of the Complaint as if fully set forth herein.

43. The allegations contained in paragraph 43 of the Complaint are directed toward defendants other than Lincoln. To the extent a response is necessary, Lincoln denies the allegations contained in paragraph 43 of the Complaint.

44. The allegations contained in paragraph 44 of the Complaint are directed toward defendants other than Lincoln. To the extent a response is necessary, Lincoln denies the allegations contained in paragraph 44 of the Complaint. Additionally, Lincoln denies that Plaintiff is entitled to the requested relief.

45. Lincoln realleges its responses to all proceeding paragraphs of the Complaint as if fully set forth herein.

46. The allegations contained in paragraph 46 of the Complaint are directed toward defendants other than Lincoln. To the extent a response is necessary, Lincoln denies the allegations contained in paragraph 46 of the Complaint. Additionally, Lincoln denies that Plaintiff is entitled to the requested relief.

47. Lincoln realleges its responses to all proceeding paragraphs of the Complaint as if fully set forth herein.

48. Lincoln denies the allegations contained in paragraph 48 of the Complaint. Additionally, Lincoln denies that Plaintiff is entitled to the requested relief.

## ADDITIONAL AND/OR AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint, and each and every count therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Lincoln is not guilty of the matters and things alleged in the Complaint.

### THIRD DEFENSE

Lincoln denies the material allegations of the Complaint, separately and severally, and demands strict proof thereof.

### FOURTH DEFENSE

The injuries and damages claimed in the Complaint were caused by the acts or omissions of others for whom Lincoln owes no legal responsibility.

### FIFTH DEFENSE

Lincoln denies that Plaintiff was injured or harmed in any way by any alleged act or omission by Lincoln or its agents, if any.

### SIXTH DEFENSE

Lincoln avers that Plaintiff's claims are barred by the applicable statute of limitations, res judicata, collateral estoppel, equitable estoppel, laches, unclean hands, waiver, the statute of frauds, novation, parol evidence rule, in pari delicto, fraud as a defense, contributory negligence, accord and satisfaction, lack of standing, failure to read, release and/or estoppel.

### SEVENTH DEFENSE

Plaintiff's alleged losses are subject to and barred by all of the terms and conditions of the Annuity Contracts made the basis of this lawsuit.

**EIGHTH DEFENSE**

Plaintiff has failed to join parties needed for just adjudication pursuant to Rule 19.

**NINTH DEFENSE**

Lincoln denies that Lincoln or any of its agents breached any duty or obligation allegedly owed to Plaintiff, whether based upon common law or statute, or that Lincoln or any of its agents misrepresented any material fact to the plaintiff or that Lincoln or any of its agents have failed to state any material fact to Plaintiff. To the extent Plaintiff's Complaint attempts to state a claim for fraud, the complaint fails to comply with Rule 9 of the Alabama Rules of Civil Procedure, and does not give sufficient notice of the circumstances surrounding any alleged fraud.

**TENTH DEFENSE**

Lincoln denies that the Plaintiff reasonably or justifiably relied upon any alleged misrepresentation or omission by Lincoln or its agents, or that Plaintiff was damaged as the proximate result of any alleged misrepresentation or omission.

**ELEVENTH DEFENSE**

Lincoln pleads that the transaction alleged was voluntarily undertaken by the principals to the annuity that they had the opportunity to read all documents presented to or signed by them, that the terms of the annuities purchased were fully disclosed to them, that they knowingly entered into the transaction, having either understood the transaction or having failed to avail themselves of the opportunity to understand the transactions, and that Plaintiff was not a party to this transaction.

**TWELFTH DEFENSE**

Lincoln disputes the nature and amount of damages claimed in the Complaint.

**THIRTEENTH DEFENSE**

Lincoln avers that Plaintiff's alleged damages and injuries were the result of superseding and intervening acts not attributable to Lincoln.

**FOURTEENTH DEFENSE**

The acts or omissions complained of are barred, in whole or in part, by the statute of limitations. To the extent that Plaintiff purports to rely upon any "savings" or "tolling" provisions, Plaintiff has failed to plead with requisite particularity the facts or circumstances giving rise to the discovery of the claimed fraud and as to why the same were not or could not or should not have been discovered more than two years before suit was filed.

