IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES E. CROUCH,
    Plaintiff

Vs.                                                        Case No.
                                                           2:06-cv-00111-MEF

AMSOUTH, INA SUE CROUCH,
ET AL.,
    Defendants.

INA SUE CROUCH'S
MEMORANDUM OF FACTS AND LAW
IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT

    Defendant Ina Sue Crouch submits this memorandum in support of her motion for summary judgment. The pleadings and attachments previously filed by Lincoln National Life Insurance Company, AmSouth Bank and AmSouth Investment Services, Inc. are incorporated as part of this Memorandum of Facts and Law. Thus, there are no attachments to this Memorandum.

**I. INTRODUCTION**

    James E. Crouch filed a complaint against AmSouth Bank in the United States Court for the Southern District of Mississippi alleging that he was the rightful owner of a $250,000.00 annuity contract issued by Lincoln National Life Insurance Company ("Lincoln National").

    The case was transferred from the above-named Court to the United States District Court for the Middle District of Alabama on February 6, 2006.

    In his Second Amended Complaint, James E. Crouch asserts that he should have been paid the proceeds of the annuity jointly owned by his parents, and for such alleged harm he is seeking the following relief: 1) breach of contract, 2) specific performance, 3) negligence, 4) fraud, 5) tortuous interference with contract, and 6) constructive trust. At the deposition on August 23, 2006, Plaintiff Crouch asserts that his father told him that he was named as the beneficiary of the $250,000.00 annuity.

    Defendant Ina Sue Crouch and her deceased husband, James Earl Crouch, invested money taken from a joint account into a joint annuity with AmSouth Investment

Services, Inc. There was a mistake made on the beneficiary designation, and Mr. and Mrs. Crouch went back to AmSouth Bank to change the beneficiary. Mr. Crouch left his glasses at home and requested that his wife/defendant, Ina Sue Crouch, sign his name for him. Ina Sue Crouch did sign James Earl Crouch's name in the presence of Ronda Robinson, an AmSouth Bank employee, to change the beneficiary naming Plaintiff James E. Crouch, their son, as the contingent beneficiary and Ina Sue Crouch as primary beneficiary as Mr. and Mrs. Crouch had originally intended. Under Alabama law, such a signature is legally valid.

Defendant AmSouth Bank filed for Summary Judgment on March 23, 2006 but the motion was denied as "premature."

Discovery has been completed and the matter is now "ripe" for submission of a Motion for Summary Judgment. AmSouth Bank and AmSouth Investment Services, Inc. and Lincoln National have filed Motions for Summary Judgment.

## II. STANDARD OF REVIEW

According to *Fed.R.Civ.P. 56 ( c); Celotex v. Catrett*, 477 U.S. 317, 322 (1986), summary judgment is appropriate if the pleadings, depositions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. In *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); see also A*llen v. Tyson Foods,* 1221 F.3d642, 646 (11th Cir. 1997), an issue is "material" if it is a legal element of a claim under applicable substantive law which might affect the outcome of the case. An issue is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

James Earl Crouch, deceased, and his wife, Ina Sue Crouch utilized the banking services of AmSouth Bank for many years. They were known by and often assisted by Ronda T. Robinson. In May 1998, the Crouches requested an investment using joint funds that would help with their taxes. Ronda Robinson assisted Mr. and Mrs. Crouch with an annuity issued by Lincoln National. The Crouches requested that the annuity be a joint investment as they usually did with their CDs, and in the event of an accident in which they both should be killed, they wanted their son, James E. Crouch, named as contingent beneficiary.

The Crouches were notified by AmSouth Bank that a mistake had been made on the beneficiary designation form. On April 4, 2000, the Crouches returned to AmSouth to change the beneficiary. Mr. Crouch failed to take his glasses with him and he requested that Defendant Ina Sue Crouch, sign his name. Ina Sue Crouch was about to return home to get his glasses when Ronda Robinson informed the Crouches that she would witness the signature for them and that it would be legal. Ms. Robinson did in fact witness the signatures of Mr. and Mrs. Crouch, and it was submitted to Lincoln National. The changes to the annuity contract were made by Lincoln National with Ina Sue Crouch as both a joint owner and as a primary beneficiary under the contract.

