IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JAMES E. CROUCH** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 2:06-CV-00111-MEF** |
| **AMSOUTH BANK, INA SUE CROUCH, AMSOUTH INVESTMENT SERVICES, INC., LINCOLN NATIONAL LIFE INSURANCE COMPANY, and JOHN and JANE DOES 3-10** | **DEFENDANTS** |

**MOTION TO CONTINUE DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT**

COMES NOW, Plaintiff James R. Couch, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, and submits this Motion to Continue all Defendants' Motions for Summary Judgment. In support of this Motion, Plaintiff states:

1. This action was originally filed on September 25, 2002 in the Chancery Court of Forrest County, Mississippi. Since that time, it was removed to the United States District Court for the Southern District of Mississippi and then transferred to the United States District Court for the Middle District of Alabama. On June 23, 2006, this Court granted Plaintiff leave to file a Second Amended Complaint and to add AmSouth Investment Services, Inc. and Lincoln National Life Insurance Company (hereinafter "Lincoln") as additional named defendants. On July 31, 2006, Lincoln filed an Answer. As a courtesy, Plaintiff sent Lincoln the letter attached as Exhibit 1 inquiring if Lincoln and its counsel would be available for depositions on August 17, 2006, in Montgomery. On or about September 18, 2006, Lincoln filed its Motion for Summary Judgment; on or about September 19, 2006, AmSouth filed their Motion for Summary Judgment; and on or about September 22, 2006, Ina Sue Crouch filed her Motion for Summary Judgment.

2. The parties have undertaken limited discovery as follows:

   A. Plaintiff served Interrogatories, Request to Produce, and Request to Admit upon AmSouth on July 11, 2006. Unfortunately, AmSouth failed to provide discovery and objected to most of the inquiries as shown by Exhibit 2 (AmSouth's Responses). Therefore, Plaintiff served a detailed letter objecting to AmSouth's failure to comply with discovery (Exhibit 3) and arranged for a face to face conference in Montgomery to coincide with the depositions of certain parties. Counsel for AmSouth failed to confer regarding the objections and instead has refiled AmSouth's Motion for Summary Judgment shortly after the depositions.

   B. Plaintiff served Interrogatories, Request to Produce, and Request to Admit on Ina Sue Crouch who likewise failed to answer discovery (Exhibit 4). Therefore, Plaintiff served a detailed letter objecting to Ina Sue Crouch's failure to comply with discovery (Exhibit 5), and invited counsel for Ina Sue Crouch to confer, which offer was declined.

   C. The deposition of Plaintiff was taken on August 17, 2006.

   During the deposition of Plaintiff, the following discovery requests were made but have not been completed:

   Deposition pages 82-83, Counsel for Ina Sue Crouch confirms her refusal to provide documents requested in discovery and tells Plaintiff's counsel, "If you want them, you find them." (Group Exhibit 6).

   The letter sent to Ina Sue Crouch's counsel by Plaintiff's counsel discussed in the deposition transcript excerpts is attached hereto as Exhibit 5.

D. The deposition of Ina Sue Crouch was taken on August 17, 2006:

During the deposition of Ina Sue Crouch, the following discovery requests were made but have not been completed:

1. Deposition page 41, lines 14-23, Lincoln stated it would provide a complete copy of the annuity contract which has never been provided by any party despite four years of litigation and requests. The true and certified copy has still not been provided. (Exhibit 7).

2. Deposition pages 204-209, AmSouth admits that a discovery disputes exist that needs resolution. Lincoln admits no discovery filings except pre-discovery disclosure during which they didn't produce any copy of the annuity contract, actual or specimen, and no discovery yet conducted or pending. (Exhibit 8).

3. Ina Sue Crouch's attorney states they will provide first names of Mr. Crouch's physicians. Despite this promise, no disclosure ever occurred. (See Exhibit 8).

4. Ina Sue Crouch failed to execute medical authorizations so that Plaintiff could obtain copies of medical records of health care providers who treated James Earl Crouch at the relevant time, including his optometrist to determine his ability to see, read, understand, and sign his own name. (See Group Exhibit 9 attached containing the medical authorizations, and pages 63-68 of deposition, Group Exhibit 10).

5. Deposition pages 191-192 references Ina Sue Crouch's refusal to sign a consent and authorization to obtain bank records of James Earl Crouch to determine James Earl Crouch's signature, deposition pages 191-192, Exhibit 11 (see attached authorization for bank records, Exhibit 12).

E. The deposition of Ronda Robinson:

During the deposition of Ronda Robinson, the following discovery requests were made but have not been completed:

Deposition pages 43-44, lines 17-23 and 1-15, Ronda Robinson stated papers were missing from the client profile.

3

>   Deposition pages 155-166, lines 10-23, Counsel for AmSouth stated they would produce email correspondence including drafts of her affidavits between Counsel for AmSouth and Ronda Robinson.
>
>   Deposition pages 49 and 159, Ronda Robinson references policy and procedure manuals that never were produced.
>
>   Deposition pages 163-164, lines 17-23, 1-5, Ronda Robinson stated she would need to reference her manual calendar to refresh her recollection.
>   (Group Exhibit 13).
>
>   Although requested in Interrogatories and Request to Produce to AmSouth and not produced by AmSouth, and although subpoenaed from Lincoln (Exhibit 14) and not produced by Lincoln, Ronda Robinson admitted the existence of rules, regulations, and policies of Lincoln regarding the annuity (ps.47 and 58), and that AmSouth had a record retention policy which may have been violated (p. 38), and policies, procedures, rules, and regulations which may have been violated (pgs. 138-140, 148-150).
>   (Group Exhibit 15).
>
>   Also attached as Exhibit 16 is a letter to counsel for AmSouth/Ronda Robinson commemorating the requests for these items in the deposition and to which there has been no response.

