# BRYAN NELSON P.A.

**ATTORNEYS AT LAW**
POST OFFICE DRAWER 18109
6524 U.S. HIGHWAY 98
HATTIESBURG, MISSISSIPPI 39404-8109

JACK W. LAND¹
EVE GABLE
HERMAN M. HOLLENSED, JR.
MARK A. NELSON⁶
V. K. VICK SMITH
DAVID M. OTT
SAMUEL S. McHARD²
RICHARD D. NORTON
JOSEPH A. O'CONNELL
JOE D. STEVENS
WILLIAM A. WHITEHEAD, JR.
KATHERINE L. HOWIE
STEPHEN B. JACKSON
ERICA R. McHARD²
STACY L. NEAMES
DARIUS O. TAYLOR
TIMOTHY J. EVANS
KRISTOPHER A. POWELL
TRACY K. BOWLES
MARK E. NORTON

JOHN F. BRYAN III (1914-1994)
E. S. NED NELSON (1928-1985)

TELEPHONE
(601) 261-4100

FACSIMILE
(601) 261-4106

¹ Also Admitted in Louisiana
² Also Admitted in Illinois
   And Iowa

August 17, 2006
*Via Facsimile*

Mitchell D. Greggs
E. Glenn Waldrop, Jr.
Lightfoot, Franklin & White, LLC
The Clark Building
400 North 20ᵗʰ St.
Birmingham, AL 35203-3200

      Re:    *James E. Crouch vs. Amsouth Bank, et al.*
             In the United States District Court for the Middle District of Alabama
             Civil Action No.2:06-CV-00111-MEF

Gentlemen:

      As you may be aware, the deposition of the Plaintiff, James E. Crouch, as well as the depositions of Ronda Robinson and Ina Sue Crouch are scheduled to take place on Wednesday, August 23, 2006, at the offices of Balch & Bingham in Montgomery, AL. Please advise immediately if you will be attending these depositions or if there will be a need to reschedule.

      Also, pursuant to Federal Rule of Civil Procedure 26(a)(1), your client's initial disclosure was due on August 12, 2006. Please advise when we may expect to receive the initial disclosure. Thank you in advance for your anticipated cooperation and prompt attention to this matter.

                Very truly yours,
                BRYAN NELSON P.A.

                Samuel McHard
                For the Firm

SMH/ral
cc:     Counsel of Record

**EXHIBIT**

tabbies

1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES E. CROUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | 2:06-cv-00111-MEF |
| AMSOUTH BANK, INA SUE CROUCH | ) | |
| and JOHN and JANE DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

## RESPONSE OF AMSOUTH INVESTMENT SERVICES, INC. TO PLAINTIFF'S FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION AND REQUESTS FOR ADMISSIONS

Comes now AmSouth Investment Services, Incorporated ("AIS") and for response to the Plaintiff's discovery states as follows:

### I. INTERROGATORIES

INTERROGATORY NO. 1: Identify each and every person known by you who has, or claims to have, knowledge of any discoverable information relevant to any claims and defenses of AmSouth, identifying the subjects and substance of the information known by each respectively.

**RESPONSE: See information regarding Ina Sue Crouch and Ronda T. Robinson described in paragraph 1 of the Initial Disclosures of Defendant AmSouth Bank.**

INTERROGATORY NO. 2: Identify each person who acted to participate in the handling of any matter related to the sale and/or servicing of the Annuity, identifying each act taken by each respective person.



170492.2

**RESPONSE: See information regarding Ronda T. Robinson described in paragraph 1 of the Initial Disclosures of Defendant AmSouth Bank.**

INTERROGATORY NO. 3: Identify all documents which evidence communications:

a)    between Ina Sue Crouch and/or James Earl Crouch and AmSouth and/or its agents related to the Annuity;

b)    between Ina Sue Crouch and/or James Earl Crouch and Lincoln National Life Insurance Company related to the Annuity;

c)    between Ina Sue Crouch and/or James Earl Crouch and Ronda Robinson related to the Annuity;

d)    between AmSouth and Lincoln National Life Insurance Company related to the Annuity; and

e)    between AmSouth and Ronda Robinson.

**RESPONSE: All such documents related to the Annuity in the possession of AmSouth Bank or AmSouth Investment Services, Inc. are being produced in response to the Plaintiff's Requests for Production.**

INTERROGATORY NO. 4: Identify any and all manuals, policies, procedures, instructions, standards, rules, regulations, and /or training materials of AmSouth, and of Lincoln National Life Insurance Company applicable to the Annuity that were in effect at the time of the Occurrence.

**RESPONSE: Defendant objects to Interrogatory No. 4 as being unclear, overly broad, unduly burdensome and seeking information that is equally accessible to the Plaintiff. Without waiving this objection, Defendant states that all documents related to the annuity are being produced in response to the Plaintiff's Requests for Production.**

INTERROGATORY NO. 5: Identify all rules and regulations of the SEC, NASD, State of Alabama, or other regulatory bodies applicable to the sale and servicing of the Annuity.

**RESPONSE: Defendant objects to Interrogatory No. 5 as it seeks legal information which is equally accessible to the Plaintiff.**

INTERROGATORY NO. 6: With respect to your denial of any Request for Admission propounded to you herein, please identify each Request for Admission separately and give a complete description of all the facts relied upon in making each respective denial. If this Interrogatory is answered on information and belief, set forth the specific information believed, the source of the information, when and in what manner the information was obtained, and why it is reasonable to believe the information is true; and if the above identified Requests for Admission was denied because of lack of information or knowledge, give a detailed chronological account of every effort made by you or your attorney to inquire into the subject matter of the Request, including the date of each effort, the person making each effort, the substance of each effort, and the information obtained by each effort, specifically setting forth all facts relied upon, and identify all witnesses and documents relied upon and/or relating to each denial.

**RESPONSE: See Defendant's response to Plaintiff's Requests for Admissions.**

INTERROGATORY NO. 7 : Identify each license possessed by Ronda Robinson, and AmSouth whether issued by the State of Alabama, NASD, SEC, or otherwise, which was in force and effect during the "relevant time period." and as to each such license, identify each complaint, each proceeding to suspend or revoke said license, and the reason for early termination of said license.

RESPONSE: See copies of licensing information being produced by the Defendant AmSouth Bank in response to the Plaintiff's Requests for Production.

INTERROGATORY NO. 8: As to Exhibits A & B attached hereto, identify the author, each signature, the date of preparation, and the location of the original.

RESPONSE: The author of "Exhibit A" appears on the document. The handwritten notes on "Exhibit B" appear to be in the handwriting of Ronda T. Robinson. The author of "Exhibit C" is Ronda T. Robinson and the document bears her signature as a witness. "Exhibit C" also bears the signature of Sue Crouch and the signature of James E. Crouch as written by Sue Crouch at the direction of James E. Crouch. The location of the originals is unknown.

INTERROGATORY NO. 9: Identify all claims and suits against AmSouth and/or Ronda Robinson, regarding the sale of annuities and/or other investments or insurance during the relevant period.

RESPONSE: Defendant objects to Interrogatory No. 9 as being irrelevant and unduly burdensome. Notwithstanding this objection, Defendant states that it is not aware of any other claims or suits against Ronda T. Robinson.

INTERROGATORY NO. 10: Explain the basis of compensation of Ronda Robinson for AmSouth Bank and its wholly owned subsidiary AmSouth Investment Services, Inc. from May 6, 1998, to May 1, 2001, and identify the documents related to the calculation and amount of compensation including, but not limited to, time cards, pay stubs, W-2s and 1099s.

RESPONSE: The compensation information regarding Ronda T. Robinson is as described in the documents being produced in response to the Plaintiff's Requests for Production.

INTERROGATORY NO. 11 : Identify all proposed opinion witnesses and in connection with each opinion witness identified, state the following the subject matter on which the expert is expected to testify; the substance of the facts on which the expert is testify; the opinions to which the expert is expected to testify; and a summary of the grounds for each opinion.

**RESPONSE: None.**

INTERROGATORY NO. 12:Identify each document related to the Annuity

    a.       prepared by Ronda Robinson in connection with Application for Annuity;

    b.       the documents reviewed by Ronda Robinson from Lincoln in response to the Application;

    c.       memorialization of each;

    d.       communications between Ronda Robinson and James Earl Crouch and Ina Sue Crouch; and

    e.       documentation that Ronda Robinson made in error in connection with the Application for Annuity.

**RESPONSE: See documents produced in response to the Plaintiff's Requests for Production.**

AMSOUTH INVESTMENT SERVICES, INC.

