IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES E. CROUCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. |
| | ) |
| | ) 2:06-cv-00111-MEF |
| LINCOLN NATIONAL LIFE | ) |
| INSURANCE COMPANY *et al.*, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT LINCOLN NATIONAL LIFE INSURANCE COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION TO CONTINUE DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

Defendant Lincoln National Life Insurance Company ("Lincoln National"), hereby states its opposition to plaintiff's motion to continue defendants' motions for summary judgment. The Court is not required to grant a motion to continue pursuant to Federal Rule of Civil Procedure 56(f) where the requested discovery will not inform the issues raised by the pending dispositive motion, and such is the case with the present motion. As grounds for this opposition, Lincoln National shows the Court as follows:

### I. Plaintiff is not Automatically Entitled to a Second Continuance

Plaintiff is not entitled to a second continuance under Rule 56(f) unless he can show that the discovery that he seeks is critical to the issues presented on

summary judgment. *See Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1290 n.2 (11th Cir. 2001) (noting that deciding a motion for summary judgment in the presence of a discovery dispute does not constitute an abuse of discretion where the discovery requested by the non-moving party is unlikely to produce a genuine issue of material fact) (citing *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990)). "Rule 56(f) cannot be used to allow an unlimited 'fishing expedition' as to discovery, especially when the record demonstrates that the requested discovery is not likely to produce material facts needed to defeat a summary judgment motion." *Hickman v. Wal-Mart Stores, Inc.*, 152 F.R.D. 216, 224 (M.D. Fla. 1993) (citing *School Board of Okaloosa County, Fla. v. Richardson*, 332 F. Supp. 1263, 1269 (N.D. Fla. 1971)). "Vague assertions by the non-moving party that Discovery will uncover unspecified facts are not enough to trigger Rule 56(f) protection." *See id.* at 221 (internal quotations omitted) (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990); *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 873 (5th Cir. 1978)).

II. **The Discovery that Plaintiff Seeks Will Not Inform the Issues Presented by Defendants' Motions for Summary Judgment**

In the instant case, Lincoln National is entitled to summary judgment on two separate grounds, and no specific discovery is identified that bears upon or can reasonably be expected to change the record on either issue. On this record, there is no basis to delay Lincoln National the summary judgment to which it is entitled.

A. **There is no Further Discovery that can Inform the Issue of Whether Mr. Crouch's Signature on the Change of Beneficiary Form Was Valid and Authorized**

The first basis for summary judgment involves whether the signature of James Earl Crouch on the change-of-beneficiary form was a valid/authorized signature. Only three people were present at the time of signing—one has passed away and each of the others has been deposed. The deposition testimony of both of these witnesses was consistent: The decedent, James Earl Crouch, asked and authorized his wife to sign his name on his behalf on the form. *See* Deposition of Ronda Robinson ("Robinson Dep."), p. 118, ll. 11-18; Deposition of Ina Sue Crouch ("Sue Crouch Dep."), p. 152, ll. 21-23 and p. 153, ll. 1-7. There is no other meaningful discovery that can be taken on this issue, and certainly no other or outstanding discovery that can directly contradict the deposition testimony. Everyone who was present and who is still alive has been deposed. Accordingly, the Court should not delay its decision on defendants' first ground for summary judgment.

B. **There are no Outstanding Discovery Requests that Address or Concern Lincoln National's Entitlement to Summary Judgment Pursuant to Alabama's Facility of Payment Statute**

Lincoln National's second, and independent, basis for summary judgment rests on Alabama's facility of payment statute. Plaintiff does not dispute that Lincoln National did not have notice of the claimed "irregularities" in the change

of beneficiary form until after Lincoln National had paid the benefits to the designated beneficiary. *See* Plaintiff's Preliminary Combined Response to Defendants' Motions for Summary Judgment and Memorandum of Law, Doc. No. 75 (presenting no discussion or argument concerning Lincoln National's motion for summary judgment based on the facility of payment statute). None of the discovery that was first propounded to Lincoln National on October 3, 2006 addresses that issue. *See* Exh. A, Plaintiff's First Set of Discovery to Lincoln National. Moreover, neither plaintiff's motion to continue nor any portion of the voluminous attachments thereto specifically cite a need for any information that he requires in order to prepare a more complete response to this separate and independent ground for summary judgment. Therefore, plaintiff's claim that he needs more discovery does not preclude the entry of summary judgment to which Lincoln National is entitled on this ground.

