# BRYAN NELSON P.A.

ATTORNEYS AT LAW
POST OFFICE DRAWER 18109
6524 U.S. HIGHWAY 98
HATTIESBURG, MISSISSIPPI 39404-8109

JACK W. LAND
EVE GABLE
HERMAN M. HOLLENSED, JR.
MARK A. NELSON*
V. K. VICK SMITH
DAVID M. OTT
SAMUEL S. McHARD²
RICHARD D. NORTON
JOSEPH A. O'CONNELL
JOE D. STEVENS
WILLIAM A. WHITEHEAD, JR.
KATHERINE L. HOWIE
STEPHEN B. JACKSON
ERICA R. McHARD²
STACY L. NEAMES
DARIUS G. TAYLOR
KRISTOPHER A. POWELL
TRACY K. BOWLES
MARK E. NORTON

JOHN F. BRYAN III (1914-1994)
E. S. NED NELSON (1928-1985)

TELEPHONE
(601) 261-4100

FACSIMILE
(601) 261-4106

* Also Admitted in Louisiana
² Also Admitted in Illinois
  And Iowa

October 3, 2006
*Via Facsimile, E-mail and U.S. Mail*

Mitchell D. Greggs
E. Glenn Waldrop, Jr.
Lightfoot, Franklin & White, LLC
The Clark Building
400 North 20th St.
Birmingham, AL 35203-3200

    Re:   *James E. Crouch vs. Amsouth Bank, et al.*
           In the United States District Court for the Middle District of Alabama
           Civil Action No.2:06-CV-00111-MEF

Gentlemen:

    Enclosed please find the Plaintiff James E. Crouch's First Set of Interrogatories, Requests for Production, and Requests for Admissions Propounded to Lincoln National Life Insurance Company. If you have any questions or need anything further, please advise.

                              Very truly yours,
                              BRYAN NELSON P.A.

                              Samuel McHard
                              For the Firm

SMH/ral
Enclosure
cc:   Counsel of Record

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

JAMES E. CROUCH                                                              PLAINTIFF

VS.                                                  CIVIL ACTION NO. 2:06-CV-00111-MEF

AMSOUTH BANK, INA SUE                                                     DEFENDANTS
CROUCH, AMSOUTH INVESTMENT
SERVICES, INC., LINCOLN
NATIONAL LIFE INSURANCE
COMPANY, and
JOHN and JANE DOES 3-10

PLAINTIFF JAMES E. CROUCH'S FIRST SET OF INTERROGATORIES,
REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS
PROPOUNDED TO LINCOLN NATIONAL LIFE INSURANCE COMPANY

COMES NOW, the Plaintiff, James E. Crouch, by and through undersigned counsel, and serves this, his First Set of Interrogatories, Requests for Production of Documents and Things, and Requests for Admissions to Defendant Lincoln National Life Insurance Company, pursuant to the Federal Rules of Civil Procedure.

INSTRUCTIONS AND DEFINITIONS

A. The terms "document" and "documents" include, but not limited to, papers, photographs, films, recordings, memoranda, books, records, accounts, communications, and all retrievable information in computer storage. For items of electronic data requested herein or identified in responses, please produce the electronic data in ASCII form.

B. For purposes of interpreting or construing the scope of these interrogatories, the terms used shall be given their most expansive and inclusive interpretation. This includes, without limitation, the following:

   1. Construing the terms "and" and "or" used in any interrogatory in the disjunctive of conjunctive, as necessary, to make the interrogatory more inclusive;

   2. Construing the singular form of any word to include the plural and the plural form to include the singular;

3. Construing the past tense of the verb to include the present tense and the present tense to include the past tense;

4. Construing the masculine form to include the feminine form and the feminine form to include the masculine form;

5. Construing the terms "Lincoln", "you" and "your" to mean Lincoln National Life Insurance Company, its employees, agents, attorneys, representatives, and its affiliates or subsidiaries;

6. Construing the term "date" to mean the exact day, month and year if ascertainable; if not, the closest approximation that can be made by means of relationship to other events, locations, or matters;

7. Construing the term "person" to mean natural persons, associations, corporations, partnerships, governments (or governmental agencies), quasi-public entities, proprietorships, joint ventures, trusts, estates, and all other forms of legal entities;

