IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES E. CROUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | 2:06-cv-00111-MEF |
| AMSOUTH BANK, INA SUE CROUCH ) | |
| and JOHN and JANE DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS AMSOUTH BANK AND AMSOUTH INVESTMENT
SERVICES' OPPOSITION TO MOTION TO CONTINUE**

Comes now AmSouth Bank ("AmSouth") and AmSouth Investment Services, Inc. ("AIS") (collectively "Defendants"), in the above-styled action and state the following in opposition to the motion to continue defendants' motions for summary judgment filed by plaintiff James E. Crouch ("Plaintiff Crouch").

**PRELIMINARY STATEMENT**

Without any valid explanation, Plaintiff Crouch contends that the Court should nevertheless delay ruling on the Defendants' Motion for Summary Judgment. Plaintiff Crouch makes an unsupported contention that discovery will enable him to respond to Defendants' Motion. Further, Plaintiff Crouch speculates that, if he were allowed additional discovery, he might be able to turn up some heretofore unknown document or fact that would enable to argue some different, as-yet-unpleaded theory. Moreover, Plaintiff Crouch has not made the particularized showing of what facts he would establish in discovery, nor how any such facts would enable him defeat the Defendants' Motion.

172408.1                                                           1

Defendant AmSouth initially filed for summary judgment on March 23, 2006. The Court denied the motion on March 28, 2006 as "premature." Since that time, the parties have engaged in discovery and completed the deposition of Plaintiff Crouch and key eyewitnesses, Defendant Crouch and former AmSouth employee, Ronda Robinson. Plaintiff Crouch, however, has disregarded that full discovery of the facts and circumstances surrounding the issuance of the annuity and the execution of the change of beneficiary form has taken place and, instead, is attempting to use the discovery process to go a "fishing expedition" hoping to stumble upon a nonexistent fact. Judicial economy does not favor granting Plaintiff Crouch's second motion for continuance. Plaintiff Crouch will only use this time to continue requesting nonexistent and/or irrelevant discovery.

## I.      Plaintiff Crouch's Second Continuance is not Automatic

Plaintiff is not entitled to a second continuance under Rule 56(f) unless he can show that the discovery that he seeks is critical to the issues presented on summary judgment. *See Ernie Haire Ford, Inc. v. Ford Motor Co.*, 260 F.3d 1285, 1290 n.2 (11th Cir. 2001) (noting that deciding a motion for summary judgment in the presence of a discovery dispute does not constitute an abuse of discretion where the discovery requested by the non-moving party is unlikely to produce a genuine issue of material fact) (*citing Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990)). "Rule 56(f) cannot be used to allow an unlimited 'fishing expedition' as to discovery, especially when the record demonstrates that the requested discovery is not likely to produce material facts needed to defeat a summary judgment motion." *Hickman v. Wal-Mart Stores, Inc.*, 152 F.R.D. 216, 224 (M.D. Fla. 1993) (*citing School Board of Okaloosa*

*County, Fla. v. Richardson*, 332 F. Supp. 1263, 1269 (N.D. Fla. 197)). "Vague assertions by the non-moving party that Discovery will uncover unspecified facts are not enough to trigger Rule 56(f) protection." *See id.* at 221 (internal quotations omitted) (quoting *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990); *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 873 (5th Cir. 1978)).

II.   **The Discovery that Plaintiff Seeks Will Not Inform the Issues Presented By Defendants' Motion for Summary Judgment**

In the instant case, Defendants are clearly entitled to summary judgment, and no specific discovery is identified that bears upon or can reasonably be expected to change the record on either issue. Accordingly, there is no basis to delay Defendants the summary judgment to which it is entitled.

   A.   **There is No Further Discovery that can Inform the Issue of Whether Mr. Crouch's Signature on the Change of Beneficiary Form was Valid and Authorized.**

The first basis for summary judgment involves whether the signature of James Earl Crouch on the change-of-beneficiary form was a valid/authorized signature. Only three people were present that the time of signing -- one has passed away and each of the others has been deposed. The deposition testimony of both of these witnesses was consistent: The decedent, James Earl Crouch, asked and authorized his wife to sign his name on his behalf on the form. *See* Deposition of Ronda Robinson ("Robinson Dep."), p. 118, ll. 11-18; Deposition of Ina Sue Crouch ("Sue Crouch Dep."), p. 152, ll. 21-23 and p. 153, ll. 1-7. There is no other meaningful discovery that can be taken on this issue, and certainly no other or outstanding discovery that can directly contradict the deposition testimony. Everyone who was present and who is still alive has been deposed. Accordingly, the Court should not delay its decision to grant summary judgment.

**III.     Plaintiff Crouch's Implication that Defendants have failed to Comply with his Discovery Obligations is a Incorrect.**

Plaintiff Crouch inaccurately asserts that Defendants have failed to provide discovery as promised. Plaintiff Crouch alleges that "AmSouth failed to confer regarding the objections and instead has refiled AmSouth's Motion for Summary Judgment shortly after the deposition." This assertion is incorrect. In fact, on October 5, 2006, Defendants sent Plaintiff Crouch a letter offering to confer regarding any of its discovery responses and pointing out the mischaracterizations in the Plaintiff Crouch's prior correspondence to the Defendants. A copy of the correspondence from Defendants to Plaintiff Crouch is attached as Exhibit A. Plaintiff Crouch also repeatedly asserts that Defendants are in possession of documents that it fails to provide. The October 5, 2006 letter makes it clear that Defendants have "produced all the document in their possession related to the annuity which is the subject of the dispute."

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff Crouch's motion to continue the Defendants motion for summary judgment is due to be denied.

Respectfully submitted this 5th day of October, 2006.

/s/ Joseph Seawell Moore
One of the Attorneys for Defendant,
AmSouth Bank

172408.1

4

**OF COUNSEL:**

Charles B. Paterson (ASB-1542-R73C)
Joseph Seawell Moore (ASB-9146-O77M)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
cpaterson@balch.com
jsmoore@balch.com


Paul J. Delcambre, Jr.
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone:  (228)864-9900
Facsimile:  (228) 864-8221
pdelcambre@balch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following:

Glenn L. White, Esquire
Holmes & White, PLLC
601 Highway 42 E
P.O. Box 672
Petal, Mississippi 39465

*Attorney for James E Crouch*

Carol Ann Estes Bustin
Bustin Law Firm
109 Fairfield Drive, Suite 109
Hattiesburg, Mississippi 39402

*Attorney for Ina Sue Crouch*

Samuel S. McHard, Esq.
Bryan Nelson Randolph PA
P.O. Box 18109
Hattiesburg, Mississippi 39404

*Attorney for James E. Crouch*

Glenda W. Hughes, Esq.
103-B Commerce Street
Wetumpka, Alabama 36092

*Attorney for Ina Sue Crouch*

In addition, I hereby certify that I have mailed by United States Postal Service a copy of the foregoing document to any non-CM/ECF participants.

Done this the 5th day of October, 2006.

      /s/ Joseph Seawell Moore
      Of Counsel