**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| JAMES E. CROUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 2:06-cv-00111-MEF |
| LINCOLN NATIONAL LIFE ) | |
| INSURANCE COMPANY *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPLY BRIEF IN SUPPORT OF
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant Lincoln National Life Insurance Company ("Lincoln National") submits this Reply Brief in support of its Motion for Summary Judgment. Lincoln National shows as follows:

**I.    Ala. Code § 27-14-12 Entitles Lincoln National to Summary Judgment**

As a matter of law, *Ala. Code* § 27-14-24 discharges an insurance company, such as Lincoln National, where it has paid out the proceeds under an annuity contract or an insurance policy according to the terms of the policy, "unless, before payment is made, the insurer has received at its home office written notice by, or on behalf of, some other person that such person claims to be entitled to such payment. . . ." There is no evidence that any notice, let alone written notice, was

provided to Lincoln National at any time before the annuity proceeds were paid to Sue Crouch, the designated primary beneficiary.

In the opposition to summary judgment (Document # 75), Plaintiff fails to address this issue in any manner whatsoever. It is undisputed that the Annuity Service Request Form that requested a change-of-beneficiary was regular on its face, with the apparent signature of both co-owners of the annuity and with both signatures witnessed by Ronda Robinson of AmSouth. The record is further undisputed that Plaintiff James Edward Crouch did not provide the required written notice to Lincoln National until his sending of an undated letter that Lincoln National received on September 4, 2001, in which Plaintiff, for the first time, provided written notice that he claimed any interest in the annuity. It is also undisputed that this notice came months after the annuity insurance proceeds had been paid to Sue Crouch, the designated beneficiary, on March 22, 2001. Accordingly, under *Ala. Code* § 27-14-24, Lincoln National is discharged from liability and is entitled to summary judgment.[1]

That Plaintiff claims that the change-of-beneficiary form that made Sue Crouch the designated beneficiary was procured through forgery (although a baseless claim – *see* pp. 4-9, *infra*) does not alter the fact that *Ala. Code* § 27-14-24

---

[1] Plaintiff's argument that summary judgment should be delayed so that unspecified further discovery can be taken is without merit. Plaintiff knows that he did not provide the

makes an insurer such as Lincoln National immune from claims such as those of the Plaintiff herein.  In *Fortis Benefits Ins. Co. v. Pinkley*, 926 So. 2d 981 (Ala. 2005), the primary beneficiary of an insurance policy was changed pursuant to a change of beneficiary form.  The insured died and the insurance company paid the benefits to the newly designated beneficiary.  After the date of payment, plaintiff challenged the signature on the change of beneficiary form as a forgery, and suit was brought against the insurer, who moved for summary judgment based upon *Ala. Code* § 27-14-24.  The trial court denied summary judgment but an interlocutory appeal was taken.  On appeal, the Alabama Supreme Court reversed:

> Stated more narrowly, the question is whether a life insurer that receives a change-of-beneficiary request form, regular on its face and executed by a person purporting to be the owner of the policy, has a duty to investigate the authenticity of the signature before paying death benefits under the policy to the person designated on the form as the primary beneficiary.  We answer that question in the negative.

926 So. 2d at 984.  In *Fortis*, the Alabama Supreme Court recognized that the statute is designed to encourage insurers to pay death benefits promptly, and the legislature has enacted a law that promotes this goal by giving insurers protection from liability or the prospect of paying twice **unless** certain prescribed conditions, conditions not satisfied in the case *sub judice*, exist.  *Fortis* makes clear that insurers are not under a duty to detect alleged forgery, and that the burden is

---

required written notice until after the death benefits had been paid and no discovery is needed on

3

instead upon the person claiming an adverse interest to the insurance proceeds to give the insurer written notice of the claim, failing which the insurer is discharged upon payment.

Indeed, in order for a plaintiff to successfully advance a claim in the face of the protections of *Ala. Code* § 27-14-24, the person contesting the rights of the designated beneficiary must provide written notice to the insurer at the insurer's home office before the death benefits are paid.  The undisputed evidence before the Court here shows beyond question that Plaintiff James Edward Crouch failed to provide written notice to Lincoln National of his claim of right to the insurance proceeds until September 4, 2001, but that the death benefits had been paid in March 2001.  Accordingly, on these undisputed facts, and as a matter of law, Lincoln National is entitled to summary judgment on the basis of *Ala. Code* § 27-14-24 and the *Fortis* decision, and summary judgment should issue.

