IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES E. CROUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | 2:06-cv-00111-MEF |
| AMSOUTH BANK, INA SUE CROUCH ) | |
| and JOHN and JANE DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS AMSOUTH BANK AND AMSOUTH INVESTMENT SERVICES' REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Comes now AmSouth Bank ("AmSouth") and AmSouth Investment Services, Inc. ("AIS") (collectively "Defendants"), in the above-styled action and file this Reply Brief in Support of their Motion for Summary Judgment.

**I.   INTRODUCTION**

Plaintiff James E. Crouch's ("Plaintiff Crouch") opposition to Defendants motion for summary judgment ("Plaintiff's Preliminary Combined Response to Defendants' Motions for Summary Judgment and Memorandum of Law," Document #75) is devoted to showing that evidentiary support of Defendants' Motion for Summary Judgment in the above-styled matter lacks credibility and/or that additional discovery will lead to the finding of some material fact that will preclude Defendants' Summary Judgment. After examining the evidentiary materials before the Court, it is abundantly clear that there are no material facts which are disputed. Further, Plaintiff Crouch's call for additional discovery in this matter is without merit. The facts, upon which Defendants' motion for

summary judgment is based, are undisputed and Plaintiff Crouch does not and cannot dispute them.

## II. The Undisputed Evidence and Alabama Law Support a Finding of Summary Judgment

Defendants are entitled to summary judgment because the evidence is undisputed that James Earl Crouch was fully aware and authorized the execution of his signature on the change-of-beneficiary form. All of the Plaintiff Crouch's claims are based on the contention that the beneficiary of the annuity was changed from himself to Defendant Crouch without his father's knowledge or consent, therefore, making the change of beneficiary improper. To date and after substantial discovery, Plaintiff Crouch has failed to offer any substantial evidence to support his contention. As such, Defendants are entitled to summary judgment.

The three people present at the time of signing of the change-of-beneficiary form have been deposed. Those present were James Earl Crouch (now deceased), Sue Crouch, and Ronda Robinson. The deposition testimony of both of Sue Crouch and Ronda Robinson was consistent and repeated: The decedent, James Earl Crouch, asked and authorized his wife to sign his name on his behalf on the form. Further discover would be meaningless, as everyone who was present and who is still alive with knowledge of the events have been deposed. Accordingly, the Court should not delay its decision to grant summary judgment.

As demonstrated in Defendants' Memorandum of Facts and Law In Support of Its Motion for Summary Judgment (Document #65, pp. 7-12), the changes to the annuity contract were legally valid, based upon Sue Crouch being authorized to sign on her husband's behalf and at his direction, a practice supported by longstanding Alabama law.

172570.1

Plaintiff Crouch does not and cannot, challenge this long-standing legal principle, which is clearly dispositive of Plaintiff's claims in this case. Instead, Plaintiff Crouch puts forth meritless arguments in an attempt to circumvent the Defendant' entitlement to summary judgment.

Plaintiff Crouch claims that summary judgment should not be entered because additional discovery should be allowed. As discussed herein and in Defendants' Opposition to Motion to Continue (Document # 79), there is no remaining discovery that will shed light upon occasion of the completion of the challenged change-of-beneficiary form. Plaintiff Crouch does not and cannot suggest that there is outstanding discovery that can directly contradict the deposition testimony of Sue Crouch and Ronda Robinson. Accordingly, Plaintiff Crouch's claim to delay summary judgment for additional discovery is without merit.

Notwithstanding, Plaintiff Crouch's meritless attacks on the evidentiary support of Defendants' Motion for Summary Judgment, Robinson was cross-examined at length with repetitive questions concerning the completion, execution and witnessing of the change-of-beneficiary form, and Robinson (a disinterested nonparty no longer employed by AmSouth) stood firm and consistently testified that James Earl Crouch asked and directed that Sue Crouch sign his name for him on his behalf.[1] This evidence is undisputed.

Thus, the record evidence is undisputed and established that Sue Crouch signed her husband's name for him and on his behalf at his express request and direction.

---

[1] Defenants' adopt and incorporate by reference Lincoln Nationa's Reply Brief in Support of Motion for Summary Judgment, pp. 6-9, as it concerns the Plaintiff Crouch's meritless attack on the credibility of the testimony of Sue Crouch and Ronda Robinson used in support of Defendant's Motion for Summary Judgment.

Plaintiff cannot and does not dispute these facts, other than to make a meritless argument concerning credibility. The unambiguous testimony of Ronda Robinson is without dispute, that the change-of-beneficiary form was properly executed by or on behalf of both co-owners of the annuity, and that Sue Crouch became the designated primary beneficiary at that time. Because the material facts are not in dispute, Defendants' motion for summary judgment should be granted.

### III. Conclusion

The undisputed evidence shows that James Earl Crouch's signature was an authorized signature executed by his wife at his direction. Further, Ronda Robinson witnessed James Earl Crouch giving direction and authority for his wife to sign on his behalf and also witnessed Mrs. Crouch sign for her husband with his permission. Accordingly, because the change-in-beneficiary was proper, Defendants' motion for summary judgment is due to be granted.

Respectfully submitted this 13th day of October, 2006.

/s/ Joseph Seawell Moore
One of the Attorneys for Defendant,
AmSouth Bank

**OF COUNSEL:**

Charles B. Paterson (ASB-1542-R73C)
Joseph Seawell Moore (ASB-9146-O77M)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
cpaterson@balch.com
jsmoore@balch.com


Paul J. Delcambre, Jr.
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228)864-9900
Facsimile: (228) 864-8221
pdelcambre@balch.com

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following:

Glenn L. White, Esquire
Holmes & White, PLLC
601 Highway 42 E
P.O. Box 672
Petal, Mississippi 39465

*Attorney for James E Crouch*

Samuel S. McHard, Esq.
Bryan Nelson Randolph PA
P.O. Box 18109
Hattiesburg, Mississippi 39404

*Attorney for James E. Crouch*

Carol Ann Estes Bustin
Bustin Law Firm
109 Fairfield Drive, Suite 109
Hattiesburg, Mississippi 39402

*Attorney for Ina Sue Crouch*

Glenda W. Hughes, Esq.
103-B Commerce Street
Wetumpka, Alabama 36092

*Attorney for Ina Sue Crouch*

In addition, I hereby certify that I have mailed by United States Postal Service a copy of the foregoing document to any non-CM/ECF participants.

Done this the 13th day of October, 2006.

/s/ Joseph Seawell Moore
Of Counsel