IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES E. CROUCH, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:06-cv-111-MEF |
| | ) |
| AM SOUTH BANK, *et al.,* | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Continue Defendants' Motions for Summary Judgment (Doc. # 74). Plaintiff argues that the Court should continue those motions pursuant to Rule 56(f) of the Federal Rules of Civil Procedure so that he may discover additional facts that will allow him to respond to Defendants' motions. Alternatively, he requests that Defendants' motions be denied. Defendants oppose Plaintiff's motion, arguing that he has not specifically identified the facts he seeks to discover and that the discovery sought will not inform the issues presented by the motions for summary judgment.

Rule 56(f) provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may . . . order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

The party opposing the motion must submit an affidavit that sets forth with particularity the facts the party expects to discover and how those facts would create a genuine issue of

material fact. *Harbert Int'l, Inc. v. James*, 157 F.3d 1271, 1280 (11th Cir. 1998). "The nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts, but must show the court how the stay will operate to permit him to rebut, through discovery, the movant's contentions." *Barfield v. Brierton*, 883 F.2d 923, 931 (11th Cir. 1989) (quotations and citation omitted). The court must balance the moving party's demonstrated need for discovery against the burden of such discovery on the opposing party. *James*, 157 F.3d at 1280. "The grant or denial of a continuance is within the sound discretion of the trial court." *Barfield*, 883 F.2d at 931.

"The most common situation in which [rule 56(f)] will not be applied to aid a nondiligent party arises when the nonmovant has complied with Rule 56(f) but has failed to make use of the various discovery mechanisms that are at his disposal or seeks a continuance of the motion for that purpose." *Id.* at 933 n.11 (alteration in original); *see also Bolden v. City of Topeka*, 441 F.3d 1129, 1151 (10th Cir. 2006) ("[Rule 56(f)] does not compel the court to grant a continuance to a party that has been dilatory in conducting discovery.").

The Court finds that Plaintiff has failed to demonstrate how any facts he believes he may discover would allow him to raise a genuine issue of material fact that he does not already contend is in dispute. He states that he believes further discovery will allow him to discover facts further confirming that James Earl Crouch's signature on the change of beneficiary form was forged by Ina Sue Crouch, and confirming a breach of duties by Ronda

Robinson.[1] However, Plaintiff argues in his Preliminary Combined Response (Doc. # 75) that there exists a genuine issue of material fact because Ina Sue Crouch's affidavit attesting that she signed her husband's name with his permission contradicts her earlier, sworn testimony that she had never signed his name. The Court concludes that Plaintiff's demonstrated need for further discovery is outweighed by the burden on Defendants.

Plaintiff had ample time for discovery prior to the deadline for its opposition to Defendants' motions for summary judgment. The parties filed the 26(f) report (Doc. # 46) on April 7, 2006. Federal Rule of Civil Procedure 26(d) provides that a party cannot seek discovery from any source before the parties have met and conferred as required by Federal Rule of Civil Procedure 26(f). *See* Fed. R. Civ. P. 26(d). Rule 26(d) does make an exception for cases in which earlier discovery is authorized by the Federal Rules of Civil Procedure, by court order, or by agreement of the parties. *Id.* In any event, it is clear that in this case the parties were free to conduct discovery beginning in early April of 2006. The parties therefore had more than five months to conduct discovery before the first pending motion for summary judgment was filed. While Plaintiff alleges a number of failures by Defendants to respond to discovery requests, he has not sought the assistance of the Court to resolve those disputes.

---

[1] Plaintiff argues that Ina Sue Crouch gave conflicting testimony in *In re James Earl Crouch*, No. 10-272, in the Probate Court of Alabama, on January 22, 2002. There, Plaintiff contends that Ina Sue Crouch testified that she never signed her husband's name to anything.

Plaintiff filed a Preliminary Combined Response (Doc. # 75) to the motions for summary judgment. In light of the denial of the Motion to Continue, the Court will allow Plaintiff to file another response to Defendants' motions, should he choose to do so.

It is therefore ORDERED that:

(1) Plaintiff's Motion to Continue Defendants' Motions for Summary Judgment (Doc. # 74) is DENIED;

(2) Plaintiff will have until October 23, 2006 to file another response to the motion for summary judgment in addition to his Preliminary Combined Response should he choose to do so.

DONE this the 17th day of October, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE