# Ronda Robinson File
# Licensing File

(cover sheet not part of file—created
for file identification purposes only)



Lincoln/Crouch 00131

**LINCOLN LIFE**

1300 South Clinton
Fort Wayne, IN 46802

December 8, 1997

Licensing
First Penn

Ronda T Robinson is now authorized to sell   Lincoln National Life Insurance
Company products in Alabama as of November 26, 1997, based on the Marketing
Arrangement.

For reference purposes, this individual's social security number is
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.

Please call our Licensing Department at 1-800-331-4949 if you have any questions.

Thank you.

Carol Knueve
Licensing Department
Lincoln National Life Insurance Co.

HL Dr 54

**LINCOLN NATIONAL LIFE INSURANCE CO.**
A part of LINCOLN NATIONAL CORPORATION

Flexible Premium De____ed Fixed Annuity Application

Product Name: _Investor's Choice_

MARKET: ☒ Non-Qualified  ☐ New IRA (Year _____)  ☐ IRA Transfer  ☐ IRA Rollover  ☐ Other: _____

| ANNUITANT INFORMATION (Please Print) | OWNER INFORMATION |
|---|---|
| Full Name: James E. Crouch | Contract Owner: _____ |
| Sex: ☒ M  ☐ F    Birthdate: 4 / 12 / 28 | Birthdate: __/__/__  Tax ID #: ___-__-____ |
| Soc. Sec. #: 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  Maturity: AGE 100 | Relationship to Annuitant: _____ |
| Primary Beneficiary: James Edward Crouch | **JOINT OWNER INFORMATION** |
| | Joint Owner (if any): Sue Crouch |
| Relationship: Son | Birthdate: 10 / 13 / 23  Tax ID #: 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 |
| Contingent Beneficiary: _____ | Relationship to Owner: Wife |
| | Note: Joint Owners have equal rights under the contract. Upon a non-annuitant Owner's death, Surrender Value proceeds will be paid to any surviving Owner as beneficiary. Only spousal beneficiaries may continue the contract. |
| Relationship: _____ | |

| MAILING ADDRESS (All policy correspondence will be sent to this address). | OWNER BENEFICIARY INFORMATION |
|---|---|
| Name: James E. or Sue Crouch | Owner's Beneficiary: _____ |
| Address: 360 Old 231 N. | |
| Wetumpka, AL 36092 | Relationship: _____ |
| Phone #: (334) 567-0183 | Note: Owner Beneficiary designations are applicable only when there is no Joint Owner. |

Replacement:  Will the proposed contract replace any existing annuity or insurance contract?
☐ Yes  ☒ No   If "Yes", give details in "Remarks" section.

Initial Premium Deposit        $250,000.00
Optional Contribution Modes:
☐ Monthly/PAC  ☐ Annual    $_____
☐ Quarterly    ☐ Semi-Annual

Remarks:
Principal Approved
Signature _____
Date _____    MAY 12 1998

Signed at  Wetumpka        AL        5/7/98
              City          State       Date

X _James E. Crouch_          X _Sue Crouch_
Signature of Owner           Signature of Joint Owner (If applicable)

**AGENT'S REPORT**
Do you have any knowledge or reason to believe that the Proposed Contract will replace any existing annuity or insurance Contracts (including Lincoln National Life Insurance Company Contracts) which have been premium amount, placed on paid-up, or surrendered?

☐ Yes  ☒ No    If "yes", list company, plan, year issued.

CHECK RECEIVED
5/12/98
250,000 ⁰⁰

x _Ronda Robinson_
Agent's Signature
_Ronda Robinson #1069_
Print Agent Name & Number

**EXHIBIT 2**

Home Office Endorsement

# LINCOLN NATIONAL LIFE INSURANCE CO.

A part of LINCOLN NATIONAL CORPORATION

05/18/98

RONDA T. ROBINSON
C/O AMSOUTH INVESTMENT SERVICE
743 S MAIN ST   P.O. BOX 361
WETUMPKA, AL  36092

Re: Contract # 774944        Annuitant:   JAMES E. CROUCH
                             Product:     Investors Choice

Dear RONDA:

The annuity contract noted above is now issued and recorded at
our office.

Any requirements, as noted below, should be obtained upon delivery
and returned to our office before the close out date.

```
        Outstanding Requirements              Close Out Date
        ------------------------              --------------

            NOTE: UPON THE DEATH                 07/17/98
            OF THE ANNUITANT,                    07/17/98
            ALL BENIFITS WILL                    07/17/98
            BE PAYABLE TO THE                    07/17/98
            PRIMARY BENEFICIARY                  07/17/98
            NOT THE JOINT OWNER                  07/17/98
            ALSO, THE JOINT                      07/17/98
            OWNER WILL NOT HAVE                  07/17/98
            THE OPTION OF                        07/17/98
            CONTINUING THE                       07/17/98
            CONTRACT.                            07/17/98
```

Thank you for doing business with Lincoln National Life.  If
you have any questions, please contact your Operations office.

