**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| JAMES E. CROUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | |
| ) | 2:06-cv-00111-MEF |
| LINCOLN NATIONAL LIFE ) | |
| INSURANCE COMPANY *et al*., ) | |
| ) | |
| Defendants. ) | |

**REPLY BRIEF IN SUPPORT OF
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Defendant Lincoln National Life Insurance Company ("Lincoln National") submits this Reply Brief responding to Plaintiff's Combined Response to Defendants' Motions For Summary Judgment and Memorandum of Law (Document # 86). Lincoln National shows as follows:

**I.    Ala. Code § 27-14-12 Entitles Lincoln National to Summary Judgment**

Plaintiff argues that Lincoln National is not immune from claims against it as a result of *Ala. Code* § 27-14-24, known as the "facility of payment" statute. Plaintiff is wrong. In this case, Plaintiff claims that he was the proper beneficiary under an annuity contract (which is an insurance product), and that the change-of-beneficiary form changing the beneficiary from Plaintiff to his mother was a forgery. Plaintiff argues that because the form was the product of alleged forgery,

Lincoln National improperly paid the annuity proceeds to Plaintiff's mother, Sue Crouch, thereby damaging Plaintiff (since he received none of the proceeds).

*Ala. Code* § 27-14-24 is designed to provide an insurance company with immunity and to discharge the company from all claims under the policy or contract, where the company pays the proceeds to the designated beneficiary before written notice that someone else claims an interest in those proceeds. By affording this protection to an insurer, the statute encourages prompt and timely payment of claims. Plaintiff does not dispute that he failed to provide timely notice to Lincoln National, nor does Plaintiff dispute the fact that Sue Crouch was the contractually designated beneficiary at the time that Lincoln National paid the insurance proceeds. Rather, Plaintiff argues that he is not suing just for failure to pay a claim or for breach of contract, but that he is also suing Lincoln National for negligence and that such negligence claims are not barred by *Ala. Code* § 27-14-24. *See* Document # 86, p. 23.

Notably, Plaintiff is unable to cite any authority for the novel proposition that, by recasting his claims against Lincoln National in tort, he can perform an end run around the protections of *Ala. Code* § 27-14-24. Plaintiff's failure to cite any legal authority is unsurprising. *Ala. Code* § 27-14-24 does not limit its grant of immunity solely to claims sounding in contract or for failure to pay a claim. To the contrary, the statute discharges an insurer such as Lincoln National from "all

claims under the policy or contract …." The Alabama Supreme Court has rejected the very same argument advanced by Plaintiff herein and has ruled that the statute discharges all claims including claims for negligence. *Fortis Benefits Ins. Co. v. Pinkley*, 926 So. 2d 981 (Ala. 2005) ("*Fortis*").

In *Fortis*, the primary beneficiary of an insurance policy was changed pursuant to a change of beneficiary form. The insured died and the insurance company paid the benefits to the newly designated beneficiary. After the date of payment, plaintiff challenged the signature on the change of beneficiary form as a forgery, and sued alleging negligence, wantonness, breach of contract, and bad faith failure to pay a claim. *Fortis*, 926 So. 2d at 983. Notwithstanding the fact that the legal theories advanced included claims in addition to breach of contract and failure to pay a claim, the Alabama Supreme Court nonetheless found that *Ala. Code* § 27-14-24 discharged the insurer from "all claims" brought by plaintiff therein.

In the matter *sub judice*, just as in *Fortis*, all of Plaintiff's claims are premised upon the argument that Plaintiff was the rightful and legal beneficiary of the death benefits under the annuity contract. No matter how the claims may be couched, all claims hinge upon Plaintiff's claims that he, and not Sue Crouch, is entitled to the death benefits. Accordingly, *Ala. Code* § 27-14-24 bars all claims of

3

Plaintiff James Edward Crouch. Therefore, Lincoln National is entitled to summary judgment pursuant to *Fortis* and *Ala. Code* § 27-14-24.

