**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

**JAMES E. CROUCH,**
     **Plaintiff**

**Vs.**                                                           **Case No.**
                                                                     **2:06-cv-00111-MEF**

**AMSOUTH BANK, INA SUE CROUCH,**
 **AMSOUTH INVESTMENT SERVICES, INC.,**
**LINCOLN NATIONAL LIFE INSURANCE**
**COMPANY, AND JOHN AND JANE**
**DOES 3-10, Defendants.**

**ANSWER BY INA SUE CROUCH**
**TO THE SECOND AMENDED COMPLAINT**

**COMES NOW** Ina Sue Crouch by and through counsel and answers the
Plaintiff's Second Amended Complaint by denying that she or any of the other
Defendants have made any false statements regarding this case, that she and the other
Defendants are not guilty of any wrongdoing whatsoever; she denies any and all
allegations not specifically denied below, reiterates the Fifth Defense, and further states
the following:

1.  Defendant Ina Sue Crouch is without knowledge regarding Plaintiff James
    Edward Crouch's residence at this time.

2.  The Defendant is without specific knowledge regarding the answer to
    paragraph #2 pertaining to the principal place of business for AmSouth Bank
    and process of service upon AmSouth Bank.

3.  Admitted.

4.  Defendant is without specific knowledge regarding the principal place of
    business for AmSouth Investment Services, Incorporated, and where process
    may be had.

5.  Defendant has no specific knowledge regarding the principal place of business
    for Lincoln National Life Insurance Company and where process may be had.

6.  Denied.

7. It is admitted that this Court has jurisdiction over this case, and any other allegation is denied.

8. Denied.

9. It is admitted that James Earl Crouch died on February 14, 2001, and any other allegation is denied.

10. It is admitted that on or about September 25, 2002, the Plaintiff filed his Complaint for Discovery, but any other allegations in paragraph 10 are denied.

11. The allegations of paragraph 11 in the Second Amended Complaint are not specifically denied or admitted.

12. Denied.

13. It is admitted that the Counsel for Ina Sue Crouch was informed on or about October 22, 2004, of the request for documents by the plaintiff regarding the annuity and the remainder of the allegations are not specifically admitted or denied.

14. Denied.

15. Denied.

16. Denied.

17. Admitted.

18. It is admitted that AmSouth Bank sold an annuity to James E. Crouch and Ina Sue Crouch as joint owners and the remaining allegations of paragraph 18 in the Second Amended Complaint are neither specifically denied are admitted.

19. It is admitted that Ronda Robinson was an employee of AmSouth, but the Defendant does not deny or admit to the remainder of the allegations.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. The Defendant is without knowledge to answer the allegations in paragraph #24 of the Second Amended Complaint.

25.  The Defendant is without knowledge to answer the allegations in paragraph #25 in the Second Amended Complaint.

26. The Defendant is without knowledge to answer the allegations in paragraph #26 in the Second Amended Complaint.

27. The Defendant is without knowledge to answer the allegations in paragraph #27 in the Second Amended Complaint.

28. The Defendant is without knowledge to answer the allegations in paragraph #28 in the Second Amended Complaint.

## COUNT I – BREACH OF CONTRACT

29. In response to the allegations of paragraph 29 in the Second Amended Complaint, the Defendant adopts and incorporates by reference paragraphs 1 – 28 of this Answer.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

## COUNT II – SPECIFIC PERFORMANCE

36. In response to the allegations of paragraph 36 of the Second Amended Complaint, the Defendant adopts and incorporates by reference paragraphs 1 – 35 of this Answer.

37.  Denied.

## COUNT III – NEGLIGENCE

38. In response to the allegations of paragraph 38 in the Second Amended Complaint, the Defendant adopts and incorporated by reference paragraphs 1 – 37 of this Answer.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

**COUNT IV - FRAUD**

43. In response to the allegations of paragraph 43 of the Second Amended Complaint, the Defendant adopts and incorporates by reference paragraphs 1 – 42 of this answer.

44. Denied.

45. Denied.

**COUNT V – TORTIOUS INTERFERENCE WITH CONTRACT**

46. In response to the allegations of paragraph 46 in the Second Amended Complaint, the Defendant adopts and incorporates by reference paragraphs 1 – 45 in this answer.

