IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES E. CROUCH,
    Plaintiff

Vs.                                                        Case No.
                                                            2:06-cv-00111-MEF

AMSOUTH BANK, INA SUE CROUCH,
AMSOUTH INVESTMENT SERVICES, INC.,
LINCOLN NATIONAL LIFE INSURANCE
COMPANY, AND JOHN AND JANE
DOES 3-10, Defendants.

**ANSWER BY INA SUE CROUCH
TO THE PLAINTIFF'S
COMBINED REPLY AND MEMORANDUM TO INA SUE CROUCH'S
RESPONSE TO MOTION FOR DEFAULT JUDGMENT**

    **COMES NOW** Ina Sue Crouch by and through counsel and answers the Plaintiff's Combined Reply and Memorandum To Ina Sue Crouch's Response to Motion For Default Judgment and would show the following:

1. The Plaintiff insists on attacking and chipping away at any of the Defendants on any minor issue he can in an attempt to win. How many times is a Defendant required to deny all the allegations?

2. The 11th Circuit Case of *Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.,* 740 F.2d 1499, 1512 (11th Cir. 1984) states that it would be ill advised to enter a default judgment against one defendant where the complaint alleged joint and several liability because a default judgment against one defendant might be inconsistent with the ultimate outcome for the remaining defendants who were alleged to be jointly and severally liable. The rationale behind this case included the concern that a plaintiff should not reap a windfall by obtaining a judgment against once defendant where the same claims may ultimately be adjudicated as without merit.

    **WHEREFORE THE PREMISES CONSIDERED** the plaintiff, James E. Crouch, should lose his claim against AmSouth Bank, Ina Sue Crouch, AmSouth

Investment Services, Inc., Lincoln National Life Insurance Company, and John and Jane Does 3-10 for his erroneous arguments that the signature of James Earl Crouch was unauthorized or forged as it absolutely has no merit and because that is the gravamen of his claims against Ina Sue Crouch.  Hence, the District Court should not enter a default judgment against Defendant Ina Sue Crouch based upon the rationale in the *Gulf Coast Fans* case.

Respectfully submitted this 3rd day of November 2006.

                    INA SUE CROUCH, Defendant
                    By:  s/ Glenda W. Hughes

OF COUNSEL:
Glenda W. Hughes, HUG042
103-B Commerce Street
Wetumpka, AL 36092
Telephone: 334/514-3038
Facsimile: 334/514-3039
.

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of November 2006, I mailed the above document to Carol Ann Estes Bustin, 109 Fairfield Drive, Suite 109, Hattiesburg, MS 39402, and I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system to the following:

| | |
|---|---|
| Glenn L. White, Esq.<br>glennw@megagate.com | Charles Burton Paterson, Esq.<br>cpaterson@balch.com |
| Samuel S. McHard, Esq.<br>smchard@bnlawfirm.com | Paul J. Delcambre, Jr., Esq.<br>pdelcambre@balch.com |
| | Joseph Seawall Moore, Esq.<br>jsmoore@balch.com |

                    /s/ Glenda W. Hughes
                    Of Counsel