**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | | |
|---|---|---|
| JAMES E. CROUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 2:06-cv-00111-MEF |
| LINCOLN NATIONAL LIFE | ) | |
| INSURANCE COMPANY *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED AND SUPPLEMENTAL RESPONSES TO INTERROGATORIES

Defendant Lincoln National Life Insurance Company ("Lincoln National")

amends and supplements its responses to certain of the Interrogatories served on

October 3, 2006, as follows:

**INTERROGATORY NO. 1.**   Identify each and every person known by

you who has, or claims to have, knowledge of any discoverable information

relevant to any claims and defenses of Lincoln, identifying the subjects and

substance of the information known by each respectively.

**AMENDED RESPONSE:**  Lincoln National is not in a position to identify

each and every person who may have knowledge of any discoverable information

relevant to the claims and defenses of Lincoln National, but based upon its present

knowledge, information and belief, Lincoln National states follows.

Defendant Ina Sue Crouch a/k/a Sue Crouch is believed to have knowledge of certain issues relevant to Lincoln National's defenses in this matter. Without limitation, Sue Crouch testified at her deposition that it was her and her husband's original intent that she would be the beneficiary of the annuity with their son, James Edward Crouch, as contingent beneficiary in case Mr. and Mrs. Crouch died simultaneously. Mrs. Crouch also testified that she was authorized by her late husband, James Earl Crouch, to sign his name on his behalf and at his direction and with his permission on the change of beneficiary form which designated Sue Crouch as the primary beneficiary and James Edward Crouch as the contingent beneficiary on the annuity made the basis of this lawsuit.

Ronda Robinson is also believed to have knowledge and discoverable information. As she testified at her deposition, Ronda Robinson witnessed the late James Earl Crouch give express authorization and direction for his wife, Sue Crouch, to sign his name on his behalf to the change of beneficiary form. Ronda Robinson witnessed that signature and so attested in the witness block on the Annuity Service Request Form.

The Annuity Service Request Form asking for the referenced change in beneficiary was submitted to and processed by Lincoln National, but we cannot from the records ascertain who in the Annuity Service Department was involved in that process. Lincoln National confirmed the change of beneficiary by letter dated

2

May 16, 2000, to James E. Crouch, a copy of which letter has been produced in

Lincoln National's initial disclosures in this matter (Lincoln/Crouch 00008). There

have been changes in Lincoln National's Annuity Client Service Department

including its relocation from Schaumburg, Illinois, to Fort Wayne, Indiana, with

certain functions later being relocated to Hartford, Connecticut. Lincoln National

has been unable to identify any employees, current or former, who were involved

in the transactions relating to the annuity made the basis of this lawsuit. However,

certain persons who work in the Annuity Client Service Department would have

knowledge concerning the records reflecting the submission of the Annuity Service

Request Form and the change of beneficiary that was implemented in response to

the submitted form. In addition, certain persons within Lincoln National's Annuity

Client Service Department also would have knowledge concerning other

administrative matters relating to the annuity contract at issue in this case. Without

limitation, such knowledge would include the fact that there is no record of any

verbal or written notification to Lincoln National that anyone other than the

designated beneficiary, Sue Crouch, claimed any interest in the annuity proceeds

prior to the time that Lincoln National processed the death claim and paid the

insurance benefits to Sue Crouch. Certain persons within Lincoln National's

Annuity Client Service Department also would have knowledge concerning the

records reflecting the processing of the death claim and the date of the payment of

3

the same, as well as knowledge concerning those documents comprising the annuity contract made the basis of this lawsuit (and which were produced previously). The person whom we have identified who has knowledge concerning the Annuity Client Service Department and these matters is Sharon Bowman, who can be contacted through Lincoln National's outside counsel. Generally, the matters about which Lincoln National would have knowledge should be reflected in the contract file which was produced under the Bates Nos. Lincoln/Crouch 0001 through 0065.

Further responding, Lincoln National states that plaintiff James Edward Crouch has knowledge that he did not provide any written or verbal notice to Lincoln National that he claimed any interest in the proceeds of the annuity contract until months after the annuity death benefits had been processed and paid.

Lincoln National reserves the right to amend, modify, or supplement this response, based upon new or additional discovery or evidence.

**INTERROGATORY NO. 2.**   Identify each person who acted to participate in the handling of any matter related to the sale and/or servicing of the Annuity, identifying each act taken by each respective person.

