IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES E. CROUCH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | |
| | ) | 2:06-cv-00111-MEF |
| LINCOLN NATIONAL LIFE | ) | |
| INSURANCE COMPANY *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**LINCOLN NATIONAL LIFE INSURANCE COMPANY'S MOTION TO STRIKE PLAINTIFF'S EXPERT DESIGNATION**

Lincoln National Life Insurance Company ("Lincoln National") respectfully requests that the Court strike Plaintiff's Disclosure of Expert (doc. 102, attached hereto as Exh. A and referred to herein as the "Disclosure") because Plaintiff has refused, despite requests, to provide the information required by this Court's Scheduling Order and Federal Rule of Civil Procedure 26(a)(2) with respect to retained expert witnesses.[1] The information that Plaintiff has provided does not constitute a report or even an opinion, does no more than identify generally the topics or summary conclusions as to which its experts will testify, and fails to

---

[1] Lincoln National makes this Motion to Strike based upon Plaintiff's inadequate expert disclosure and report and failure to comply with the Court's Scheduling Order and the Rules of Civil Procedure. Lincoln National does not address, and expressly reserves the right to challenge, the substance and admissibility of Plaintiff's expert's opinions, the qualification of Plaintiff's expert, and any other such matters more appropriately raised in pretrial motions if the Court denies this Motion.

comport with the requirements of either the Court's Scheduling Order or the Rules of Civil Procedure. These defects in the "expert" disclosures prejudice Lincoln National's preparation of its defense because it deprives Lincoln National the opportunity to adequately prepare for that expert's deposition or trial testimony. In support of this motion, Lincoln National shows the Court as follows:

1. Lincoln National has attempted to resolve this discovery dispute with Plaintiff. By letter dated June 1, 2007, Lincoln National's attorney informed Plaintiff's attorney of the deficiencies of Plaintiff's Disclosure, explained and listed the required information that was lacking, and gave Plaintiff the opportunity to provide Lincoln National with the information required by the Scheduling Order and the Rules. *See* Exh. B. Additionally, Lincoln National's counsel repeated its request during the face-to-face settlement conference in this matter conducted on June 5, 2007. Lincoln National has received no response to these requests.

2. Plaintiff's expert designation does not comply with this Court's Scheduling Order or Federal Rule of Civil Procedure 26(a)(2)(B), requiring that all reports be signed by the expert and contain the following information:

- a complete statement of all opinions to be expressed and the basis and reasons therefor;

- the data or other information considered by the witness in forming the opinions;

- any exhibits to be used as a summary of or support for the opinions;

- the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

- and a listing of other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

3. The Disclosure of Plaintiff's expert, Al Shiyou, fails to provide much of the basic information required by the Scheduling Order and the Rules and does not constitute a report under Rule 26(a)(2)(B). The Disclosure is not a "written report prepared and signed by the witness" as required by the Rules and the Scheduling Order in this case, and, in fact, it does not even appear that the Disclosure was prepared by Mr. Shiyou. *See* Exh. A.

4. With respect to Mr. Shiyou's qualifications and background, the Disclosure provides no more that Mr. Shiyou's address, and a statement that he is an attorney and a former trust officer for Trustmark Bank. The Disclosure fails to provide a list of all (or any) publications authored by the witness within the past ten years, the compensation that he is to be paid for his study and testimony, or a listing of any other cases in which he has testified as an expert at trial or by deposition within the past four years. *See* Exh. A.

5. With respect to basis for Mr. Shiyou's opinion and the data or other information considered in the forming of his opinion, the Disclosure merely states that Mr. Shiyou's opinions are based on unidentified education, training and experience as a bank officer and an attorney responsible for investments and

compliance issues together with a review of the pleadings, depositions, and discovery in this case. The Disclosure fails to identify any exhibits to be used as a summary or in support of Mr. Shiyou's opinion. *See* Exh. A.

6.  Similarly, the "Opinions" stated in the Disclosure are no more than a conclusory generalization of the allegations of the Complaint, and the "Opinions" are neither detailed nor specific. For example, the Disclosure alleges: That Defendants' practices and actions were "contrary to reasonable banking and commercial practices" and that Defendants failed to "adequately education [sic], train, and supervise Ronda Robinson and failed to publish adequate and proper rules, regulations, and policies regarding" annuity activity, proximately resulting in an allegedly improper payment of the annuity benefits to Ina Sue Crouch rather than James Edward Crouch. *See* Exh. A. The Disclosure fails to identify the supposed standards or how they were breached, or how such alleged breaches damaged the Plaintiff. Such conclusory and non-specific statements cannot possibly comprise a "complete statement of all opinions to be expressed and the basis and reasons therefor . . . ."

7.  Federal Rule of Civil Procedure 37(c)(1) provides; "a party without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed." "Because

the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." *See Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004).

10.  Lincoln National is prejudiced by Plaintiff's failure to provide expert reports that contain the information required by Federal Rule of Civil Procedure 26(a)(2), and such failure, given the Scheduling Order established in this case, is not harmless. As a matter of procedure, Federal Rule of Civil Procedure 26(b)(4)(A) requires that Plaintiff provide his expert reports under Rule 26(a)(2)(B) before depositions go forward. Plaintiff has refused to respond to Lincoln National's requests, and Plaintiff has failed and refused to provide any additional information in order to bring his Disclosure into compliance with the Scheduling Order and the Rules. As a practical matter, Plaintiff's failure to provide expert reports that contain the information required by the Scheduling Order and the Rules hampers Lincoln National's ability to adequately prepare for expert depositions and trial. *See McClain v. Metabolife Int'l, Inc.*, 193 F. Supp. 2d 1252, 1259 (N.D. Ala. 2002) ("The Court recognizes that merely having to depose a party on information that should have been disclosed in a Rule 26 Report is a form of prejudice."). This principle applies to this case, and unlike in *McClain*, the resulting prejudice is not harmless because of the August 2, 2007 discovery

deadline, and Plaintiff's refusal to bring his Disclosure into compliance, which denies Lincoln National any reasonable opportunity to prepare fully for the deposition or trial testimony of this supposed expert.

WHEREFORE, PREMISES CONSIDERED, Lincoln National respectfully requests that the Court strike the designation of Mr. Shiyou, strike the insufficient "report" that he has provided, and exclude him, as well as his report and opinions, from all further proceedings in this matter, including trial testimony.

Respectfully submitted,

_____
One of the Attorneys for Defendant
Lincoln National Life Insurance Company

OF COUNSEL:
E. Glenn Waldrop, Jr. (WALDG7740)
Mitchell D. Greggs (GREGM5304)
LIGHTFOOT, FRANKLIN & WHITE, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama  35203-3200
(205) 581-0700
(205) 581-0799 (fax)

## CERTIFICATE OF SERVICE

     I hereby certify that on this 1st day of August, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Charles Burton Paterson, Esq.
cpaterson@balch.com

Samuel S. McHard, Esq.
smchard@mchardlaw.com

Glenda Wingard Hughes, Esq.
gwhughes@elmore.rr.com

Joseph Seawall Moore, Esq.
jsmoore@balch.com

                              Respectfully submitted,

                              _____
                              Of Counsel