# LIGHTFOOT FRANKLIN & WHITE LLC
### TRIAL & APPELLATE COUNSEL

E. Glenn Waldrop, Jr.
Writer's Direct Dial: 205-581-0713
gwaldrop@lfwlaw.com

June 1, 2007

*Via Electronic and U.S. Mail*

Samuel S. McHard, Esq.
McHard & Associates
223 W. Canebrake Blvd.
Hattiesburg, MS 39404
smchard@bnlawfirm.com

    Re:    **James Edward Crouch v. Amsouth Bank, et al.**

Dear Sam:

    We have received your expert disclosure, and it is incomplete or inadequate in several respects. This letter is intended to seek informal resolution of those issues without troubling the Court.

    As an initial matter, the Disclosure of Experts filed on May 18, 2007 (doc. 102, the "Disclosure"), references an Exhibit A that was not attached to the electronic service copy. Please provide a copy of Exhibit A at your earliest convenience.

    Furthermore, the Scheduling Order entered in this case (doc. 98) required that the plaintiff's disclosure of expert witnesses include a complete report under Rule 26(a)(2) from any specially retained or employed expert. Federal Rule of Civil Procedure 26(a)(2)(B) requires the production of several specific types of information in a written report that is prepared and signed by the witness, including:

> a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the


EXHIBIT B

Samuel S. McHard, Esq.
June 1, 2007
Page 2

>witness has testified as an expert at trial or by deposition within the preceding four years.

The Disclosure identifying Mr. Shiyou does not constitute a report under Rule 26(a)(2)(B). The Disclosure is not a "written report prepared and signed by the witness" as required by the Rules and the Scheduling Order in this case. In fact, the Disclosure does not appear to have been prepared by Mr. Shiyou. Also, the Disclosure fails to provide a list of all publications authored by the witness within the past ten years, the compensation that he is to be paid for his study and testimony, or a listing of any other cases in which he has testified as an expert at trial or by deposition within the past four years.

Additionally, the Rule requires a "complete statement of all opinions to be expressed and the basis and reasons therefor . . . ." The "Opinions" stated in the Disclosure are, in general, no more than a conclusory summary of the allegations of the Complaint. For example, the Disclosure alleges: That Defendants' practices and actions were "contrary to reasonable banking and commercial practices" and that Defendants failed to "adequately education [sic], train, and supervise Ronda Robinson and failed to publish adequate and proper rules, regulations, and policies regarding" annuity activity, proximately resulting in an allegedly improper payment of the annuity benefits to Ina Sue Crouch rather than James Edward Crouch. The "Opinion" provides no indication of the basis and reason for Mr. Shiyou's conclusions as required by the Rule. Similarly, the Disclosure does not provide any meaningful indication of the data or other information considered by Mr. Shiyou in forming his opinions or any exhibits to be used as a summary of or support for his opinions.

We request that you provide reports as required by the Court's Scheduling Order and the Federal Rules no later than Friday, June 8, 2007. Given the timetable established by the Court's Scheduling Order that makes Defendants' expert disclosures due on June 18, 2007, it is imperative that we have this information as soon as possible in order to be able to properly evaluate Mr. Shiyou's opinions and determine whether defendants will need to retain experts and thereafter to prepare any expert reports. Once we have that information, we will need to set dates for the depositions of your expert. Please call me if you have any questions.

Sincerely,

E. Glenn Waldrop, Jr.

EGW:mjc
cc:   All Counsel of Record