# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| JAMES E. CROUCH, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> AMSOUTH BANK, INA SUE CROUCH ) <br> and JOHN and JANE DOES 1-10, ) <br> ) <br> Defendants. ) | Case No. 2:06-cv-00111-MEF |

## AMSOUTH BANK AND AMSOUTH INVESTMENT SERVICES, INC.'S MOTION TO STRIKE PLAINTIFF'S EXPERT DESIGNATION

Defendants AmSouth Bank and AmSouth Investment Services, Inc. (collectively "AmSouth") respectfully move this Court to enter an Order striking plaintiff's Disclosure of Experts (Document # 102) and affirmatively ruling that plaintiff is precluded from supporting his claims with expert testimony because he has not complied with the requirements of *Fed R. Civ. P.* 26(a)(2). In addition, the testimony of plaintiff's expert should be excluded under *Fed. R. Evid.* 402 and 702 because, pursuant to plaintiff's non-compliant expert disclosure, the plaintiff's expert will do nothing more than state the legal implications of certain conduct, and thereby, usurp the Court's role as the sole source of law and the jury's role as fact finder to apply facts to the law. In support of this motion, AmSouth states as follows:[1]

---

[1] AmSouth attempted to resolve this discovery dispute with plaintiff at the face-to-face settlement conference on June 5, 2007. The only response AmSouth has seen in response to its request is the non-compliant Response to Discovery Request (Document # 110), which was stricken from the record by the Court. Even assuming that plaintiff had timely provided AmSouth with his expert's one page curriculum vitae, such a submission, at any stage of the litigation, would not make the plaintiff's expert disclosure compliant with Rule 26.

I.  **PLAINTIFF'S EXPERT REPORT DOES NOT COMPLY WITH RULE 26 (A)(2)(B) OF FEDERAL RULES OF CIVIL PROCEDURE**

Pursuant to the Court's Amended Scheduling Order (Document #98) entered November 9, 2006, Plaintiff's expert disclosure was due on May 18, 2005. The Order also stated that "[t]he parties shall … provide the reports of retained experts or witnesses whose duties as an employee of the party regularly involved giving expert testimony, required by Rule 26(a)(2) of the Federal Rules of Civil Procedure… ." Plaintiff filed his Disclosure of Experts (Document # 102) on May 18, 2007. "Rule 26 imposes specific disclosure requirements upon any witness 'who is retained or specifically employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony.'" *Prieto v. Malgor*, 361 F.3d 1313, 1317 (11th Cir. 2004). "Notice of the expert witness' name is not enough." *Id.*

Under *Fed. R. Civ. P.* 26(a)(2) an expert's report ***must*** contain:

1. A complete statement of all opinions to be expressed and the basis and reasons therefor;

2. The data or other information considered by the witness in forming them;

3. Any exhibits that will be used to summarize or support them;

4. The witness's qualifications, including a list of all publications authored in the previous ten years;

5. A list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

6. The compensation to be paid for the study and testimony in the case.

Plaintiff's expert disclosure fails to satisfy any of the requirements 1-6. As a result, it should be stricken. Additionally, Rule 26(a)(2) requires that an expert disclosure be "accompanied by a written report—prepared and signed by the witness—if the witness is one

retained or specially employed to provide expert testimony in the case…" The plaintiff has completely disregarded this requirement of the rule by failing to submit a written report prepared and signed by his expert witness.

### A.    FAILURE TO PROVIDE A COMPLETE STATEMENT

The first requirement of Rule 26(a)(2)—a complete statement of all opinions the witness will express and the basis and reasons for them—is the most important in order to avoid the disclosure of "sketchy and vague" expert information. *Campbell v. McMillin*, 83 F. Supp. 2d 761, 764 (S. D. Miss. 2000).

Plaintiff's expert disclosure failed to meet this requirement because he does little, if anything, to make a connection between the legal theories he espouses and the facts of this case. Plaintiff's expert disclosure merely states in general terms that if the facts, as alleged by the plaintiff, are true, then misconduct has occurred and the benefits were improperly paid to Defendant Ina Sue Crouch. Such conclusory statements hardly constitutes a "complete statement" and the "basis and reasons therefor" required by Rule 26(a)(2). *See Campbell*, 83 F. Supp. at 764-65 (striking expert's affidavit under Rule 26(a)(2)(B) because his opinions were based on what could have occurred, rather than what actually occurred.)  Further, such information does little to enable AmSouth to prepare for trial, one of the principal goals of Rule 26. *See* Committee Notes for 1993 Amendments to Rule 26 ("[The] report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness…").

