IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

JAMES E. CROUCH                                                                                         PLAINTIFF

VS.                                                                         CIVIL ACTION NO. 2:06-CV-00111-MEF

AMSOUTH BANK, INA SUE                                                                             DEFENDANTS
CROUCH, AMSOUTH INVESTMENT
SERVICES, INC., LINCOLN
NATIONAL LIFE INSURANCE
COMPANY, and
JOHN and JANE DOES 3-10

**RESPONSE TO AMSOUTH BANK AND AMSOUTH INVESTMENT SERVICES, INC.'S MOTION TO STRIKE PLAINTIFF'S EXPERT DESIGNATION**

COMES NOW, the Plaintiff, James E. Crouch ("James"), and files his Response to AmSouth Bank and AmSouth Investment Services, Inc.'s (hereinafter "AmSouth") Motion to Strike Plaintiff's Expert Designation. In support thereof, Plaintiff states:

**I.  Plaintiff's Expert Report substantially complies with the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure.**

1. AmSouth Bank states in its Motion to Strike that James' designation fails the requirements of Rule 26(a)(2) on all grounds. Further, AmSouth claims that the expert's testimony will violate Federal Rules of Evidence 402 and 702 because the testimony will only relate to legal implications. James submits that the expert disclosure substantially complies with both the Federal Rules of Civil Procedure, and the Federal Rules of Evidence.

2. Rule 26(a)(2) provides a list of requirements. The disclosure must contain

   a. A complete statement of all opinions to be expressed and the basis and reasons therefore;

    b.    The data or other information considered by the witness in forming the opinions;

    c.    Any exhibits to be used as a summary of or support for the opinions;

    d.    The qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years;

    e.    The compensation to be paid for the study and testimony; and

    f.    A listing of any other cases which the witnesses has testified as an expert at trial or by deposition within the preceding four years.

3.    First of all, James' expert has not been published within the preceding ten years, and has not testified as an expert within the preceding four years. Therefore, those elements have been satisfied because they do not apply. James will address the applicable elements below.

A.    <u>The Report does provide a complete statement.</u>

4.    Apparently, AmSouth believes that a complete statement must be verbose and complex. However, Mr. Shiyou's statement is simple because his opinion is based on a simple premise.

5.    Mr. Shiyou states that it is "contrary to reasonable banking and commercial practices" to allow a wife to sign her husband's name on important and highly valuable investment documents "without power of attorney, and express written documentation." This is evidenced by Defendants' Exhibit 9 to the depositions of Ronda Robinson, Ina Sue Crouch and James Crouch. (Lincoln/Crouch 00007). Further, Ina Sue Crouch admitted she signed her husband's name in her April 23,

        2006, deposition. (*See* Deposition of Ina Sue Crouch, pg 77 lines 2-9). This evidence clearly represents that Ronda Robinson allowed Ina Sue Crouch to sign James Earl's name.

6. Mr. Shiyou further stated that Lincoln National and the AmSouth Companies failed to provide adequate training, or even adequate training materials. Mr. Shiyou's failure to train assertion was based not only on the actions of Ronda Robinson and Ina Sue Crouch, but also on Robinson's deposition admission that she made errors regarding the Crouch Annuity (*see* Deposition of Ronda Robinson pg 45 lines 1-23, pg 46 lines 1-6), and that proof of training was never provided.

7. Therefore, Mr. Shiyou's opinion is short because it is a simple proposition. If Ronda Robinson had followed reasonable banking and commercial practices, and if she had received proper training from Amsouth and the annuity issues, she would not have allowed Ina Sue Crouch to sign James Earl's name on an investment document involving over $250,000.

B. <u>The Information upon which the opinion is based is obvious</u>

8. Above, James give specific citations to information above upon which the opinion is based. However, throughout this litigation, the parties have maintained their respective positions. AmSouth has maintained that Ina Sue Crouch signed James Earl's name on the April 4, 2004, Annuity Service Request in the presence of Ronda Robinson. Therefore, though James respectfully submits that disclosure of the information relied on was so obvious as to be unnecessary, James requests that the Court accept the amended Expert Report attached hereto.

3

C.    <u>There are no Exhibits, Lists of Civil Actions, or Publications</u>

9. As noted above, Mr. Shiyou has not authored any publications in the last ten years; nor has he testified as an expert at trial or by deposition in the last four years. Therefore, these issues are moot.

10. Admittedly, Mr. Shiyou's disclosure did not include his compensation. Therefore, James respectfully requests that he be allowed to amend his disclosure to reflect the compensation of Mr. Shiyou.

**II.  James' Expert, Al Shiyou should be allowed to testify**

11. AmSouth claims that because James' expert disclosure was not technically complaint with the rules, James' should be sanctioned. However, James submits that the expert disclosure was substantially compliant and served its goal. The disclosure of Mr. Shiyou was effective in putting AmSouth on notice as to the name of the expert, the opinion of the expert, and the basis for his opinion, as well as the information considered in forming the opinion.

**III.  Testimony of James' Expert is admissible under Federal Rule of Evidence 702.**

12. The testimony of James' Expert, Mr. Shiyou, does not merely state legal conclusions. Instead, Mr. Shiyou will testify to reasonable banking and commercial practices regarding the signing of documents. Specifically, Mr. Shiyou's opinion is that it is not a reasonable banking or commercial practice to allow a wife to sign her husband's name to an annuity service request involving over $250,000.

13. Further, Mr. Shiyou will testify that AmSouth should have properly trained Ronda Robinson to conform to this standard of reasonable banking and commercial practice.

14. These are not legal conclusions. Instead, these are opinions based on Mr. Shiyou's experience as a transactional attorney and bank trust officer with many years of banking experience. Hence, these opinions are clearly admissible under Rule 702.

WHEREFORE, PREMISES CONSIDERED, Plaintiff James E. Crouch respectfully requests this Court deny Defendants' Motions to Strike Plaintiff's Expert Designation and enter an order to the same.

        Respectfully submitted,
        JAMES R. CROUCH


        By:    s/ Samuel S. McHard
            Samuel S. McHard, MS Bar No. 100295
            *pro hac vice*

McHard & Associates, PLLC
32 Milbranch Road, Suite 50
Hattiesburg, MS 39402
T: 601-450-1715
F: 601-450-1719
SmcHard@McHardLaw.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that on August 14th, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

**Glenda Wingard Hughes**
gwhughes@elmore.rr.com
**Attorney for Ina Sue Crouch**

**Paul J. Delcambre, Jr.**
pdelcambre@balch.com
lhale@balch.com

**Joseph Seawell Moore**
jsmoore@balch.com
dharris@balch.com

**Charles Burton Paterson**
cpaterson@balch.com
bleveille@balch.com
**Attorneys for AmSouth Bank**

                                           s/Samuel S. McHard