### RULE 26(a)(2)(B) REPORT OF AL SHIYOU

Al Shiyou
Shiyou Law Firm
301 West Pine Street
Hattiesburg, MS 39403
Phone: (601) 583-6040
Email: shiyou@aol.com

**QUALIFICATIONS:**

A practicing attorney with emphasis on financial transactions and bankruptcy, spent years as a trust officer at Trustmark Bank, have extensive experience in facilitating banking and commercial transactions.

**EDUCATION**

Mississippi College School of Law
Admitted to the Mississippi Bar - April 1, 1982

**EXPERIENCE**

Trust Officer - Trustmark Bank
Practicing Attorney - Shiyou Law Firm

i. Subject and Grounds: Will testify as to banking and commercial standards with emphasis on practices related to signing and witnessing of documents.

ii. Materials Reviewed: My opinions are based upon my education, training and experience as a bank officer and an attorney responsible for investments and compliance issues and are based upon review of the pleadings and discovery in this action, including the depositions and exhibits thereto. Specifically, but not exclusively, I base my opinion on:

(1) April 4, 2000, Annuity Service Request (Lincoln/Crouch 00007);

        (2)     Deposition of Ina Sue Crouch, pg 77 lines 2-9;

        (3)     Deposition of Ronda Robinson pg 45 lines 1-23, pg 46 lines 1-6;

iii.    Opinions: James Edward Crouch was the son of James Earl Crouch and was the annuitant beneficiary designee as designated by the sole annuitant, James Earl Crouch, pursuant to the terms of the Application for the annuity issued by Lincoln National Life Insurance Company and sold by AmSouth Bank and its wholly owned subsidiary, AmSouth Investment Services, Inc. Pursuant to the terms of the Application, only the annuitant could properly make a change of such annuitant-designated beneficiaries. Ina Sue Crouch signed her husband, James Earl Crouch's, name to the April 4, 2000, Annuity Service Request. (*See* Lincoln/Crouch 00007 & Deposition of Ina Sue Crouch, pg 77 lines 2-9). Such a signature, without a power of attorney, and express written documentation is contrary to reasonable banking and commercial practices. Ronda Robinson was improperly trained and inexperienced in acceptable procedure related to sale and servicing of annuities. Lincoln National and both AmSouth Companies failed to adequately education, train, and supervise Ronda Robinson and failed to publish adequate and proper rules, regulations, and policies regarding said annuity activity. (Lincoln/Crouch 00007 & Deposition of Ronda Robinson pg 45 lines 1-23, pg 46 lines 1-6). Ronda Robinson admitted that even with respect to the inadequate education, training procedures and policies which she was provided, she made

        mistakes regarding the Crouch annuity. *Id.* The aforesaid misconduct was directly contrary to reasonable banking and commercial practices.

iv.    I have not published within the last ten years, nor have I testified as an expert in the previous four years.

v.    I am being compensated 200.00 per hour for my study, review of documents, and testimony.

_____
Al Shiyou

**LINCOLN NATIONAL LIFE INSURANCE**
A part of LINCOLN NATIONAL CORPORATION

# ANNUITY SERVICE REQUEST
## Contract Changes

Annuitant's Name: **James E. Crouch**
Contract #: **774944**
Institution/Agency: **AmSouth Bank**
Tax I.D.#: _____

### SECTION A - BENEFICIARY CHANGES

In accordance with the provisions of this contract, I hereby revoke all former designations and replace them as follows for:  ☒ Annuitant's Beneficiary   ☐ Owner's Beneficiary

| Primary | Contingent | Name and Address | % | Relationship |
|---|---|---|---|---|
| ☒ | ☐ | Sue Crouch | 100 | Wife |
| ☐ | ☒ | James Edward Crouch | 100 | Son |
| ☐ | ☐ | | | |
| ☐ | ☐ | | | |

