## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **JAMES E. CROUCH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | **2:06-cv-00111-MEF** |
| **AMSOUTH BANK, INA SUE CROUCH** | ) | |
| **and JOHN and JANE DOES 1-10,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AMSOUTH BANK AND AMSOUTH INVESTMENT SERVICES, INC.'S
## MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL WITNESS LIST AND
## DEPOSITION DESIGNATIONS

Defendants AmSouth Bank and AmSouth Investment Services, Inc. (collectively "AmSouth") respectfully move this Court to enter an Order striking plaintiff's Supplemental Witness List and Deposition Designation (Document # 118, 119) as untimely and affirmatively rule that plaintiff is precluded from introducing evidence at trial the matters contained in the supplemental witness list and deposition designation because he has not complied with the requirements of *Fed. R. Civ. P.* 16(f) and 37(b)(2)(A)(ii),(iii). In support of this motion, AmSouth states as follows:[1]

1.     Pursuant to Sections 10 and 11 of the Court's Amended Scheduling Order (the "Order") (Document #98) entered November 9, 2006, plaintiff's witness list and deposition designations were due on August 8, 2007. Specifically, the Order states:[2]

---

[1]  AmSouth reserves the right to further object to the admissibility of the deposition designations pursuant to Section 11 of the Court's Amended Scheduling Order.

[2]  As contained in the Court's Order and assuming that Plaintiff had filed a motion for leave, the plaintiff would still be required to show "good cause" for his belated filings. To date, plaintiff has failed to provide a showing of "good cause" or substantial justification for his failure to follow this Court's Order. "[W]hen granting leave would require modifying a Rule 16

Section 10.  On or before August 8, 2007, each party shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, exchange the names … of all witnesses …[u]nless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from calling any witness not so identified.

***

Section 11.  On or before August 8, 2007, the parties shall, pursuant to the provisions of Rule 26(a)(3) of the Federal Rules of Civil Procedure, identify any part of a deposition … that a party expects to use at trial.  [a]dverse parties shall within ONE WEEK THEREAFTER identify any responsive parts of depositions expected to be used … [u]nless specifically agreed between the parties or allowed by the Court for good cause shown, the parties shall be precluded from using any part of a deposition … not so listed, with the exception of parts of depositions to be used solely for the purpose of impeachment.[3]

Plaintiff disregarded the deadlines in the scheduling order entered by this Court, failing to even ask the Court for leave to amend, and did not serve his supplemental witness list and deposition designations until August 14, 2007.

2.    Rule 16(f) of the *Federal Rules of Civil Procedure* provides that "…the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney … fails to obey a scheduling or other pretrial order."

---

scheduling order, the movant must first show 'good cause.'" *Alexander v. AOL Time Warner, Inc.*, unpub'd, No. 04-13626, No. 04-13850, 2005 WL 1182950, at *1 (11th Cir. May 19, 2005) (*citing Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998)).  The "good cause" standard of Rule 16 "precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa*, 133 F.3d at 1418; *see also White*, 211 F.R.D. at 670.  "The absence of prejudice to the nonmovant and mere inadvertence on the part of the movant are insufficient to demonstrate 'good cause.'" *Callais v. Susan Vizier, Inc.*, No. 99-2008, 2000 WL 278097, at *4 (E.D. La. 2000); *see Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990) (A "mistake in counsel's office, is not the type of satisfactory explanation for which relief may be granted.")

[3] The plaintiff's filing of his deposition designation on August 14, 2007 is highly prejudicial to AmSouth because, pursuant to the Court's Order, AmSouth would only have until August 15, 2007 to identify responsive portions of depositions to be used.  Had the plaintiff followed this Court's Order, AmSouth would have one week to identify responsive portions of the deposition.  Now, AmSouth has one day, a prejudicially short time period created solely by plaintiff's own failure to follow this Court's Order.  The plaintiff should not be allowed to disregard this Court's Orders at the expense and prejudice of the other parties.

