IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JAMES E. CROUCH** | **PLAINTIFF** |
| VS. | CIVIL ACTION NO. 2:06-CV-00111-MEF |
| **AMSOUTH BANK, INA SUE CROUCH, AMSOUTH INVESTMENT SERVICES, INC., LINCOLN NATIONAL LIFE INSURANCE COMPANY, and JOHN and JANE DOES 3-10** | **DEFENDANTS** |

### RESPONSE TO AMSOUTH BANK AND AMSOUTH INVESTMENT SERVICES, INC.'S MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL WITNESS LIST AND DEPOSITION DESIGNATIONS

COMES NOW, the Plaintiff, James E. Crouch (hereinafter "James"), and files this his Response to AmSouth and AmSouth Investment Services, Inc.'s (collectively hereinafter "AmSouth") Motion to Strike Plaintiff's Supplemental Witness List and Deposition Designations, and says unto the Court the following, to wit:

1. AmSouth has filed a Motion to Strike based on the procedural grounds that James' Supplemental Witness List and Deposition Designation is untimely, and thus the Court should strike it.

2. James does not dispute that he failed to file the original Witness List and Exhibit List (with Deposition Designations) with the Court. Plaintiff's Counsel, Samuel S. McHard, believed that said lists were only to be served upon opposing counsel. However, the Witness List, Exhibit Index, and Deposition Designations (numbers 25 and 26 of Exhibit Index) *were timely served upon opposing counsel*.

3. In accordance with that belief, Samuel McHard instructed his paralegal, Lorraine Sumrall, to serve the Plaintiff's Exhibit Index and Witness List at 4:26 PM, August 7, 2007 as

      evidenced by Exhibit 1, August 7 Email upon all Counsel. The Exhibit Index contained the deposition designations of Ina Sue Crouch and Ronda Robinson as numbers 25 and 26 respectively. (*Id.*). Hence, as noted above, Counsel for AmSouth had all of the required pre-trial disclosures one day prior to the Court's deadline.

4. Charles Patterson, Counsel for AmSouth actually replied to that email the same minute it was sent. (*Id.*). Joe S. Moore, another Counsel for AmSouth at 5:14 PM, August 7, 2007. (*Id.*). These facts are also confirmed by the affidavit of paralegal Lorraine Sumrall. (Exhibit 2, Affidavit of Lorraine Sumrall).

5. Further, E. Glenn Waldrop, Jr., counsel for Lincoln National Life Insurance Company, sent a letter via email requesting either copies, or Bates Numbers, of some of the exhibits on Plaintiff's Exhibit Index. (Exhibit 3, Waldrop Letter). In fact, Mr. Waldrop states, "I have received a copy of Plaintiff's Exhibit Index which was sent to me on August 7, 2007." (*Id.*). Also attached to the August 7 email was the draft pre-trial order. (Exhibit 1, August 7 Email to Counsel). That email was extensively discussed and amended by counsel for all parties. (*Id.*).

6. Therefore, it is exceedingly clear that Counsel for AmSouth received the Exhibit Index and the Witness List. Further, neither the Witness List nor the Exhibit List have changed since they were mailed on August 7, 2007. Only the format has changed because counsel for the Plaintiff realized that the lists were required to be filed with the Court. Regarding the Deposition Designations, those were ***clarified*** and pared down in Plaintiff's Supplemental Witness list which is also the subject of AmSouth's Motion to Strike.

7. Plaintiff's Counsel admits that it failed to timely file its Deposition Designations. However, Counsel for the Plaintiff sent AmSouth its Exhibit list on August 7, 2007, which stated that

the Plaintiff designated the deposition transcripts of Ina Sue Crouch (both 2002 and 2006) and Ronda Robinson. (Exhibit 1, August 7 Email to Counsel). The Plaintiff's Exhibit Index listed the deposition transcripts of Ina Sue Crouch and Ronda Robinson as numbers 25 and 26. The Plaintiff's Exhibit Index states:

> 25. 2 transcripts of Ina Sue Crouch
>
>    a. *In Re James Earl Crouch,* Case No. 01-272, in the Probate Court of Elmore County, Alabama dated 1/22/2002
>
>    b. Deposition in *Crouch v. AmSouth, et al* dated August 23, 2006
>
> 26. 1 transcript of Ronda Robinson dated August 23, 2006

(Exhibit 4, Exhibit List).

