# EXHIBIT 1

## Lorraine Sumrall

| | |
|---|---|
| **From:** | Glenn Waldrop [gwaldrop@lfwlaw.com] |
| **Sent:** | Tuesday, August 07, 2007 4:30 PM |
| **To:** | Paterson, Charles; Lorraine Sumrall; Delcambre,Jr., Paul; Laurie Hoyt; Mitchell Greggs; ghughes.atty@ATT.net; Moore, Joe S.; Harris, Debbie; Leveille, Brenda; Denise DeArman |
| **Cc:** | Glenn White; gwhughes@elmore.rr.com |
| **Subject:** | RE: Crouch v. AmSouth, et al |

I am available tomorrow afternoon starting at 1:30.

---

**From:** Paterson, Charles [mailto:cpaterson@balch.com]
**Sent:** Tuesday, August 07, 2007 4:26 PM
**To:** Lorraine Sumrall; Delcambre,Jr., Paul; Laurie Hoyt; Mitchell Greggs; ghughes.atty@ATT.net; Moore, Joe S.; Harris, Debbie; Leveille, Brenda; Glenn Waldrop; Denise DeArman
**Cc:** Glenn White
**Subject:** RE: Crouch v. AmSouth, et al

i am available anytime after 1pm tomorrow

**Charles B. Paterson**
**Balch & Bingham LLP**
105 Tallapoosa St., Suite 200
P.O. Box 78 (36101-0078)
Montgomery, Alabama 36104
(334) 269-3143 - Phone
(866) 736-3857 - Fax
Download vCard
www.balch.com

IRS CIRCULAR 230 DISCLOSURE: Unless explicitly stated to the contrary, this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein. Click here for more information.

CONFIDENTIALITY NOTE: This email and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this email in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

---

**From:** Lorraine Sumrall [mailto:LSumrall@mchardlaw.com]
**Sent:** Tuesday, August 07, 2007 4:26 PM
**To:** Delcambre,Jr., Paul; Laurie Hoyt; mgreggs@lfwlaw.com; ghughes.atty@ATT.net; Moore, Joe S.; Harris, Debbie; Paterson, Charles; Leveille, Brenda; gwaldrop@lfwlaw.com; denised@lfwlaw.com
**Cc:** Glenn White
**Subject:** Crouch v. AmSouth, et al

Attached please find Pre-Trial disclosures. Counsel must conference at a mutually agreeable time tomorrow in order to finalize the Pre-Trial Order to be submitted to the Court. Attached please find Plaintiff's Exhibit Index, Plaintiff's Witness List, Position of Plaintiff, Stipulation of Facts and proposed Pre-Trial Order.

Sincerely,
Lorraine Sumrall
Paralegal to Samuel S. McHard
McHard & Associates, PLLC
32 Milbranch Road, Suite 50
Hattiesburg, MS 39402
T: 601-450-1715
F: 601-450-1719
email: lsumrall@mchardlaw.com

CONFIDENTIALITY NOTICE
This email message is legally privileged and confidential. It is intended for the named addressee(s) only. If you
are not an authorized recipient, distribution or copying of this message is strictly forbidden.  If you have received
this information in error, please notify us immediately by telephone and destroy the original email message and its
contents.

8/7/2007

## Lorraine Sumrall

| | |
|---|---|
| **From:** | Lorraine Sumrall |
| **Sent:** | Wednesday, August 08, 2007 8:18 AM |
| **To:** | 'Moore, Joe S.'; Laurie Hoyt; mgreggs@lfwlaw.com; Paterson, Charles; gwaldrop@lfwlaw.com |
| **Cc:** | gwhughes@elmore.rr.com |
| **Subject:** | RE: Crouch v. AmSouth, et al |

Sam said to relay that 2:00 this afternoon is fine, and he will be waiting for the call. Thanks so much.

Sincerely,
Lorraine Sumrall
Paralegal to Samuel S. McHard
McHard & Associates, PLLC
32 Milbranch Road, Suite 50
Hattiesburg, MS 39402
T: 601-450-1715
F: 601-450-1719
email: lsumrall@mchardlaw.com

CONFIDENTIALITY NOTICE
This email message is legally privileged and confidential. It is intended for the named addressee(s) only. If you are not an authorized recipient, distribution or copying of this message is strictly forbidden.  If you have received this information in error, please notify us immediately by telephone and destroy the original email message and its contents.

**From:** Moore, Joe S. [mailto:jsmoore@balch.com]
**Sent:** Tuesday, August 07, 2007 5:14 PM
**To:** Lorraine Sumrall; Laurie Hoyt; mgreggs@lfwlaw.com; Paterson, Charles; gwaldrop@lfwlaw.com
**Cc:** gwhughes@elmore.rr.com
**Subject:** RE: Crouch v. AmSouth, et al

How about a conference call at 2:00 tomorrow afternoon?  We'll initiate the call.

