**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **JAMES E. CROUCH** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 2:06-CV-00111-MEF** |
| **AMSOUTH BANK, INA SUE CROUCH, AMSOUTH INVESTMENT SERVICES, INC., LINCOLN NATIONAL LIFE INSURANCE COMPANY, and JOHN and JANE DOES 3-10** | **DEFENDANTS** |

## ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on September 13, 2007, wherein the following proceedings were held and actions taken:

1. <u>PARTIES AND TRIAL COUNSEL:</u>

    (a) Plaintiff, James E. Crouch, represented by counsel, Samuel S. McHard.

    (b) Defendants, AmSouth Bank and AmSouth Investment Services, Inc., represented by counsel, Joseph Seawell Moore, and Charles Burton Paterson; Defendant, Ina Sue Crouch, represented by Glenda Hughes and Jacqueline E. Austin.

    <u>COUNSEL APPEARING AT PRETRIAL HEARING:</u> (same as trial counsel) or (indicate if different) Same as trial counsel.

2. <u>JURISDICTION AND VENUE:</u>

    Jurisdiction exists by reason of diversity of citizenship and the amount in controversy. Venue is proper in the United States District Court for the Middle District of Alabama Northern Division.

3.  PLEADINGS: The Plaintiff's Complaint as amended heretofore and the answers thereto join the issues.

4.  CONTENTIONS OF THE PARTIES:

(a)  The plaintiff(s) -

**POSITION OF PLAINTIFF JAMES EDWARD CROUCH**

On May 7, 1998, James Earl Crouch and Ina Sue met with their personal banker, Ronda Robinson, at AmSouth Bank. Ronda Robinson convinced James Earl to purchase a tax-deferred annuity through AmSouth from Lincoln National Life Insurance Company ("the Annuity) in the amount of $250,000. In the Application for the Annuity James Edward Crouch, the Plaintiff, was specified by James Earl Crouch, the annuitant, as the sole beneficiary pursuant to the "annuitant beneficiary" designation option. The annuitant beneficiary could be designated *only* by the annuitant and would receive the proceeds of the Annuity upon death of the annuitant regardless of the existence of a joint owner.

"But for" the purported change of beneficiary form dated April 4, 2000, the Plaintiff would have gotten all of the proceeds of the Annuity. Regarding this change of beneficiary form which is the essence of this case, there is no factual dispute that Ina Sue Crouch signed James Earl Crouch's signature on the form despite Ina Sue's testimony that she never signed his name and despite Ronda Robinson's prior Affidavit that she witnessed both Ina Sue and James Earl sign the form. Stated differently, the Plaintiff has presented a prima facie case of forgery. Defendants now assert that James Earl Crouch directed his wife, Ina

Sue, to sign his name. The Defendants have the affirmative burden of proving to the trier of fact that James Earl Crouch did in fact authorize and direct Ina Sue to sign on his behalf; however, Defendants have failed to assert this claim as an affirmative defense.

Defendants plan to introduce at trial the testimony of Ina Sue Crouch and Ronda Robinson. Their testimony will be that the designation of the Plaintiff as primary beneficiary was a mistake from the beginning. This position has been contradicted by the prior testimony of these witnesses, as well as documents. Notably, Ina Sue and James Earl actually called the Plaintiff to inform him of his status as primary beneficiary. Ina Sue and James Earl also confirmed this to James Edward when James Edward and his wife, Teresa, visited Ina Sue's home.

Defendants will also claim that Ronda Robinson prompted the beneficiary change upon realizing the mistaken beneficiary designation. Defendants claim James Earl and Ina Sue intended to "correct" the designation to reflect Ina Sue as primary beneficiary. However, according to Ronda Robinson, she contacted Ina Sue and/or James Crouch in 1998 regarding the mistaken designation of beneficiary. Yet, the change of beneficiary form was not executed until April 4, 2000. The delay of almost two years is certainly suspicious considering James Earl's diligence in doing business and the ease of amendment.

Further, regarding the Defendants' affirmative defense of signature authorization, there are significant problems with their proof. Ina Sue Crouch has testified that James Earl was extremely diligent in his business practices.

However, Ina Sue now claims that James Earl granted her permission to sign his name to a $250,000 document, as opposed to a ten minute trip to get his reading glasses. Additionally, Ina Sue gave sworn testimony that she never signed the name of James Earl Crouch. However, cancelled checks recently produced by Defendants show that she in fact signed his name regularly.

