IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JAMES E. CROUCH** | **PLAINTIFF** |
| VS. | CIVIL ACTION NO. 2:06-CV-00111-MEF |
| **AMSOUTH BANK, INA SUE CROUCH, AMSOUTH INVESTMENT SERVICES, INC., LINCOLN NATIONAL LIFE INSURANCE COMPANY, and JOHN and JANE DOES 3-10** | **DEFENDANTS** |

**CROUCH'S OBJECTION TO DEFENDANTS' WITNESS AND EXHIBIT LIST**

COMES NOW, the Plaintiff, James E. Crouch ("Plaintiff"), and files his Objection to Defendants' Witness and Exhibit List, and states as follows:

**I.    PLAINTIFF'S OBJECTIONS TO AMSOUTH'S EXHIBIT LIST.**

| No. | Date | Description | Objection |
|---|---|---|---|
| 1 | 7/12/2007 | "Certified" Copy of Annuity Contract #774944 | Hearsay[1]; inability to authenticate the document[2]; judicial admission/estoppel; document concealed during discovery[3]; best evidence rule (the exhibit is not an original)[4] |
| 2 | 4/4/2000 | Annuity Service Request | Admit |
| 3 | 5/16/2000 | Letter to James E. Crouch and Sue Crouch | Rule of completeness (the one page exhibit is only a portion of a document)[5] |
| 4 | 2/20/2001 | Initial Annuity Claim Notification | Irrelevant[6]; inability to authenticate the document; the document is inflammatory or will cause unfair prejudice, confusion, undue delay or waste of time[7] |
| 5 | 3/5/2001 | Letter to Ronda Robinson | Irrelevant; inability to authenticate the document; the document is inflammatory or will cause unfair prejudice, confusion, undue delay or waste of time |

---

[1] Fed. R. Evid. 801 to 807

[2] Fed. R. Evid. 901, 902

[3] Fed. R. Civ. P. 37

[4] Fed. R. Evid. 1002-1005

[5] Fed. R. Evid. 106

[6] Fed. R. Evid. 401, 402

[7] Fed. R. Evid. 403

| 6  | 5/7/1998   | Annuity Application                                      | Admit |
|----|------------|----------------------------------------------------------|-------|
| 7  | 2/22/2001  | Certificate of Death of James Earl Crouch                | Admit |
| 8  | 3/13/2001  | Annuity Claimant's Statement–Standard                    | Irrelevant; inability to authenticate the document; the document is inflammatory or will cause unfair prejudice, confusion, undue delay or waste of time |
| 9  | 3/22/2001  | Letter to Sue Crouch                                     | Irrelevant; inability to authenticate the document; the document is inflammatory or will cause unfair prejudice, confusion, undue delay or waste of time |
| 10 | 3/22/2001  | Letter to Ronda Robinson                                 | Irrelevant; inability to authenticate the document; the document is inflammatory or will cause unfair prejudice, confusion, undue delay or waste of time |
| 11 | 9/4/2001   | Letter to Ron Sylvander from James Edward Crouch         | Irrelevant; the document is inflammatory or will cause unfair prejudice, confusion, undue delay or waste of time |
| 12 | 9/8/2001   | Letter to James Edward Crouch from Ron Sylvander         | Irrelevant; hearsay; inability to authenticate the document; the document is inflammatory or will cause unfair prejudice, confusion, undue delay or waste of time |
| 13 | 5/17/2002  | Letter to Ron Sylvander from Brenda Mae Crouch Cobb      | Irrelevant; hearsay; inability to authenticate the document; the document is inflammatory or will cause unfair prejudice, confusion, undue delay or waste of time |
| 14 | 5/24/2002  | Letter to Brenda Cobb from Ron Sylvander                 | Irrelevant; hearsay; inability to authenticate the document; the document is inflammatory or will cause unfair prejudice, confusion, undue delay or waste of time |

