IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JAMES E. CROUCH** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 2:06-CV-00111-MEF** |
| **AMSOUTH BANK, INA SUE CROUCH, AMSOUTH INVESTMENT SERVICES, INC., LINCOLN NATIONAL LIFE INSURANCE COMPANY, and JOHN and JANE DOES 3-10** | **DEFENDANTS** |

**MEMORANDUM IN SUPPORT OF MOTIONS IN LIMINE (CORRECTED FOR SCRIVENER'S ERROR)**

COMES NOW, the Plaintiff, James E. Crouch ("Plaintiff"), and files his Memorandum in Support of Motions in Limine, and respectfully moves the Court to enter an order granting these Motions in Limine to require all attorneys and witnesses to refrain from making statements or comments, introducing any evidence, or giving any testimony before the Court in this cause concerning the following matter. In support thereof, Plaintiff states:

**I.    Plaintiff's First Motion in Limine**

The assets and/or source of income that Ina Sue Crouch intended to live off when James Earl Crouch died are irrelevant and inadmissible. Ina Sue Crouch's wealth at any period before trial, or after trial, is not relevant on the issue of liability and is merely an attempt to prejudice the Court and to influence, passion, prejudice, and evoke sympathy for Ina Sue Crouch. Therefore, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and is thus inadmissible under FRE 403.

"Evidence which is not relevant is not admissible." F.R.E. 402. Ina Sue's wealth, income, or assets are not relevant to the issue of whether the beneficiary on the Annuity was properly changed

from James E. Crouch to Ina Sue Crouch. F.R.E. 402. One of the themes of the Defendants in this case has been to paint the son (plaintiff) in a negative light over this dispute with his mother. It is anticipated that one of the principal means of attacking the son's character will be an evidentiary showing that Ina Sue Crouch's wealth or income will be decreased should the Plaintiff prevail. Therefore, the Plaintiff respectfully requests that any evidence regarding the wealth, income, or assets of Ina Sue Crouch be barred from admission due to the issue's irrelevance.

## II.     Plaintiff's Second Motion in Limine

Any testimony or exhibit attempting to show that Ina Sue Crouch executed the signature of James Earl Crouch on the purported April 4, 2004, change of beneficiary form (annuity service request) pursuant to the request, direction, authorization, or license of James Earl Crouch is inadmissible because it relates solely to an affirmative defense which was never pled by Defendants. Federal Rule of Civil Procedure 8(c) requires that defendants must "set forth affirmatively...license...and any other matter constituting an avoidance or affirmative defense." Fed. R. Civ. P. 8(c). The license or authorization from one person to execute his signature is an affirmative defense. Because Defendants failed to plead license or authorization as an affirmative defense in their respective answers, Defendants are barred from introducing any evidence related thereto.

During the course of this litigation which commenced over five (5) years ago, the Defendants have implemented a complete shift in strategy. Initially, the Defendants claimed that James Earl Crouch personally signed his name to the change of beneficiary form, i.e. his signature was not that of Ina Sue Crouch. (*See* ECF 21) Reply Brief of AmSouth Bank in Response to the Memorandum Filed by the Plaintiff in Opposition to AmSouth Bank's Motion to Transfer Pursuant to 28 U.S.C.

1404(a), p. 6 (referring to Ronda Robinson, stating "she witnessed the signature of the deceased"). AmSouth then goes on to state that Ronda Robinson is "the most critical witness to their defense" based on her alleged observation of the James Earl Crouch signing his own name to the change of beneficiary form. Further, the Declaration of Ronda Robinson (ECF 15, exhibit 2) mentions nothing of Ina Sue Crouch signing James Earl Crouch's name at his request, authorization or direction. In fact, she declares "I later assisted the Crouchs [sic] in completing certain documentation *signed by them* for the changed of beneficiary. . . *Id.* (emphasis added).

