IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| **JAMES E. CROUCH** | **PLAINTIFF** |
| VS. | CIVIL ACTION NO. 2:06-CV-00111-MEF |
| **AMSOUTH BANK, INA SUE CROUCH, AMSOUTH INVESTMENT SERVICES, INC., LINCOLN NATIONAL LIFE INSURANCE COMPANY, and JOHN and JANE DOES 3-10** | **DEFENDANTS** |

**PLAINTIFF'S RESPONSE TO AMSOUTH AND AMSOUTH INVESTMENT SERVICES, INC.'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE WITH SUPPORTING AUTHORITY**

COMES NOW, the Plaintiff, James E. Crouch ("Plaintiff"), and files his Response to AmSouth and AmSouth Investment Services, Inc.'s Motion *In Limine* to Exclude Evidence with Supporting Authority. In support thereof, Plaintiff states:

**Category I**

Plaintiff fails to understand the intent of AmSouth's "Category I" argument. Essentially, AmSouth argues that the Plaintiff should be barred from introducing any evidence which would conflict with stipulation (h) in the Pretrial Order. Stipulation (h) states: "Ina Sue Crouch signed her name and James Earl Crouch's name on the April 4, 2000, Annuity Service Request form."[1]

The only parties that have taken contrary positions in this litigation are the Defendants. Initially, AmSouth asserted through its Court filings, and through the Declaration of its agent Ronda Robinson, that James Earl Crouch had signed his own name to the change of beneficiary form. (*See* ECF 21) ("she witnessed the signature of the deceased"). Ronda Robinson states, under penalty of

---

[1] This has also been referred to by the parties as the change of beneficiary form.

perjury, "I later assisted the Crouchs [sic] in completing certain documentation ***signed by them*** for the change of beneficiary." (ECF 15, ex. 2). In 2002, when asked if she had ever signed Mr. Crouch's name to any document, Ina Sue Crouch stated: "Unh-unh. Unh-Unh. Never. Mr. Crouch was always able to sign his own name whenever we done business. No, I've never signed his name to nothing." (Exhibit 1, Jan. 22, 2002, Deposition of Ina Sue Crouch, pp 74-75). When asked multiple times whether the beneficiary on the Lincoln Life Insurance Company Annuity had been changed, Ina Sue Crouch stated, "Never." (*Id.* at 93).

The Plaintiff's position in this litigation has not changed. First, the Plaintiff struggled to get any documents surrounding the Annuity from AmSouth. Finally, after much judicial wrangling, some of the pertinent documents were produced, including the change of beneficiary form, which was clearly not signed by James Earl Crouch. From the instant the Plaintiff had access to that document, his position has been that the signature was a forgery.

Thus, the Plaintiff is left wondering what is the point of the AmSouth's Motion in Limine. The only plausible explanation is that AmSouth seeks to exclude their own prior statements, and the statements of Ina Sue Crouch. However, the Plaintiff certainly has no plans to attempt to prove that anyone other than Ina Sue Crouch signed James Earl Crouch's name. But, the Plaintiff does reserve the right to impeach witnesses with prior statements.

**Category II**

Likewise, the purpose and intent of AmSouth's second Motion in Limine is unclear. Under AmSouth's logic, if all statements of James Earl Crouch are to excluded, or prohibited from mention, then the Defendants have no case. The Defendants' entire case is based on an alleged out of court statement of James Earl Crouch to Ina Sue Crouch. Stated differently, for the Defendant's to prevail,

2

the alleged out of court statement of James Earl Crouch instructing Sue Crouch to sign his name must be admitted. Further, as explained in the Plaintiff's Memorandum in Support of Motions in Limine, the Defendants bear the burden of proof to establish the alleged principal and agent relationship of James Earl Crouch and Ina Sue Crouch. If the Defendants' only exculpatory evidence is barred under F.R.E. 802, they cannot prevail.

The apparent logic behind AmSouth's second Motion in Limine is to bar the Plaintiff from introducing any statements of James Earl Crouch, while basing their entire case on a hearsay statement. Further, the Court should note that the Defendants' hearsay statements of James Earl Crouch are ripe for the deadman statute exclusion, were it still the law in Alabama.

Thus, it is the Plaintiff's position that if no statement of James Earl Crouch is admissible by any party, the Plaintiff will so stipulate. However, if AmSouth is arguing that *only* the Plaintiff is barred from introducing statements of James Earl Crouch, Plaintiff certainly disputes such a lop-sided argument. Rule 802 is subject to at least 24 exceptions in F.R.E. 804, not to mention Rule 804, 807, and common law exceptions. AmSouth has not specifically addressed any proposed statements of James Earl Crouch which it objects to. Thus, the Court should either deny AmSouth's second Motion in Limine and take hearsay objections as they come, or bar all parties from any introduction or mention of any out of Court statement of James Earl Crouch.

WHEREFORE, PREMISES CONSIDERED, Plaintiff James E. Crouch respectfully requests the Court deny AmSouth's Motion *In Limine*.

This the 20$^h$ day of September, 2007.

                                               Respectfully submitted,
                                               JAMES R. CROUCH

By:  s/ Samuel S. McHard
Samuel S. McHard, MS Bar No. 100295
*pro hac vice*

McHard & Associates, PLLC
32 Milbranch Road, Suite 50
Hattiesburg, MS 39402
T: 601-450-1715
F: 601-450-1719
SmcHard@McHardLaw.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on September 20th, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

**Glenda Wingard Hughes**
gwhughes@elmore.rr.com
**Attorney for Ina Sue Crouch**

**Paul J. Delcambre, Jr.**
pdelcambre@balch.com
lhale@balch.com

**Joseph Seawell Moore**
jsmoore@balch.com
dharris@balch.com

**Charles Burton Paterson**
cpaterson@balch.com
bleveille@balch.com
**Attorneys for AmSouth Bank**

s/Samuel S. McHard

4

Case 2:06-cv-00111-MHT-CSC    Filed 09/20/2007    Page 5 of 5