IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES E. CROUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | 2:06-cv-00111-MEF |
| AMSOUTH BANK, INA SUE CROUCH ) | |
| and JOHN and JANE DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**AMSOUTH BANK AND AMSOUTH INVESTMENT SERVICES, INC.'S
MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE***

Defendants AmSouth Bank and AmSouth Investment Services, Inc. (collectively "AmSouth") oppose plaintiff's Motions in Limine (Document # 128, 145), which seek that the Court make three evidentiary rulings. Each will be addressed below *ad seriatim*.

**I.   Plaintiff's First Motion in Limine.**

Plaintiff contends that evidence of "[a]ssets and/or source of income that Ina Sue Crouch intended to live off when James Earl Crouch died are irrelevant and inadmissible." Plaintiff further contends that "Ina Sue Crouch's wealth at any period before the trial, or after trial, is not relevant and is merely an attempt to prejudice the jury and to influence passion prejudice and sympathy for Ina Sue Crouch." Plaintiff's position is without merit.

First, the "assets and/or source of income" that Ina Sue Crouch intended live on when her husband died is relevant to a full understanding of this case. Plaintiff's father, James Earl Crouch, deceased, and plaintiff's mother, Sue Crouch (collectively the "Crouches"), purchased the Annuity with jointly held funds and were the joint owners of the Annuity. The Crouches intended that the Annuity funds be used to take care of Ina Sue Crouch and her husband in

retirement. The evidence of the monies that Ina Sue Crouch intended to live off of is extremely relevant in this case and goes directly to the Crouches intent in purchasing the Annuity and making Ina Sue Crouch the primary beneficiary of the Annuity.

Second, as this case is set for non-jury trial before this honorable Court, there is clearly no risk or danger whatsoever of prejudicing a jury. Accordingly, Plaintiff's first motion in limine should be denied.

## II.    Plaintiff's Second Motion in Limine.

Plaintiff next contends that evidence to show "Ina Sue Crouch executed the signature of James Earl Crouch on the purported April 4, 2004, change of beneficiary form (annuity service request) pursuant to the request, direction, authorization, or license of James Earl Crouch is inadmissible because it relates solely to an affirmative defense which was never pled by Defendants." Plaintiff's contention is completely without merit.

Plaintiff has presented no controlling caselaw or rule that the authority of Ina Sue Crouch to sign the annuity service request for her husband should have been plead as an affirmative defense. Even assuming that Ina Sue Crouch receiving authority from her husband to sign his name was an affirmative defense, this Court has held that late notice of an affirmative defense does not result in waiver, absent a showing of prejudice, when "defendants provided [plaintiff] notice of [defendant's affirmative defense] when they moved for summary judgment, which gave [plaintiff] an opportunity to rebut the defense in his opposition brief." *Hartwell v. City of Montgomery*, 487 F. Supp. 2d 1313, 1329 (M.D. Ala. 2007); *see also Grant v. Preferred Research, Inc.*, 885 F.2d 795, 797-98 (11th Cir. 1989) (court did not consider an affirmative defense waived for failure to plead under Rule 8(c) when defendant asserted the defense in a summary judgment a month before trial and as a result plaintiff was fully aware of defendants

intent to use such a defense and there was no showing of prejudice); *see also Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 612 (4th Cir. 1999) (unpleaded affirmative defense not waived if raised in dispositive pretrial motion and prejudice and unfair surprise are absent); *see also Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993) (affirmative defense may be raised for first time in motion for summary judgment in absence of prejudice). In the present case and assuming that waiver of an affirmative defense is even at issue, Plaintiff has been on notice of AmSouth's intent to assert Ina Sue Crouch's authority to sign her husband's name on the annuity service request form since AmSouth filed Memorandum of Facts and Law in Support of Its Motion for Summary Judgment (Document # 38) on March 6, 2006, over a year and a half from the date of this filing. Plaintiff has not and cannot put forth a showing that it would be prejudiced or was unaware of AmSouth's position. As such, Plaintiff's second motion in limine should be denied.

