IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES E. CROUCH,

    Plaintiff,

v().

    Case No.
    2:06-cv-00111-MEF

AMSOUTH BANK, INSUE SUE CROUCH,
AND JOHN and JAME DOES 1-10,

    Defendants.

### INA SUE CROUCH'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTIONS *IN LIMINE*

**COMES NOW** Ina Sue Crouch and opposes the plaintiff's Motions in Limine, Document #s 128 and 145, and would show unto this Honorable Court the following:

### I. Plaintiff's First Motion in Limine

The plaintiff contends that the assets, income on which Defendant Crouch lives, as well as her wealth before and after the trial, are irrelevant and inadmissible. The assets, income and wealth prior to and after the trial are definitely relevant, should the defense attorneys desire to use same at the trial. Ina Sue Crouch and her deceased husband, James Earl Crouch, worked many, many years saving money as security for their retired years. The couple had yard sales, purchased older homes, repaired those homes for rental property, and later sold those houses. Also, Ina Sue Crouch cut coupons from newspapers to save money on groceries. They were very frugal with their money. Athough the couple gave the plaintiff over $100,000.00 at one time, not to mention all the other times they helped their son with his finances, Ina Sue Crouch still lives in a modest

mobile home, while the plaintiff resides in a fairly large brick home. In order to save on taxes and to obtain a higher yield on their money, James Earl Crouch and Ina Sue Crouch went to the bank together as they usually did when transacting business and purchased the annuity. They intended for the annuity to be setup as they had always had their certificate of deposits executed, i.e., joint tenancy with rights of survivorship (JTROS). However, there was no designation as JTROS on the annuity form and due to a mistake made at the time of document preparation by a bank employee, the plaintiff was named as primary beneficiary. When the couple learned of the mistake and not realizing the importance of the error, a few months later they went to AmSouth Bank to change the primary beneficiary to Ina Sue Crouch with their plaintiff/son as contingent beneficiary as they had originally intended. In fact, a bank document reflects that the beneficiary designation was not as the couple had intended. The $250,000.00 annuity plus the interest is a large portion of Ina Sue Crouch's estate, and turning over the annuity plus interest as the plaintiff asserts he is due, would reduce the assets of Ina Sue Crouch considerably.

Thus, the plaintiff's first motion in limine should be denied.

## II. Plaintiff's Second Motion in Limine

Plaintiff James Edward Crouch contends that "Any testimony or exhibit attempting to show that Ina Sue Crouch executed the signature of James Earl Crouch on the purported April 4, 2004, change of beneficiary form (annuity service request) pursuant to the request, direction, authorization, or license of James Earl Crouch is inadmissible because it relates solely to an affirmative defense which was never pled by Defendants." The motion is completely without merit.

The contention by the plaintiff is without code or case law in which an affirmative defense should be plead. In the event, however, one would want to argue the point of affirmative defense, the federal court held that late notice of the affirmative defense does not result in waiver of same. The defendants provided the plaintiff ample notice of the affirmative defense when the defendants filed their motions for summary judgment, and the plaintiff certainly had time to rebut this issue. The following cases illustrate that the court did not consider the affirmative defense waived for failure to plead under Rule 8 (c) when the defense was asserted in the summary judgment, and the plaintiff was aware of the defense without prejudice: *Hartwell v. City of Montgomery,* 487 F. Supp. 2d 1313, 1329 (M.D. Ala. 2007); *Grant v. Preferred research, Inc.,* 885 F2d 795, 797-98 (11th Cir. 1989); *Brinkley v. Harbour Recreation Club,* 180 F.3d 598, 612 (4th Cir. 1999); and *Camarillo v. McCarthy,* 998 F.2d 638, 639 (9th Cir. 1993).

The plaintiff has not shown that he would be harmed or prejudiced in any way or that he was unaware of the defendants' positions regarding this matter. Thus, the plaintiff's second motion in limine should be denied.

### III. Plaintiff's Third Motion in Limine

James Edward Crouch asserts that the contract for the annuity between Lincoln National Life Insurance Company and James Earl Crouch and Ina Sue Crouch should be inadmissible because the contract was not produced, no witnesses have been identified to testify regarding the authenticity of the contract, and AmSouth Bank and Ina Sue Crouch represented that the contract consisted of the application and the data sheet. The plaintiff's assertions are without merit, along with the rest of this case, because Lincoln National Life Insurance Company provided the plaintiff with a certified contract for the

annuity. AmSouth Bank and Ina Sue Crouch provided all the documents they had regarding the contract and never made any false representations regarding this matter or any other matter pertaining to this case.

Hence, the plaintiff's third motion in limine should be denied.

## IV. Conclusion

With the above arguments and case law, Ina Sue Crouch, respectfully requests that this Honorable Court deny all the plaintiff's motions in limine. The plaintiff has no documentation to support his claims--only hearsay.

**RESPECTFULLY** submitted this 28th day of August 2007.

/s/ Glenda W. Hughes
Co-counsel for Ina Sue Crouch

**OF COUNSEL**:
Jacqueline E. Austin
Attorney at Law
108 Court Street
Wetumpka, AL 36092
Telephone: (334) 567-4874
Facsimile: (334) 567-0210

Glenda W. Hughes
Attorney at Law
2305 Mt. Hebron Road
Eclectic, AL 36024
Telephone: (334) 541-3795
Facsimile: (334) 567-0210

## CERTIFICATE OF SERVICE

I certify that on the 27th day of September 2007, I electronically filed the foregoing with the Clerk of the Court using EC/ECF system which will send notification of such filing and/or that a copy of the foregoing has been served upon the following by United States Mail, properly addressed and postage prepaid to the following:

**Attorney for James E. Crouch**

Samuel S. McHard, Esq.
Joseph Tullos, Esq.
Bryan Nelson Randolph, PA
P. O. Box 18109
Hattiesburg, MS 39404

**Attorneys for AmSouth**

Charles B Paterson, Esq.
Joseph Seawell Moore, Esq.
BALCH & BINGHAM
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549

/s/ Glenda W. Hughes
Of Counsel