IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **JAMES E. CROUCH**, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**AMSOUTH BANK, INA SUE CROUCH** )<br>**and JOHN and JANE DOES 1-10,** )<br>)<br>Defendants. ) | Case No.<br>2:06-cv-00111-MEF |

**BRIEF IN SUPPORT OF AMSOUTH BANK AND AMSOUTH
INVESTMENT SERVICES, INC.'S MOTION *IN LIMINE* TO
EXCLUDE EVIDENCE WITH SUPPORTING AUTHORITY**

Defendants AmSouth Bank and AmSouth Investment Services, Inc. (collectively "AmSouth") respectfully submits this brief in support of AmSouth's motion *in limine* (Doc. # 151) and says as follows:

**I.   Plaintiff should be precluded from offering any evidence attempting to contradict and/or impeach the stipulated facts as set forth in this Court's Order on Pretrial Hearing ("Pretrial Order") (Doc. # 146).**

AmSouth anticipates that Plaintiff or his witnesses will attempt to offer testimony, prior depositions or affidavits, or other evidence contrary to the "Stipulations By and Between the Parties" as set for in this Court's Pretrial Order.  In particular, AmSouth suspects that the Plaintiff may attempt to introduce evidence contrary to stipulation (h) in the Pretrial Order. *Federal Rule of Civil Procedure* 16(c)(3), provides the actions that a Court may take at a pretrial conference and states, in pertinent:

(c) … At any conference under this rule consideration may be given, and the court may take appropriate action, with respect to

185788.1

(3) the possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof, stipulations regarding the authenticity of documents, and advance rulings from the court on the admissibility of evidence.

Rule 16(e) of the *Federal Rules of Civil Procedure* notes the effect of a pretrial order entered by the Court stating that "…[t]his order shall control the subsequent course of the action…" and "[t]he order following the pretrial conference shall be modified only to prevent manifest injustice." A stipulation of fact entered into by the parties is controlling and conclusive, resolving any factual issue in accordance with its contents. *See Downs v. American Employers Insurance Co.*, 423 F.2d 1160, 1164-65 (5th Cir. 1970) (The 5th Circuit reversed the District Court stating that "[w]e cannot agree with the District Judge that a party may be cross-examined concerning matters stipulated by him for the purpose of discrediting him in the eyes of the jury... [w]e believe that the policy of the law encouraging stipulations would be ill-served by permitting counsel to cross-examine an opposing party concerning the minutiae of a stipulated matter for the purpose of testing veracity…[o]nce a matter is stipulated, it should then be laid to rest and should not be inquired into further unless the stipulation is vacated by consent or set aside by the court."). It is well settled that stipulations entered into voluntarily are not to be set aside or modified except under exceptional circumstances. *Del Rio Distributing v. Adolph Coors Co.*, 589 F.2d 176, 178 (5th Cir. 1979); *Fairway Construction Co. v. Allstate Modernization, Inc.*, 495 F.2d 1077, 1079 (6th Cir. 1974) (per curiam ); *Fenix v. Finch*, 436 F.2d 831, 837 (8th Cir. 1971). Any offer of evidence contrary to stipulations would be an unauthorized attempt to modify this Court's Pretrial Order. Accordingly, Plaintiff should be precluded from presenting any evidence that attempts to contradict or impeach the stipulations of fact as set forth in the Court's Pretrial Order.

**II.     Plaintiff should be precluded from offering any evidence attempting to introduce statements allegedly made by James Earl Crouch, deceased.**

AmSouth anticipates that Plaintiff or his witnesses will attempt to offer testimony, prior depositions or affidavits, or other evidence of statements made by James Earl Crouch, deceased. In particular, AmSouth anticipates that Plaintiff will attempt to introduce this hearsay testimony through Plaintiff's wife, Teresa Crouch and Plaintiff's half-sister, Brenda Cobb. Such testimony from Teresa Crouch and Brenda Cobb is clearly inadmissible hearsay testimony and should be excluded pursuant to *Federal Rules of Evidence* 802.

## Conclusion

Based on the foregoing arguments and authorities, AmSouth respectfully urges the Court to exclude all evidence falling into the categories described in AmSouth's motion *in limine*.

Respectfully submitted this 27th day of September, 2007.

/s/ Joseph Seawell Moore
One of the Attorneys for Defendants AmSouth Bank and AIS, Inc.

**OF COUNSEL:**

Charles B. Paterson (ASB-1542-R73C)
Joseph Seawell Moore (ASB-9146-O77M)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
cpaterson@balch.com

185788.1                                                    3

jsmoore@balch.com


Paul J. Delcambre, Jr.
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone:  (228)864-9900
Facsimile:  (228) 864-8221
pdelcambre@balch.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following:

Glenn L. White, Esquire
Holmes & White, PLLC
601 Highway 42 E
P.O. Box 672
Petal, Mississippi 39465

*Attorney for James E Crouch*

Samuel S. McHard, Esq.
Bryan Nelson Randolph PA
P.O. Box 18109
Hattiesburg, Mississippi 39404

*Attorney for James E. Crouch*

Mitchell D. Greggs, Esq.
Lightfoot, Franklin & White, L.L.C.
The Clark Building
400 North 20th Street
Birmingham, Alabama 35203-3200

*Attorney for Lincoln National Life Insurance Company*

Carol Ann Estes Bustin
Bustin Law Firm
109 Fairfield Drive, Suite 109
Hattiesburg, Mississippi 39402

*Attorney for Ina Sue Crouch*

Glenda W. Hughes, Esq.
103-B Commerce Street
Wetumpka, Alabama 36092

*Attorney for Ina Sue Crouch*

/s/ Joseph Seawell Moore
Of Counsel

185788.1

5