IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA

JAMES E. CROUCH                                                                              PLAINTIFF

VS.                                                              CIVIL ACTION NO. 2:06-CV-00111-MEF

AMSOUTH BANK, INA SUE                                                                  DEFENDANTS
CROUCH, AMSOUTH INVESTMENT
SERVICES, INC., LINCOLN
NATIONAL LIFE INSURANCE
COMPANY, and
JOHN and JANE DOES 3-10

**RESPONSE TO AMSOUTH'S BRIEF IN SUPPORT OF AMSOUTH BANK AND
AMSOUTH INVESTMENT SERVICES, INC.'S OBJECTIONS TO PLAINTIFF JAMES
E CROUCH'S EXHIBITS**

COMES NOW, the Plaintiff, James E. Crouch (hereinafter "Plaintiff"), and files this his Response to AmSouth's Brief in Support of AmSouth Bank and AmSouth Investment Services, Inc.'s Objections to Plaintiff James E. Crouch's Exhibits:

**I.     The document noted in AmSouth's category I are relevant.**

1. AmSouth claims that the cancelled checks of James E. Crouch and Ina Sue Crouch (Exhibit 29) are not admissible because they are irrelevant. Though unnecessary, the Plaintiff must reiterate that this is a forgery case.

2. In a case in which forgery is *the issue*, in which one of the Defendants stated that she never signed the deceased's, James Earl Crouch, name to a single document, for the Defendants to say that signed checks are not relevant is simply ludicrous.

3. Therefore, the Court should certainly deny AmSouth's objection to Plaintiff's exhibit 29.

4. Additionally, AmSouth contends that the Complaint for Discovery and the Lincoln National Exhibit are not relevant. Plaintiffs Exhibits 24 and 29 are certainly relevant because the Plaintiff has sought resolution of this matter for over five (5) years. Only

after five years of litigation have the Defendants finally produced what they claim to be the annuity contract. Yet, after five years, the allegedly "certified" annuity contract is still not verified by live witness testimony. These documents are relevant to show the strategy shift of the Defendants, as well as to the veracity of any claims the Defendants make based on the purported certified annuity contract.

**II.   Plaintiff's Exhibits 3, 18, and 19 are classic party admissions.**

5. AmSouth completely skips Federal Rule of Evidence 801 and relies, fruitlessly, on F.R.E. 802. Rule 801(d)(2) provides that the following statements are not hearsay. "The statement is offered against a party and is (A) the party's own statement, in either an individual or representative capacity or (B) a statement of which the party has manifested an adoption or belief in its truth, or (C) a statement by a person authorized by the party to make a statement concerning the subject, or (D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (E) a statement by a coconspirator of a party during the court and in furtherance of a conspiracy." F.R.E. 801(d)(2)

6. As Rule 801(d) states, these statements are not hearsay. Ina Sue Crouch is a party, Ronda Robinson is/was an agent of a party acting within the scope of her agency, AmSouth has stipulated to such.

7. Therefore, AmSouth's objections are without any merit.

**III.   The Depositions of Ina Sue Crouch and Ronda Robinson are admissible under Fed. R. Civ. P. 32.**

8. It is clear that the depositions of Ina Sue Crouch and Ronda Robinson are admissible pursuant to Rule 32.

9.  Rule 32 provides that a deposition may be used against a party on condition that the party was:

    a.  represented at the taking of the deposition

    b.  It would be admissible under the Federal Rules of Evidence (note F.R.E. 801(d) discussed above);

    c.  The is allowed by Rule 32(a)(2) through (8).

10. The depositions at issue are certainly admissible under Rule 32(a)(2), which allows depositions to be used to "contradict or impeach the testimony given by the deponent as a witness, or for any other purpose allowed by the Federal Rules of Evidence."

11. These depositions are admissible to "contradict or impeach" *and* they are admissible as admissions of a party opponent. See F.R.E. 801(d). Ergo, Plaintiff's Exhibits 5,25, and 26 are admissible pursuant to Fed. R. Civ. P. 32.

WHEREFORE, PREMISES CONSIDEREED, the Court should deny AmSouth Bank and AmSouth Investment Services, Inc.'s Objections to Plaintiff James E. Crouch's Exhibits

Respectfully submitted this the 27th day of September, 2007.

                                        JAMES E. CROUCH, PLAINTIFF


                                        BY:   s/ Samuel S. McHard
                                              SAMUEL S. MCHARD


McHard & Associates, PLLC
32 Milbranch Road, Suite 50
Hattiesburg, MS 39402
T: 601-450-1715
F: 601-450-1719
SmcHard@McHardLaw.com

**CERTIFICATE OF SERVICE**

I do hereby certify that on September 27th, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

**Glenda Wingard Hughes**
gwhughes@elmore.rr.com

**Jacqueline E. Austin**
bamahoops@aol.com
**Attorneys for Ina Sue Crouch**

**Joseph Seawell Moore**
jsmoore@balch.com
dharris@balch.com

**Charles Burton Paterson**
cpaterson@balch.com
bleveille@balch.com
**Attorneys for AmSouth Bank**

                                    s/Samuel S. McHard