**FIFTEENTH DEFENSE**

Lincoln has fulfilled its obligations in good faith and with due care.

**SIXTEENTH DEFENSE**

Lincoln denies that it engaged in any conduct which was negligent.

**SEVENTEENTH DEFENSE**

Lincoln denies that it engaged in any conduct which was willful, intentional, gross, reckless, wanton, malicious, or oppressive.

**EIGHTEENTH DEFENSE**

Plaintiff has failed to mitigate his damages.

**NINETEENTH DEFENSE**

Lincoln lacked the requisite scienter under some or all of Plaintiff's claims.

**TWENTIETH DEFENSE**

Lincoln avers that it did not participate in, authorize, ratify, or benefit from any alleged wrongful acts asserted in the Complaint.

### TWENTY-FIRST DEFENSE

Lincoln denies that it was in a confidential or special relationship with Plaintiff that would give rise to any affirmative duty to disclose.

### TWENTY-SECOND DEFENSE

Plaintiff is precluded from asserting the claims in his Complaint and from any recovery as a result of her failure to perform in accordance with the terms and provisions of the subject Annuity Contracts.

### TWENTY-THIRD DEFENSE

Lincoln pleads as a set-off any monies received by Plaintiff for damages or injuries attributed to the underlying transaction, including, but not limited to, any insurance proceeds.

### TWENTY-FOURTH DEFENSE

Lincoln denies that its relationship with Plaintiff was such to give rise to a fiduciary duty.

### TWENTY-FIFTH DEFENSE

Lincoln denies that it has breached any contract with Plaintiff.

### TWENTY-SIXTH DEFENSE

Lincoln avers that Ala. Code § 27-14-24 applies to bar some or all of Plaintiff's claims.

### TWENTY-SEVENTH DEFENSE

Alabama's law of joint and several liability is unconstitutional on its face and as applied to Lincoln in this case.

### TWENTY-EIGHTH DEFENSE

The Complaint fails to allege a claim for which punitive damages can be recovered.

## TWENTY-NINTH DEFENSE

Lincoln cannot be held liable for punitive damages for intentional wrongful conduct or conduct involving malice based upon acts or omissions of any agent, employee, or servant pursuant to Ala. Code § 6-11-27.

## THIRTIETH DEFENSE

The Complaint claim for punitive damages is limited and controlled in whole or in part by Alabama Code § 6-11-27.

## THIRTY-FIRST DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, would violate Lincoln's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Alabama Constitution.

## THIRTY-SECOND DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained, because an award of punitive damages under Alabama law by a jury that (1) is not provided a standard sufficient for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is

vague and arbitrary as to damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate Lincoln's substantive and procedural due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, and by the Alabama constitutional provisions providing for due process, equal protection, and guarantee against double jeopardy.

### THIRTY-THIRD DEFENSE

The claims of Plaintiff for punitive damages cannot be sustained, because an award of punitive damages under Alabama law without proof of every element beyond a reasonable doubt would violate Defendant's substantive and procedural due process rights under the Fourteenth Amendment to the United States Constitution and under the due process provisions of the Alabama Constitution.

### THIRTY-FOURTH DEFENSE

Any award of punitive damages based on anything other than Lincoln's conduct in connection with the matters that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Alabama constitutional provisions providing for due process and guarantee against double jeopardy, because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.

### THIRTY-FIFTH DEFENSE

Any award of punitive damages in this case would violate Lincoln's rights under the substantive and procedural due process clause of the United States Constitution and of the

Constitution of the State of Alabama; the excessive fines clauses of the Eighth Amendment to the United States Constitution; the contract clause of Article Two of the United States Constitution; the equal protection clause of the United States Constitution and the Constitution of the State of Alabama.