Both James Earl Crouch and Ina Sue Crouch were mentally competent and of sound mind when they invested in the annuity and also on the date of the beneficiary change. When the beneficiary change was made, they were under no undue influence of anyone.

When James Earl Crouch passed away on February 14, 2001, Defendant Ina Sue Crouch obtained the proceeds of the annuity in a lump sum, which was her absolute right as a joint owner and primary beneficiary. Ronda Robinson assisted Defendant Ina Sue Crouch with the request form with Lincoln National for the purpose of obtaining the proceeds of the annuity. As requested, the proceeds of the annuity were made payable to Defendant Crouch as sole owner and primary beneficiary.

## IV. ARGUMENT

A.    All of the Plaintiff's claims against the Defendants must fail as a matter of Law

All of the Plaintiff's claims are based upon the contention that the primary beneficiary of the annuity was changed from himself to Ina Sue Crouch without his father's knowledge or consent; thus, making the change of beneficiary improper. The undisputed facts clearly show from the testimony of Ina Sue Crouch and Ronda Robinson that James Earl Crouch was fully aware of the beneficiary change, he was present, and he authorized Defendant Ina Sue Crouch to sign the change of beneficiary form on his behalf and in the presence of Ronda Robinson.

As a matter of law, the changes to the annuity contract were valid, binding and controlling upon the parties. Under *Hamilton v. Adams,* 108 So. 1 (Ala. 1926); see *Goldsmith v. Gates*, 88 So. 861, 862 (Ala. 1921) "It has long been the law, under the

statutes of this state, that the testator's name may be signed for him by another person in his presence and by his direction, and this may be done for him by another person in his presence and by his direction…" There are other cases that reiterate or confirm the law, such as *Hollimon v. McGregor*, 143 So. 902, 904 (Ala. 1932); *Consolidated Motor Co. of Ala. V. Malik*, 92 So. 262, 263 (Ala. 1922) *Wright v. Forgy*, 28 So. 198 (Ala. 1900); Lewis v. Watson, 13 So. 570, 571 (Ala. 1893), *Middlebrooks v. Barefoot*, 25 So. 102, 103 (Ala. 1899), *Carter v. First Nat. Bank of Opp*, 185 So. 361, 362-63 (Ala. 1938).

In summary, the Plaintiff is attempting to change the intention of his parents and gain the proceeds of the annuity, and his complaint is not supported by law or fact.

**V. CONCLUSION**

**WHEREFORE**, Defendant Ina Sue Crouch feels that her son, James E. Crouch, has not been harmed in any way and is not entitled to any of the relief he seeks. Defendant Crouch respectfully requests the entry of summary judgment.

/s/ Glenda W. Hughes_____
Glenda W. Hughes
Attorney for Defendant Ina Sue Crouch

**OF COUNSEL**:

Glenda W. Hughes (HUG042)
103-B Commerce Street
Wetumpka, AL  36092
Telephone: 334/514-3038
Facsimile: 334/514-3039

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 22nd day of September 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing or by U. S. Postal Service for all non CM/ECF participants to the following:

| | |
|---|---|
| Glenn L. White, Esq.<br>glennw@megagate.com | Charles Burton Paterson, Esq.<br>cpaterson@balch.com |
| Samuel S. McHard, Esq.<br>smchard@bnlawfirm.com | Paul J. Delcambre, Jr., Esq.<br>pdelcambre@balch.com |
| | Joseph Seawall Moore, Esq.<br>jsmoore@balch.com |
| Carol Ann Bustin<br>Bustin Law Firm<br>109 Fairfield Drive, Suite 109<br>Hattiesburg, MS 39402 | |

  Done this the 22nd day of September 2006.

              /s/ Glenda W. Hughes
              Of Counsel