3. Rule 56(f) of the Federal Rules for Civil Procedure states:

>   Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

4. While there is no requirement for discovery to be *complete* before a court considers a motion for summary judgment, *see Weir v. Anaconda Co.*, 773 F.2d 1073, 1081 (10th Cir. 1983), courts usually allow discovery to be completed before entertaining such motions. *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 870 (11th Cir. 1988); *Alabama*

4

*Farm Bureau Ins. Co.*, 606 F.2d 602, 609 (5th Cir. 1979) ("Summary Judgment [sic] ***should not, therefore, ordinarily be granted before discovery has been completed***.") (emphasis added).

5.  When it is impossible, through no fault of his own, for the nonmoving party to cite specific issues of material fact in opposition to a motion for summary judgment, a court may, pursuant to Rule 56(f), either deny the motion for summary judgment or order a continuance to permit affidavits to be obtained or depositions to be taken. Fed R. Civ. P. 56(f). To take advantage of the measures described in Rule 56(f), the moving party must produce an affidavit that states the particular facts that he expects to discover and how those facts would create a genuine issue of material fact precluding summary judgment. *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998); *see also Mattoon v. City of* Pittsfield, 980 F.2d 1, 7 (1st Cir. 1992); *United States ex rel. Fisher v. Network Software Assoc's.*, 227 F.R.D. 4, 8–9 (D.D.C. 2005) (requiring affidavit to also explain why the moving party is unable to present the necessary opposing material and a reasonable basis to suggest that discovery would reveal issues of material fact). Attached hereto as Exhibit 17 is the affidavit of Samuel S. McHard, counsel of record for the Plaintiff.

6.  The depositions of James Crouch, Ina Sue Crouch, and Ronda Robinson have been taken. Plaintiff has reviewed a deposition given by Defendant Crouch in *In re: The Estate of James Earl Crouch*, a civil action in the Probate Court of Elmore County, Alabama, No. 01-0272. There, Defendant Crouch gave sworn testimony that she had never signed her husband's name to any document and that she had been the primary beneficiary of the annuity since the original application was filed. This testimony is completely different than the allegations made in the affidavit attached to AmSouth's Motion. Plaintiff believes that if discovery were had, facts

would confirm that James Earl's signature on the purported change of beneficiaries form is a forgery and Ina Sue did not sign the change of beneficiary form with James Earl's permission. See Exhibit 18, Affidavit from James E. Crouch; and Exhibit 19, Affidavit from Teresa Crouch. Furthermore, Plaintiff believes that discovery would reveal facts to confirm the breach of duties of AmSouth and Ronda Robinson in connection with the annuity. Furthermore, during the depositions of Ronda Robinson, Ina Sue Crouch, and James E. Crouch, counsel for all Defendants stated they would provide certain additional documents to Plaintiff's counsel and have failed to do so as of this filing.

7. Defendants' Motions for Summary Judgment should therefore be continued, pursuant to Rule 56(f), so that Plaintiff may discover facts that will allow him to respond to said Motions. Plaintiff believes that facts discovered thereby regarding execution of the changes of beneficiary form, the mental and physical health of James Earl Crouch, the proper procedure for changes of beneficiaries, and the certified copy of the AmSouth contract, together with the interpretation of the manner of change of an "annuitant designated beneficiary" such as James Earl Crouch under the application for annuity (Exhibit 20) as opposed to change of an owner designated beneficiary as attempted by Ronda Robinson and Ina Sue Crouch all create genuine issues of material fact, precluding summary judgment.

8. Alternatively, Defendants' Motions for Summary Judgment should be denied for the reasons stated in Plaintiff's Response to AmSouth Bank's Motion for Summary Judgment, which was previously filed with this Court on March 24, 2006.

WHEREFORE, PREMISES CONSIDERED, Plaintiff James R. Couch respectfully requests this Court grant this Motion to Continue AmSouth's Motion for Summary Judgment,

Lincoln National's Motion for Summary Judgment, and Ina Sue Crouch's Motion for Summary Judgment and enter an Order continuing AmSouth's Motion, Lincoln National's Motion, and Ina Sue Crouch's Motion until some later date that would permit Plaintiff to conduct further reasonable discovery as outlined herein.

>Respectfully submitted,
>JAMES R. CROUCH


>By:   s/ Samuel S. McHard
>        Samuel S. McHard, MS Bar No. 100295
>        *pro hac vice*

BRYAN NELSON P.A.
Attorneys at Law
6524 U.S. Highway 98
P.O. Drawer 18109
Hattiesburg, MS 39404-8109
T: (601) 261-4100
F: (601) 261-4106

## CERTIFICATE OF SERVICE

I do hereby certify that on October 3, 2006, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

**Glenda Wingard Hughes**
ghughes.atty@ATT.net
**Attorney for Ina Sue Crouch**

Paul J. Delcambre, Jr.
pdelcambre@balch.com
lhale@balch.com

**Joseph Seawell Moore**
jsmoore@balch.com
dharris@balch.com

**Charles Burton Paterson**
cpaterson@balch.com
bleveille@balch.com
**Attorney for AmSouth Bank**


**Edwin G. Waldrop, Jr**
gwaldrop@lfwlaw.com
denised@lfwlaw.com

**Mitchell D. Greggs**
mgreggs@lfwlaw.com
**Attorney for Lincoln National Life Insurance Co.**


                                              s/Samuel S. McHard