By: _____
Its: _CHIEF COMPLIANCE OFFICER._

STATE OF _Alabama_

COUNTY OF _Shelby_

    SWORN TO AND SUBSCRIBED before me, the undersigned authority, this the _4th_ day of _August_, 2006.

(SEAL)

_Jaretha Ann Robinson_
Notary Public
My Commission Expires: _March 9th, 2009_

## II.  DOCUMENTS REQUESTED

REQUEST NO. 1: Produce any admissions or statements made by any party to this action or the agent or servant of any party to this action.

**RESPONSE: None other than affidavits filed in this cause and documents produced in response to the Plaintiff's Requests for Production.**

REQUEST NO. 2: Produce each and every document identified in your Answers to Interrogatories in this cause.

**RESPONSE: See documents produced.**

REQUEST NO. 3: Produce copies of any written or recorded statements, whether signed or unsigned, transcribed or in any other form, or memoranda of any written or recorded statement of the Plaintiff, any Defendant, or any witness or other individual having any direct knowledge of the facts of the occurrence or of the damages claimed by the Plaintiff.

**RESPONSE: See documents produced.**

REQUEST NO. 4: Provide a copy of the entire file of AmSouth, including the file of Ronda Robinson, relating to the sale and servicing of the Annuity purchased by James Earl Crouch and Ina Sue Crouch, including the complete annuity contract for Lincoln Annuity No. 774944.

**RESPONSE: See documents produced.**

REQUEST NO. 5: Provide copies of all cancelled checks drawn upon AmSouth from January 1, 1997 until March 1, 2001 from any account in which James Earl Crouch had an interest, either solely or jointly, including, but not limited to, the cashiers and/or certified check for $100,000.00 payable to James Edward Crouch.

**RESPONSE: Such documents are not in the possession of AmSouth Investment Services, Inc.**

REQUEST NO. 6: Provide copies of all documents related to communications between any of the following persons or entities (including their respective agents and representatives)relating to the Annuity, including, but not limited to, any notices of errors in the Annuity application and changes in beneficiary: James Edward Crouch, Ina Sue Crouch, James Earl Crouch, Lincoln National Life Insurance Company, AmSouth Bank, AmSouth Investments, and Ronda Robinson.

**RESPONSE: See documents produced.**

REQUEST NO. 7: Provide all documents that relate to compensation paid to AmSouth and Ronda Robinson in connection with the Annuity.

**RESPONSE: See documents produced.**

REQUEST NO. 8: Produce all documents relating to any audit or investigation regarding the Annuity whether said investigation was conducted by you or a third party.

**RESPONSE: Defendant is not aware of any such audit or investigation and has no such documents.**

REQUEST NO. 9: Produce all documents related to the showing (1) the kind or kinds of insurance or classification thereof that it was proposed Ronda Robinson be authorized to solicit or write, (2) the investigation made of Ronda Robinson's qualifications, character, and fitness for such duties, (3) the results of such investigation, and (4) all appointments of Ronda Robinson, AmSouth Bank, and/or AmSouth Investments as agent for Lincoln during the relevant period.

**RESPONSE: Defendant has no such documents other than the document that are included in the response to Plaintiff's Requests for Production.**

REQUEST NO. 10: Produce all correspondence between AmSouth and the Alabama Insurance Commissioner pertaining to Ronda Robinson.

**RESPONSE: Defendant has no such documents other than the document that are included in the response to Plaintiff's Requests for Production.**

REQUEST NO. 11: Produce all bank statements for any account owned by Ina Sue Crouch and/or James Earl Crouch from January 1, 1997, to present.

**RESPONSE: Defendant has no such documents.**

REQUEST NO. 12: Produce the agency contract between AmSouth and/or Ronda Robinson and Lincoln related to the sale and servicing of annuities and/or other investments or insurance by AmSouth and/or Ronda Robinson on behalf of Lincoln National Life Insurance Company including the National Sales Agreement.

**RESPONSE: Defendant objects to the production of the documents sought in response to Requests for Production No. 12 as being irrelevant to the subject matter of this litigation.**

REQUEST NO. 13: Provide the personnel file of AmSouth related to employment of Ronda Robinson including, but not limited to records of commissions, time cards, days off, disciplinary actions, education training and expense reimbursements.

**RESPONSE: See documents produced.**

REQUEST NO. 14: Produce all documents related to investigations to determine whether the signature of James Earl Crouch on Exhibit C was forged or otherwise unauthorized.

**RESPONSE: None.**

REQUEST NO. 15: Produce a copy of the CD taken out by James Earl Crouch and/or Ina Sue Crouch with Alliant and having a maturity date of June 1998.

**RESPONSE: Defendant has no such documents in its possession.**

REQUEST NO. 16: Produce a copy of the signature card and account contracts for the AmSouth accounts of James Earl Crouch during the relevant time period.

**RESPONSE: Defendant has no such documents in its possession.**

REQUEST NO. 17: Produce a copy of the (and Plaintiffs right to inspect the originals) check for $250,000 used to purchase the Annuity.

**RESPONSE: Defendant has no such documents in its possession.**

REQUEST NO. 18: Produce the employment contract(s) of Ronda Robinson with AmSouth Bank and AmSouth Investment Service, Inc.

**RESPONSE: None.**

REQUEST NO. 19: Produce Ronda Robinson, AmSouth Bank and AmSouth Investment Service's registration as a broker dealer with the Securities and Exchange Commission and the National Association of Security Dealers during the relevant time period.

**RESPONSE: Defendant objects to the documents requested pursuant to Request for Admission No. 19 as being irrelevant to this litigation.**

REQUEST NO. 20: Produce documents that evidence that Ronda Robinson was a registered representative of AmSouth Investment Services, Inc during the relevant time period.

**RESPONSE: See documents produced.**

REQUEST NO. 21: Produce a copy of the check for $100,000.00 representing a gift to James Edward Crouch from James Earl Crouch referenced in Exhibit D attached.

**RESPONSE: Defendant has no such documents.**

REQUEST NO. 22: All manuals, instructions, regulations, policies, procedures, standards or similar documents that were issued by Lincoln to Ronda Robinson, AmSouth Bank, and/or AmSouth Investments relating to the sale and service of Lincoln insurance products and

investments, such as the Annuity, and which were in effect during the period of May 7, 1998 to February 14, 2001.

**RESPONSE: Defendant objects to Requests for Production No. 22 as being overly broad, unduly burdensome, irrelevant and seeking documents that are equally accessible to the Plaintiff. Notwithstanding this objection, the Defendant has produced in response to Plaintiff's Requests for Production licensing information for Ronda Robinson.**

REQUEST NO. 23: Copies of any and all insurance licenses issued by the Alabama Department of Insurance to Ronda Robinson, AmSouth Bank, and/or AmSouth Investments.

**RESPONSE: See documents produced.**

REQUEST NO. 24: Provide all documents which relate to activity of the following persons or businesses regarding the Annuity: James Edward Crouch, Ina Sue Crouch, James Earl Crouch, Lincoln National Life Insurance Company, AmSouth Bank, AmSouth Investments, and Ronda Robinson.

**RESPONSE: See documents produced.**

REQUEST NO. 25: Provide an electronic copy of the Memo to file dated July 6, 2001, a copy of which is attached hereto as Exhibit D.

**RESPONSE: Defendant has no such information.**

## III. REQUESTS FOR ADMISSION

REQUEST NO. 1: Admit that Ronda Robinson was simultaneously the employee of AmSouth Bank and AmSouth Investment Services, Inc. during the relevant time period.

**RESPONSE: Defendant admits that Ronda Robinson was at all times pertinent, an employee at AmSouth Bank and a registered representative of AmSouth Investments Services. Inc.**

REQUEST NO. 2: Admit that Ronda Robinson sold the Annuity issued by Lincoln National Life Insurance Company, No. 774944, to James Earl Crouch.

**RESPONSE: Denied. The annuity was sold to James E. Crouch and Sue Crouch.**

REQUEST NO. 3: Admit that Ronda Robinson was acting in the course and scope of her duties with AmSouth when she sold said Annuity to James Earl Crouch.

**RESPONSE: Denied. Ronda Robinson, acting as a registered representative of AmSouth Investment Services, Inc., sold the annuity to James Earl Crouch and Sue Crouch.**

REQUEST NO. 4: Admit that James Edward Crouch was listed as the sole beneficiary on the application for the Annuity as of May 7, 1998.

**RESPONSE: Denied. James Edward Crouch was listed as "primary beneficiary" on the application form dated May 7, 1998.**

REQUEST NO. 5: Admit that Ina Sue Crouch later changed the beneficiary of the Annuity.