### III. Plaintiff's Attempt to Imply that Lincoln National has not Fully Complied With its Discovery Obligations is Incorrect

Plaintiff is inaccurate in his assertions that Lincoln National has failed to provide promised discovery. First, plaintiff alleges that Lincoln National promised to produce a sample copy of the annuity contract but never did so. That is untrue. Counsel for Lincoln National stated as follows:

```
14          MR. WALDROP: Lincoln would just
15          object. That document was
16          attached to and made part of
```

|    |    |
|----|----|
| 17 | the contract, but I don't |
| 18 | think that document that |
| 19 | you're showing her constitutes |
| 20 | the entire contract. |
| **21** | **We can get a specimen** |
| **22** | **copy.  Not today, but I can** |
| **23** | **get you one.** |

Sue Crouch Dep., p. 41 (emphasis added).  Despite not believing that a specimen copy of the annuity could be located that day (while counsel were in depositions in this case), counsel for Lincoln National was able to obtain, and produced just such a sample copy of the Investor's Choice Annuity on that very same day:

|    |    |
|----|----|
| 15 | MR. WALDROP:  On behalf of |
| 16 | Lincoln, we object to the |
| 17 | deposition being continued. |
| 18 | We view it, as does counsel |
| 19 | for AmSouth, as being over. |
| 20 | I think Lincoln has |
| 21 | complied in good faith with |
| 22 | producing its initial |
| 23 | disclosures.  **And I have** |
|    | **207** |
| 1 | **obtained what I believe to be** |
| 2 | **a sample form annuity contract** |
| 3 | **which would -- and I'll give** |
| 4 | **you a copy right now because I** |
| 5 | **don't want to deny you the** |
| 6 | **opportunity if you want to ask** |
| 7 | **some questions about it in** |
| 8 | **this deposition,** and I don't |
| 9 | want to have any excuse for |
| 10 | this thing being continued. |
| 11 | From our standpoint -- I |
| 12 | went to great lengths to get |
| 13 | this sample contract during |
| 14 | the course of this |

5

| | |
|---|---|
| 15 | deposition. I've had it |
| 16 | e-mailed down here and we'd |
| 17 | offer -- |
| 18 | MR. MCHARD: Well, this has never |
| 19 | been produced in discovery or |
| 20 | in the initial disclosures. |
| 21 | MR. WALDROP: There's not any |
| 22 | pending discovery to Lincoln. |
| 23 | We are in this case for |

208

| | |
|---|---|
| 1 | literally about two months. |
| 2 | We view -- We're saying |
| 3 | that this application form or |
| 4 | something like that was the |
| 5 | contract, quote, unquote, to |
| 6 | use your phrases. So I said, |
| 7 | well, if there actually is a |
| 8 | greater part of the |
| 9 | contract -- this is what I |
| 10 | believe is on file with the |
| 11 | Department of Insurance, but |
| 12 | this is a sample form of the |
| 13 | Investor's Choice annuity |
| 14 | contract. |
| 15 | And, of course, once an |
| 16 | annuity is surrendered, as |
| 17 | this one was, normally those |
| 18 | things are no longer |
| 19 | retained. That's the normal |
| 20 | practice when an annuity or CD |
| 21 | or something else is |
| 22 | surrendered. Most banks and |
| 23 | insurance companies don't |

209

| | |
|---|---|
| 1 | retain those. |
| 2 | But this is a sample |
| 3 | annuity contract for |
| 4 | Investor's Choice as I |
| 5 | understand it. Just to |
| 6 | identify it for the record, it |

6

| | |
|---|---|
| 7 | has some numbers on it, LN028 |
| 8 | through LN041. It also has |
| 9 | some numbers on this at the |
| 10 | bottom, A-31 through A-44. |

Sue Crouch Dep., pp. 206-209 (emphasis added).

Second, plaintiff is inaccurate in suggesting that Lincoln National never responded to the May 30, 2006 subpoena that was served shortly before Lincoln National was made a party to this lawsuit. As evidenced in Lincoln National's initial disclosures, it responded to the subpoena by letter dated June 13, 2006 in which Lincoln National forwarded the requested materials to Mr. McHard within two weeks. *See* Exh. B, Documents bates labeled Lincoln National/Crouch 00002-00003 (the associated documents have not been attached). Also, Lincoln National provided additional documents in its initial disclosures after being named as a party to this lawsuit in the Second Amended Complaint (Doc. No. 52) that was filed on June 23, 2006, less than a month after issuance of the May 30, 2006 subpoena.

IV.  **Conclusion**

Plaintiff has obtained sufficient discovery to be able to fully respond to defendants' motions for summary judgment, and he should not be allowed to prolong this litigation while he conducts a "fishing expedition" that will certainly fail to yield material information. Accordingly, Lincoln National respectfully

requests that the Court deny plaintiff's motion to continue, and grant summary judgment in its favor for the reasons outlined in its pending motion for summary judgment.

                                                                          s/ Mitchell D. Greggs
                                               One of the Attorneys for Defendant
                                          Lincoln National Life Insurance Company

OF COUNSEL:
E. Glenn Waldrop, Jr. (WALDG7740)
Mitchell D. Greggs (GREGM5304)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 5<u>th</u> day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Glenn L. White, Esq.
glennw@megagate.com

Charles Burton Paterson, Esq.
cpaterson@balch.com

Samuel S. McHard, Esq.
smchard@bnlawfirm.com

Paul J. Delcambre, Jr., Esq.
pdelcambre@balch.com

Glenda Wingard Hughes, Esq.
ghughes.atty@ATT.net

Joseph Seawall Moore, Esq.
jsmoore@balch.com

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants (if applicable):

Carol Ann Estes Bustin, Esq.
Bustin Law Firm
109 Fairvield Drive, Suite 109
Hattiesburg, Mississippi  39402

Respectfully submitted,

s/ Mitchell D. Greggs