8. Construing the term "communication" to mean any form of verbal or written interchange, however transmitted;

9. Construing the terms "refer to," "referring to," "relate to," or "relating to" to mean constitutes, embodies, comprises, reflects, discusses, identifies, states, comments on, responds to, describes, analyzes, contains information concerning, or is in any way pertinent to the stated subject matter;

10. Construing the term "Complaint" to mean the Complaint and each Amendment thereto filed by James E. Crouch in this cause;

11. Construing the term "Answer" to mean the Answer and each Amendment thereto filed by Lincoln in this cause;

12. Construing the term "Occurrence" to mean all activities from sixty (60) days prior to the date of application in 1998 to present regarding Annuity Contract No. 774944 issued to annuitant James Earl Crouch by Lincoln National Life Insurance Company (hereinafter, "the Annuity");

13. Construing the term "AmSouth" to mean AmSouth Bank, its employees, agents, attorneys, representatives, and its affiliates or subsidiaries including AmSouth Investment Services, Incorporated;

14. Construing the term "identify" or "identity" to mean, with respect to a person,

to set forth the person's name, employer, job title, home and business addresses and home and business telephone numbers; and

15. Construing the term "identify" or "identity" to mean (regardless of whether any claim of privilege is asserted), with respect to a document, to set forth the following information:

    a. Its nature (e.g., letter, memorandum, report, etc.);
    b. The date it bears, or, if undated, the date it was written or created;
    c. The identity of the person(s) who wrote or created it;
    d. The identity of the person(s) who received it;
    e. Its file number or other identifying mark or code;
    f. Its general subject matter;
    g. Its present or last known location; and
    h. Its custodian.

16. Construing the term "identify" to mean, with respect to an act, transaction or occurrence, to set forth the following information:
    a. A complete description and explanation thereof;
    b. The date thereof; and
    c. The identity of all participants therein.

C. Each discovery request solicits all information available to Lincoln or obtainable by Lincoln, from its employees, agents, attorneys, and representatives.

D. The time frame for this discovery, unless indicated otherwise, is from March 7, 1998, through the date of your response. This time frame shall also be referred to as the "relevant period" or the relevant time period."

E. Regarding any responsive document that was once, but no longer is in your possession, custody or control, identify what disposition was made of the document, its present location, and its present custodian. This includes information which was in computer storage.

F. Regarding any responsive document that has been destroyed, identify that document by date, author(s), addressee(s) and subject matter, the date of such destruction, the manner of such destruction, the reason for such destruction, the person authorizing such destruction, and the custodian of the document at the time of its destruction.

G. If you withhold information, by claiming that it is privileged or subject to protection as trial preparation material, make the claim expressly and describe the nature of the documents, communications or things not produced or disclosed in a manner that, without revealing the information that is privileged or protected, will enable the

3

parties and the Court to access the applicability of the privilege or protection by preparing a privilege log containing at least the following information:

1. Identification of the document by date and author;
2. The identity of the author by corporate position and capacity;
3. The identity and corporate position of the person or persons involved in the creation of the document and/or supplying information for the creation of the document;
4. The source of the information contained in the document;
5. The place of creation or recordation of the document;
6. The names of all persons participating in the preparation of the document;
7. The subject matter of the document;
8. The purpose for the creation of the document;
9. The name and corporate position, if any, of each person to whom the contents of the document have heretofore been communicated by copy, exhibition, reading or substantial summarization;
10. The number of pages and estimated cost of location and reproduction of the document; and
11. The location of the document.

## INTERROGATORIES

**INTERROGATORY NO. 1**: Identify each and every person known by you who has, or claims to have, knowledge of any discoverable information relevant to any claims and defenses of Lincoln, identifying the subjects and substance of the information known by each respectively.

**INTERROGATORY NO. 2**: Identify each person who acted to participate in the handling of any matter related to the sale and/or servicing of the Annuity, identifying each act taken by each respective person.

**INTERROGATORY NO. 3**: Identify all documents which evidence communications:

a)  between Ina Sue Crouch and/or James Earl Crouch and Lincoln and/or its agents related to the Annuity;

b)  between Ina Sue Crouch and/or James Earl Crouch and AmSouth related to the Annuity;

4

c) between Ina Sue Crouch and/or James Earl Crouch and Ronda Robinson related to the Annuity;

d) between AmSouth and Lincoln related to the Annuity; and

e) between Lincoln and Ronda Robinson related to the Annuity.