## II.     The Undisputed Evidence Is That The Signature Was Authorized

Lincoln National is entitled to summary judgment on the additional and alternative ground that the undisputed evidence is that the challenged signature on the change-of-beneficiary form was the authorized signature of James Earl Crouch. All of Plaintiff's claims are based upon the contention that the primary beneficiary of the annuity was changed from himself to Defendant Sue Crouch without his

---

this issue.

father's knowledge or consent, therefore making the change of beneficiary improper. However, Plaintiff has offered no substantial evidence to support this unadorned claim. Accordingly, summary judgment should issue on this alternative and additional basis.

There were three people present on the date in question when the change-of-beneficiary form was completed at the offices of AmSouth Bank. Those present were James Earl Crouch (now deceased), Sue Crouch, and Ronda Robinson. The only two surviving persons present on this occasion have been fully deposed. Both Sue Crouch and Ronda Robinson testified consistently and repeatedly that James Earl Crouch was fully aware of the beneficiary change, that he requested the changes be made, and that he authorized his wife to sign the change of beneficiary form on his behalf because he did not have his prescription reading glasses. There are no remaining witnesses who can be deposed or from whom discovery can be taken concerning what transpired on this occasion.[2]

As demonstrated in Lincoln National's original Memorandum In Support of Summary Judgment (Document # 62, pp. 12-14), the changes to the annuity contract legally were valid, based upon Sue Crouch being authorized to sign on her husband's behalf. Plaintiff does not challenge this legal principle. Rather, Plaintiff

---

[2] Lincoln National sent James Earl Crouch a letter on May 16, 2000, confirming that the requested change-of-beneficiary had been implemented. Mr. Crouch never objected or otherwise

5

challenges defendants' entitlement to summary judgment on three grounds, none of which has any merit.

First, Plaintiff claims that summary judgment should not be entered because additional discovery should be allowed. However, there is no remaining discovery to be taken that will shed light upon what actually happened and who said what on the occasion of the completion of the challenged change-in-beneficiary form. James Earl Crouch is dead, and the only other people present, Sue Crouch and Ronda Robinson, both have been deposed. Plaintiff does not and cannot suggest that there are any remaining undeposed witnesses to this seminal event. Accordingly, Plaintiff's argument that summary judgment should be delayed to allow more discovery is without merit.

Second, Plaintiff attacks defendants' entitlement to summary judgment on the basis of challenging the credibility of Sue Crouch (a/k/a Ina Sue Crouch). *See* Document # 75, ¶¶ 13-15. Plaintiff notes, correctly, that in a deposition in an earlier separate probate proceeding, Sue Crouch testified that she had never signed her husband's name to anything and that she had always been the beneficiary of the annuity in question. Plaintiff then argues that summary judgment cannot be granted on the basis of Mrs. Crouch's affidavit, since her affidavit is inconsistent in several respects with the prior testimony from the probate proceeding. *See*

---

responded to this written notice, thereby confirming that he was aware and intended that the

Document # 75, ¶ 13. However, Lincoln National has not relied upon Sue Crouch's affidavit in support of summary judgment. Therefore, Plaintiff's argument that summary judgment cannot be predicated upon Sue Crouch's affidavit is entirely irrelevant, because Lincoln National does not rely upon this affidavit in any respect.[3] Although Lincoln National has cited Sue Crouch's deposition testimony (not affidavit) in its statement of undisputed facts (Document # 62), and the deposition testimony is properly before the Court, even Sue Crouch's deposition testimony is not necessary to summary judgment, because a separate and independent witness, Ronda Robinson, testified on the facts and circumstances of the completion and signatures on the change-of-beneficiary form. Ms. Robinson testified unequivocally that Mr. Crouch asked his wife to sign his name for him and on his behalf, and that she did so.