Sincerely,

ANDREA L. LEWIS
New Business Services



EXHIBIT
3

LNLIC
SDT000008

Administrative Office:  1801 South Meyers Road  Oakbrook Terrace, Illinois  60181  (630) 916-0005

# LINCOLN NATIONAL LIFE INSURANCE
A part of LINCOLN NATIONAL CORPORATION

# ANNUITY SERVICE REQUEST

## Contract Changes

Annuitant's Name: _James E. Crouch_

Contract #: _774944_

Institution/Agency: _AmSouth Bank_

Tax I.D.#: _____

## SECTION A - BENEFICIARY CHANGES

In accordance with the provisions of this contract, I hereby revoke all former designations and replace them as follows for:   ☒ Annuitant's Beneficiary   ☐ Owner's Beneficiary

| Primary | Contingent | Name and Address | % | Relationship |
|---------|-----------|------------------|---|--------------|
| ☒ | ☐ | Sue Crouch | 100 | Wife |
| ☐ | ☒ | James Edward Crouch | 100 | Son |
| ☐ | ☐ | | | |
| ☐ | ☐ | | | |

## SECTION B - NAME CHANGES

Name change for:
☐ Annuitant
☐ Primary Owner
☐ Joint/Contingent Owner

Reason for change:
☐ Marriage
☐ Divorce
☐ Legally Changed (include copy)
☐ Other:

Print new name: _____
Old signature: _____
New signature: _____

## SECTION C - ADD/CHANGE OWNER

To be added/changed:
☐ Primary Owner
☐ Joint/Contingent Owner

Reason for change:
☐ Marriage
☐ Divorce
☐ Court Ordered (include copy)
☐ Change to a Trust

Name: _____
The LNL contract does not allow changes to ownership for any reason other than those listed above. Assignments are also not allowed on this annuity contract.

## SECTION D - ADDRESS CHANGE

New mailing address:
Street: _____
City: _____
State, Zip: _____
Effective date of change: _____
An acknowledgment of this change will be sent to both the old and the new address. Future correspondence will be sent to the new address as shown above.

## SECTION E - DUPLICATE CONTRACT

This is to certify that the original copy of the annuity contract has been lost. Please forward a duplicate contract for my records to the following address:
Name: _____
Address: _____
City, State, Zip: _____
If the original contract is found, it should be returned to Lincoln National immediately.

## SECTION F - OTHER REQUESTS

## SECTION G - SIGNATURES

The effective date of this Contract Change Request will be the date the form is received and recorded in the Administrative Office of Lincoln National Life Insurance Company.

Dated at _Wetumpka, AL_   on the _4_ day of _April_ , 19 _2000_.

Owner: _James E. Crouch_   Agent/Witness: _Ronda Robinson_

Joint Owner: _Sue Crouch_   Agent/Witness: _Ronda Robinson_

1801 South Meyers Road • Oakbrook Terrace, Illinois 60181-5214 • (630) 916-0095     LN-3110 (8/95)

Lincoln/Crouch 0000

EXHIBIT 4

7/2/98  Mr. & Mrs. Crouch were in today are 'le concerned about the safety of their Annuity. Again I told them they were insured by Lincoln. They understand fully that 'tis not FDIC. We also talked about Beneficiaries. They may want to make some changes on that later.

5/22/00 - Faxing me the statement should be the 10th

2/2/01 - Mr. Crouch's health seems to be failing rapidly. Mrs. Crouch is worried about expenses if Mr. Crouch needs extended care. I assured her that she would be fine since she has other funds to pull from.

3/5 - mailed death packet (Lincoln)

3/12 - faxed / Rec'd from fax + mail

3/13 - $289,983.61 @ 5.00%



EXHIBIT
5

Ron Sylvander
Fax 847-466-3371
Ph 1-800-248-6301 ext. 8371
    Original -
        P O Box 4170
        Schaumburg  IL  60168-4170

Memo to the file of James E. Crouch.

July 6, 2001

Received a phone call today from James Crouch. He inquired about annuities and said that he wanted an account where he could name his beneficiary and under no circumstances could it be removed. Meaning that no one could cohearse him into signing if he mentally or physically wasn't able. I explained that annuities were flexible in the fact that you can specify information. A contract written like that would list him as owner and annuitant with ex. his daughter as beneficiary.

He went on to say that I did an annuity for his father...I told him that I could not release that information one way or the other. He said he had the paperwork in front of him.

In reviewing the file, I feel that he was fishing for information to see if beneficiaries could be changed. I specifically remember The Crouch's purchasing a $100,000.00 cashiers check to give to this son of theirs. Seems after that they decided to remove him from the contract as beneficiary.



**OFFICIAL CHECK**

AmSouth
OF ALABAMA

976071577

Proceeds from CD 190056

August 28, 19 97

Purchaser

$ *100,000.00*

Pay to the order of:

James Edward Crouch

AMSOUTH BANK OF ALABAMA

*Ronda Robinson*
Authorized Signature

Issued By Integrated Payment Systems Inc, Englewood, Colorado
To Citibank (New York State), Buffalo, N.Y.