## II.   The Undisputed Evidence Is That The Signature Was Authorized

Lincoln National is entitled to summary judgment on the additional and alternative ground that the undisputed evidence is that the challenged signature on the change-of-beneficiary form was the authorized signature of James Earl Crouch. All of Plaintiff's claims are based upon the contention that the primary beneficiary of the annuity was changed from himself to Defendant Sue Crouch without his father's knowledge or consent, therefore making the change of beneficiary improper. However, Plaintiff has offered no substantial evidence to support this unadorned claim, and Plaintiff bears the burden of proof on his claim of forgery. Accordingly, summary judgment should issue on this alternative basis.

There were three people present on the date in question when the change-of-beneficiary form was completed at the offices of AmSouth Bank. Those present were James Earl Crouch (now deceased), Sue Crouch, and Ronda Robinson. The only two surviving persons present on this occasion have been fully deposed. Both Sue Crouch and Ronda Robinson testified consistently and repeatedly that James Earl Crouch was fully aware of the beneficiary change, that he requested the changes be made, and that he authorized his wife to sign the change of beneficiary form on his behalf because he did not have his prescription reading glasses.

Plaintiff has offered no substantial evidence that these are not the facts, and all evidence bearing on the subject is consistent with James Earl Crouch having authorized and approved the change of beneficiary.[1]

### III.    The Court Should View Plaintiff's Brief (Document 86) With Caution

Finally, Lincoln National asks that the Court view with caution, and with a healthy dose of skepticism, the factual arguments advanced by Plaintiff.  Two examples will suffice to explain this request.

The first example is where Plaintiff cites Ronda Robinson's deposition testimony for the supposed proposition that only the annuitant, and by implication not the joint owners of the annuity, could change the beneficiary designations.  *See* Document # 86, p. 2-3.  However, in quoting from Ronda Robinson's deposition, Plaintiff includes only a portion of Ms. Robinson's answer and the quotation is misleading by omission.  Below is the part included by Plaintiff:

> Q.  But somebody who's not the annuitant can't make a change in the designation of the annuitant beneficiary – can they?
>
> A:  No.

*See* Document # 86, p. 3.  By stopping the answer where he did, Plaintiff appears to suggest that Ms. Robinson testified that only the annuitant, and not anyone else,

---

[1] Lincoln National sent James Earl Crouch a letter on May 16, 2000, confirming that the requested change-of-beneficiary had been implemented.  Mr. Crouch never objected or otherwise responded to this written notice, which circumstantially confirms that Mr. Crouch was aware of and intended that the primary beneficiary be changed to his wife.

had the right to make changes to the contract such as a change in beneficiary. But here is the same deposition passage with the **complete answer** from what Ms. Robinson actually testified:

> Q. But somebody who's not the annuitant can't make a change in the designation of the annuitant beneficiary – can they?
>
> A. No. The thing here is, I'm not familiar with doing a contract where an annuitant is not also an owner. I'm not saying that couldn't be done. I don't sell annuities anymore. So I'm trying to base and – answer your questions to the best of my knowledge based on what I remember from when I was an agent.
> So, you know, I'm just not familiar. Don't remember ever doing a contract where an annuitant was not an owner. So to answer your question, **I personally am not familiar with an annuitant being able to make changes. It would normally always be the owner and/or joint owner making changes.**

*See* Ronda Robinson Dep., pp. 77-78 (emphasis added). The Court may draw its own conclusions from Plaintiff's decision to abbreviate Ms. Robinson's answer without disclosing that the answer was abbreviated.