47. Denied.

**COUNT VI - CONSTRUCTIVE TRUST**

48. In response to the allegations of paragraph 48 in the Second Amended Complaint, the Defendant adopts and incorporates by reference paragraphs 1 – 47 in this answer.

49. Denied.

**REQUEST FOR RELIEF**

**FIRST DEFENSE**

Defendant Ina Sue Crouch denies the averments of the "WHEREFORE" paragraphs in the Second Amended complaint and denies that the plaintiff is entitled to the relief requested therein or to any relief whatsoever.

**SECOND DEFENSE**

There was a failure to state a claim upon which relief can be granted.

**THIRD DEFENSE**

The Defendant denies each and every allegation of the Second Amended Complaint which was not expressly denied and further denies that the plaintiff is entitled to any relief whatsoever.

## FOURTH DEFENSE

Most, if not all, of the plaintiff's claims are barred by the applicable Statute of Limitations.

## FIFTH DEFENSE

The Defendant has not breached any duty whatsoever against the man she raised from birth known as James Edward Crouch nor has she ever intentionally or otherwise committed any wrongful act against him. Defendant Ina Sue Crouch, the natural mother of the man suing her, cannot comprehend how the man she and her husband raised, and a child who was loved so very dearly by his parents because he was a part of each of them, could make such harmful, shameful, disrespectful, greedy allegations, knowing in his heart and mind that all ties would be forever severed between himself, his mother and his half siblings. James Edward Crouch, furthermore, has made these allegations against his mother and the other Defendants without one (1) tiny piece of evidence supporting that his allegations are even remotely true, and he is basing all his allegations on hearsay.

## SIXTH DEFENSE

The Defendant states that fictitious party practices do not exist under federal law.

## SEVENTH DEFENSE

The amount of compensatory and punitive damages the plaintiff seeks to recover solely from his mother or from any of the other defendants, whoever he can get it from, is subject to the applicable damage cap.

## EIGHTH DEFENSE

The Excessive Fines Clause of the Eighth Amendment and the Due Process Clause in the Fourteenth Amendment in the United State Constitution make it unconstitutional to seek punitive damages as sought by the plaintiff.

## NINTH DEFENSE

The allegations for punitive damages cannot be sustained because 1) there is not a clear standard to make a determination regarding the appropriate amount; 2) it has discriminatory characteristics; 3) the allegations are vague, and there is insufficient clarity regarding the conduct or mental state which makes such damages permissible; and 4) it is not subject to judicial review on the basis of objective standards, and which would violate the Defendants' due process and equal protection rights guaranteed by the

Fourteenth Amendment to the United State Constitution and the Double Jeopardy Clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and by the Alabama Constitutional Provisions providing for Due Process, Equal Protection and guarantees against double jeopardy.

## TENTH DEFENSE

The plaintiff's claims for punitive damages cannot be sustained because the award of such damages without proof of each and every element beyond a reasonable doubt would violate the Defendants' due process rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and under the Due Process Provisions of the Alabama Constitution.

## ELEVENTH DEFENSE

The Defendant expressly reserves the right to amend this answer for herself and the other Defendants to add all applicable affirmative defenses as are warranted in this matter.

Respectfully submitted this 26th day of October 2006


s/Glenda W. Hughes
Attorney for Ina Sue Crouch

OF COUNSEL:
Glenda W. Hughes, HUG042
103-B Commerce Street
Wetumpka, AL 36092
Telephone: 334/514-3038
Facsimile: 334/514-3039

.

## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of October 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to the following:

Glenn L. White, Esq.                         Charles Burton Paterson, Esq.
glennw@megagate.com                      cpaterson@balch.com

Samuel S. McHard, Esq.                    Paul J. Delcambre, Jr., Esq.
smchard@bnlawfirm.com                  pdelcambre@balch.com

Joseph Seawall Moore, Esq.
jsmoore@balch.com

Carol Ann Estes Bustin has withdrawn.

Done this the 26th day of October 2006.

/s/ Glenda W. Hughes
Of Counsel