**AMENDED RESPONSE**:  Lincoln National understands that the annuity was purchased by Sue Crouch and her husband, James Earl Crouch, through their submitting an application to purchase the annuity through AmSouth Investment

4

Services and Ronda Robinson. The annuity application was then submitted to

Lincoln National who reviewed the application, approved it, and issued the annuity

contract. Lincoln National is unable, after reasonable inquiry, to identify the

persons involved in reviewing or approving the annuity application or in issuing

the contract, except there was a form letter from Andrea L. Lewis, who was at the

time a New Business Representative on behalf of Lincoln National (*see*

Lincoln/Crouch 00061). A change of beneficiary form was submitted and

processed by Lincoln National, but, after reasonable inquiry, it cannot be

determined who precisely was involved in processing that change, although the

change was confirmed by a form letter dated May 16, 2000 (*see* Lincoln/Crouch

00049). The death claim appears from the files produced to have been handled, at

least in part by then Annuity Claims Representative Patricia Taylor (*see e.g.*

Lincoln Crouch 00039, 00038, 00030, and 00029). Reference is made to the

contract file (Lincoln/Crouch 00001 through 00065) pursuant to Rule 33(c) of the

Rules of Civil Procedure. Sharon Bowman of Lincoln National is familiar with

these records and can testify concerning the transactions reflected therein. Ms.

Bowman may be contacted through Lincoln National's counsel. Except as

responded to herein, Lincoln National objects to this request as overly broad,

unduly burdensome, vague and ambiguous.

**INTERROGATORY NO. 4.**   Identify any and all manuals, policies, procedures, instructions, standards, rules, regulations, and/or training materials of prepared or sued by AmSouth, and/or Lincoln applicable to the Annuity that were in effect at the time of the Occurrence.

**AMENDED RESPONSE**   The annuity at issue was purchased in 1998, had a change of beneficiary submitted and processed in 2000, and was surrendered in 2001 following the death of the annuitant, James Earl Crouch.  Lincoln National points out that it was not added as a party to this lawsuit until more than five years after the date on which the annuity contract at issue had been surrendered and paid out pursuant to a death claim, and, therefore, numerous of the documents relating to manuals, policies, procedures, and the like that were in effect between 1998 and 2001 have not been located and are believed to no longer be available because of the remoteness in time.  However, Lincoln National has conducted a diligent search and has produced responsive documents relating to the time frame of 1998 through 2001 to the extent that the same have been located; Lincoln National specifically refers Plaintiff to the documents produced on October 25, 2006, consisting of Lincoln/Crouch 00155 through 00192, which contains the manual for completing the forms relative to the application, issuance, and potential changes to the annuity.  Lincoln National also states that it understands that AmSouth has produced certain documents that constitute manuals or procedures or instructions,

6

and these documents appear to contain names of persons who may have been involved in training with respect to the type annuity at issue in this case. Reference is made to these documents pursuant to Rule 33(c) of the Rules of Civil Procedure.

Further responding, Lincoln National objects to this interrogatory to the extent that the requested documents are not calculated to lead to relevant or admissible evidence. In that regard, Lincoln National points out that the cardinal issue in this case appears to be whether Mrs. Crouch's signature of her husband's name on the change of beneficiary form was an authorized signature, and documents relating to training or policies or procedures would appear not to bear on that cardinal issue.

## VERIFICATION

**LINCOLN NATIONAL LIFE
INSURANCE COMPANY**

By: *Sharon L Bowman*
Its: *IA Client Services Manager*

Sworn to and subscribed before me this 7th day of June, 2007, as true and correct to the best of affiant's knowledge, information and belief, and based upon business records and files of Lincoln National Life Insurance Company.

*[signature]*

Notary Public

My Commission Expires: July 17, 2008

```
NEIL A. WARNER
Allen County
My Commission Expires
July 17, 2008
```

[NOTARIAL SEAL]

8

## AS TO OBJECTIONS:

_____

One of the Attorneys for Defendant
Lincoln National Life Insurance Company

OF COUNSEL:
E. Glenn Waldrop, Jr. (WALDG7740)
Mitchell D. Greggs (GREGM5304)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this $l\cancel{7}\cancel{7}$day of June, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Glenn L. White, Esq.
glennw@megagate.com

Charles Burton Paterson, Esq.
cpaterson@balch.com

Samuel S. McHard, Esq.
smchard@mchardlaw.com

Paul J. Delcambre, Jr., Esq.
pdelcambre@balch.com

Glenda Wingard Hughes, Esq.
gwhughes@elmore.rr.com

Joseph Seawall Moore, Esq.
jsmoore@balch.com

Respectfully submitted,

Of Counsel