### B.    FAILURE TO PROVIDE DATA/INFORMATION UPON WHICH OPINION IS BASED

Plaintiff's Expert Designation also fails to state what data or information he relied upon in reaching his opinions. While Plaintiff references in his expert disclosure that his expert did a

"review of the pleadings", for the most part such documents constitute argument of counsel and not facts. Plaintiff also references that his expert's opinions are based on "discovery in this action, including depositions and exhibits," but does not identify the specific "data or other information" contained in the discovery and how they support his conclusions. Likewise, plaintiff's reference to "depositions and exhibits" is insufficient because he does not specifically identify which depositions or exhibits or what facts in those depositions or exhibits allegedly support his expert's opinions.

    **C.    FAILURE TO PROVIDE COMPENSATION, EXHIBITS, LISTS OF CIVIL ACTIONS AND PUBLICATIONS**

Finally, plaintiff's expert disclosure fails to state the amount of compensation plaintiff is paying the expert for his testimony, to identify any exhibits on which the plaintiff's expert is relying and to provide a list of the civil actions in which the plaintiff's expert has testified in the preceding four years. Further, if plaintiff's expert has authored any publications, such publications have not been listed.

Based on the foregoing, Plaintiff's expert disclosure does not comply with any of the requirements of an expert disclosure under Rule 26 and should be stricken.

    **II.    PLAINTIFF'S EXPERT SHOULD BE PRECLUDED FROM TESTIFYING PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE RULE 37(B)(2)(B)**

*Federal Rule of Civil Procedure* 37 authorizes courts to impose sanctions when a party fails to obey a court order concerning discovery or fails to provide discovery. Rules 37(b)(2)(A) allows courts to sanction disobedient parties for violations of court orders by precluding them from introducing specific evidence. See *Fed. R. Evid.* 37(b)(2)(A) (… "[T]he court where the action is pending may issue further just orders. They may … prohibit[] the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated

matters in evidence…"). Thus, it is appropriate for a court to exclude expert testimony as a sanction for discovery abuses and/or failures to comply with Court orders. This is particularly true where, as here, a party has blatantly violated a Scheduling Order and the other parties will be substantially prejudiced by plaintiff's disregard. In a case dealing with this issue, the Eleventh Circuit stated:

> The district court excluded Del Roccili's declaration after finding that the plaintiffs had not properly identified Del Roccili as an expert or provided a statement of his intended testimony, as required by Rule 26…
>
> * * *
>
> Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, a party "that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed."
>
> * * *
>
> [T]he plaintiffs never provided defendants with an expert report containing Del Roccili's opinions or, for that matter, the bases for his opinions, as required under Rule 26. Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, *see Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000), compliance with the requirements of Rule 26 is not merely aspirational.
>
> * * *
>
> [Because] Del Roccili's declaration was properly construed as an expert report and, thus, because the plaintiffs failed to comply with the explicit requirements of Rule 26, it was within the sound discretion of the trial judge to sanction plaintiffs for their failure to disclose by enforcing the unambiguous terms of Rule 37(c).

*Cooper v. Southern Co.*, 390 F.3d 695, 728 (11th Cir. 2004).

In the present case, the plaintiff's blatant disregard for this Court's Order and the requirements of Rule 26 will substantially prejudice AmSouth. Because the plaintiff failed to submit his expert's report, AmSouth has been unable to take the deposition of the plaintiff's expert. *Fed. R. Civ. P.* 26(b)(4)(A). On August 2, 2007, the Court's deadline for discovery

passed, thus, AmSouth was unable to depose plaintiff's expert, due to the plaintiff's own failure to comply with the rules, and will be substantially prejudiced if plaintiff's expert is allowed to testify at trial. Because plaintiff has failed to comply with any of the specific disclosure requirements of Rule 26, even though this Court has ordered him to do so, and the plaintiff's non-compliance will substantially prejudice AmSouth, AmSouth requests that the Court enter an Order striking plaintiff's "Disclosure of Experts," affirmatively ruling that plaintiff is precluded from presenting any expert testimony or evidence in this case, and granting such other, further or different relief as the Court deems appropriate.