### SECTION B - NAME CHANGES

Name change for:
☐ Annuitant
☐ Primary Owner
☐ Joint/Contingent Owner

Reason for change:
☐ Marriage
☐ Divorce
☐ Legally Changed (include copy)
☐ Other:

Print new name: _____
Old signature: _____
New signature: _____

### SECTION C - ADD/CHANGE OWNER

To be added/changed:
☐ Primary Owner
☐ Joint/Contingent Owner

Reason for change:
☐ Marriage
☐ Divorce
☐ Court Ordered (include copy)
☐ Change to a Trust

Name: _____
The LNL contract does not allow changes to ownership for any reason other than those listed above. Assignments are also not allowed on this annuity contract.

### SECTION D - ADDRESS CHANGE

New mailing address:
Street: _____
City: _____
State, Zip: _____
Effective date of change: _____

An acknowledgment of this change will be sent to both the old and the new address. Future correspondence will be sent to the new address as shown above.

### SECTION E - DUPLICATE CONTRACT

This is to certify that the original copy of the annuity contract has been lost. Please forward a duplicate contract for my records to the following address:

Name: _____
Address: _____
City, State, Zip: _____
If the original contract is found, it should be returned to Lincoln National immediately.

### SECTION F - OTHER REQUESTS

### SECTION G - SIGNATURES

The effective date of this Contract Change Request will be the date the form is received and recorded in the Administrative Office of Lincoln National Life Insurance Company.

Dated at **Wetumpka, AL** on the **4** day of **April**, 19 **2000**.
Owner: **James E. Crouch**   Agent/Witness: **Ronda Robinson**
Joint Owner: **Sue Crouch**   Agent/Witness: **Ronda Robinson**

1801 South Meyers Road • Oakbrook Terrace, Illinois 60181-5214 • (630) 916-0095    LN-3110 (8/95)

Lincoln/Crouch 00007

77

              please.

A.  I have answered that for you.

      MR. PATERSON: When are you talking about?

      MR. MCHARD: I said April 4th.

      MR. PATERSON: April 4th?

      MR. MCHARD: 2000.

A.  That was the day that I signed his name in the presence of Ronda Robinson.

Q.  And on that day --

A.  And he was sitting there. He was sitting there.

Q.  -- he was not too weak, he was not suffering mental incapacity or physical incapacity --

      MS. HUGHES: I object.

Q.  -- that made him incapable of signing his mark or his name?

A.  No, but he didn't --

      MR. PATERSON: Object to the form.

      MR. WALDROP: Object to the form.

A.  -- have his glasses, and he was incapable because he didn't have his glasses to see,

A. Can I make a comment about Exhibit 12? This is the actual application for the annuity. This particular paperwork was fairly new. My license were obtained in '97. This was in May of '98. Annuities was not necessarily something that you sell a lot of every day. The paperwork being new -- On a fixed rate annuity, they are annuitant-driven which is --

Q. What do you mean by that?

A. Well, it means that basically you have to name a beneficiary for the annuitant, even though you may have a joint owner. That's not the case with a bank product, with a CD product. Those are -- Those are joint. And our practice --

Q. Those are ownership-driven, the bank ones?

A. The bank ones would be ownership-driven.

Q. As opposed to these that are annuitant-driven, correct?

A. Yes.

So in doing the paperwork, this works differently. I made an error on this

46

particular application when I completed the paperwork. The Crouches' request was that this be a joint ownership, which is the way they always set up their CDs at the bank. They wanted it set up the same way. The difference being with the annuity product, they would be able to name the beneficiary to the annuity.

What I did was, when I wrote up the paperwork, I wrote it up so that it was joint ownership. Mr. Crouch was the annuitant, so Mrs. Crouch should have been the primary beneficiary. And in error, I wrote the primary beneficiary as James Edward Crouch, which is their son.

When I submitted the paperwork, Lincoln National always sends back a letter confirming how the contract was written up. And at that particular point when I received that, I realized that I had written the beneficiary up wrong.

So at that point, I contacted the Crouches to let them know that I had made