3.      When discussing the importance of meeting Scheduling Deadlines, this Court has

stated that "the integrity of scheduling orders in all cases before the court ... is implicated. *See*

*White v. Volvo Trucks of North America, Inc.*, 211 F.R.D. 668, 669 (M.D. Ala. 2002) (Court

refused to allow Plaintiff to call an expert that was not identified according to the Scheduling

Order, even though  the defendants were not prejudiced by delay, when Plaintiff could not show

that deadline could not have been met with exercise of due diligence).   Other Courts have

interpreted that in order for Rule 16 Scheduling Orders "to operate effectively, litigants cannot

be permitted to treat a scheduling order as a 'frivolous piece of paper idly entered, which can be

cavalierly disregarded without peril.'" *O'Connell v. Hyatt Hotels*, 357 F.3d 152, 155 (1st Cir.

2004); *accord Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 611 (9th Cir. 1992) ("The

district court's decision to honor the terms of its binding scheduling order does not simply exalt

procedural technicalities over the merits of Johnson's case. Disregard of the order would

undermine the court's ability to control its docket, disrupt the agreed-upon course of the

litigation, and reward the indolent and the cavalier.").   Courts have additionally noted that

"liberally granting motions to amend the pleadings--filed after a party has disregarded the

scheduling order deadline--would effectively 'nullify the purpose of Rule 16(b)(1).'" *O'Connell*,

357 F.3d at 155.  In the present case, the plaintiff should not be able to file belated pleadings that

ignore this Court's Order and prejudice AmSouth.

4.      Rule 37(b)(2)(ii),(iii) of the *Federal Rules of Civil Procedure* provides in

pertinent part:

> If a party ...fails to obey an order to provide or permit discovery ..., the court
> where the action is pending may issue further just orders ... includ[ing] the
> following:
>
> (ii)    prohibiting the disobedient party from supporting or opposing
> designated claims or defenses, or from introducing designated matters in
> evidence;

(iii)     striking pleadings in whole or in part ...

Accordingly, the Court, because of Plaintiff's blatant disregard of the Order and the prejudice that will be caused to AmSouth, should exercise its power under Rule 37 and preclude the plaintiff from using evidence at trial the matters contained in the supplemental witness list and deposition designation.

WHEREFORE, for the foregoing reasons, AmSouth respectfully requests that this Court enter an Order ruling that plaintiff is precluded from introducing evidence at trial the matters contained in the supplemental witness list and deposition designation because he has not complied with the requirements of *Fed R. Civ. P.* 16(f) and 37(b)(2)(a)(2).

Respectfully submitted this 15th day of August, 2007.

s/Joseph Seawell Moore
One of the Attorneys for Defendant,
AmSouth Bank and AIS, Inc.

**OF COUNSEL:**

Charles B. Paterson (ASB-1542-R73C)
Joseph Seawell Moore (ASB-9146-O77M)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
cpaterson@balch.com
jsmoore@balch.com


Paul J. Delcambre, Jr.
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228)864-9900
Facsimile: (228) 864-8221
pdelcambre@balch.com

## CERTIFICATE OF SERVICE

I certify that on August 15, 2007, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system which will send notification of such filing and/or that a copy of

the foregoing has been served upon the following by United States Mail, properly addressed and

postage prepaid to the following:

Glenn L. White, Esquire
Holmes & White, PLLC
601 Highway 42 E
P.O. Box 672
Petal, Mississippi 39465

*Attorney for James E Crouch*

Samuel S. McHard, Esq.
Bryan Nelson Randolph PA
P.O. Box 18109
Hattiesburg, Mississippi 39404

*Attorney for James E. Crouch*

Mitchell D. Greggs, Esq.
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200

*Attorney for Lincoln National Life
Insurance Company*

Carol Ann Estes Bustin
Bustin Law Firm
109 Fairfield Drive, Suite 109
Hattiesburg, Mississippi 39402

*Attorney for Ina Sue Crouch*

Glenda W. Hughes, Esq.
103-B Commerce Street
Wetumpka, Alabama 36092

*Attorney for Ina Sue Crouch*

s/Joseph Seawell Moore
Of Counsel