Thus, although Plaintiff's counsel did not file a separate document entitled Deposition Designations, Plaintiff's Counsel did send notice on August 7, 2007, to AmSouth that it would be using the depositions of Ina Sue and Ronda Robinson.

8. Plaintiff's Counsel, in good faith, believes it complied with Rule 26(a)(3)(B), which states in pertinent part:

> . . . a party must provide to other parties . . . the designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony; . . .

Fed. R. Civ. P. 26(a)(3)(B).

9. In fact, the reason that James' Counsel filed the supplemental deposition designation was based upon his reading of the deposition designations filed by Lincoln National's counsel,

   E. Glenn Waldrop, Jr. These deposition designations (ECF 108) contained line by line designations. Counsel thought it would be courteous to provide opposing counsel with line by line deposition designations and thus supplemented its original designations. That is why the August 10 email states, "Glenn, Thank you for sending us a sample of your witness list." (Exhibit 3, August 10 Email to all Counsel). That is why Counsel for the Plaintiff sent all counsel, including AmSouth, an email stating, *"**Please by advised that Plaintiff will be filing an amended witness list with designations of portions of the depositions of Ina Sue Crouch (both from this case and from the 2002 probate matter) and Ronda Robinson**."* (*Id.*). Plaintiff's Counsel received no replies from that email (Exhibit 3, August 10 Email to all Counsel) objecting to such.

10.  In footnote 3 of AmSouth's Motion to Strike, AmSouth claims that it will suffer great prejudice because it had only one day to identify responsive deposition designations.

11.  Regarding the claimed prejudice to AmSouth, James does not object to an extension of that deadline. However, AmSouth has not sought an extension. Instead, despite claiming one day was not enough to designate depositions, AmSouth filed a lengthy Motion to Strike, citing and/or quoting no less than six (6) cases and various federal rules. The Plaintiff submits that the time spent writing the Motion to Strike could have been spent designating responses and/or conferring with opposing counsel on the matter.

12.  Regarding the good cause shown standard in the scheduling order, the Plaintiff submits that he has shown good cause for his technical noncompliance. Counsel for the Plaintiff emailed the witness and exhibit lists on August 7, 2007, which included deposition designations. Hence, since one day before the deadline, AmSouth's counsel has had the Plaintiff's Witness List, Exhibit Index, and Deposition Designations which are numbers 25 and 26 of the Exhibit

Index.

13. In reference to the deposition designations, Plaintiff's Counsel submits that it did technically comply with Rule 26(a)(3)(B). Further, when Counsel reviewed Lincoln National's, it realized that a more specific designation may be required. Counsel for the Plaintiff sent all counsel and email stating it would amend its designations. Nevertheless, in response to the Plaintiff's attempt to clarify his designations, he has been forced to yet another procedural motion.

14. In summary, the Plaintiff realizes that it has not been technically compliant with the complex requirements of the ECF filing system. However, the Plaintiff has made a good faith effort and in fact provided AmSouth with all of the materials required by the Scheduling Order.

Wherefore, premises considered, the Plaintiff respectfully requests that the Court deny AmSouth's Motion to Strike Plaintiff's Supplemental Witness List and Deposition Designations.

Respectfully submitted this the 16th day of August, 2007.

JAMES E. CROUCH, PLAINTIFF

BY:   s/ Samuel S. McHard
      SAMUEL S. MCHARD

# CERTIFICATE OF SERVICE

I do hereby certify that on August 16th, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

**Glenda Wingard Hughes**
gwhughes@elmore.rr.com
**Attorney for Ina Sue Crouch**

**Paul J. Delcambre, Jr.**
pdelcambre@balch.com
lhale@balch.com

**Joseph Seawell Moore**
jsmoore@balch.com
dharris@balch.com

**Charles Burton Paterson**
cpaterson@balch.com
bleveille@balch.com
**Attorneys for AmSouth Bank**


                                                                s/Samuel S. McHard