**From:** Lorraine Sumrall [mailto:LSumrall@mchardlaw.com]
**Sent:** Tuesday, August 07, 2007 4:26 PM
**To:** Delcambre,Jr., Paul; Laurie Hoyt; mgreggs@lfwlaw.com; ghughes.atty@ATT.net; Moore, Joe S.; Harris, Debbie; Paterson, Charles; Leveille, Brenda; gwaldrop@lfwlaw.com; denised@lfwlaw.com
**Cc:** Glenn White
**Subject:** Crouch v. AmSouth, et al

Attached please find Pre-Trial disclosures.  Counsel must conference at a mutually agreeable time tomorrow in order to finalize the Pre-Trial Order to be submitted to the Court.  Attached please find Plaintiff's Exhibit Index, Plaintiff's Witness List, Position of Plaintiff, Stipulation of Facts and proposed Pre-Trial Order.

Sincerely,
Lorraine Sumrall
Paralegal to Samuel S. McHard
McHard & Associates, PLLC
32 Milbranch Road, Suite 50
Hattiesburg, MS 39402
T: 601-450-1715
F: 601-450-1719
email: lsumrall@mchardlaw.com

8/8/2007

CONFIDENTIALITY NOTICE
This email message is legally privileged and confidential. It is intended for the named addressee(s) only. If you are not an authorized recipient, distribution or copying of this message is strictly forbidden.  If you have received this information in error, please notify us immediately by telephone and destroy the original email message and its contents.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

JAMES E. CROUCH                                                  PLAINTIFF

VS.                                   CIVIL ACTION NO. 2:06-CV-00111-MEF

AMSOUTH BANK, INA SUE                                          DEFENDANTS
CROUCH, AMSOUTH INVESTMENT
SERVICES, INC., LINCOLN
NATIONAL LIFE INSURANCE
COMPANY, and
JOHN and JANE DOES 3-10

**PLAINTIFF'S COMBINED RESPONSE TO DEFENDANTS'
MOTIONS FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW**

## PLAINTIFF'S EXHIBIT INDEX

1.  Certificate of Live Birth

2.  Marriage license

3.  Affidavit of Ina Sue Crouch

4.  Obituary

5.  Deposition of Ina Sue Crouch taken on January 22, 2002

6.  Personnel File for Ronda Robinson (ASO/AIS 0029-0081)

7.  8/28/97 official check payable to James Edward Crouch for $100,000.00

8.  Ronda Robinson – Licensing File

9.  Fixed Annuity Purchase Authorization Form

10. Confidential Client Profile (AmSouth Investment Services)

11. Flexible Premium Deferred Fixed Annuity Application

12.    5/7/98 Lincoln National Premium Receipt for $250,000.

13.    5/18/98 letter to James E. And Sue Crouch from Andrea Lewis,. New Business Representative, Lincoln National Life Insurance

14.    5/18/98 letter to Ronda Robinson from Andrea L. Lewis, New Business Services Lincoln National Life

15.    New Business Worksheet

16.    Copy of handwritten notes by Ronda Robinson

17.    Memo to the file of James E. Crouch dated July 6, 2001

18.    Affidavit of Ronda T. Robinson

19.    Declaration of Ronda Robinson in Support of Motion to Transfer

20.    Fixed Annuity Contract – Annual Statement for period 12/08/98 - 12/08/99

21.    Annuity Service Request

22.    Fixed Annuity Contract – Annual Statement for period 05/08/99 - 05/08/00

23.    Death Certificate

24.    Complaint for Discovery

25.    2 transcripts of Ina Sue Crouch
    a.    *IN RE JAMES EARL CROUCH,* CASE NO. 01-272, in the Probate Court of Elmore County, Alabama dated 1/22/2002
    b.    Deposition in *Crouch v. AmSouth Bank, et al* dated August 23, 2006

26.    1 transcript of Ronda Robinson dated August 23, 2006

27.    Signature card of James E. Crouch and Ina Sue Crouch (bates No. ASO/AIS 184-85)

28.    Copy of Contract between Lincoln and AIS in force in 1998 which allowed AmSouth to sell Annuities (Bates Nos. Lincoln/Crouch 193-203)

29.    Copies of all cancelled checks and bank statements for joint checking account maintained by James or Sue Crouch (Bates Nos. ASO/AIS 1860413)