At this trial, evidence will be a serious legal issue. Defendants have failed to plead authorization of the signature as an affirmative defense; Defendants therefore should be barred from producing evidence on the issue. Less than one year after the change of beneficiary form was executed, whether fraudulently or not, Ina Sue Crouch attempted to have James Earl declared incompetent. James Earl's mental condition is a major issue, yet the Defendants refused to release the medical records of James Earl. Finally, Defendants have denied, since the first Complaint for Discovery was filed in September of 2002, that the actual Annuity Contract did existed or could be found, or that it consisted of the application only. Defendants cannot authenticate any Annuity Contract, and it should be inadmissible.

(b)   The defendant(s) -

**POSITION OF AMSOUTH BANK AND AMSOUTH INVESTMENT SERVICES, INC. (COLLECTIVELY "AMSOUTH")**

(A)   This action arises from a dispute between a son, Plaintiff James E. Crouch ("Plaintiff Crouch") and his mother, Ina Sue Crouch a/k/a Sue Crouch ("Sue Crouch"), regarding benefits payable under a $250,000 annuity contract issued by

Lincoln National Life Insurance Company ("Lincoln National"). The plaintiff's father, James Earl Crouch, deceased, and plaintiff's mother, Sue Crouch (collectively the "Crouches"), purchased the annuity with jointly held funds and were the joint owners of the annuity. Plaintiff Crouch was originally listed as the primary beneficiary under the annuity contract, but the annuity was changed to list his mother, Sue Crouch as the primary beneficiary and Plaintiff Crouch as the contingent beneficiary. After the death of James Earl Crouch, the proceeds under the annuity were properly paid to Sue Crouch, the primary beneficiary.

AmSouth denies Plaintiff Crouch's contention that the primary beneficiary of the annuity was changed from himself to his mother, Sue Crouch without his father's knowledge or consent. AmSouth contends that the change of beneficiary form for the annuity contract was valid, binding and controlling upon the parties. The change of beneficiary form was signed by Sue Crouch, on her own behalf, and she signed the name of her husband on the form at his request and in his presence. The signatures were witnessed by AmSouth employee Ronda Robinson, who also confirmed that, in her presence, the elder Mr. Crouch stated that he had forgotten his reading glasses and asked his wife, Ina Sue Crouch, to sign his name for him. Under Alabama law, such a signature is legally valid and of the same effect as Mr. Crouch having personally signed his name in his own hand.

(B) <u>No Breach of Contract Claim</u>- Plaintiff's claim for breach of contract must fail as a matter of law as there was no contract between the Plaintiff and AmSouth. It has long been the law in Alabama that "[t]o establish a breach-of-contract claim, a

plaintiff must show (1) the existence of a valid contract binding the parties in the action, (2) his own performance under the contract, (3) the defendant's nonperformance, and (4) damages." *Hooper v. Columbus Regional Healthcare Systems, Inc.*, 956 So.2d 1135 (Ala. 2006) (citations omitted). The evidence is undisputed that the Annuity Contract in this case was entered into by and between James and Ina Sue Crouch, as husband and wife and joint owners, and Lincoln. Plaintiff was originally listed as the primary beneficiary under the Annuity Contract and was later, at the request of the joint owners James and Ina Sue Crouch, changed to the contingent beneficiary. Plaintiff was not and has never been a party to the Annuity Contract between Lincoln and the Crouches. In fact, under Alabama law, Plaintiff had nothing more than expectancy interest under the Annuity Contract as the contingent beneficiary, which is an insufficient interest to attack his parents changes to the beneficiary designation under the Annuity Contract. *See Estelle v. Cunningham*, 2007 Ala. LEXIS 129 * 2 (Ala. 2007) ("Based on Alabama caselaw precedent, the mere expectancy created by being the original beneficiary of the insurance policy is not a sufficient interest to create a right by which [party] could attack the changes in the designations of the beneficiary of [owner's] insurance policies).

(C) <u>No Valid Specific Performance Claim</u>- The Plaintiff's claim for specific performance must fail as a matter of law. The change-of-beneficiary form for the Annuity Contract was valid, binding and properly executed under Alabama law.