| 15 | Various | Phone Log Inquiry | Irrelevant; hearsay; inability to authenticate the document; the document is inflammatory or will cause unfair prejudice, confusion, undue delay or waste of time |
| --- | --- | --- | --- |
| 16 | 3/22/2001 | Payment Worksheet for Claim #774944 | Irrelevant; hearsay; inability to authenticate the document; the document is inflammatory or will cause unfair prejudice, confusion, undue delay or waste of time |
| 17 | 5/7/1998 | Contract Data Sheet | Admit |
| 18 | None | Annuity Death Claim Settlement Options & Instructions | Irrelevant; inability to authenticate the document; the document is inflammatory or will cause unfair prejudice, confusion, undue delay or waste of time |
| 19 | 5/16/2000 | Letter to James E. Crouch and Sue Crouch with Enclosures | Rule of Completeness (the exhibit is a portion of a document and contains extraneous unrelated hearsay pages which are not authenticated) |
| 20 | None | Policy Schedule | Inability to authenticate the document |
| 21 | 5/18/1998 | Letter to Ronda Robinson | Admit |
| 22 | 5/18/1998 | Letter to James E. Crouch and Sue Crouch | Admit |
| 23 | 7/27/2000 | Broker-Dealer Selling Agreement | Irrelevant (deals with wrong applicable period of time); the document is inflammatory or will cause unfair prejudice, confusion, undue delay or waste of time |

| 24 | Various | Ronda Robinson Licensing File | Admit |
|---|---|---|---|
| 25 | None | Forms Manual | Irrelevant; hearsay; inability to authenticate the document; document concealed during discovery; the document is inflammatory or will cause unfair prejudice, confusion, undue delay or waste of time |
| 26 | None | Sample Investor's Choice Annuity Contract | Hearsay; inability to authenticate the document; judicial admission/estoppel, document concealed during discovery; best evidence rule (the exhibit is not an original) |
| 27 | Various | Ronda Robinson Personnel File | Admit |
| 28 | 5/7/1998 | Confidential Client Profile | Admit |
| 29 | None | Any exhibit needed for rebuttal or impeachment | Because the exhibit is not specified, all objections are reserved |

**II.    APPLICABLE LAW TO PLAINTIFF'S OBJECTIONS TO AMSOUTH'S EXHIBIT LIST.**

1. Rule 401. Definition of "Relevant Evidence": "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

2. Rule 402. . . . Irrelevant Evidence Inadmissible: . . . Evidence which is not relevant is not admissible.

3. Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time: Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

4. Rule 801. Definitions: (a) Statement. A "statement" is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by the person as an assertion. (b) Declarant. A "declarant" is a person who makes a statement. (c) Hearsay: "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

5. Rule 802. Hearsay Rule: Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

6. Rule 803. Hearsay Exceptions; Availability of Declarant Immaterial: . . . (6) Records of Regularly Conducted Activity. A memorandum, report, record, or data compilation, in any

form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony fo the custodian or other qualified witness, or by certification that complies with Rule 902(11), Rule 902(12), or a statute permitted certification, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.

7.  Rule 901. Requirement of Authentication of Identification: (a) General Provision. The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.

8.  Rule 902. Self-Authentication. . . . (11) Certified Domestic Records of Regularly Conducted Activity. The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record–

    (A) was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters

    (B) was kept in the course of the regularly conducted activity; and

    (C) was made by the regularly conducted activity as a regular practice.

A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

### III. PLAINTIFF'S MEMORANDUM REGARDING AMSOUTH'S PROPOSED EXHIBIT 1, CERTIFIED COPY OF ANNUITY CONTRACT #774944

9. AmSouth seeks to admit a "certified" copy of the Annuity Contract at issue in this case. This case began over five (5) years ago, on September 25, 2002, when the Plaintiff filed a Complaint for Discovery in the Chancery Court of Forrest County, Mississippi. The Plaintiff sought information surrounding the Annuity Contract, including a specific request for the Annuity Contract. AmSouth has denied having possession or access to the Annuity Contract since that time. In 2006, Lincoln National Life Insurance was added as a party. Lincoln National also denied have possession of the actual Annuity Contract, or a copy of said Contract and claimed that it had no employees with knowledge of the operation or contract due to the relocation of Lincoln National offices.[1]