After these bold statements were made by AmSouth and its agents, counsel for Plaintiff convinced AmSouth that the signature of James Earl Crouch was forged. Therefore, Defendants reverse course and contend, without pleading so, that Mr. Crouch forgot his glasses and gave his wife a license to sign his name for him, and that such was witnessed by Ronda Robinson. This new implied defense is the only plausible argument based on the clearly forged signature of James Earl Crouch on the change of beneficiary form. Additionally, this "license to sign" defense also plays well because it explains away proof of forgery and essentially narrows the case down to eye witness testimony. The Plaintiff notes that the eye witness testimony has been totally impeached and is not credible. Furthermore, the rational for permitting a license or agent to sign the name of the licensor/principal under such circumstances is explained in *Lewis v. Watson*, 13 So. 570 (Al. 1893). In *Lewis*, the licensor/principal "could not write his name" and the reason for premitting licensed signature is:

1. Dispersing mental capacity and

2. "Incapacity . . .to do the physical act of making a written sign or mark"

3. Express and witnessed license granted by the licensor/principal to the licensee/agent in the presence of attending witnesses

4.       The signature was in the presence of the licensor/principal.

*Id.* at 571. Here, both Ronda Robinson and Ina Sue Crouch admit that James Earl Crouch was physically and mentally able to sign his own name.

The next issue is which party bears the burden of proof when it comes to this "license to sign" defense. The Plaintiff submits that it has presented prima facie evidence of forgery and the Defendants must prove their affirmative defense of "licence to sign." Stated differently, the Defendants have proposed that a principal/agent relationship existed. In fact, that is exactly the holding of the cases cited by the Defendants in their Memorandum in Support of Motion for Summary Judgment. *See Consolidated Motor Co. of Ala. v. Malik*, 92 So. 262, 263 (Ala. 1922); *Wright v. Forgy*, 28 So. 198 (Ala. 1900) ("It was perfectly competent and legal for the surety ***to act as an agent for the principal in signing his name*** . . . .") (emphasis added).

The law in Alabama is very clear that party asserting the existence of a principal/agent relationship has the burden of proving that relationship. *Wallace v. Frontier Bank, N.A.* 903 So. 2d 792, 801 (Ala. 2004) (". . . agency is a question of fact, and agency may not be presumed; the party asserting it has the burden of adducing sufficient evidence to prove its existence."); *Kennedy v. Western Sizzlin Corp.*, 857 So. 2d 71, 77 (Ala. 2003) ("This is not to say, however, that agency may be presumed; the party it has the burden of adducing [substantial] evidence to prove its existence."); *Lincoln Log Home Enter., Inc. v Autrey*, 836 So. 2d 804, 806 (Ala. 2002) ("The party asserting the existence of an agency relationship has the burden of adducing sufficient evidence to prove its existence."). Further, the existence of a principal and agent relationship, and its scope, are questions of fact. *See Bird v. Metro. Life Ins. Co.*, 705 So. 2d 363, 368 (Ala. 1997) ("The question of agency is one for the trier of fact; and the existence and scope of a principal-agent relationship is normally

a question of fact to be determined by the jury.").

Therefore, the Defendants must prove that James Earl Crouch requested and authorized Ina Sue Crouch to sign his name to the change of beneficiary form. The Plaintiff has put forth a prima facie case of forgery and the Defendants cannot deny that fact.

"An affirmative defense is an assertion raising new facts and arguments that, if proven, defeat the plaintiff's claim even if the allegations in her complaint are true." *Sterten v. Option One Mortgage Corp.*, 479 F.Supp.2d 479, 482-83 (E.D.Pa. 2007). "In other words, assuming a plaintiff's factual allegations make out a cause of action, an affirmative defense bars it." *Id.* This case involves a classic case of affirmative defense. The Plaintiff plead a valid cause of action of forgery. While the case was in procedural limbo due to AmSouth's removal and change of venue, AmSouth represented that the document was not a forgery. As stated above, AmSouth represented that its agent, Ronda Robinson, "witnessed the signature of the deceased." Later in the litigation, AmSouth altered its course to alleged that Ina Sue Crouch did in fact sign her husband's name, but it was at the direction of James Earl Crouch. Likewise, Ina Sue Crouch denied in her prior deposition testimony that she had ever signed her husband's name to any documents or made any changes to documents at the bank. See January 22, 2002, Ina Sue Crouch Deposition, page 44-45, 74-75. Such bait and switch tactics are improper and Defendants should be estopped to switch positions.