**III.    Plaintiff's Third Motion in Limine.**

Plaintiff finally contends that evidence to relating to the "certified" annuity contract between Lincoln National Life Insurance Company and James Earl Crouch and Ina Sue Crouch should be excluded from evidence. Plaintiffs reasons for excluding the "certified" annuity contract are without merit and based on a misunderstanding of facts.

Plaintiff's reasons set forth in subparts (a), (b) and (c) of his third motion in limine, all of which deal with AmSouth's failure to produce the annuity contract, are incorrect because AmSouth was not in possession of the annuity contract so as to produce the Annuity to Plaintiff. Plaintiff received the "certified" annuity contract from Lincoln National Life Insurance Company ("Lincoln"), who had been in possession of the Annuity contract since the beginning

intent to use such a defense and there was no showing of prejudice); *see also Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 612 (4th Cir. 1999) (unpleaded affirmative defense not waived if raised in dispositive pretrial motion and prejudice and unfair surprise are absent); *see also Camarillo v. McCarthy*, 998 F.2d 638, 639 (9th Cir. 1993) (affirmative defense may be raised for first time in motion for summary judgment in absence of prejudice). In the present case and assuming that waiver of an affirmative defense is even at issue, Plaintiff has been on notice of AmSouth's intent to assert Ina Sue Crouch's authority to sign her husband's name on the annuity service request form since AmSouth filed Memorandum of Facts and Law in Support of Its Motion for Summary Judgment (Document # 38) on March 6, 2006, over a year and a half from the date of this filing. Plaintiff has not and cannot put forth a showing that it would be prejudiced or was unaware of AmSouth's position. As such, Plaintiff's second motion in limine should be denied.

**III.    Plaintiff's Third Motion in Limine.**

Plaintiff finally contends that evidence to relating to the "certified" annuity contract between Lincoln National Life Insurance Company and James Earl Crouch and Ina Sue Crouch should be excluded from evidence. Plaintiffs reasons for excluding the "certified" annuity contract are without merit and based on a misunderstanding of facts.

Plaintiff's reasons set forth in subparts (a), (b) and (c) of his third motion in limine, all of which deal with AmSouth's failure to produce the annuity contract, are incorrect because AmSouth was not in possession of the annuity contract so as to produce the Annuity to Plaintiff. Plaintiff received the "certified" annuity contract from Lincoln National Life Insurance Company ("Lincoln"), who had been in possession of the Annuity contract since the beginning

of the litigation, during the course of discovery process. As such, Plaintiff's third motion in limine should also be denied.

## III. Conclusion

Based on the foregoing arguments and authorities, AmSouth respectfully urges the Court to deny the Plaintiff's motions in limine.

Respectfully submitted this 21st day of September, 2007.

/s/ Joseph Seawell Moore
One of the Attorneys for Defendants AmSouth Bank and AIS, Inc.

**OF COUNSEL:**

Charles B. Paterson (ASB-1542-R73C)
Joseph Seawell Moore (ASB-9146-O77M)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
cpaterson@balch.com
jsmoore@balch.com

Paul J. Delcambre, Jr.
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228)864-9900
Facsimile: (228) 864-8221
pdelcambre@balch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following:

Glenn L. White, Esquire
Holmes & White, PLLC
601 Highway 42 E
P.O. Box 672
Petal, Mississippi 39465

*Attorney for James E Crouch*

Samuel S. McHard, Esq.
Bryan Nelson Randolph PA
P.O. Box 18109
Hattiesburg, Mississippi 39404

*Attorney for James E. Crouch*

Mitchell D. Greggs, Esq.
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200

*Attorney for Lincoln National Life Insurance Company*

Carol Ann Estes Bustin
Bustin Law Firm
109 Fairfield Drive, Suite 109
Hattiesburg, Mississippi 39402

*Attorney for Ina Sue Crouch*

Glenda W. Hughes, Esq.
103-B Commerce Street
Wetumpka, Alabama 36092

*Attorney for Ina Sue Crouch*


/s/ Joseph Seawell Moore
Of Counsel

185292.1

5