## THIRTY-SIXTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution. While the Supreme Court of the United States perceived the system as constitutional in Pacific Mutual Life Insurance Co. v. Haslip, 499 U.S. 1 (1991), events subsequent to Haslip have shown that the system is wholly arbitrary, fundamentally unfair and utterly irrational in violation of due process. See Armstrong v. Roger's Outdoor Sports, Inc., 581 So. 2d 414, 423 (Ala. 1991) (Maddox, J., dissenting); Henderson v. Alabama Power Co., 627 So. 2d 878, 894-95 (Ala. 1993) (Maddox, J., dissenting); Id. at 914 (Houston, J., dissenting). The Alabama system affords juries standardless discretion to impose unlimited punishment, and review of such awards is constitutionally deficient. See Honda Motor Co., Ltd. v. Oberg, 114 S. Ct. 2331 (1994). Alabama post-verdict review is neither meaningful, consistent nor constitutionally adequate to cure this crucial constitutional defect.

## THIRTY-SEVENTH DEFENSE

The Alabama punitive damage system, on its face and as applied, violates the Due Process Clause of the Fourteenth Amendment because there are absolutely no meaningful standards or limits for determining the amount of the award, contravening the deeply rooted American tradition that punishment may not be imposed in the absence of a pre-existing, express legislatively established range of penalties.

**THIRTY-EIGHTH DEFENSE**

The imposition of a punitive damage award in this case in the absence of explicit, particularized guidelines or standards is highly unfair and constitutionally infirm because an award made in the absence of such guidelines or standards may be grossly excessive, disproportionate, arbitrary and irrational. A punitive damage award in the absence of such guidelines or standards will bear no rational or reasonable relationship to this Defendant's alleged conduct in this matter or to any alleged harm to plaintiff, and will dwarf legislatively established fines for comparable conduct. A punitive damage award in the absence of such guidelines or standards therefore will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, and the excessive fines clause of the Alabama Constitution, Ala. Const. Art. I, § 15.

**THIRTY-NINTH DEFENSE**

Without the protections previously provided in Ala. Code §§ 6-11-23(a) and 6-11-24 regarding punitive damage awards, now declared unconstitutional by the Alabama Supreme Court, the State of Alabama no longer affords to a defendant sufficient protection under the United States Constitution from excessive and arbitrary punitive damage awards.

**FORTIETH DEFENSE**

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Lincoln by the Fifth and Fourteenth Amendments to the United States Constitution, and Article One, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

### FORTY-FIRST DEFENSE

A punitive damage award in this case will violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Commerce Clause, the Equal Protection Clause and the Privileges and Immunities Clause because the award would be based upon an Alabama state enforced policy that unconstitutionally discriminates against a defendant in punitive damages cases based upon the defendant's status as a large, out-of-state, corporate entity.

### FORTY-SECOND DEFENSE

The imposition of punitive damages in this case based upon theories of respondeat superior, agency, vicarious liability, or joint and several liability violates the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution.

### FORTY-THIRD DEFENSE

Lincoln avers that Ala. Code §6-11-21, et seq. applies to any award of punitive damages in this case and raises any and all defenses available to it under the 1999 amendment to the same.

### FORTY-FOURTH DEFENSE

Plaintiff lacks standing to assert or is not the real-party-in-interest with respect to some or all of the claims asserted.

### FORTY-FIFTH DEFENSE

Plaintiff is guilty of contributory negligence.

### FORTY-SIXTH DEFENSE

Lincoln's investigation into the matters and things alleged in the complaint is ongoing, and it expressly reserves the right to amend this answer and to add additional defenses or delete defenses asserted herein after its investigation is completed.

                                                s/ Mitchell D. Greggs
                                      One of the Attorneys for Defendant
                                     Lincoln National Life Insurance Company

OF COUNSEL:
E. Glenn Waldrop, Jr. (WALDG7740)
Mitchell D. Greggs (GREGM5304)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 31st day of July, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Glenn L. White, Esq. <br> glennw@megagate.com | Charles Burton Paterson, Esq. <br> cpaterson@balch.com |
| Samuel S. McHard, Esq. <br> smchard@bnlawfirm.com | Paul J. Delcambre, Jr., Esq. <br> pdelcambre@balch.com |
| Glenda Wingard Hughes, Esq. <br> ghughes.atty@ATT.net | Joseph Seawall Moore, Esq. <br> jsmoore@balch.com |

  And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants (if applicable):

Carol Ann Estes Bustin, Esq.
Bustin Law Firm
109 Fairvield Drive, Suite 109
Hattiesburg, Mississippi  39402

              Respectfully submitted,


              s/ Mitchell D. Greggs