**RESPONSE: Denied. The beneficiary designation was changed at the request of James E. Crouch and Ina Sue Crouch.**

REQUEST NO. 6: Admit that James Earl Crouch did not sign any form necessary to change the beneficiary of the Annuity.

**RESPONSE: Denied. Ina Sue Crouch signed the name of James Earl Crouch at his request and in his presence and the presence of Ronda Robinson.**

REQUEST NO. 7: Admit that Ina Sue Crouch did not have authority to sign James Earl Crouch's name on the form(s) needed to change the Annuity.

**RESPONSE: Denied.**

REQUEST NO. 8: Admit that Ronda Robinson should have known that Ina Sue Crouch did not have authority to sign James Earl Crouch's name on the form(s) needed to change the Annuity's beneficiary.

**RESPONSE: Denied.**

REQUEST NO. 9: Admit that the memo to file dated July 6, 2001 (and attached hereto as Exhibit D) was prepared by Ronda Robinson.

**RESPONSE: Admitted.**

REQUEST NO. 10: Admit that AmSouth and James Earl Crouch received the letter dated May 18, 1998, and attached as Exhibit E, within ten days of its date.

**RESPONSE: Denied.**

REQUEST NO. 11: Admit that no amendment forms related to the Annuity were requested by James Earl Crouch.

**RESPONSE: Denied.**

REQUEST NO. 12: Admit that the application contained no ambiguity regarding the beneficiary when executed by James Earl Crouch and Ina Sue Crouch on May 7, 1998.

**RESPONSE: The document speaks for itself.**

REQUEST NO. 13: Admit that the letter dated May 18, 1998, attached as Exhibit A, was received by Ronda Robinson within ten days of its date.

**RESPONSE: Denied.  The date of receipt is unknown.**

Respectfully submitted this 7th day of August, 2006.

_____

One of the Attorneys for Defendant,
AmSouth Investment Services, Incorporated

**OF COUNSEL:**

Charles B. Paterson (ASB-1542-R73C)
Joseph Seawell Moore (ASB-9146-O77M)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
cpaterson@balch.com
jsmoore@balch.com


Paul J. Delcambre, Jr.
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228)864-9900
Facsimile: (228) 864-8221
pdelcambre@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has been served upon the following by United States Mail, properly addressed and postage prepaid, on this the 7th day of August, 2006 :

Glenn L. White, Esquire
Holmes & White, PLLC
601 Highway 42 E
P.O. Box 672
Petal, Mississippi 39465

*Attorney for James E Crouch*

Samuel S. McHard, Esq.
Bryan Nelson Randolph PA
P.O. Box 18109
Hattiesburg, Mississippi 39404

*Attorney for James E. Crouch*

Mitchell D. Greggs, Esq.
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200

*Attorney for Lincoln National Life
Insurance Company*

Carol Ann Estes Bustin
Bustin Law Firm
109 Fairfield Drive, Suite 109
Hattiesburg, Mississippi 39402

*Attorney for Ina Sue Crouch*

Glenda W. Hughes, Esq.
103-B Commerce Street
Wetumpka, Alabama 36092

*Attorney for Ina Sue Crouch*

_____
Of Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES E. CROUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | 2:06-cv-00111-MEF |
| AMSOUTH BANK, INA SUE CROUCH | ) | |
| and JOHN and JANE DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

RESPONSE OF AMSOUTH BANK TO PLAINTIFF'S FIRST SET OF
INTERROGATORIES, REQUESTS FOR PRODUCTION
AND REQUESTS FOR ADMISSIONS

Comes now AmSouth Bank and for response to the Plaintiff's discovery states as follows:

## I. INTERROGATORIES

INTERROGATORY NO. 1: Identify each and every person known by you who has, or claims to have, knowledge of any discoverable information relevant to any claims and defenses of AmSouth, identifying the subjects and substance of the information known by each respectively.

**RESPONSE: See information regarding Ina Sue Crouch and Ronda T. Robinson described in paragraph 1 of the Initial Disclosures of Defendant AmSouth Bank.**

INTERROGATORY NO. 2: Identify each person who acted to participate in the handling of any matter related to the sale and/or servicing of the Annuity, identifying each act taken by each respective person.

**RESPONSE: See information regarding Ronda T. Robinson described in paragraph 1 of the Initial Disclosures of Defendant AmSouth Bank.**

INTERROGATORY NO. 3:  Identify all documents which evidence communications:

a)    between Ina Sue Crouch and/or James Earl Crouch and AmSouth and/or its agents related to the Annuity;

b)    between Ina Sue Crouch and/or James Earl Crouch and Lincoln National Life Insurance Company related to the Annuity;

c)    between Ina Sue Crouch and/or James Earl Crouch and Ronda Robinson related to the Annuity;

d)    between AmSouth and Lincoln National Life Insurance Company related to the Annuity; and

e)    between AmSouth and Ronda Robinson.

**RESPONSE: All such documents related to the Annuity in the possession of AmSouth Bank or AmSouth Investment Services, Inc. are being produced in response to the Plaintiff's Requests for Production.**

INTERROGATORY NO. 4: Identify any and all manuals, policies, procedures, instructions, standards, rules, regulations, and /or training materials of AmSouth, and of Lincoln National Life Insurance Company applicable to the Annuity that were in effect at the time of the Occurrence.

**RESPONSE: Defendant objects to Interrogatory No. 4 as being unclear, overly broad, unduly burdensome and seeking information that is equally accessible to the Plaintiff.  Without waiving this objection, Defendant states that all documents related to the annuity are being produced in response to the Plaintiff's Requests for Production.**

INTERROGATORY NO. 5:  Identify all rules and regulations of the SEC, NASD, State of Alabama, or other regulatory bodies applicable to the sale and servicing of the Annuity.

**RESPONSE: Defendant objects to Interrogatory No. 5 as it seeks legal information which is equally accessible to the Plaintiff.**

INTERROGATORY NO. 6: With respect to your denial of any Request for Admission propounded to you herein, please identify each Request for Admission separately and give a complete description of all the facts relied upon in making each respective denial. If this Interrogatory is answered on information and belief, set forth the specific information believed, the source of the information, when and in what manner the information was obtained, and why it is reasonable to believe the information is true; and if the above identified Requests for Admission was denied because of lack of information or knowledge, give a detailed chronological account of every effort made by you or your attorney to inquire into the subject matter of the Request, including the date of each effort, the person making each effort, the substance of each effort, and the information obtained by each effort, specifically setting forth all facts relied upon, and identify all witnesses and documents relied upon and/or relating to each denial.

**RESPONSE: See Defendant's response to Plaintiff's Requests for Admissions.**

INTERROGATORY NO. 7 : Identify each license possessed by Ronda Robinson, and AmSouth whether issued by the State of Alabama, NASD, SEC, or otherwise, which was in force and effect during the "relevant time period." and as to each such license, identify each complaint, each proceeding to suspend or revoke said license, and the reason for early termination of said license.

**RESPONSE: See copies of licensing information being produced by the Defendant AmSouth Bank in response to the Plaintiff's Requests for Production.**

INTERROGATORY NO. 8: As to Exhibits A & B attached hereto, identify the author, each signature, the date of preparation, and the location of the original.

**RESPONSE: The author of "Exhibit A" appears on the document.    The handwritten notes on "Exhibit B" appear to be in the handwriting of Ronda T. Robinson. The author of "Exhibit C" is Ronda T. Robinson and the document bears her signature as**

170504.2

3

a witness. "Exhibit C" also bears the signature of Sue Crouch and the signature of James E. Crouch as written by Sue Crouch at the direction of James E. Crouch. The location of the originals is unknown.

INTERROGATORY NO. 9: Identify all claims and suits against AmSouth and/or Ronda Robinson, regarding the sale of annuities and/or other investments or insurance during the relevant period.

RESPONSE: Defendant objects to Interrogatory No. 9 as being irrelevant and unduly burdensome. Notwithstanding this objection, Defendant states that it is not aware of any other claims or suits against Ronda T. Robinson.

INTERROGATORY NO. 10: Explain the basis of compensation of Ronda Robinson for AmSouth Bank and its wholly owned subsidiary AmSouth Investment Services, Inc. from May 6, 1998, to May 1, 2001, and identify the documents related to the calculation and amount of compensation including, but not limited to, time cards, pay stubs, W-2s and 1099s.

RESPONSE: The compensation information regarding Ronda T. Robinson is as described in the documents being produced in response to the Plaintiff's Requests for Production.