**INTERROGATORY NO. 4**: Identify any and all manuals, policies, procedures, instructions, standards, rules, regulations, and /or training materials of prepared or sued by AmSouth, and/or Lincoln applicable to the Annuity that were in effect at the time of the Occurrence.

**INTERROGATORY NO. 5**: With respect to your denial of any Request for Admission propounded to you herein, please identify each Request for Admission separately and give a complete description of all the facts relied upon in making each respective denial. If this Interrogatory is answered on information and belief, set forth the specific information believed, the source of the information, when and in what manner the information was obtained, and why it is reasonable to believe the information is true; and if the above identified Requests for Admission was denied because of lack of information or knowledge, give a detailed chronological account of every effort made by you or your attorney to inquire into the subject matter of the Request, including the date of each effort, the person making each effort, the substance of each effort, and the information obtained by each effort, specifically setting forth all facts relied upon, and identify all witnesses and documents relied upon and/or relating to each denial.

**INTERROGATORY NO. 6**: Identify all claims and suits against Lincoln, regarding annuities such as the Annuity during the relevant period.

**INTERROGATORY NO. 7**: Identify all proposed opinion witnesses and in connection with each opinion witness identified, state the following the subject matter on which the

5

expert is expected to testify; the substance of the facts on which the expert is testify; the opinions to which the expert is expected to testify; and a summary of the grounds for each opinion.

**INTERROGATORY NO. 8**: Identify each document related to the Annuity

a. prepared by Ronda Robinson in connection with Application for Annuity;

b. the documents reviewed by Ronda Robinson from Lincoln in response to the Application;

c. memorialization of each;

d. communications between Ronda Robinson and James Earl Crouch and Ina Sue Crouch; and

e. documentation that Ronda Robinson made in error in connection with the Application for Annuity.

## DOCUMENTS REQUESTED

**REQUEST NO. 1**: Produce any admissions or statements made by any party to this action or the agent or servant of any party to this action.

**REQUEST NO. 2**: Produce each and every document identified in your Answers to Interrogatories in this cause.

**REQUEST NO. 3**: Produce copies of any written or recorded statements, whether signed or unsigned, transcribed or in any other form, or memoranda of any written or recorded statement of the Plaintiff, any Defendant, or any witness or other individual having any direct knowledge of the facts of the occurrence or of the damages claimed by the Plaintiff.

**REQUEST NO. 4**: Provide a copy of the entire file of Lincoln, relating to the issuance of the Annuity purchased by James Earl Crouch and Ina Sue Crouch, including the complete annuity

contract for Lincoln Annuity No. 774944.

**REQUEST NO. 5:** Provide copies of all documents related to communications between any of the following persons or entities (including their respective agents and representatives) relating to the Annuity, including, but not limited to, any notices of errors in the Annuity application and changes in beneficiary: James Edward Crouch, Ina Sue Crouch, James Earl Crouch, Lincoln, AmSouth Bank, AmSouth Investments, and Ronda Robinson.

**REQUEST NO. 6:** Produce all documents relating to any audit or investigation regarding the Annuity whether said investigation was conducted by you or a third party.

**REQUEST NO. 7:** Produce all documents related to the showing (1) the kind or kinds of annuities, insurance or classification thereof that it was proposed Ronda Robinson be authorized to solicit or write, (2) the investigation made of Ronda Robinson's qualifications, character, and fitness for such duties, (3) the results of such investigation, and (4) all appointments of Ronda Robinson, AmSouth Bank, and/or AmSouth Investments as agent for Lincoln during the relevant period.

**REQUEST NO. 8:** Produce the agency contract between AmSouth and/or Ronda Robinson and Lincoln related to the sale and servicing of annuities and/or other investments or insurance by AmSouth and/or Ronda Robinson on behalf of Lincoln including the National Sales Agreement.

**REQUEST NO. 9:** Produce all documents related to investigations to determine whether the signature of James Earl Crouch on Exhibit C was forged or otherwise unauthorized.