    Recognizing that Ronda Robinson's testimony is fatal to his claims, Plaintiff advances his third argument – Plaintiff claims that Ms. Robinson's testimony also should be disregarded as not credible, because, Plaintiff alleges, Ms. Robinson's deposition testimony contradicts a prior Declaration (affidavit) offered by Ms. Robinson. *See* Document # 75, ¶ 16. Plaintiff's claim that the Declaration is

---

primary beneficiary be changed to his wife, and that his son be made the contingent beneficiary.
    [3] Mrs. Crouch is 82 years old. It is not altogether surprising that a widow of her age may at times and in different contexts have inconsistent recollections when asked broad brush questions about whether she had "ever" signed her husband's name. At her deposition in this case, however, Mrs. Crouch was consistent in her specific recollection that on this particular occasion she signed her husband's name at his express request and direction that she do so.

7

inconsistent with the deposition testimony is erroneous and misrepresents the facts.

In paragraph 16 of Document # 75, Plaintiff alleges:

> "In that affidavit, she (Ronda Robinson) states that she witnessed both James Earl and Ina Sue sign the purported change of beneficiaries form."

Plaintiff mischaracterizes the Declaration. Examination of the Declaration (Exhibit C to Document # 75) cited by Plaintiff reveals what Ronda Robinson actually said:

> "I assisted the Crouchs (sic) in completing certain applications and other documentation necessary to purchase the annuity. I later assisted the Crouchs (sic) in completing certain documentation signed by them for the change of beneficiary."

The Court can judge for itself, but the phrase used is "signed by them" and it does not state that James Earl Crouch signed his own name in his own hand. Further, because Mr. Crouch authorized Mrs. Crouch to sign his name on his behalf, legally it was his signature and the form was "signed by them." At deposition, Ms. Robinson was cross-examined at length with repetitive questions concerning the completion, execution and witnessing of the change-of-beneficiary form, and Ms. Robinson (a nonparty no longer even employed by AmSouth) stood firm and consistently testified that that Mr. Crouch asked and directed that Mrs. Crouch sign his name for him and on his behalf. That is the evidence, and it is undisputed.

Thus, the record evidence is undisputed and establishes that Mrs. Crouch signed her husband's name for him and on his behalf at his express request and

8

direction. Plaintiff cannot and does not dispute these facts, other than to argue that credibility is an issue. However, even if the Court were to set aside Mrs. Crouch's testimony (though we do not believe there is sufficient basis to do so), there is no basis to ignore Ronda Robinson's unambiguous testimony. The Robinson testimony establishes, without dispute, that the change-of-beneficiary form was properly executed by or on behalf of both co-owners of the annuity, and that Sue Crouch became the designated primary beneficiary at that time. Because the material facts are not in dispute, summary judgment should issue.

### III. Conclusion

Lincoln National is entitled to summary judgment on two separate and totally independent grounds. First, *Ala. Code* § 27-14-24 entitles Lincoln National to summary judgment without regard to the question of whether the signature of Mr. Crouch was authorized or was a forgery. There are no genuine issues of material fact, and summary judgment should issue in favor of Lincoln National.

Second, and alternatively, the undisputed evidence shows that Mr. Crouch's signature was an authorized signature affixed by his wife. Ronda Robinson witnessed both Mr. Crouch giving direction and authority for his wife to sign on his behalf and also witnessed Mrs. Crouch sign for her husband with his permission. Accordingly, and as a matter of law, the change-in-beneficiary was proper and summary judgment should issue on this basis as well.

          s/ E. Glenn Waldrop, Jr.
          One of the Attorneys for Defendant
          Lincoln National Life Insurance Company

OF COUNSEL:
E. Glenn Waldrop, Jr. (WALDG7740)
Mitchell D. Greggs (GREGM5304)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that on this 10<u>th</u> day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Glenn L. White, Esq.<br>glennw@megagate.com | Charles Burton Paterson, Esq.<br>cpaterson@balch.com |
| Samuel S. McHard, Esq.<br>smchard@bnlawfirm.com | Paul J. Delcambre, Jr., Esq.<br>pdelcambre@balch.com |
| Glenda Wingard Hughes, Esq.<br>ghughes.atty@ATT.net | Joseph Seawall Moore, Esq.<br>jsmoore@balch.com |

      And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants (if applicable):

Carol Ann Estes Bustin, Esq.
Bustin Law Firm
109 Fairvield Drive, Suite 109
Hattiesburg, Mississippi  39402


      Respectfully submitted,


      <u>s/ E. Glenn Waldrop, Jr.</u>
      Of Counsel