⑈022000868⑈ 68⑈010005 976071577

---

**CD/IRA DEPOSIT**
Non-Negotiable

**BANK OF MISSISSIPPI**
BancorpSouth

NAME Hburg Main          RC # 501

ACCOUNT TITLE James E Crouch + Teresa E Crouch    DATE 9-2-97

106        12 m.      5.75 (2P.)
TYPE        TERMS        RATE

$  100,000.00

| 80 | 40 | | | 1 | ☒ OPENING DEP. |
|----|----|----|----|----|----|
| TRAN CODE | USER TRAN | RA CODE | BACK DATE TRAN DATE | B/D CODE | ☐ ADDITIONAL DEP. |

Paulina
RECEIVED BY            CHECKED BY

168811

**RA CODES**
52 - ROLLOVER
57 - NORMAL
82 - EXT. TRANSFER
84 - INT. TRANSFER

**USER TRAN CODES**
040 - CD ADD'L DEP.
473 - IRA DEP. CURR TX YR
445 - IRA DEP. PREV TX YR

See CD
CUSTOMER SIGNATURE        2071

DAF - 068 REVISED 6-97



EXHIBIT
6

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

**JAMES E. CROUCH**                                                    **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO. 2:06-CV-00111-MEF**

**AMSOUTH BANK, INA SUE**                                          **DEFENDANTS**
**CROUCH, AMSOUTH INVESTMENT**
**SERVICES, INC., LINCOLN**
**NATIONAL LIFE INSURANCE**
**COMPANY, and**
**JOHN and JANE DOES 3-10**

## AFFIDAVIT OF SAMUEL S. MCHARD

STATE OF MISSISSIPPI
COUNTY OF LAMAR

 COMES NOW, Samuel S. McHard, after first being duly sworn, and deposes and states as

follows:

1. My name is Samuel S. McHard. I am an attorney licensed to practice law in the States of

 Illinois, Iowa, and Mississippi, and I am admitted to practice law *pro hac vice* before this

 Court. I am one of the attorneys of record for the Plaintiff, James E. Crouch.

2. James E. Crouch began this litigation on September 25, 2002, when he filed a Complaint in

 the Chancery Court of Forrest County, Mississippi, demanding from AmSouth Bank a copy

 of any and all annuities purchased by his father, James Earl Crouch, through AmSouth Bank,

 as well as any related documents, including the application, annuity contract and any

 purported change of beneficiary forms.

3. AmSouth Bank requested that Ina Sue Crouch, who was the purported substituted

 beneficiary, be made a party to the Complaint before AmSouth Bank would release the



EXHIBIT

7

documents. Discovery was propounded to AmSouth Bank on the Complaint for Discovery, and AmSouth Bank again failed to produce the documents.

4.    The Plaintiff amended the suit to include claims related to the enforcement of the settlement agreement, along with the original allegations related to the change of beneficiary. Plaintiff sought enforcement of the above-mentioned settlement agreement, sought specific performance in the form of payment of the annuity to him as beneficiary, and he made claims of negligence, breach of fiduciary duty, breach of contract, and tortious interference with contract.

5.    On or about February 7, 2005, this case was removed to the United States Court for the Southern District of Mississippi.

6.    On April 27, 2005 at the first federal court status conference, counsel for AmSouth Bank stated that AmSouth Bank planned to move to change the venue of this action to Alabama. At that time, the Court instructed counsel for AmSouth Bank to produce the annuity documents so that Plaintiff's counsel could determine whether the signature on the change of beneficiary forms was valid. If forgery or unauthorized signature was indicated, AmSouth Bank was directed by the Court to promptly file its motion to be taken up at the rescheduled conference on June 24, 2005.

7.    On May 5, 2005, Plaintiff's counsel received AmSouth Bank's Pre-Discovery Disclosure. Although the documents failed to contain the annuity contract that had been repeatedly requested for more than two and one half years, the disclosure did contain the original application for annuity and the purported "change of beneficiary" form. (Both the application and the form are also Exhibits 1 and 7, respectively, to Exhibits A and B attached hereto).

8.    Those exhibits clearly demonstrate that the purported signature of James Earl on the form

is identical to that of Ina Sue. Despite this, counsel for AmSouth Bank, Paul Delcambre,

represented that the signature of James Earl was valid and was witnessed by AmSouth

Bank's employee, Ronda Robinson.

Further affiant sayeth naught.

SAMUEL S. MCHARD

SWORN TO AND SUBSCRIBED BEFORE ME, this 23rd day of October, 2006.

NOTARY PUBLIC

My commission expires:

Page 3 of 3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

JAMES E. CROUCH                                            PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 2:05-CV-00045-KS-JMR

AMSOUTH BANK, INA SUE CROUCH
and JOHN and JANE DOES 1-10                               DEFENDANTS

## DECLARATION OF RONDA ROBINSON IN SUPPORT
## OF THE MOTION TO TRANSFER

My name is Ronda Robinson and I am an adult resident citizen of the state of
Alabama and reside in or near the City of Wetumpka, Alabama. I am currently employed
by the Peoples Bank and Trust Company in Prattville, Alabama as a Vice-President and
Branch Manager. I make this Declaration from personal knowledge.