The second example is Plaintiff's claim that Sue Crouch (a/k/a Ina Sue Crouch) testified that she and her husband told Plaintiff in 1998 that he was to be "the sole beneficiary of the $250,000 Annuity and would receive all of the proceeds upon the death of James Earl." *See* Document #86, p. 3. Plaintiff cites to p. 92 of Sue Crouch's deposition, but does not quote from the testimony. The failure to provide the quotation may be explained by Sue Crouch's actual testimony, in which Ms. Crouch did not testify that she and her husband told

6

Plaintiff that he would receive the proceeds when Mr. Crouch passed away, only that Plaintiff would receive the proceeds if Mr. and Mrs. Crouch both died simultaneously:

> Q. Well, you also specifically testified and have previously stated that you had a conversation with your son, James Edward, about the annuity, letting him know that he was the beneficiary, correct?
>
> A. We went over to his home, as I have explained to you, and told him we had took it. And we didn't want – want to put anybody on it, and we talked it over. We decided we would put somebody down in case he – it was explained to him in his living room that in case – his daddy said, in case me and your mother both were to get killed instantly in a car wreck, somebody would need to know, and that's it. Now, as far as his daddy saying it's his, no.

*See* Sue Crouch Dep., p. 92. The Court may assess for itself whether the referenced quotation supports the proposition for which it is cited by Plaintiff.

While Plaintiff has failed to raise any genuine issue of material fact, Lincoln National nonetheless respectfully suggests that the above representative examples warrant careful scrutiny of all factual assertions raised by the Plaintiff.[2] This case

---

[2] Plaintiff also continues to mislead by claiming that the annuity contract has never been produced. The original contract was surrendered upon the death of James Earl Crouch, and is no longer available. Lincoln National has produced the entire contract file including the application which was attached to and became part of the contract form. At the deposition of Sue Crouch, when counsel for Plaintiff protested that he had never seen the contract, counsel for Lincoln National made arrangements during that deposition to obtain and produce a sample contract form, which form would go with the "unique" documents such as the application which were attached to and part of the contract. *See* pp. 206-09. Notwithstanding the actual production of the contract form and the application and other documents specific to the Crouch annuity, Plaintiff continues to make false and repeated assertions that the contract never has been produced. *See* Document # 86, pp. 16, 18, 24, 26. Lincoln National will not comment further other than to express its disappointment and dismay over such tactics.

is ripe for summary judgment and summary judgment is warranted based upon the undisputed facts.

## IV.   Conclusion

Lincoln National is entitled to summary judgment on two separate and totally independent grounds.  First, *Ala. Code* § 27-14-24 entitles Lincoln National to summary judgment without regard to the question of whether the signature of Mr. Crouch was authorized or was a forgery.  Second, and alternatively, the undisputed evidence shows that Mr. Crouch's signature was an authorized signature affixed by his wife.  Ronda Robinson witnessed both Mr. Crouch giving direction and authority for his wife to sign on his behalf and also witnessed Mrs. Crouch sign for her husband with his permission.  Accordingly, and as a matter of law, the change-in-beneficiary was proper and summary judgment should issue on this basis as well.

                                              s/ E. Glenn Waldrop, Jr.  
                                              Attorney for   Lincoln National

OF COUNSEL:  
E. Glenn Waldrop, Jr. (WALDG7740)  
Mitchell D. Greggs (GREGM5304)  
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.  
The Clark Building  
400 North 20th Street  
Birmingham, Alabama  35203-3200  
(205) 581-0700  
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of October, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Glenn L. White, Esq.<br>glennw@megagate.com | Charles Burton Paterson, Esq.<br>cpaterson@balch.com |
| Samuel S. McHard, Esq.<br>smchard@bnlawfirm.com | Paul J. Delcambre, Jr., Esq.<br>pdelcambre@balch.com |
| Glenda Wingard Hughes, Esq.<br>ghughes.atty@ATT.net | Joseph Seawall Moore, Esq.<br>jsmoore@balch.com |

And I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants (if applicable):

Carol Ann Estes Bustin, Esq.
Bustin Law Firm
109 Fairvield Drive, Suite 109
Hattiesburg, Mississippi  39402


                                        Respectfully submitted,


                                        <u>s/ E. Glenn Waldrop, Jr.</u>
                                        Of Counsel