### III.   THE PURPORTED TESTIMONY OF PLAINTIFF'S EXPERT IS INADMISSIBLE UNDER FEDERAL RULES OF EVIDENCE 702

Even if a witness technically qualifies as an expert based on specialized knowledge, his or her testimony must be sufficiently reliable and relevant. In order to be reliable and relevant, an expert's testimony must "assist the trier of fact." *Fed. R. Evid. 702; see Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 591 (1993)(stating that requirement that expert testimony must assist trier of fact goes primarily to relevance, because "expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful") (citations omitted); *In re Paoli R.R. Yard PCB Litigation*, 35 F.3d 717, 744 (3d Cir. 1994) (stating that "ultimate questions" as to admissibility of expert testimony under Rule 702 is whether the testimony is sufficiently reliable that it will aid jury in reaching accurate results).

The purported testimony of plaintiff's expert is nothing more than his opinion as to the legal consequence that should flow from the facts to be presented in this case. In particular, plaintiff wishes to offer his expert's testimony as to whether the execution of the change of beneficiary form in this case is proper under Alabama law—such a determination is clearly a legal issue to be determined by the Court. *See Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d

1537, 1541 (11th Cir. 1990) (holding that district court abused its discretion when it admitted expert testimony that insurer had duty to appoint tax counsel pursuant to insurance agreement because expert testified as to legal implications of conduct).  The Court is the sole arbiter of what law (whether regulatory or otherwise) applies to the facts of this case.  The testimony to be offered by plaintiff's expert would be nothing more than improper attempt to inform the jury of the law applicable in this case.  Because such commentary would usurp the Court's role, it is not admissible under *Fed. R. Evid.* 702.  *See Cowan v. Treetop Enterprises, Inc.*, 120 F. Supp. 2d 672, 684 (M.D. Tenn. 1999) (excluding expert testimony in wage and hour case because expert's opinion as to applicability of legal term of art was no different than court's application of such term).

Because the opinions offered by plaintiff's expert are, without exception, merely his legal conclusions, the testimony to be offered by plaintiff's expert is inadmissible under *Fed. R. Civ. P.* 702.

## CONCLUSION

Plaintiff has failed to comply with the requirements of *Fed. R. Civ. P.* 26(a)(2)(B).  Additionally, the legal conclusions offered by plaintiff's expert are inadmissible under *Fed. R. Evid.* 402 and 702.  As a result, plaintiff's expert disclosure should be stricken and the testimony of the plaintiff's expert should be excluded at trial.

Respectfully submitted this 8th day of August, 2007.

                    s/Joseph Seawell Moore
                    One of the Attorneys for Defendant,
                    AmSouth Bank

OF COUNSEL:
Charles B. Paterson (ASB-1542-R73C)
Joseph Seawell Moore (ASB-9146-O77M)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
cpaterson@balch.com
jsmoore@balch.com


Paul J. Delcambre, Jr.
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228)864-9900
Facsimile: (228) 864-8221
pdelcambre@balch.com


## CERTIFICATE OF SERVICE

I certify that on August 8th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by United States Mail, properly addressed and postage prepaid to the following:

Glenn L. White, Esquire
Holmes & White, PLLC
601 Highway 42 E
P.O. Box 672
Petal, Mississippi 39465

*Attorney for James E Crouch*

Samuel S. McHard, Esq.
Bryan Nelson Randolph PA
P.O. Box 18109
Hattiesburg, Mississippi 39404

*Attorney for James E. Crouch*

Carol Ann Estes Bustin
Bustin Law Firm
109 Fairfield Drive, Suite 109
Hattiesburg, Mississippi 39402

*Attorney for Ina Sue Crouch*

Glenda W. Hughes, Esq.
103-B Commerce Street
Wetumpka, Alabama 36092

*Attorney for Ina Sue Crouch*

Mitchell D. Greggs, Esq.
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200

*Attorney for Lincoln National Life
Insurance Company*

                s/Joseph Seawell Moore
                Of Counsel