30.     Subpoena to Lincoln National and Lincoln/Crouch 0001-00154 responses

32.     Amendment of Application (Lincoln/Crouch 00162)

### Plaintiff's Witness List

1.    James Edward Crouch, 74 Bob Graham Road, Sumrall, Mississippi 39482

2.    Teresa Crouch, 74 Bob Graham Road, Sumrall, Mississippi 39482

3.    Al Shiyou (expert witness) - to discuss proper procedure for signing financial documents, 301
      West Pine Street, Hattiesburg, Mississippi 39401

4.    Ina Sue Crouch, c/o Glenda W. Hughes, Esq., 103-B Commerce Street, Wetumpka, Alabama
      36092

5.    Ronda T. Robinson, c/o Balch and Bingham, or c/o People's Bank & Trust, 148 East main
      Street, Prattville, Alabama 36067

6.    Brenda Cobb, 2005 Yancy Avenue, Montgomery, Alabama 36107; (334) 834-1627

## POSITION OF PLAINTIFF JAMES EDWARD CROUCH

On May 7, 1998, James Earl Crouch and Ina Sue met with their personal banker, Ronda Robinson, at AmSouth Bank. Ronda Robinson convinced James Earl to purchase a tax-deferred annuity through AmSouth from Lincoln National Life Insurance Company ("the Annuity) in the amount of $250,000. In the Application for the Annuity James Earl Crouch, the Plaintiff, was specified by James Earl Crouch, the annuitant, as the sole beneficiary pursuant to the "annuitant beneficiary" designation option. The annuitant beneficiary could be designated *only* by the annuitant and would receive the proceeds of the Annuity upon death of the annuitant regardless of the existence of a joint owner.

"But for" the purported change of beneficiary form dated April 4, 2000, the Plaintiff would have gotten all of the proceeds of the Annuity. Regarding this change of beneficiary form which is the essence of this case, there is no factual dispute that Ina Sue Crouch signed James Earl Crouch's signature on the form despite Ina Sue's testimony that she never signed his name and despite Ronda Robinson's prior Affidavit that she witnessed both Ina Sue and James Earl sign the form. Stated differently, the Plaintiff has presented a prima facie case of forgery. Defendants now assert that James Earl Crouch directed his wife, Ina Sue, to sign his name. The Defendants have the affirmative burden of proving to the trier of fact that James Earl Crouch did in fact authorize and direct Ina Sue to sign on his behalf; however, Defendants have failed to assert this claim as an affirmative defense.

Defendants plan to introduce at trial the testimony of Ina Sue Crouch and Ronda Robinson. Their testimony will be that the designation of the Plaintiff as primary beneficiary was a mistake from the beginning. This position has been contradicted by the prior testimony of these witnesses, as well as documents. Notably, Ina Sue and James Earl actually called the Plaintiff to inform him of his status as primary beneficiary. Ina Sue and James Earl also confirmed this to James Edward when James

Edward and his wife, Teresa, visited Ina Sue's home.

Defendants will also claim that Ronda Robinson prompted the beneficiary change upon realizing the mistaken beneficiary designation. Defendants claim James Earl and Ina Sue intended to "correct" the designation to reflect Ina Sue as primary beneficiary. However, according to Ronda Robinson, she contacted Ina Sue and/or James Crouch in 1998 regarding the mistaken designation of beneficiary. Yet, the change of beneficiary form was not executed until April 4, 2000. The delay of almost two years is certainly suspicious considering James Earl's diligence in doing business and the ease of amendment.

Further, regarding the Defendants' affirmative defense of signature authorization, there are significant problems with their proof. Ina Sue Crouch has testified that James Earl was extremely diligent in his business practices. However, Ina Sue now claims that James Earl granted her permission to sign his name to a $250,000 document, as opposed to a ten minute trip to get his reading glasses. Additionally, Ina Sue gave sworn testimony that she never signed the name of James Earl Crouch. However, cancelled checks recently produced by Defendants show that she in fact signed his name regularly.

At this trial, evidence will be a serious legal issue. Defendants have failed to plead authorization of the signature as an affirmative defense; Defendants therefore should be barred from producing evidence on the issue. Less than one year after the change of beneficiary form was executed, whether fraudulently or not, Ina Sue Crouch attempted to have James Earl declared incompetent. James Earl's mental condition is a major issue, yet the Defendants refused to release the medical records of James Earl. Finally, Defendants have denied, since the first Complaint for Discovery was filed in September of 2002, that the actual Annuity Contract did existed or could be found, or that it consisted of the application only. Defendants cannot authenticate any Annuity

Contract, and it should be inadmissible.