(D) <u>No Valid Negligence Claim</u>- The Plaintiff's negligence claim is wholly unsupported by both law and fact. The evidence is clear that Ronda Robinson was properly trained, licensed and had an unblemished record of employment; Ronda Robinson merely made a clerical mistake when filling out the initial Annuity Application form by listing the Plaintiff rather than Ina Sue Crouch as the primary beneficiary. When Ronda Robinson realized the mistake, Ms. Robinson promptly notified the Crouches of her mistake as Ms. Robinson knew that the annuity had been purchased with the joint funds of Ina Sue Crouch and her husband and that they intended that the Annuity funds be used to take care of the Ina Sue Crouch and her husband in retirement. The mistake was corrected when the Crouches executed the Annuity Service Request to list Ina Sue Crouch as the primary beneficiary, which was as the Crouches had originally intended. When James Earl Crouch died on February 14, 2001, AmSouth fulfilled any duty it owed under the Annuity Contract by submitting the requisite paperwork to Lincoln insuring that Ina Sue Crouch, as the primary beneficiary under the Annuity Contract, would receive the Annuity proceeds as she and her deceased husband had always intended.

Consistent with the fact that there is no evidence to support a claim for negligence in this case in connection with the issuance of the annuity, the Plaintiff has not produced one scintilla of evidence to support a claim that AmSouth negligently trained or supervised Ronda Robinson. To establish a claim for negligent training and supervision under Alabama law "[i]t is not sufficient merely

**7**

to allege, or to show, that the employee acted incompetently … plaintiff must establish by affirmative proof that the employer actually knew of the incompetence, or that the employer reasonably should have known of it." *Armstrong Business Services, Inc. v. AmSouth Bank*, 817 So. 2d 665, 682 (Ala.2001) (internal quotations omitted). Not only have the Plaintiffs' failed to produce evidence that Ronda Robinson was negligently trained or supervised, such an analysis is unnecessary as the mistake made by Ronda Robinson was corrected and Ina Sue Crouch, as the primary beneficiary under the Annuity Contract, was properly paid the Annuity funds.

(E) <u>No Valid Fraud</u> - The Plaintiff's claim for fraud is wholly unsupported by both law and fact. Under Alabama law, "[t]he elements of fraud are (1) a false representation (2) of a material existing fact (3) reasonably relied upon by the plaintiff (4) who suffered damage as a proximate consequence of the misrepresentation." *Mantiply v. Mantiply*, 951 So. 2d 638, 653 (Ala. 2006). In the present case, the Plaintiff's have failed to provide any evidentiary support for its allegations against AmSouth that would constitute any misrepresentation, concealment, or wrongdoing. To the contrary, the evidence is undisputed that change-of-beneficiary form was properly executed under Alabama law by Ina Sue Crouch, in the presence and at the direction of her husband James Earl Crouch.

(F) <u>No Valid Tortious Interference with Contract Claim</u>- As in subpart (B), the Plaintiff's claim for tortious interference with contract must fail because the Plaintiff had no contract with anyone. Plaintiff had nothing more than an expectancy interest

in the Annuity Contract entered into by and between Ina Sue Crouch, her deceased husband and Lincoln.

**POSITION OF DEFENDANT INA SUE CROUCH**

This action arises from a dispute between a son, Plaintiff James Edward Crouch ("Plaintiff Crouch") and his mother, Ina Sue Crouch ("Sue Crouch"), regarding benefits payable under a $250,000 annuity contract issued by Lincoln National Life Insurance Company ("Lincoln").  Sue Crouch and her husband, James Earl Crouch, purchased the annuity with their joint funds.  Plaintiff is the son of Sue Crouch and James Earl Crouch.

Plaintiff Crouch originally was listed as the primary beneficiary under the annuity, but that was a mistake.  The intention was for Sue Crouch to be the primary beneficiary if her husband preceded her in death, with Plaintiff Crouch to be the beneficiary if Sue Crouch and James Earl Crouch died simultaneously.  After the mistake was discovered, the annuity was changed to designate Plaintiff Crouch as a contingent beneficiary with Sue Crouch as primary beneficiary.  Accordingly, upon the death of James Earl Crouch, the annuity proceeds properly were paid to Sue Crouch, the designated beneficiary.

Sue Crouch denies the claim of Plaintiff Crouch that the change of beneficiary form was a forgery or was in any way null and void.  Sue Crouch signed her husband's name to the change of beneficiary form in his presence and at his direction.  James Earl Crouch had forgotten his reading glasses, and, when he said he would have to go home to get the glasses, Ronda Robinson of

AmSouth said that would be unnecessary and that Sue Crouch could sign for her husband if he gave permission, which he did. Ronda Robinson signed as witnessing the two signatures. Accordingly, the change of beneficiary form was validly completed and fully effective.