10. Plaintiff respectfully submits that this Contract is not "certified," and therefore not self authenticating under the Federal Rules of Evidence. The document simply has a handwritten

---

[1] "There have been changes in Lincoln National's Annuity Client Service Department including its relocation from Schaumberg, Illinois, to Fort Wayne, Indiana, with certain functions later being relocated to Hartford, Connecticut. Lincoln National has been unable to identify any employees, current or former, who were involved in the transactions relating to the annuity made the basis of this lawsuit." (Lincoln National's Amended and Supplemental Response to Interrogatory No. 1, June 12, 2007.) "[N]umerous of the documents relating to manuals, policies, procedures, and the like that were in effect between 1998 and 2001 have not been located and are believed to no longer be available because of the remoteness in time." (Lincoln National's Amended and Supplemental Response to Interrogatory No. 4, June 12, 2007.)

notation of "Certified Debrah Turner 7/12/07." (*See* Exhibit 1). This handwritten notification does not comply with the requirements of Rule 902 for self-authentication. F.R.E. 902. This certification was not made at or near the time of the occurrence and was not kept in the ordinary course of business, and no name or address of the individual was ever disclosed in discovery or heard as a motion. Ina Sue stated in her deposition that the application for annuity and the letter and enclosures dated May 18, 1998 was the contract.

11. Further, neither AmSouth nor Ina Sue Crouch has designated anyone to authenticate the document. Therefore, because the document is not self-authenticating and no witness has been designated to authenticate the document, the document cannot be admitted.

12. Additionally, the document was not produced for over five years (5). Federal Rule 26(e) places upon the parties a duty to supplement discovery. Pursuant to Rule 37(c)(1), Plaintiff requests that the Court bar admission of the document at trial.

### IV. PLAINTIFF'S OBJECTION TO AMSOUTH'S PROPOSED WITNESS, ANN ROBINSON.

13. Plaintiff also objects to witness Ann Robinson, as this name was not disclosed during discovery.[2]

14. After review of discovery produced by AmSouth, the Plaintiff was unable to find any disclosure by AmSouth or AmSouth Investment Services disclosing Ann Robinson.

15. According to the witness list of AmSouth, Ann Robinson works for Morgan Keegan, in Memphis, Tennessee. Morgan Keegan is a subsidiary of Regions Bank, which has merged with AmSouth. The Plaintiff is altogether unsure as to the areas of Ann Robinson's

---

[2] Fed. R. Civ. P. 37(c)

testimony.  Further, the Plaintiff has not had an opportunity to depose Ann Robinson.  The Court should also note a party's duty to supplement disclosure under Federal Rule of Civil Procedure 26(e).  Therefore, pursuant to Rule 37(c)(1), AmSouth should be barred from calling Ann Robinson as a witness.

DATED this the 14th day of September, 2007.

                                      Respectfully submitted,
                                      JAMES R. CROUCH

                                      By:  s/ Samuel S. McHard
                                            Samuel S. McHard, MS Bar No. 100295
                                            *pro hac vice*

McHard & Associates, PLLC
32 Milbranch Road, Suite 50
Hattiesburg, MS 39402
T: 601-450-1715
F: 601-450-1719
SmcHard@McHardLaw.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on September 14th, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

**Glenda Wingard Hughes**
gwhughes@elmore.rr.com
**Attorney for Ina Sue Crouch**

**Jacqueline Erle Austin**
bamahoops@aol.com
**Attorney for Ina Sue Crouch**

**Paul J. Delcambre, Jr.**
pdelcambre@balch.com
lhale@balch.com

**Joseph Seawell Moore**
jsmoore@balch.com
dharris@balch.com

**Charles Burton Paterson**
cpaterson@balch.com
bleveille@balch.com
**Attorneys for AmSouth Bank**

                                                          s/Samuel S. McHard
                                                    _____