Thus, Defendants have switched its position to the classic affirmative defense. Defendants now admit that Ina Sue Crouch signed her husband's name to avoid losing on the forgery claim, but now claim she was under license from James Earl Crouch to do so. Fed. R. Civ. P. 8(c). In other words, the Defendants admit the principal facts of the Complaint, yet claim they are entitled to relief based on extraneous facts. As is well known, failure to assert an affirmative defense in the Answer

5

to the Complaint constitutes a waiver of said defense. Fed. R. Civ. P. 8(c). Therefore, Defendants should be precluded from asserting the affirmative defense of authorization to sign.

**III.  Plaintiff's Third Motion in Limine**

Any reference to a sample annuity unknown or purported "certified" annuity contract between Lincoln National Life Insurance Company and James Earl Crouch and Ina Sue Crouch is inadmissible for the following reasons:

(a)  No such contract was ever produced by AmSouth Defendants or Ina Sue Crouch in response to Plaintiff's repeated discovery requests;

(b) No such contract was ever disclosed in initial disclosures by AmSouth Defendants or Ina Sue Crouch;

(c) AmSouth Defendants failed to disclose any such document despite the Court Order of Honorable Judge John Roper prior to transfer to this Court;

(d) No witness was ever disclosed to testify regarding certification or authentication of such "contract";

(e) AmSouth Defendants and Ina Sue Crouch specifically represented that the contract consisted exclusively of the application and contract data sheet.

The Copy of Annuity Contract #774944 is inadmissible for many reasons, as stated above. Notably, Defendants have no manner of authenticating the document. F.R.E. 901. The Plaintiff is aware of no witness who can authenticate the document. There is a signature bearing what appears to be the name "Debrah Turner," writing "certified." Debrah Turner has not been designated as a witness. Further, the document is not self-authenticating under F.R.E. 902. Rule 902(11) requires a written certification by its custodian that the record be made at or near the time of the occurrence,

was kept in the course of regularly conducted activity, and was made by the regularly conducted activity as a regular practice. F.R.E. 902(11). The claimed written certification in this instance does not satisfy the three requirements of Rule 902(11). Further, the certification is suspect considering the document's absence for over five years. Therefore, because the Defendants cannot authenticate this document, it is not admissible.

Further, Rule 26(e)(2) mandates that "[a] party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(2). The Defendants have not supplemented their discovery to reflect this document which mysteriously appeared after five years. Neither have they disclosed a witness who can authenticate the document. Therefore, pursuant to Rule 37(c), Plaintiff respectfully requests that the document be barred from admission at trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff James E. Crouch respectfully requests Orders in Limine be entered by this Court concerning the evidence and materials discussed herein, as described above. The Plaintiff further prays for such relief as the Court may deem proper under the circumstances.

This the 20$^h$ day of September, 2007.

                                              Respectfully submitted,
                                              JAMES R. CROUCH


                                        By:    s/ Samuel S. McHard
                                               Samuel S. McHard, MS Bar No. 100295

*pro hac vice*

McHard & Associates, PLLC
32 Milbranch Road, Suite 50
Hattiesburg, MS 39402
T: 601-450-1715
F: 601-450-1719
SmcHard@McHardLaw.com

## CERTIFICATE OF SERVICE

I do hereby certify that on September 20th, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

**Glenda Wingard Hughes**
gwhughes@elmore.rr.com
**Attorney for Ina Sue Crouch**

**Paul J. Delcambre, Jr.**
pdelcambre@balch.com
lhale@balch.com

**Joseph Seawell Moore**
jsmoore@balch.com
dharris@balch.com

**Charles Burton Paterson**
cpaterson@balch.com
bleveille@balch.com
**Attorneys for AmSouth Bank**

s/Samuel S. McHard