INTERROGATORY NO. 11 : Identify all proposed opinion witnesses and in connection with each opinion witness identified, state the following the subject matter on which the expert is expected to testify; the substance of the facts on which the expert is testify; the opinions to which the expert is expected to testify; and a summary of the grounds for each opinion.

RESPONSE: None.

INTERROGATORY NO. 12:Identify each document related to the Annuity

a.    prepared by Ronda Robinson in connection with Application for Annuity;

b.    the documents reviewed by Ronda Robinson from Lincoln in response to the Application;

c.    memorialization of each;

d.    communications between Ronda Robinson and James Earl Crouch and Ina Sue

Crouch; and

e.    documentation that Ronda Robinson made in error in connection with the

Application for Annuity.

**RESPONSE: See documents produced in response to the Plaintiff's Requests for**

**Production.**

AMSOUTH BANK

By: _Nancy H. Sandel_
Its: _Vice-President_

STATE OF _Alabama_

COUNTY OF _Jefferson_

SWORN TO AND SUBSCRIBED before me, the undersigned authority, this the _4th_
day of _August_, 2006.

_Julie Bates Boyd_
Notary Public
My Commission Expires: **MY COMMISSION EXPIRES FEB. 4, 2008.**

(SEAL)

170504.2

5

## II.  DOCUMENTS REQUESTED

REQUEST NO. 1: Produce any admissions or statements made by any party to this action or the agent or servant of any party to this action.

**RESPONSE: None other than affidavits filed in this cause and documents produced in response to the Plaintiff's Requests for Production.**

REQUEST NO. 2: Produce each and every document identified in your Answers to Interrogatories in this cause.

**RESPONSE: See documents produced.**

REQUEST NO. 3: Produce copies of any written or recorded statements, whether signed or unsigned, transcribed or in any other form, or memoranda of any written or recorded statement of the Plaintiff, any Defendant, or any witness or other individual having any direct knowledge of the facts of the occurrence or of the damages claimed by the Plaintiff.

**RESPONSE: See documents produced.**

REQUEST NO. 4: Provide a copy of the entire file of AmSouth, including the file of Ronda Robinson, relating to the sale and servicing of the Annuity purchased by James Earl Crouch and Ina Sue Crouch, including the complete annuity contract for Lincoln Annuity No. 774944.

**RESPONSE: See documents produced.**

REQUEST NO. 5: Provide copies of all cancelled checks drawn upon AmSouth from January 1, 1997 until March 1, 2001 from any account in which James Earl Crouch had an interest, either solely or jointly, including, but not limited to, the cashiers and/or certified check for $100,000.00 payable to James Edward Crouch.

**RESPONSE: AmSouth Bank objects to this request for the production of such documents as being overly broad, unduly burdensome and irrelevant to the issues in this**

**cause. This request also seeks the private, confidential banking records of a bank customer.**

REQUEST NO. 6: Provide copies of all documents related to communications between any of the following persons or entities (including their respective agents and representatives)relating to the Annuity, including, but not limited to, any notices of errors in the Annuity application and changes in beneficiary: James Edward Crouch, Ina Sue Crouch, James Earl Crouch, Lincoln National Life Insurance Company, AmSouth Bank, AmSouth Investments, and Ronda Robinson.

**RESPONSE: See documents produced.**

REQUEST NO. 7: Provide all documents that relate to compensation paid to AmSouth and Ronda Robinson in connection with the Annuity.

**RESPONSE: See documents produced.**

REQUEST NO. 8: Produce all documents relating to any audit or investigation regarding the Annuity whether said investigation was conducted by you or a third party.

**RESPONSE: Defendant is not aware of any such audit or investigation and has no such documents.**

REQUEST NO. 9: Produce all documents related to the showing (1) the kind or kinds of insurance or classification thereof that it was proposed Ronda Robinson be authorized to solicit or write, (2) the investigation made of Ronda Robinson's qualifications, character, and fitness for such duties, (3) the results of such investigation, and (4) all appointments of Ronda Robinson, AmSouth Bank, and/or AmSouth Investments as agent for Lincoln during the relevant period.

**RESPONSE: Defendant has no such documents other than the documents that are included in the response to Plaintiff's Requests for Production.**

REQUEST NO. 10: Produce all correspondence between AmSouth and the Alabama Insurance Commissioner pertaining to Ronda Robinson.

**RESPONSE: Defendant has no such documents other than the documents that are included in the response to Plaintiff's Requests for Production.**

REQUEST NO. 11: Produce all bank statements for any account owned by Ina Sue Crouch and/or James Earl Crouch from January 1, 1997, to present.

**RESPONSE: AmSouth Bank objects to this request for the production of such documents as being overly broad, unduly burdensome and irrelevant to the issues in this cause. This request also seeks the private, confidential banking records of a bank customer.**

REQUEST NO. 12: Produce the agency contract between AmSouth and/or Ronda Robinson and Lincoln related to the sale and servicing of annuities and/or other investments or insurance by AmSouth and/or Ronda Robinson on behalf of Lincoln National Life Insurance Company including the National Sales Agreement.

**RESPONSE: Defendant objects to the production of the documents sought in response to Requests for Production No. 12 as being irrelevant to the subject matter of this litigation.**

REQUEST NO. 13: Provide the personnel file of AmSouth related to employment of Ronda Robinson including, but not limited to records of commissions, time cards, days off, disciplinary actions, education training and expense reimbursements.

**RESPONSE: See documents produced.**

REQUEST NO. 14: Produce all documents related to investigations to determine whether the signature of James Earl Crouch on Exhibit C was forged or otherwise unauthorized.

**RESPONSE: None.**

REQUEST NO. 15: Produce a copy of the CD taken out by James Earl Crouch and/or Ina Sue Crouch with Alliant and having a maturity date of June 1998.

**RESPONSE: Defendant has no such documents in its possession.**

REQUEST NO. 16: Produce a copy of the signature card and account contracts for the AmSouth accounts of James Earl Crouch during the relevant time period.

**RESPONSE: AmSouth Bank objects to this request for the production of such documents as being overly broad, unduly burdensome and irrelevant to the issues in this cause. This request also seeks the private, confidential banking records of a bank customer.**

REQUEST NO. 17: Produce a copy of the (and Plaintiffs right to inspect the originals) check for $250,000 used to purchase the Annuity.

**RESPONSE: Defendant has no such document in its possession.**

REQUEST NO. 18: Produce the employment contract(s) of Ronda Robinson with AmSouth Bank and AmSouth Investment Service, Inc.

**RESPONSE: None.**

REQUEST NO. 19: Produce Ronda Robinson, AmSouth Bank and AmSouth Investment Service's registration as a broker dealer with the Securities and Exchange Commission and the National Association of Security Dealers during the relevant time period.

**RESPONSE: Defendant objects to the documents requested pursuant to Request for Admission No. 19 as being irrelevant to this litigation.**

REQUEST NO. 20: Produce documents that evidence that Ronda Robinson was a registered representative of AmSouth Investment Services, Inc during the relevant time period.

**RESPONSE: See documents produced.**

REQUEST NO. 21: Produce a copy of the check for $100,000.00 representing a gift to James Edward Crouch from James Earl Crouch referenced in Exhibit D attached.

**RESPONSE: AmSouth Bank objects to this request for the production of such documents as being overly broad, unduly burdensome and irrelevant to the issues in this**

cause. **This request also seeks the private, confidential banking records of a bank customer..**

REQUEST NO. 22: All manuals, instructions, regulations, policies, procedures, standards or similar documents that were issued by Lincoln to Ronda Robinson, AmSouth Bank, and/or AmSouth Investments relating to the sale and service of Lincoln insurance products and investments, such as the Annuity, and which were in effect during the period of May 7, 1998 to February 14, 2001.

**RESPONSE: Defendant objects to Requests for Production No. 22 as being overly broad, unduly burdensome, irrelevant and seeking documents that are equally accessible to the Plaintiff. Notwithstanding this objection, the Defendant has produced in response to Plaintiff's Requests for Production licensing information for Ronda Robinson.**

REQUEST NO. 23: Copies of any and all insurance licenses issued by the Alabama Department of Insurance to Ronda Robinson, AmSouth Bank, and/or AmSouth Investments.

**RESPONSE: See documents produced.**

REQUEST NO. 24: Provide all documents which relate to activity of the following persons or businesses regarding the Annuity: James Edward Crouch, Ina Sue Crouch, James Earl Crouch, Lincoln National Life Insurance Company, AmSouth Bank, AmSouth Investments, and Ronda Robinson.