**REQUEST NO. 10:** All manuals, instructions, regulations, policies, procedures, standards or similar documents that were issued by Lincoln to Ronda Robinson, AmSouth Bank, and/or AmSouth Investments relating to the sale and service of Lincoln insurance products and investments,

such as the Annuity, and which were in effect during the period of May 7, 1998 to February 14, 2001.

**REQUEST NO. 11:** Provide all documents which relate to activity of the following persons or businesses regarding the Annuity: James Edward Crouch, Ina Sue Crouch, James Earl Crouch, Lincoln, AmSouth Bank, AmSouth Investments, and Ronda Robinson.

**REQUEST NO. 12:** Provide a certified copy of the Annuity.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that James Edward Crouch was listed as the sole beneficiary on the application for the Annuity as of May 7, 1998.

**REQUEST NO. 2:** Admit that Ina Sue Crouch later changed the beneficiary of the Annuity.

**REQUEST NO. 3:** Admit that James Earl Crouch did not sign any form necessary to change the beneficiary of the Annuity.

**REQUEST NO. 4:** Admit that Ina Sue Crouch did not have authority to sign James Earl Crouch's name on the form(s) needed to change the Annuity.

**REQUEST NO. 5:** Admit that no amendment forms related to the Annuity were requested by James Earl Crouch.

**REQUEST NO. 6:** Admit that the application contained no ambiguity regarding the beneficiary when executed by James Earl Crouch and Ina Sue Crouch on May 7, 1998.

**REQUEST NO. 7:** Admit that Ronda Robinson, AmSouth Bank and AmSouth Investment Services, Inc. were agents of Lincoln with regard to the sale and service of the Annuity.

**REQUEST NO. 8:** Admit that AmSouth Bank and AmSouth Investment Services, Inc. were identified as agent #437 for Lincoln.

**REQUEST NO. 9:** Admit that Lincoln issued the subject Annuity pursuant to a "national selling agreement" with AmSouth Bank and/or AmSouth Investment Services, Inc.

**REQUEST NO. 10:** Admit that Lincoln authorized Ronda Robinson, AmSouth Bank and/or AmSouth Investment Services, Inc. to issue and sell its products, including the Annuity contract.

**REQUEST NO. 11:** Admit that Ronda Robinson applied to become an agent for Lincoln on or about the last week of September, 1997.

**REQUEST NO. 12:** Admit that Lincoln provided no rules, regulations, or procedures and no education or training to Ronda Robinson, AmSouth Bank, or AmSouth Investment Services, Inc. in connection with selling or administering contracts such as the Annuity contract.

**REQUEST NO. 13:** Admit that Lincoln terminated the license of Ronda Robinson to sell its products in Alabama on August 24, 2004.

Respectfully submitted,
JAMES E. CROUCH

By: _____
Samuel S. McHard, MS Bar No. 100295
*pro hac vice*

BRYAN NELSON P.A.
Attorneys at Law
6524 U.S. Highway 98
P.O. Drawer 18109
Hattiesburg, MS 39404-8109
T: (601) 261-4100
F: (601) 261-4106

9

## CERTIFICATE OF SERVICE

I do hereby certify that on October 3, 2006, I forwarded via U.S. Postal Service, facsimile, and e-mail a true and correct copy of the above and foregoing to the following:

Glenda W. Hughes
103-B Commerce St.
Wetumpka, AL 36092
Fax - 334.514.3039
ghughes.atty@ATT.net
**Attorney for Ina Sue Crouch**

Paul J. Delcambre, Jr.
Balch & Bingham, LLP
P.O. Box 130
1310 Twenty-Fifth Avenue
Gulfport, MS 39501-7748
Fax - 228.864.8221
pdelcambre@balch.com

Charles B. Paterson
Joe Seawell Moore
Balch & Bingham, LLP
P.O. Box 78
Montgomery, AL 396101
Fax - 334.269.3115
cpaterson@balch.com
jsmoore@balch.com
**Attorneys for AmSouth Bank and AmSouth Investment Services, Inc.**

Mitchell D. Greggs
E. Glenn Waldrop, Jr.
Lightfoot, Franklin & White, LLC
The Clark Building
400 North 20th St.
Birmingham, AL 35203-3200
F: (205) 581-0799
mgreggs@lfwlaw.com
gwaldrop@lfwlaw.com
**Attorneys for Lincoln National Life Insurance**