During 1998 and through 2001, I was employed by AmSouth Bank and AmSouth
Investment Services in the Wetumpka, Alabama Branch of AmSouth Bank. The address
for that branch is 743 S. Main, Wetumpka Alabama 36092. During that time I was
acquainted with and handled banking and other financial transactions for James E.
Crouch (DOB 4/12/28) and Ina Sue Crouch, who resided at 360 Old 231N, Wetumpka,
Alabama 36092. Mr. and Mrs. Crouch were residents of Wetumpka, Alabama and were
long time customers at that branch. As far as I know, all of their banking transactions and
all of their business with AmSouth Bank occurred or took place in the Wetumpka,
Alabama Branch of AmSouth Bank.

In my capacity as an employee of AmSouth Investment Services, I was the agent
for the purchase of an  annuity by James E. Crouch and Ina Sue Crouch, more
particularly Lincoln National Life Insurance Company "Investors Choice" Annuity

EXHIBIT
8

Contract number 774944. As a part of that transaction, I assisted the Crouchs in completing certain applications and other documentation necessary to purchase the annuity. I later assisted the Crouchs in completing certain documentation signed by them for the change of beneficiary. Said contract was at their request. All of those transactions occurred and were executed in the Wetumpka, Alabama branch of AmSouth Bank and were purchased through AmSouth Investment Services.

The annuity contracts were purchased from Lincoln National Life Insurance Company, 10 North Martingale Road, Schaumburg, Illinois 60173-2268. After the documentation for the purchase of the annuity and the change of the beneficiary was completed, it was forwarded to the Lincoln National Life Insurance Company. All communication between the Lincoln National Life Insurance Company and Mr. and Mrs. Crouch or AmSouth Investment Services either originated in or, if it originated somewhere else, were delivered to Wetumpka, Alabama.

Pursuant to 28 U.S.C. Section 1746, I make this declaration under penalty of perjury that the foregoing is true and correct.

RONDA ROBINSON

AO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the
## UNITED STATES DISTRICT COURT

| Southern | DISTRICT OF | Mississippi |

| James E. Crouch | **SUBPOENA IN A CIVIL CASE** |
| V. | |
| AmSouth Bank, et al. | Case Number:[1]  2:06-CV-00111-MEF |
| | Middle District of Alabama |

TO:  Lincoln National Life Insurance Co.
    c/o Bradley G. Hall
    1675 Lakeland Dr., Ste. 500
    Jackson, MS 39216

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| | |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE   Bryan Nelson, P.A., P.O. Drawer 18109, 6524 Highway 98, Hattiesburg, MS 39404 | DATE AND TIME |
| | 6/14/2006 5:00 pm |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| _[signature]_ | 5/30/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Samuel S. McHard, P.O. Drawer 18109, Hattiesburg, MS 39404,  (601) 261-4100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT**
**9**

AO88 (Rev. 1/94) Subpoena in a Civil Case

| PROOF OF SERVICE | | |
|---|---|---|
| | DATE | PLACE *Lincoln National Life Insurance Co.* *1825 Lakeland Dr, Ste. 500* *Jackson, MS, 39216* |
| SERVED | *June 5, 2006* | |
| SERVED ON (PRINT NAME) *Bradly C. Hall* | | MANNER OF SERVICE *Personal* |
| SERVED BY (PRINT NAME) *Gary D. Windham* | | TITLE *Process Server* |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on   *June 5, 2006*
DATE

SIGNATURE OF SERVER

**METRO PROCESS SERVERS**
ADDRESS OF SERVER P.O. BOX 97665
PEARL, MS 39288-7665

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# Exhibit "A"

You are commanded to produce the following documents and things for inspection at the place and time listed on the subpoena duces tecum to which this exhibit is attached.

1.  Annuity Contract No. 774944 (hereinafter, "the Annuity").

2.  Each contract or agreement between Lincoln National Life Insurance Company (hereinafter, "Lincoln") and Ronda Robinson, who is or was an employee or agent of AmSouth Bank (or AmSouth Investments) in Wetumpka, Alabama that were in effect during the period of May 7, 1998, and February 14, 2001.

3.  The complete copy of any contracts or agreements between Lincoln and AmSouth Bank and/or AmSouth Investments that were in effect during the period of May 7, 1998, to February 14, 2001, and which concern the sale and/or service of Lincoln insurance products and/or investments including, and not limited to, the Annuity, by employees or agents of AmSouth Bank.

4.  All manuals, instructions, regulations, policies, procedures, standards or similar documents that were issued by Lincoln to Ronda Robinson, AmSouth Bank, and/or AmSouth Investments relating to the sale and service of Lincoln insurance products and investments, such as the Annuity, and which were in effect during the period of May 7, 1998 to February 14, 2001..

5.  Copies of any and all insurance licenses issued by the Alabama Department of Insurance to Ronda Robinson. AmSouth Bank, and/or AmSouth Investments.

6.  All statements filed by Lincoln with the Alabama Commissioner of Insurance (or the Department of Insurance) that reflects:

    (a)  The kind or kinds of insurance or classifications thereof Ronda Robinson was authorized to solicit or write on behalf of Lincoln;

    (b)  What investigation Lincoln made of Ronda Robinson's qualifications, character and fitness for the duties to be assumed;

    (c)  The results of said investigation; and

    (d)  All appointments of Ronda Robinson, AmSouth Bank, and/or AmSouth Investments by Lincoln

Page 1 of 3

7.   Copies of each and every notice concerning any proceeding by the Alabama Department of Insurance to suspend or revoke the license(s) held by Ronda Robinson, whether received from Robinson, the Alabama Department of Insurance, or some third party.