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

JAMES E. CROUCH                                                    PLAINTIFF

VS.                                              CIVIL ACTION NO. 2:06-CV-00111-MEF

AMSOUTH BANK, INA SUE                                             DEFENDANTS
CROUCH, AMSOUTH INVESTMENT
SERVICES, INC., LINCOLN
NATIONAL LIFE INSURANCE
COMPANY, and
JOHN and JANE DOES 3-10

## STIPULATIONS OF FACT

1.    Plaintiff James Edward Crouch is the son of the late James Earl Crouch and Defendant Ina

      Sue Crouch a/k/a Sue Crouch.

2.    On May 7, 1998, James Earl and Ina Sue met with their personal banker, Ronda Robinson

      at AmSouth Bank and its wholly owned subsidiary, AmSouth Investment Services, Inc.

3.    Ronda Robinson convinced James Earl to purchase a tax-deferred annuity through AmSouth

      from Lincoln National Life Insurance Company ("the Annuity") in the amount of

      $250,000.00.

4.    Ronda Robinson was a designated agent for AmSouth, AmSouth Investment Services, and

      Lincoln.

5.    In the Application for the Annuity James was specified by the Annuitant, James Earl, as the

      sole beneficiary pursuant to "annuitant beneficiary" designation option.

6.    An annuitant beneficiary could be designated only by the annuitant and would receive the

      proceeds of the Annuity upon death of the annuitant regardless of the existence of a joint

owner. Because James Earl was the annuitant, only James Earl could amend the annuitant beneficiary designator.

7.  "But for" the purported change of beneficiary form dated April 4, 2000, signed by Ina Sue, James would have received all the proceeds of the annuity as the sole beneficiary. The April 4, 2004, Change of Beneficiary Form is signed only as owner and joint owner and not as annuitant. Ina Sue signed her husband's name as "owner" on the change of beneficiary form.

8.  James Earl and Ina Sue called James in May/June 1998 and advised James that he was the sole beneficiary of the $250,000 Annuity and would receive all of the proceeds upon the death of James Earl.

9.  This was confirmed in early January, 2001, when James and his wife, Teresa, visited James Earl's home located at 360 Old 231 North, Wetumpka, Alabama.

10. In late January or early February, 2001, James Earl's health continued to deteriorate. Ina Sue made repeated efforts to have an attorney prepare a Power of Attorney and a new Will for James Earl and to have the doctor for James Earl declare him incompetent. On February 14, 2001, James Earl died.

11. Ronda Robinson's declaration represents that both Ina Sue and James Earl each respectively signed their names to the Change of Beneficiary form.

12. A subpoena duces tecum was served upon Lincoln, and Lincoln served a response which failed to contain the Annuity contract or any policies, rules or regulations provided by Lincoln in connection with the Annuity.

2

13. On February 14, 2001, James Earl Crouch died. Sue Crouch submitted a death benefits claim, including a death certificate, to Lincoln, asking that the proceeds of the Annuity be paid to her. On March 22, 2001, Lincoln mailed a check in the amount of $290,487.96 payable to Sue Crouch, in care of the agent, Ronda Robinson. Sue Crouch received and negotiated this check.

14. On September 25, 2002, James Crouch filed suit in Forrest County, Mississippi against AmSouth to obtain a copy of the Annuity Contract and related documents, but no Annuity Contract was ever provided by AmSouth.

15. Ronda Robinson was acting in the course and scope of her duties with AmSouth when she sold said Annuity to James Earl Crouch.

16. AmSouth and James Earl Crouch received the letter dated May 18, 1998 within ten days of its date.

17. There have been changes in Lincoln National's Annuity Client Service Department including its relocation from Schaumburg, Illinois, to Fort Wayne, Indiana, with certain functions later being relocated to Hartford, Connecticut. Lincoln National has been unable to identify any employees, current or former, who were involved in the transactions relating to the annuity made the basis of this lawsuit.

18. Numerous of the documents relating to manuals, policies, procedures, and the like that were in effect between 1998 and 2001 have not been located.

3

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

JAMES E. CROUCH                                          PLAINTIFF

VS.                                    CIVIL ACTION NO. 2:06-CV-00111-MEF

AMSOUTH BANK, INA SUE                                    DEFENDANTS
CROUCH, AMSOUTH INVESTMENT
SERVICES, INC., LINCOLN
NATIONAL LIFE INSURANCE
COMPANY, and
JOHN and JANE DOES 3-10

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on August 16, 2007, wherein the following

proceedings were held and actions taken:

1.      PARTIES AND TRIAL COUNSEL:

    (a)     Plaintiff, James E. Crouch, represented by counsel, Samuel S. McHard.