Sue Crouch denies any wrongdoing and denies any liability. Plaintiff is suing his mother for money that he was never entitled to and over an annuity that he never paid a penny to help purchase. The $250,000 paid for the annuity came from funds that Sue Crouch and James Earl Crouch had set aside for their old age and for the survivor of the two of them to use to live on when the other passed away. Plaintiff is not entitled to any relief.

Ina Sue Crouch joins in and adopts the Position of AmSouth and AmSouth Investment Services, Inc. as stated above in this Order.

5. <u>STIPULATIONS BY AND BETWEEN THE PARTIES</u>:

(a) James Edward Crouch is the son of the late James Earl Crouch and Defendant Ina Sue Crouch a/k/a Sue Crouch.

(b) On May 7, 1998, James Earl and Ina Sue met with their personal banker, Ronda Robinson at AmSouth Bank and its affiliated corporation, AmSouth Investment Services, Inc. in Wetumpka, Alabama.

(c) A tax-deferred annuity through AmSouth Investment Services was purchased at that time from Lincoln National Life Insurance Company ("the Annuity") in the amount of $250,000.00 upon which James Earl and Ina Sue were joint owners.

(d) Ronda Robinson was an employee of AmSouth Bank and an agent of AmSouth Investment Services, Inc. and Lincoln in connection with the sale of the Annuity.

(e) In the Application for the Annuity, James was specified as the primary beneficiary in the "Annuitant Information" section of the 5/7/98 annuity application submitted to Lincoln National.

(f) The April 4, 2000, Annuity Service Request form names Ina Sue Crouch as primary beneficiary and James E. Crouch as contingent beneficiary.

(g) The April 4, 2000, Annuity Service Request form was signed by Ina Sue Crouch as an owner.

(h) Ina Sue Crouch signed her name and James Earl Crouch's name on the April 4, 2000, Annuity Service Request form.

(i) On or about February 14, 2001, James Earl died.

(j) Ina Sue Crouch submitted a death benefits claim, including a death certificate, to Lincoln, asking that the proceeds of the Annuity be paid to her. On March 22, 2001, Lincoln mailed a check in the amount of $290,487.96 payable to Ina Sue Crouch, in care of the agent, Ronda Robinson. Ina Sue Crouch received and negotiated this check.

(k) On September 25, 2002, James Crouch filed suit in Forrest County, Mississippi against AmSouth, as evidenced by the original Complaint in this case.

  (l) Ronda Robinson was acting in the course and scope of her duties with AmSouth Investment Services when she sold and serviced said Annuity.

  (m) The Addressees received the letter dated May 18, 1998, in the regular course of U.S. mail shortly after its date.

6. <u>EXHIBITS ADMITTED BY STIPULATION BY AND BETWEEN THE PARTIES.</u>

A. Exhibits 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 20, 21, 22, 23, 27, and 28 from Plaintiff's Amended/Corrected Exhibit list. (ECF 123, 124)

B. Exhibits 2, 6, 7, 17, 21, 24, 27, and 28 from Defendant AmSouth's Exhibit List. (ECF 116)

**It is ORDERED that:**

**(1) The non-jury trial of this cause, which is to last two days, is set for October 4, 2007, at 10:00 a.m. at the Frank M. Johnson, Jr. United States Courthouse Complex, Courtroom 2FMJ, One Church Street, Montgomery, Alabama, 36104;**

**(2) A trial docket will be mailed to counsel for each party approximately two weeks prior to the start of the trial term;**

(3) The plaintiff is required to file proposed findings of fact and conclusions of law by September 24, 2007. The defendants are required to file proposed findings of fact and conclusions of law by September 28, 2007.  The parties are also directed to e:mail their proposed findings of fact and conclusions of law to <propord_thompson@almd.uscourts.gov> in WordPerfect format by the dates specified above;

(4) The parties in this case are not required to file trial briefs.

(5)  Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(6) All deadlines not otherwise affected by this order will remain as set forth in the uniform scheduling

order (Doc. No. 47) entered by the court on April 7, 2006;

(7) All understandings, agreements, deadlines, and stipulations contained in this pretrial order shall be binding on all parties unless this order be hereafter modified by Order of the court.

DONE, this the 14th day of September, 2007.

                                                      /s/ Myron H. Thompson
                                         **UNITED STATES DISTRICT JUDGE**