**RESPONSE: See documents produced.**

REQUEST NO. 25: Provide an electronic copy of the Memo to file dated July 6, 2001, a copy of which is attached hereto as Exhibit D.

**RESPONSE: Defendant has no such information.**

### III.  REQUESTS FOR ADMISSION

REQUEST NO. 1: Admit that Ronda Robinson was simultaneously the employee of AmSouth Bank and AmSouth Investment Services, Inc. during the relevant time period.

**RESPONSE: Defendant admits that Ronda Robinson was at all times pertinent, an employee at AmSouth Bank and a registered representative of AmSouth Investments Services. Inc.**

REQUEST NO. 2: Admit that Ronda Robinson sold the Annuity issued by Lincoln National Life Insurance Company, No. 774944, to James Earl Crouch.

**RESPONSE: Denied.  The annuity was sold to James E. Crouch and Sue Crouch.**

REQUEST NO. 3: Admit that Ronda Robinson was acting in the course and scope of her duties with AmSouth when she sold said Annuity to James Earl Crouch.

**RESPONSE: Denied.   Ronda Robinson, acting as a registered representative of AmSouth Investment Services, Inc., sold the annuity to James Earl Crouch and Sue Crouch.**

REQUEST NO. 4: Admit that James Edward Crouch was listed as the sole beneficiary on the application for the Annuity as of May 7, 1998.

**RESPONSE: Denied.  James Edward Crouch was listed as "primary beneficiary" on the application form dated May 7, 1998.**

REQUEST NO. 5: Admit that Ina Sue Crouch later changed the beneficiary of the Annuity.

**RESPONSE: Denied.  The beneficiary designation was changed at the request of James E. Crouch and Ina Sue Crouch.**

REQUEST NO. 6: Admit that James Earl Crouch did not sign any form necessary to change the beneficiary of the Annuity.

170504.2                                                                                                          11

**RESPONSE: Denied. Ina Sue Crouch signed the name of James Earl Crouch at his request and in his presence and the presence of Ronda Robinson.**

REQUEST NO. 7: Admit that Ina Sue Crouch did not have authority to sign James Earl Crouch's name on the form(s) needed to change the Annuity.

**RESPONSE: Denied.**

REQUEST NO. 8: Admit that Ronda Robinson should have known that Ina Sue Crouch did not have authority to sign James Earl Crouch's name on the form(s) needed to change the Annuity's beneficiary.

**RESPONSE: Denied.**

REQUEST NO. 9: Admit that the memo to file dated July 6, 2001 (and attached hereto as Exhibit D) was prepared by Ronda Robinson.

**RESPONSE: Admitted.**

REQUEST NO. 10: Admit that AmSouth and James Earl Crouch received the letter dated May 18, 1998, and attached as Exhibit E, within ten days of its date.

**RESPONSE: Denied.**

REQUEST NO. 11: Admit that no amendment forms related to the Annuity were requested by James Earl Crouch.

**RESPONSE: Denied.**

REQUEST NO. 12: Admit that the application contained no ambiguity regarding the beneficiary when executed by James Earl Crouch and Ina Sue Crouch on May 7, 1998.

**RESPONSE: The document speaks for itself.**

REQUEST NO. 13: Admit that the letter dated May 18, 1998, attached as Exhibit A, was received by Ronda Robinson within ten days of its date.

**RESPONSE: Denied. The date of receipt is unknown.**

Respectfully submitted this 7th day of August, 2006.

_____
One of the Attorneys for Defendant,
AmSouth Bank


**OF COUNSEL:**

Charles B. Paterson (ASB-1542-R73C)
Joseph Seawell Moore (ASB-9146-O77M)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
cpaterson@balch.com
jsmoore@balch.com


Paul J. Delcambre, Jr.
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228)864-9900
Facsimile: (228) 864-8221
pdelcambre@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading has been served upon the following by United States Mail , properly addressed and postage prepaid, on this the 7th day of August, 2006 :

Glenn L. White, Esquire
Holmes & White, PLLC
601 Highway 42 E
P.O. Box 672
Petal, Mississippi 39465

*Attorney for James E Crouch*

Samuel S. McHard, Esq.
Bryan Nelson Randolph PA
P.O. Box 18109
Hattiesburg, Mississippi 39404

*Attorney for James E. Crouch*

Mitchell D. Greggs, Esq.
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200

*Attorney for Lincoln National Life
Insurance Company*

Carol Ann Estes Bustin
Bustin Law Firm
109 Fairfield Drive, Suite 109
Hattiesburg, Mississippi 39402

*Attorney for Ina Sue Crouch*

Glenda W. Hughes, Esq.
103-B Commerce Street
Wetumpka, Alabama 36092

*Attorney for Ina Sue Crouch*

_____
Of Counsel

# BRYAN NELSON P.A.

**ATTORNEYS AT LAW**
POST OFFICE DRAWER 18109
6524 U.S. HIGHWAY 98
HATTIESBURG, MISSISSIPPI 39404-8109

JACK W. LAND¹
EVE GABLE
HERMAN M. HOLLENSED, JR.
MARK A. NELSON¹⁰
V. K. VICK SMITH
DAVID M. OTT
SAMUEL S. McHARD²
RICHARD D. NORTON
JOSEPH A. O'CONNELL
JOE D. STEVENS
WILLIAM A. WHITEHEAD, JR.
KATHERINE L. HOWIE
STEPHEN B. JACKSON
ERICA R. McHARD²
STACY L. NEAMES
DARIUS O. TAYLOR
TIMOTHY J. EVANS
KRISTOPHER A. POWELL
TRACY K. BOWLES
MARK E. NORTON

JOHN F. BRYAN III (1914-1994)
E. S. NED NELSON (1928-1985)

TELEPHONE
(601) 261-4100

FACSIMILE
(601) 261-4106

¹ Also Admitted in Louisiana
² Also Admitted in Illinois
  And Iowa

August 21, 2006
*Via Facsimile*

Charles B. Paterson
Balch and Bingham LLP
Post Office Box 78
Montgomery, AL 36101

Re:  *James E. Crouch vs. Amsouth Bank, Ina Sue Crouch and John and Jane Does 1 – 10*
     Civil Action No. 2:06cv111-CSC
     Our File No.: 999-784

Dear Charles:

I am in receipt of the Response of AmSouth Bank to Plaintiff's First Set of Interrogatories, Requests for Production and Requests for Admissions and the Response of AmSouth Investment Services, Inc. to Plaintiff's First Set of Interrogatories, Requests for Production and Requests for Admissions. Upon review of the responses, I have objections as set forth below. Please note that these objections apply to the responses of both AmSouth Bank and AmSouth Investment Services, Inc. Also, please let me remind you of the broad scope of discovery as set forth in Rule 26(b) of the Federal Rules of Civil Procedure:

> Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows:
> (1) Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter...[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Also, pursuant to Federal Rule of Civil Procedure 34(a), your client is responsible to produce all



EXHIBIT
**3**

Charles Paterson
August 21, 2006
Page 2

documents within the scope of Rule 26(b) "which are in the possession, custody or control" of your client.

## A.    INTERROGATORIES

1.    As to Interrogatory No. 1, "the subparts and <u>substance</u> of the information known by each" witness has not been disclosed. Please comply.

2.    As to Interrogatory No. 2, please refer to the first paragraph of this letter regarding the obligation of your client to produce documents in its "control." Furthermore, if your client previously had possession or custody of such documents, please note that Paragraph E of the Definitions and Instructions on the tendered discovery provides: "Regarding any responsive document that was once, but no longer is in your possession, custody or control, identify what disposition was made of the document, its present location, and its present custodian. This includes information which was in computer storage" and Paragraph F thereof provides: "Regarding any responsive document that has been destroyed, identify that document by date, author(s), addressee(s) and subject matter, the date of such destruction, the manner of such destruction, the reason for such destruction, the person authorizing such destruction, and the custodian of the document at the time of its destruction."

3.    As to Interrogatory No. 4, we respectfully object to your clients' objections and believe that this Interrogatory is clear and specific and readily available to AmSouth and AmSouth Investment. We also believe that the information requested is not "equally accessible" to the Plaintiff.

4.    As to Interrogatory No. 5, we respectfully object to your clients' objections.

5.    As to Interrogatory No. 9, we respectfully object to your client' s objection and believe that the information requested is relevant and readily available to AmSouth and AmSouth Investment.

6.    As to Interrogatory No. 10, no documents are specifically identified and no amounts specified. Such "go fish" responses are not in compliance with the discovery provisions of the Federal Rules of Civil Procedure.