8.   All communications between any of the following entities (including their respective agents and representatives) relating to the Annuity, including, but not limited to, any notices of errors in the Annuity application and changes in the designation of the beneficiary:

     (a)   James Edward Crouch;

     (b)   Ina Sue Crouch;

     (c)   James Earl Crouch;

     (d)   Lincoln National Life Insurance Company; and

     (e)   AmSouth Bank;

     (f)   AmSouth Investments; and

     (g)   Ronda Robinson.

9.   Provide all documents which relate to activity of the following person or businesses regarding the Annuity:

     (a)   James Edward Crouch;

     (b)   Ina Sue Crouch;

     (c)   James Earl Crouch;

     (d)   Lincoln National Life Insurance Company;

     (e)   AmSouth. Bank;

     (f)   AmSouth Investments; and

     (g)   Ronda Robinson.

10.   Provide all documents that relate to money paid to the following persons or businesses in relation to the Annuity:

(a)    James Edward Crouch;

(b)    Ina Sue Crouch;

(c)    James Earl Crouch;

(d)    Lincoln National Life Insurance Company;

(e)    AmSouth.Bank;

(f)    AmSouth Investments; and

(g)    Ronda Robinson.

11.    Provide all documents relating to relating to requests by or on behalf of the Plaintiff for and/or provisions of a copy of the Annuity contract, the application therefore, or any other document pertaining to the Annuity.

12.    All documents related to an investigation to determine whether the signature of James Earl Crouch on the change of beneficiary form attached to the subpoena as Exhibit B was forged or otherwise unauthorized.

OCT-21-02  12:10    FROM-CUSTOMER SF    'E                           +8474663111           T-111  P.02  F-118

# LINCOLN NATIONAL LIFE INSURANCE CO.
A part of LINCOLN NATIONAL CORPORATION

ANNU.  F-SERVICE REQUEST

Contract Changes

Annuitant's Name: *James E. Crouch*     Contract #: *774944*

Institution/Agency: *AmSouth Bank*     Tax I.D.#: _____

## SECTION A - BENEFICIARY CHANGES

In accordance with the provisions of this contract, I hereby revoke all former designations and replace them as follows for:  ☒ Annuitant's Beneficiary   ☐ Owner's Beneficiary

| Primary | Contingent | Name and Address | % | Relationship |
|---------|-----------|------------------|---|--------------|
| ☒ | ☒ | *Sue Crouch* | *150* | *Wife* |
| ☐ | ☒ | *James Edward Crouch* | *100* | *Son* |
| ☐ | ☐ | | | |

## SECTION B - NAME CHANGES

Name change for:
☐ Annuitant
☐ Primary Owner
☐ Joint/Contingent Owner

Reason for change:
☐ Marriage
☐ Divorce
☐ Legally Changed (include copy)
☐ Other: _____

Print new name: _____
Old signature: _____
New signature: _____

## SECTION C - ADD/CHANGE OWNER

To be added/changed:
☐ Primary Owner
☐ Joint/Contingent Owner

Reason for change:
☐ Marriage
☐ Divorce
☐ Court Ordered (include copy)
☐ Change to a Trust

Name: _____
The LNL contract does not allow changes to ownership for any reason other than those listed above. Assignments are also not allowed on this annuity contract.

## SECTION D - ADDRESS CHANGE

New mailing address:
Street: _____
City: _____
State, Zip: _____
Effective date of change: _____
An acknowledgment of this change will be sent to both the old and the new address. Future correspondence will be sent to the new address as shown above.

## SECTION E - DUPLICATE CONTRACT

This is to certify that the original copy of the annuity contract has been lost. Please forward a duplicate contract for my records to the following address:

Name: _____
Address: _____
City, State, Zip: _____
If the original contract is found, it should be returned to Lincoln National immediately.

## SECTION F - OTHER REQUESTS

## SECTION G - SIGNATURES

The effective date of this Contract Change Request will be the date the form is received and recorded in the Administrative Office of Lincoln National Life Insurance Company.

Dated at *Wetumpka, AL* on the *4* day of *April* , 24 *2000*

Owner: *James E. Crouch*     Agent/Witness: *Boyd Roberson*

Joint Owner: *Sue Crouch*     Agent/Witness: *Boyd Roberson*

1801 South Meyers Road • Oakbrook Terrace, Illinois 60181-5214 • (630) 926-0099     LN-3110 (8/95)

+8474663111     => AMSOUTH INVESTMENTS ,TEL=205 560 7087     10/21'02 10:36

EXHIBIT
**B**

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA

JAMES E. CROUCH                                           PLAINTIFF

VERSUS                              CIVIL ACTION NO. 2:06-CV-00111-MEF

AMSOUTH BANK, INA SUE CROUCH
AND JOHN DOES 1 – 10                                     DEFENDANT

### AFFIDAVIT OF KIM MITCHELL

STATE OF MISSISSIPPI
COUNTY OF FORREST

COMES NOW, Kim Mitchell, after first being duly sworn, and deposes and states as follows:

1.     My name is Kim Mitchell. I am of adult age and competent to testify. I am making this
       affidavit based upon my personal knowledge.