    (b)     Defendants, AmSouth Bank and AmSouth Investment Services, Inc.,

represented by counsel, Paul J. Delcambre, Jr., Joseph Seawell Moore, and

Charles Burton Paterson; Defendants, Lincoln National Life Insurance

Company, et al., represented by counsel, Mitchell D. Greggs and Glenn

Waldrop, Jr.; Defendant, Ina Sue Crouch, represented to Glenda Hughes;.

COUNSEL APPEARING AT PRETRIAL HEARING: (same as trial counsel) or

(indicate if different) Same as trial counsel.

2.      JURISDICTION AND VENUE:

United States District Court for the Middle District of Alabama Northern Division

3.      PLEADINGS: None.

4.   CONTENTIONS OF THE PARTIES:

   (a)   The plaintiff(s) -

   (b)   The defendant(s) - The change of beneficiary form for the annuity contract
         was valid, binding and controlling upon the parties.

5.   STIPULATIONS BY AND BETWEEN THE PARTIES:

   (a)   James Edward Crouch is the son of the late James Earl Crouch and Defendant
         Ina Sue Crouch a/k/a Sue Crouch.

   (b)   On May 7, 1998, James Earl and Ina Sue met with their personal banker,
         Ronda Robinson at AmSouth Bank and its wholly owned subsidiary,
         AmSouth Investment Services, Inc.

   (c)   Ronda Robinson convinced James Earl to purchase a tax-deferred annuity
         through AmSouth from Lincoln National Life Insurance Company ("the
         Annuity") in the amount of $250,000.00.

   (d)    Ronda Robinson was a designated agent for AmSouth Bank, AmSouth
         Investment Services, Inc., and Lincoln.

   (e)    In the Application for the Annuity, James was specified by the Annuitant,
         James Earl, as the sole beneficiary pursuant to "annuitant beneficiary"
         designation option.

   (f)   An annuitant beneficiary could be designated only by the annuitant and would
         receive the proceeds of the Annuity upon death of the annuitant regardless of
         the existence of a joint owner.  Because James Earl was the annuitant, only
         Earl could amend the annuitant beneficiary designator.

   (g)   "But for" the purported change of beneficiary form dated April 4, 2000,

signed by Ina Sue, James would have received all the proceeds of the annuity as the sole beneficiary. April 4, 2004, Change of Beneficiary Form is signed by Ida Sue Crouch only as owner and joint owner and not as annuitant. Ina Sue signed her husband's name as "owner" on the change of beneficiary form.

(h)    James Earl and Ina Sue called James in May/June 1998 and advised James that he was the sole beneficiary of the $250,000 Annuity and would receive all of the proceeds upon the death of James Earl.

(i)    This was confirmed in early January, 2001, when James and his wife, Teresa, visited James Earl's home located at 360 Old 231 North, Wetumpka, Alabama.

(j)    In late January or early February, 2001, James Earl's health continued to deteriorate. Ina Sue made repeated efforts to have an attorney prepare a Power of Attorney and a new Will for James Earl and to have the doctor for James Earl declare him incompetent. On February 14, 2001, James Earl died.

(k)    Ronda Robinson's declaration represents that both Ina Sue and James Earl each respectively signed their names to the Change of Beneficiary form.

(l)    A subpoena duces tecum was served upon Lincoln, and Lincoln served a response which failed to contain the Annuity contract or any policies, rules or regulations provided by Lincoln in connection with the Annuity.

(m)    On February 14, 2001, James Earl Crouch died. Sue Crouch submitted a death benefits claim, including a death certificate, to Lincoln, asking that the proceeds of the Annuity be paid to her. On March 22, 2001, Lincoln mailed a check in the amount of $290,487.96 payable to Sue Crouch, in care of the

agent, Ronda Robinson. Sue Crouch received and negotiated this check.

(n)     On September 25, 2002, James Crouch filed suit in Forrest County, Mississippi against AmSouth to obtain a copy of the Annuity Contract and related documents, but no Annuity Contract was ever provided by AmSouth.

(o)     Ronda Robinson was acting in the course and scope of her duties with AmSouth when she sold said Annuity to James Earl Crouch.

(p)     AmSouth and James Earl Crouch received the letter dated May 18, 1998 within ten days of its date.

(q)     There have been changes in Lincoln National's Annuity Client Service Department including its relocation from Schaumburg, Illinois, to Fort Wayne, Indiana, with certain functions later being relocated to Hartford, Connecticut. Lincoln National has been unable to identify any employees, current or former, who were involved in the transactions relating to the annuity made the basis of this lawsuit.

(r)     Numerous of the documents relating to manuals, policies, procedures, and the like that were in effect between 1998 and 2001 have not been located.