## B.    DOCUMENTS REQUESTED

1.    As to AmSouth's response to Request No. 5, we respectfully object to your client' s objection and believe that the documents requested are relevant, specific and readily available to AmSouth. Additionally, no privilege applies to the requested banking

Charles Paterson
August 21, 2006
Page 3

records, and we request that these be produced.

2.    As to AmSouth's response to Request No. 11, we respectfully object to your client's objection and believe that the documents requested are relevant, specific and readily available to AmSouth. Additionally, no privilege applies to the requested banking records, and we request that these be produced.

3.    As to Request No. 12, we object to your clients' objections and believe that the documents requested are relevant.

4.    As to Request Nos. 15 and 17, please refer to the first paragraph of this letter regarding the obligation of your client to produce documents in its "control." Furthermore, if your client previously had possession or custody of such documents, please note that Paragraph E of the Definitions and Instructions on the tendered discovery provides: "Regarding any responsive document that was once, but no longer is in your possession, custody or control, identify what disposition was made of the document, its present location, and its present custodian. This includes information which was in computer storage" and Paragraph F thereof provides: "Regarding any responsive document that has been destroyed, identify that document by date, author(s), addressee(s) and subject matter, the date of such destruction, the manner of such destruction, the reason for such destruction, the person authorizing such destruction, and the custodian of the document at the time of its destruction."

5.    As to AmSouth's response to Request No. 16, we respectfully object to your client's objection and believe that the documents requested are relevant, specific and readily available to AmSouth. Additionally, no privilege applies to the requested banking records, and we request that these be produced.

6.    As to AmSouth's response to Request No. 21, we respectfully object to your client's objection and believe that the documents requested are relevant, specific and readily available to AmSouth. Additionally, no privilege applies to the requested banking records, and we request that these be produced.

7.    As to Request No. 22, we respectfully object to your clients' objections and believe that the documents requested are relevant, specific and readily available to AmSouth and AmSouth Investments.

8.    As to Request No. 14, please identify the present location and the present custodian of the requested CD.

9.    As to Request No. 16, your client failed to execute the medical authorization attached to

Charles Paterson
August 21, 2006
Page 4

the Requests and made no objections to executing said authorization.

10. As to Request No. 17, please identify the present location and the present custodian of the documents.

Please call me upon receipt of this letter on Monday, August 21, 2006, so that we may review my objections and attempt to resolve our differences civilly without necessity of Court intervention, and prior to the scheduled depositions on Wednesday. Thank you in advance for your anticipated cooperation and prompt attention to this matter.

Very truly yours,
BRYAN NELSON P.A.

Samuel McHard
For the Firm

SMH/erm

## THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA

**JAMES E. CROUCH,**
      **Plaintiff**

**V.**                                **CASE NO: 2:06 CV 00111 MEF**

**AMSOUTH BANK, INA SUE CROUCH**
**AND JOHN DOES 1-10**
      **Defendants.**

### DEFENDANT INA SUE CROUCH'S ANSWER
### TO PLAINTIFF JAMES E. CROUCH'S
### FIRST SET OF INTERROGATORIES

**INTERROGATORY NO.1**: IDENTIFY EACH AND EVERY PERSON KNOWN BY YOU WHO HAS, OR CLAIMS TO HAVE, KNOWLEDGE OF ANY DISCOVERABLE INFORMATION RELEVANT TO ANY CLAIMS AND DEFENSES, OF INA SUE CROUCH, IDENTIFYING THE SUBJECTS AND SUBSTANCE OF THE INFORMATION KNOWN BY EACH RESPECTIVELY.

ANSWER: See the initial disclosures.

**INTERROGATORY NO. 2**: IDENTIFY EACH PERSON WHO ACTED TO PARTICIPATE IN THE HANDLING OF ANY MATTER RELATED TO THE SALE AND/OR SERVICING OF THE ANNUITY AND IDENTIFY EACH ACT TAKEN BY EACH RESPECTIVE PERSON.

ANSWER: Ronda Robinson.

**INTERROGATORY NO. 3**:     IDENTIFY ALL DOCUMENTS WHICH EVIDENCE COMMUNICATIONS:
    A) BETWEEN INA SUE CROUCH AND/OR JAMES EARL CROUCH AND AMSOUTH RELATED TO THE ANNUITY;
    B) BETWEEN INA SUE CROUCH AND/OR JAMES EARL CROUCH AND LINCOLN NATIONAL LIFE INSURANCE COMPANY RELATED TO THE ANNUITY;
    C) BETWEEN INA SUE CROUCH AND/OR JAMES EARL CROUCH AND RONDA ROBINSON RELATED TO THE ANNUITY;
    D) BETWEEN AMSOUTH AND LINCOLN NATIONAL LIFE INSURANCE COMPANY RELATED TO THE ANNUITY; AND
    E) BETWEEN AMSOUTH AND RONDA ROBINSON.

ANSWER: All known documents will be produced in the request for production.

**INTERROGATORY NO. 4**:     IDENTIFY EACH DOCUMENT RELATED TO EVERY COMMUNICATION BETWEEN JAMES EARL CROUCH AND/OR INA SUE CROUCH AND THE PLAINTIFF, JAMES EDWARD CROUCH, CONCERNING THE ANNUITY, INCLUDING THE IDENTITY OF THE BENEFICIARY OF THE ANNUITY. FOR EACH COMMUNICATION, PLEASE GIVE ITS DATE, THE PERSON INVOLVED, AND THE SUBSTANCE OF THE COMMUNICATION.

ANSWER: Not aware of any such documents.



EXHIBIT
4

**INTERROGATORY NO. 5:** IDENTIFY EACH BANKING TRANSACTION PERFORMED BY JAMES EARL CROUCH FROM JANUARY 1, 1997, THROUGH FEBRUARY 14, 2001.

ANSWER: Unknown.

**INTERROGATORY NO. 6:** IDENTIFY EACH DOCUMENT EXECUTED BY JAMES EARL CROUCH FROM JANUARY 1, 1997, THROUGH FEBRUARY 14, 2001.

ANSWER: Unknown.

**INTERROGATORY NO. 7:** WITH RESPECT TO YOUR DENIAL OF ANY REQUEST FOR ADMISSION PROPOUNDED TO YOU HEREIN, PLEASE IDENTIFY EACH REQUEST FOR ADMISSION SEPARATELY AND GIVE A COMPLETE DESCRIPTION OF ALL THE FACTS RELIED UPON IN MAKING EACH RESPECTIVE DENIAL. IF THIS INTERROGATORY IS ANSWERED ON INFORMATION OR BELIEF, SET FORTH THE SPECIFIC INFORMATION BELIEVED, THE SOURCE OF INFORMATION, WHEN AND IN WHAT MANNER THE INFORMATION WAS OBTAINED, AND WHY IT IS REASONABLE TO BELIEVE THE INFORMATION IS TRUE; AND IF THE ABOVE IDENTIFIED REQUESTS FOR ADMISSION WAS DENIED BECAUSE OF LACK OF INFORMATION OR KNOWLEDGE, GIVE A DETAILED CHRONOLOGICAL ACCOUNT OF EVERY EFFORT MADE BY YOU OR YOUR ATTORNEY TO INQUIRE INTO THE SUBJECT MATTER OF THE REQUEST, INCLUDING THE DATE OF EACH EFFORT, THE PERSON MAKING EACH EFFORT, THE SUBSTANCE OF EACH EFFORT, AND THE INFORMATION OBTAINED BY EACH EFFORT, SPECIFICALLY SETTING FORTH ALL FACTS RELIED UPON, AND IDENTIFY ALL WITNESSES AND DOCUMENTS RELIED UPON AND/OR RELATING TO EACH DENIAL.

ANSWER: See response to Request for Admissions.

**INTERROGATORY NO. 8:** IDENTIFY EACH DOCUMENT UPON WHICH YOU SIGNED THE NAME OF JAMES EARL CROUCH TO ANY DOCUMENT. FOR EACH SIGNATURE, IDENTIFY THE DOCUMENT SIGNED, THE REASON YOU SIGNED JAMES EARL CROUCH'S NAME, AND THE DATE ON WHICH IT WAS SIGNED.

ANSWER: See response to Request for Admissions.

**INTERROGATORY NO. 9:** IDENTIFY ALL PROPOSED OPINION WITNESSES AND IN CONNECTION WITH EACH OPINION WITNESS IDENTIFIED, STATE THE FOLLOWING:
      1. THE SUBJECT MATTER ON WHICH THE EXPERT IS EXPECTED TO TESTIFY;
      2. THE SUBSTANCE OF THE FACTS ON WHICH THE EXPERT IS [TO] TESTIFY;
      3. THE OPINIONS TO WHICH THE EXPERT IS EXPECTED TO TESTIFY; AND
      4. A SUMMARY OF THE GROUNDS FOR EACH GROUND.