2.     I was employed as a paralegal for Sam McHard at Bryan Nelson P.A. from May 30, 2006 to
       July 21, 2006.

3.     At the request of Sam McHard, a Subpoena Duces Tecum was served by the process server
       on the registered agent for Lincoln National Life Insurance Company ("Lincoln National")
       on June 5, 2006 (Exhibit A). Lincoln National responded to the subpoena, and the response
       was received at Bryan Nelson P.A. in response to that Subpoena duces tecum on June 14,
       2006. I assisted attorney McHard with review of the documents received in response.

4.     On June 14, 2006 on behalf of Sam McHard, I faxed a letter to Shawn Gross with Lincoln
       National r equesting c ertain i nformation r egarding t he d ocuments t hat L incoln N ational
       produced in response the subpoena duces tecum (Exhibit B).



EXHIBIT
10

5.   In Shawn Gross' absence, I spoke with Lori Yonkman, an agent for Lincoln National, on

June 15, 2006.  I specifically inquired about the lack of documentation received in response

to Paragraph 4 of Exhibit A to the Subpoena Duces Tecum regarding the agent instructions,

rules, regulations, policies and procedures regarding change of beneficiaries.  Ms. Yonkman

responded that Ronda Robinson was appointed to sell Lincoln National's products through

AmSouth, the broker/dealer pursuant to a national sales agreement.

6.   Later that day, I again called Ms. Yonkman for clarification regarding documents provided

by Lincoln to brokers and/or agents which explained Lincoln National's product, policies,

regulations, procedures, training materials, contracts and other similar documents.  Ms

Yonkman stated that Lincoln National did not have any such material and that nothing along

those lines was provided to AmSouth related to the annuity in question.

Further affiant sayeth naught.

_____
KIM MITCHELL

SWORN TO AND SUBSCRIBED BEFORE ME, this _23rd_ day of October, 2006.

_____
NOTARY PUBLIC

My commission expires:
_September 10, 2016_

Page 2 of 2

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

_____Southern_____    DISTRICT OF    _____Mississippi_____

James E. Crouch

V.

AmSouth Bank, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1]  2:06-CV-00111-MEF
Middle District of Alabama

TO:   Lincoln National Life Insurance Co.
        c/o Bradley G. Hall
        1675 Lakeland Dr., Ste. 500
        Jackson, MS 39216

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☑  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A

| PLACE    Bryan Nelson, P.A., P.O. Drawer 18109, 6524 Highway 98, Hattiesburg, MS 39404 | DATE AND TIME
6/14/2006 5:00 pm |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE
5/30/06 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Samuel S. McHard, P.O. Drawer 18109, Hattiesburg, MS 39404, (601) 261-4100

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

**EXHIBIT
A**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | June 5, 2006 | Lincoln National Life Insurance Co. 1825 Lakeland Dr, Ste, 500 Jackson, MS, 39216 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Brad G. Hall | Personal |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Gary D. Windham | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on ___June 5, 2006___
DATE

_____
SIGNATURE OF SERVER

METRO PROCESS SERVERS
ADDRESS OF SERVER P.O. BOX 97665
PEARL, MS 39288-7665

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

## Exhibit "A"

You are commanded to produce the following documents and things for inspection at the place and time listed on the subpoena duces tecum to which this exhibit is attached.

1.    Annuity Contract No. 774944 (hereinafter, "the Annuity").

2.    Each contract or agreement between Lincoln National Life Insurance Company (hereinafter, "Lincoln") and Ronda Robinson, who is or was an employee or agent of AmSouth Bank (or AmSouth Investments) in Wetumpka, Alabama that were in effect during the period of May 7, 1998, and February 14, 2001.

3.    The complete copy of any contracts or agreements between Lincoln and AmSouth Bank and/or AmSouth Investments that were in effect during the period of May 7, 1998, to February 14, 2001, and which concern the sale and/or service of Lincoln insurance products and/or investments including, and not limited to, the Annuity, by employees or agents of AmSouth Bank.

4.    All manuals, instructions, regulations, policies, procedures, standards or similar documents that were issued by Lincoln to Ronda Robinson, AmSouth Bank, and/or AmSouth Investments relating to the sale and service of Lincoln insurance products and investments, such as the Annuity, and which were in effect during the period of May 7, 1998 to February 14, 2001.

5.    Copies of any and all insurance licenses issued by the Alabama Department of Insurance to Ronda Robinson. AmSouth Bank, and/or AmSouth Investments.