ANSWER: None to my knowledge.

**INTERROGATORY NO. 10:** IDENTIFY ALL PHYSICIANS WHO TREATED JAMES EARL CROUCH INCLUDING BUT NOT LIMITED TO OPTOMETRISTS AND OPTHALMOLOGISTS.

ANSWER: Known names are Dr. Kumar, Lens Crafters, and Dr. Peden.

**INTERROGATORY NO. 11:** IDENTIFY THE ATTORNEY WHO PREPARED THE LAST WILL AND TESTAMENT OF JAMES EARL CROUCH WHICH YOU ALLEGED IN *IN RE JAMES EARL CROUCH*, CASE NO. 01-272 IN THE PROBATE COURT OF ELMORE COUNTY, ALABAMA DISAPPEARED.

ANSWER: Attorney John Henig

**INTERROGATORY NO. 12**: IDENTIFY ALL EFFORTS MADE BY YOU TO PREPARE A POWER OF ATTORNEY AND/OR REVISED WILL AND/OR TO HAVE JAMES EARL CROUCH DECLARED INCOMPETENT PRIOR TO HIS DEATH, IDENTIFYING EACH PERSON WITH WHOM YOU COMMUNICATED REGARDING EACH SUCH EFFORT.

ANSWER: Object, this is irrelevant.

## DOCUMENTS REQUESTED

**REQUEST NO. 1**: PRODUCE ANY ADMISSIONS OR STATEMENTS MADE BY ANY PARTY TO THIS ACTION OR THE AGENT OR SERVANT OF ANY PARTY TO THIS ACTION.

ANSWER: See Summary Judgment Affidavits.

**REQUEST NO. 2**: PRODUCE EACH AND EVERY DOCUMENT IDENTIFIED IN YOUR ANSWERS TO INTERROGATORIES IN THIS CAUSE.

ANSWER: See pleadings.

**REQUEST NO. 3**: PRODUCE COPIES OF ANY WRITTEN OR RECORDED STATEMENTS, WHETHER SIGNED OR UNSIGNED, TRANSCRIBED OR IN ANY OTHER FORM, OR MEMORANDA OF ANY WRITTEN OR RECORDED STATEMENT OF THE PLAINTIFF, ANY DEFENDANT, OR ANY WITNESS OR OTHER INDIVIDUAL HAVING ANY DIRECT KNOWLEDGE OF THE FACTS OF THE INCIDENT COMPLAINED OF OR OF THE DAMAGES CLAIMED BY THE PLAINTIFF.

ANSWER: Same as #s 1 and 2.

**REQUEST NO. 4**: PROVIDE A COPY OF ALL DOCUMENTS RELATED TO THE ANNUITY PURCHASED BY JAMES EARL CROUCH INCLUDING THE COMPLETE ANNUITY CONTRACT FOR LINCOLN ANNUITY NO. 774944.

ANSWER: See documents produced.

**REQUEST NO. 5**: PROVIDE COPIES OF ALL CANCELLED CHECKS DRAWN UPON AMSOUTH FROM JANUARY 1, 1997 UNTIL MARCH 1, 2001 FROM [ON] ANY ACCOUNT IN WHICH JAMES EARL CROUCH HAD AN INTEREST, EITHER SOLELY OR JOINTLY, INCLUDING, BUT NOT LIMITED TO, THE CASHIERS AND/OR CERTIFIED CHECK FOR $100,000.00 PAYABLE TO JAMES EDWARD CROUCH.

ANSWER: Not in my possession.

**REQUEST NO. 6**: PROVIDE ALL DOCUMENTS WHICH RELATE TO ACTIVITY OF THE FOLLOWING PERSONS OR BUSINESSES REGARDING THE ANNUITY: PLAINTIFF, INA SUE CROUCH, JAMES EARL CROUCH, LINCOLN NATIONAL LIFE INSURANCE COMPANY, AND AMSOUTH.

ANSWER: See documents produced.

**REQUEST NO. 7**: PRODUCE ALL BANK STATEMENTS FOR ANY ACCOUNT OWNED BY INA SUE CROUCH AND/OR JAMES EARL CROUCH FROM JANUARY 1, 1997, TO PRESENT.

ANSWER: Not in my possession.

**REQUEST NO. 8**: PRODUCE ALL COPIES (AND THE RIGHT TO INSPECT ORIGINALS) OF ALL DOCUMENTS EXECUTED BY JAMES EARL CROUCH FROM JANUARY 1, 1997, THROUGH FEBRUARY 14, 2001.

ANSWER: I have produced everything I have in my possession.

**REQUEST NO. 9**: PRODUCE THE PRESCRIPTION FOR ALL EYEGLASSES USED BY JAMES EARL CROUCH FROM JANUARY 1, 1998 TO FEBRUARY 14, 2001.

ANSWER: Not in my possession.

**REQUEST NO. 10**: PRODUCE YOUR MARRIAGE LICENSE TO JAMES EARL CROUCH.

ANSWER: See documents produced.

**REQUEST NO. 11**: PRODUCE INCOME TAX RECORDS AND 1099'S FOR JAMES EARL CROUCH AND/OR INA SUE CROUCH FROM 1997 THROUGH 2002.

ANSWER: Object as this is irrelevant.

**REQUEST NO. 12**: PRODUCE A COPY OF ALL DEEDS RELATED TO THE OWNERSHIP OF THE LAST RESIDENCE OF JAMES EARL CROUCH FROM ACQUISITION BY JAMES EARL CROUCH TO PRESENT.

ANSWER: Object as this is irrelevant.

**REQUEST NO. 13**: PRODUCE THE OBITUARY WHICH WAS PUBLISHED REGARDING THE DEATH OF JAMES EARL CROUCH.

ANSWER: See documents produced.

**REQUEST NO. 14**: PRODUCE A COPY OF THE CD WITH ALIANT REFERENCED IN THE APPLICATION FOR THE ANNUITY.

ANSWER: Not in my possession.

**REQUEST NO. 15**: PRODUCE COPIES OF ANY WRITTEN OR RECORDED STATEMENTS, WHETHER SIGNED OR UNSIGNED, TRANSCRIBED OR IN ANY OTHER FORM, OR MEMORANDA OF ANY WRITTEN OR RECORDED STATEMENTS OF THE PLAINTIFF, ANY DEFENDANT, OR ANY WITNESS OR OTHER   INDIVIDUAL HAVING ANY DIRECT KNOWLEDGE OF THE FACTS OF THE INCIDENT COMPLAINED OF OR OF THE DAMAGES CLAIMED BY THE PLAINTIFF.

ANSWER: See pleadings.

**REQUEST NO. 16**: PROVIDE A COPY OF THE MEDICAL RECORDS OF JAMES EARL CROUCH FROM JANUARY 1, 1995 THROUGH HIS DATE OF DEATH AND EXECUTE THE AUTHORIZATION ATTACHED HERETO AS EXHIBIT A.

ANSWER: Not in my possession.

**REQUEST NO. 17**: PROVIDE ALL DOCUMENTS RELATED TO THE GIFT OF $100,000.00 TO JAMES EDWARD CROUCH.

ANSWER: Not in my possession.

## REQUEST FOR ADMISSION

**REQUEST NO. 1**: ADMIT THAT RONDA ROBINSON SOLD THE ANNUITY ISSUED BY LINCOLN NATIONAL LIFE INSURANCE COMPANY, NO. 774944, TO JAMES EARL CROUCH.

ANSWER: Denied. It was sold to James Earl Crouch and Ina Sue Crouch as co-owners.

**REQUEST NO. 2**: ADMIT THAT JAMES EDWARD CROUCH WAS LISTED AS THE SOLE BENEFICIARY ON THE APPLICATION FOR THE ANNUITY.

ANSWER: Denied. Eddie was listed as a beneficiary.

**REQUEST NO. 3**: ADMIT THAT INA SUE CROUCH LATER CHANGED THE BENEFICIARY OF THE ANNUITY.

ANSWER: Denied. Mr. and Mrs. Crouch changed the document.

**REQUEST NO. 4**: ADMIT THAT JAMES EARL CROUCH DID NOT SIGN ANY FORM NECESSARY TO CHANGE THE BENEFICIARY OF THE ANNUITY.

ANSWER: Denied. James Earl Crouch asked Ina Sue Crouch to sign his name.