6.    All statements filed by Lincoln with the Alabama Commissioner of Insurance (or the Department of Insurance) that reflects:

(a)    The kind or kinds of insurance or classifications thereof Ronda Robinson was authorized to solicit or write on behalf of Lincoln;

(b)    What investigation Lincoln made of Ronda Robinson's qualifications, character and fitness for the duties to be assumed;

(c)    The results of said investigation; and

(d)    All appointments of Ronda Robinson, AmSouth Bank, and/or AmSouth Investments by Lincoln

Page 1 of 3

7.   Copies of each and every notice concerning any proceeding by the Alabama Department of Insurance to suspend or revoke the license(s) held by Ronda Robinson, whether received from Robinson, the Alabama Department of Insurance, or some third party.

8.   All communications between any of the following entities (including their respective agents and representatives) relating to the Annuity, including, but not limited to, any notices of errors in the Annuity application and changes in the designation of the beneficiary:

   (a)   James Edward Crouch;

   (b)   Ina Sue Crouch;

   (c)   James Earl Crouch;

   (d)   Lincoln National Life Insurance Company; and

   (e)   AmSouth Bank;

   (f)   AmSouth Investments; and

   (g)   Ronda Robinson.

9.   Provide all documents which relate to activity of the following person or businesses regarding the Annuity:

   (a)   James Edward Crouch;

   (b)   Ina Sue Crouch;

   (c)   James Earl Crouch;

   (d)   Lincoln National Life Insurance Company;

   (e)   AmSouth. Bank;

   (f)   AmSouth Investments; and

   (g)   Ronda Robinson.

10.   Provide all documents that relate to money paid to the following persons or businesses in relation to the Annuity:

Page 2 of 3

      (a)     James Edward Crouch;

      (b)     Ina Sue Crouch;

      (c)     James Earl Crouch;

      (d)     Lincoln National Life Insurance Company;

      (e)     AmSouth.Bank;

      (f)     AmSouth Investments; and

      (g)     Ronda Robinson.

11.    Provide all documents relating to relating to requests by or on behalf of the Plaintiff for and/or provisions of a copy of the Annuity contract, the application therefore, or any other document pertaining to the Annuity.

12.    All documents related to an investigation to determine whether the signature of James Earl Crouch on the change of beneficiary form attached to the subpoena as Exhibit B was forged or otherwise unauthorized.

OCT-21-02 12:10    FROM-CUSTOMER SE    TE                    +8474663111    T-111  P.02  F-910

**LINCOLN NATIONAL LIFE INSURANCE CO.**
a part of LINCOLN NATIONAL CORPORATION

# ANNU. SERVICE REQUEST

**Contract Changes**

Annuitant's Name: James E. Crouch                    Contract #: 774944

Institution/Agency: AmSouth Bank                    Tax I.D.#: _____

## SECTION A - BENEFICIARY CHANGES

In accordance with the provisions of this contract, I hereby revoke all former designations and replace them as follows for: ☒ Annuitant's Beneficiary    ☐ Owner's Beneficiary

| Primary | Contingent | Name and Address | % | Relationship |
|---------|-----------|------------------|---|--------------|
| ☒ | ☐ | Sue Crouch | 100 | Wife |
| ☐ | ☒ | James Edward Crouch | 100 | Son |
| ☐ | ☐ | | | |
| ☐ | ☐ | | | |

## SECTION B - NAME CHANGES

Name change for:
☐ Annuitant
☐ Primary Owner
☐ Joint/Contingent Owner

Reason for change:
☐ Marriage
☐ Divorce
☐ Legally Changed (include copy)
☐ Other: _____

Print new name: _____
Old signature: _____
New signature: _____

## SECTION C - ADD/CHANGE OWNER

To be added/changed:
☐ Primary Owner
☐ Joint/Contingent Owner

Reason for change:
☐ Marriage
☐ Divorce
☐ Court Ordered (include copy)
☐ Change to a Trust

Name: _____
The LNL contract does not allow changes to ownership for any reason other than those listed above. Assignments are also not allowed on this annuity contract.

## SECTION D - ADDRESS CHANGE

New mailing address:
Street: _____
City: _____
State, Zip: _____
Effective date of change: _____
An acknowledgment of this change will be sent to both the old and the new address. Future correspondence will be sent to the new address as shown above.

## SECTION E - DUPLICATE CONTRACT

This is to certify that the original copy of the annuity contract has been lost. Please forward a duplicate contract for my records to the following address:

Name: _____
Address: _____
City, State, Zip: _____
If the original contract is found, it should be returned to Lincoln National immediately.

## SECTION F - OTHER REQUESTS

## SECTION G - SIGNATURES

The effective date of this Contract Change Request will be the date the form is received and recorded in the Administrative Office of Lincoln National Life Insurance Company.

Dated at Wetumpka, AL                    on the 4 day of April    24 2000.