**REQUEST NO. 5**: ADMIT THAT INA SUE CROUCH DID NOT HAVE AUTHORITY TO SIGN JAMES EARL CROUCH'S NAME ON THE FORM NEEDED TO CHANGE THE ANNUITY.

ANSWER: Denied

**REQUEST NO. 6**: ADMIT THAT NEITHER INA SUE CROUCH NOR JAMES EARL CROUCH NOTIFIED JAMES EDWARD CROUCH OF THE CHANGE IN THE BENEFICIARY FROM JAMES EARL CROUCH TO INA SUE CROUCH.

ANSWER: Denied.

**REQUEST NO. 7**: ADMIT THAT IN *IN RE JAMES EARL CROUCH*, CASE NO. 01-272, IN THE PROBATE COURT OF ELMORE COUNTY, ALABAMA, YOU TESTIFIED THAT YOU WERE THE ONLY BENEFICIARY TO EVER BE NAMED ON THE ANNUITY.

ANSWER: Denied. The transcript speaks for itself. See #4.

**REQUEST NO. 8**: ADMIT THAT IN *IN RE JAMES EARL CROUCH*, CASE NO. 01-272 , IN THE PROBATE COURT OF ELMORE COUNTY, ALABAMA, YOU TESTIFIED THAT YOU HAVE NEVER SIGNED JAMES EARL CROUCH'S SIGNATURE TO ANY DOCUMENT.

ANSWER: Denied. The transcript speaks for itself. See #4.

**REQUEST NO. 9**: ADMIT THAT JAMES EARL CROUCH AND INA SUE CROUCH RECEIVED THE LETTER DATED MAY 18, 1998 (ATTACHED HERETO AS EXHIBIT B) WITHIN 10 DAYS OF ITS DATE.

ANSWER: Admitted, but I am not aware of the date.

**REQUEST NO. 10**: ADMIT THAT JAMES EARL CROUCH WAS BORN ON APRIL 12, 1928, AND DIED ON FEBRUARY 14, 2001.

ANSWER: Admitted.

**REQUEST NO. 11**: ADMIT THAT IN MAY OR JUNE, 1998, YOU AND JAMES EARL CROUCH CALLED JAMES EDWARD CROUCH AND EXPLAINED THAT JAMES EARL HAD PURCHASED A $250,000.00 ANNUITY AT AMSOUTH BANK AND THAT HE JAMES EDWARD CROUCH WOULD RECEIVE THE MONEY FROM THAT ANNUITY WHEN JAMES EARL CROUCH DIED.

ANSWER: Denied.

**REQUEST NO. 12**: ADMIT THAT THE MAY 7, 1998, APPLICATION FOR ANNUITY SIGNED BY JAMES EARL CROUCH AND INA SUE CROUCH IS CLEAR AND UNAMBIGUOUS IN STATING THE INTENTION OF JAMES EARL CROUCH THAT JAMES EDWARD CROUCH WAS TO BE THE SOLE BENEFICIARY OF THE ANNUITY.

ANSWER: Denied. See records.

**REQUEST NO. 13**: ADMIT THAT THE MAY 7, 1998, APPLICATION FOR ANNUITY SHOWS THAT ON MAY 12, 1998, AT 8:24 A.M. AMSOUTH INVESTMENT STAMPED THE APPLICATION AND AUTHORIZATION FORM THAT INDICATED THAT THE PRINCIPAL HAD APPROVED THE CROUCH APPLICATION FOR THE LINCOLN NATIONAL LIFE INSURANCE COMPANY ANNUITY AND RECEIVED A CHECK IN THE AMOUNT OF $250,000.00 FOR ITS PURCHASE.

ANSWER: Denied. Unknown.

**REQUEST NO. 14**: ADMIT THAT THE CONFIRMATION LETTER FROM LINCOLN NATIONAL TO JAMES EARL CROUCH DATED MAY 18, 1998, CONFIRMED THE FACTS SURROUNDING THE ISSUANCE OF THE ANNUITY AND THAT THERE WERE NO AMENDMENTS, CHANGES OR CORRECTIONS INTENDED.

ANSWER: Denied. Document speaks for itself.

**REQUEST NO. 15**: ADMIT THAT PRIOR TO JAMES EDWARD CROUCH'S MARRIAGE TO HIS WIFE, TERESA CROUCH, JAMES EARL CROUCH REMINDED JAMES EDWARD CROUCH THAT HE HAD PREPARED HIS WILL WHICH LEFT ONE DOLLAR ($1.00 TO EACH OF HIS OTHER CHILDREN WITH THE REMAINDER OF HIS PROPERTY TO BE DIVIDED WITH HALF TO HIS WIFE, INA SUE, AND HALF TO JAMES EDWARD CROUCH.

ANSWER: Denied.

**REQUEST NO. 16**: ADMIT THAT IN LATE JANUARY OR EARLY FEBRUARY, 2001, JAMES EARL CROUCH'S HEALTH DETERIORATED AND YOU MADE REPEATED EFFORTS TO HAVE AN ATTORNEY PREPARE A POWER OF ATTORNEY AND A NEW WILL FOR JAMES EARL AND TO HAVE THE DOCTOR FOR JAMES EARL DECLARE HIM INCOMPETENT.

ANSWER: Denied.

**REQUEST NO. 17**: ADMIT THAT YOU WERE THE LAST KNOWN POSSESSOR OF THE Will OF JAMES EARL CROUCH.

ANSWER: Denied.

**REQUEST NO. 18:** ADMIT THAT JAMES EARL CROUCH HAD "READING GLASSES" FOR SEVERAL YEARS PRIOR TO 1998, HE RARELY WORE THEM, HE DID NOT NEED THEM TO SIGN HIS NAME, AND HE RARELY TOOK THEM WITH HIM WHEN HE LEFT HOME.

ANSWER: Denied.

**REQUEST NO 19**: ADMIT THAT YOU NEVER SIGNED JAMES EARL CROUCH'S NAME TO ANY DOCUMENTS.

ANSWER: Denied.

**REQUEST NO. 20:** ADMIT THAT JAMES EARL CROUCH CONDUCTED NO BUSINESS REGARDING ASSETS HELD AT AMSOUTH BANK AFTER MAY 8, 1998, AND THAT HE NEVER CHANGED THE BENEFICIARY FOR THIS ANNUITY AFTER THAT DATE.

ANSWER: Denied.

**REQUEST NO. 21:** ADMIT THAT EXHIBIT C ATTACHED HERETO IS A TRUE AND CORRECT COPY OF THE OBJECTION TO MOTION TO INTERVENE FILED BY YOUR [DAUGHTER], BARBARA MIDDLETON, IN THE PROBATE MATTER FILED IN THE PROBATE COURT OF ELMORE COUNTY, ALABAMA, BEARING CASE NO. 01-272.

ANSWER: Denied.

**REQUEST NO. 22:** ADMIT THAT SIGNATURE ON EXHIBIT D ATTACHED HERETO IS NOT THAT OF JAMES EARL CROUCH.

ANSWER: Denied. I signed James Earl Crouch's name at his request.

**REQUEST NO. 23**: ADMIT THAT YOU AND JAMES EARL CROUCH RECEIVED THE LETTER ATTACHED HERETO AS EXHIBIT B ON OR ABOUT MAY 18, 1998.

ANSWER: Admitted, but not aware of the date.

## STATE OF ALABAMA
## ELMORE COUNTY

Before me, the undersigned authority, personally appeared, Ina Sue Crouch, who, being by me first duly sworn, doth say on oath that the foregoing answers are true to the best of her knowledge, information, and belief.

*Ina Sue Crouch*
Ina Sue Crouch

**SWORN TO AND SUBSCRIBED** before me this 8th day of August 2006.

Notary Public
My Commission Expires: 11/30/08

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing upon the following:

**Attorney for James Edward Crouch:**
Samuel S. McHard
Bryan Nelson, P.A.
Attorneys at Law
6524 U. S. Highway 98
P. O. Drawer 18109
Hattiesburg, MS  39404-810


**Attorneys for AmSouth  Bank:**
Paul J. Delcambre, Jr.
Balch & Bingham, LLP
P. O. Box 130
1310 Twenty-Fifth Avenue
Gulfport, MS 39501
Fax: 228/864-8221

Charles B. Paterson
Joe Seawell Moore
Balch & Bingham, LLP
P. O. Box 78
Montgomery, AL 36101-0078
Fax: 334/269-3115

OF COUNSEL:

Glenda W. Hughes, Esq.
Attorney for Ina Sue Crouch
103-B Commerce Street
Wetumpka, AL 36092
Telephone: 334/514-3038
Fax: 334/514-3039