Owner: James E. Crouch                    Agent/Witness: Kayla Roberson

Joint Owner: Sue Crouch                    Agent/Witness: London Roberson

1601 South Meyers Road • Oakbrook Terrace, Illinois 60181-5214 • (630) 916-0095          LN-3110 (8/93)

+8474663111        => AMSOUTH INVESTMENTS ,TEL=205 560 7087        10/21'02 10:36

**EXHIBIT**
**B**

# BRYAN NELSON P.A.

**ATTORNEYS AT LAW**
POST OFFICE DRAWER 18109
6524 U.S. HIGHWAY 98
HATTIESBURG, MISSISSIPPI 39404-8109

JACK W. LAND¹
EVE GABLE
HERMAN M. HOLLENSED, JR.
MARK A. NELSON²
V. K. VICK SMITH
DAVID M. OTT
SAMUEL S. McHARD³
RICHARD D. NORTON
JOSEPH A. O'CONNELL
JOE D. STEVENS
WILLIAM A. WHITEHEAD, JR.
KATHERINE L. HOWIE
STEPHEN B. JACKSON
ERICA R. McHARD²
STACY L. NEAMES
DARIUS O. TAYLOR
TIMOTHY J. EVANS
KRISTOPHER A. POWELL
TRACY K. BOWLES
MARK E. NORTON

JOHN F. BRYAN III (1914-1994)
E. S. NED NELSON (1928-1985)

TELEPHONE
(601) 261-4100

FACSIMILE
(601) 261-4106

¹ Also Admitted in Louisiana
² Also Admitted in Illinois
And Iowa

June 14, 2006
VIA FACSIMILE 260.455.5135

Shawn M. Gross
Lincoln Financial Group
P. O. Box 1110
Fort Wayne, IN 46802-1110

Re:    *James E. Crouch vs. Amsouth Bank, Ina Sue Crouch and John and Jane Does 1 – 10*
       *Civil Action No. 2:06cv111-CSC*
       *Our File No.: 999-784*

Dear Shawn:

I am in receipt of and thank you for the documents provided in response to our Subpoena Duces Tecum. I have several inquiries to pose as a result of my review of those documents as follows:

1.    What are the agent instructions, rules, regulations, policies, and procedures regarding change of beneficiaries? This information was requested in Exhibit A, paragraph 4 of the Subpoena, but no documentation was received addressing this inquiry.

2.    As to the national selling agreement referenced in your letter, for now, please strike out the proprietary information regarding prices and commissions and fax or e-mail it to me as soon as possible.

3.    Why was Ms. Robinson's agency agreement terminated early as of August 24, 2004?



**EXHIBIT**
**B**

Shawn Gross
June 14, 2006
Page Two

Please fax or e-mail all of the documents not previously provided as soon as possible. My fax number is 601.261.4106 and e-mail address is smchard@bnlawfirm.com.

Sincerely,

BRYAN NELSON P.A.

SAMUEL S. McHARD
For the Firm

SMH\kpm
cc:  Glenn White, Esq.

# BRYAN NELSON P.A.
### ATTORNEYS AT LAW
POST OFFICE BOX 18109
6524 U.S. HIGHWAY 98 WEST
HATTIESBURG, MISSISSIPPI 39404-8109

TELEPHONE
(601) 261-4100

FACSIMILE
(601) 261-4106

# FACSIMILE

Date:     June 14, 2006

To:      Shawn M. Gross          Fax Number:   260.455.5135
         Lincoln Financial Group

cc:                              Fax Number:

From:    Samuel S. M Hard

Re:      *James E. Crouch v. Amsouth Bank, Ina Sue Crouch and John and Jane Does 1 - 10*
         *Civil Action No. 2:06-CV-111-CSC*
         *Our File No. 999-784*

Number of Pages (including cover sheet):          3

## MESSAGE:

See attached correspondence.

CONFIDENTIALITY NOTICE

This facsimile message is legally privileged and confidential. It is intended for the named addressee(s) only. If you are not an authorized recipient, distribution or copying of this message is strictly forbidden. If you have received this information in error, please notify us immediately by telephone and return the original facsimile message and its contents to us by mail at the address shown above.

```
┌─────────────────────────────────────────┐
│   TRANSMISSION VERIFICATION REPORT        │
└─────────────────────────────────────────┘
                            TIME  : 06/14/2006 16:23
                            NAME  : BRYAN NELSON PA
                            FAX   : 6012614106
                            TEL   : 6012614100
                            SER.# : BROG2J574694
```

```
┌──────────────────────────────────────────────────────────────────────────┐
│                                                                            │
│    DATE,TIME              06/14  16:22                                      │
│    FAX NO./NAME           12604555135                                      │
│    DURATION               00:00:46                                         │
│    PAGE(S)                03                                               │
│                           COVERPAGE                                        │
│    RESULT                 OK                                              │
│    MODE                   STANDARD                                        │
│                           ECM                                             │
└──────────────────────────────────────────────────────────────────────────┘
```

# BRYAN NELSON P.A.
**ATTORNEYS AT LAW**
POST OFFICE BOX 18109
6524 U.S. HIGHWAY 98 WEST
HATTIESBURG, MISSISSIPPI 39404-8109

TELEPHONE                                          FACSIMILE
(601) 261-4100                                     (601) 261-4106

# FACSIMILE

Date:      June 14, 2006

To:        Shawn M. Gross                    Fax Number:   260.455.5135
           Lincoln Financial Group

cc:                                          Fax Number:

From:      Samuel S. M Hard

Re:        *James E. Crouch v. Amsouth Bank, Ina Sue Crouch and John and Jane Does 1 - 10*
           *Civil Action No. 2:06-CV-111-CSC*
           *Our File No. 999-784*

Number of Pages (including cover sheet):                3