IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES E. CROUCH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | 2:06-cv-00111-MEF |
| AMSOUTH BANK, INA SUE CROUCH ) | |
| and JOHN and JANE DOES 1-10, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT AMSOUTH BANK AND AMSOUTH INVESTMENT SERVICES, INC.'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

**1. INTRODUCTION**

Plaintiff James Edward Crouch ("Crouch") alleges that he is the rightful beneficiary to the proceeds of an annuity contract purchased by his deceased father James Earl Crouch ("Father") and his mother Ina Sue Crouch ("Mother") as joint owners.  It is undisputed that the annuity, as originally issued on May 7, 1998 by Lincoln National Life Insurance Company ("Lincoln"), names him as primary beneficiary.  However, it is also undisputed that the subsequently executed April 4, 2000 Annuity Service Request form changed the beneficiaries and names his Mother, Ina Sue Crouch as primary beneficiary and him as contingent beneficiary. Crouch further acknowledges and stipulates as fact that the April 4, 2000 Service Annuity Request form was signed by his Mother as a joint owner and that she signed his Father's name as the other joint owner on the April 4, 2000 Annuity Service Request form.  Crouch contends that his Father's signature on the change of beneficiary form was a forgery and attacks the validity of the April 4, 2000 Annuity Service Request form which made him a contingent beneficiary instead of a primary beneficiary.

185874.4

Crouch attacks the validity of the change in beneficiary under the annuity by alleging a variety of state law causes of actions against remaining Defendants AmSouth Bank, AmSouth Investment Services and Ina Sue Crouch.  The Defendants deny any liability to Crouch and contend that the proceeds of the annuity in question were properly paid by Lincoln to Ina Sue Crouch upon the death of James Earl Crouch.

This cause came before the Court for trial on October 4, 2007 and for the reasons discussed below, the claims of the Plaintiff Crouch against all of the Defendants are due to be denied.

## 2. JURISDICTION

The Court has diversity subject matter jurisdiction over this case pursuant to 28 USC § 1332.  The parties do not contest personal jurisdiction and venue and the Court finds adequate allegations and evidence in support of both.

## 3. FACTS AND PROCEDURAL HISTORY

Pursuant to prior Order of this Court dated August 14, 2007, former Defendant and issuer of the annuity in question, Lincoln was dismissed on Motion for Summary Judgment.  Summary Judgment was denied as to the remaining Defendants as the Court found that there was a genuine issue of material fact as to the circumstances under which the change of beneficiary form was signed.  The Court's findings were based upon now irrelevant comments attributed to Defendant Ina Sue Crouch.  Since the time Lincoln was dismissed from the case, the parties have stipulated as fact that Ina Sue Crouch signed her name and James Earl Crouch's name on the April 4, 2000 Annuity Service Request form.  Accordingly, the dispositive issue in this case is whether the signature of James Earl Crouch on the change of beneficiary form is a forgery or is it his valid signature affixed by Ina Sue Crouch at his request and in his presence.  Based upon the testimony

presented to the Court, the Court finds that there is no reasonable dispute as to how the Annuity Service Request form became executed by the joint owners and there is no question regarding the validity of the form changing the primary beneficiary to Ina Sue Crouch under the annuity.

The Court finds, based upon the stipulations of the parties and the uncontroverted evidence presented at trial, that the Annuity Service Request form dated April 4, 2000 was signed by Ina Sue Crouch as a joint owner and, because James Earl Crouch had forgotten his reading glasses, Ina Sue Crouch signed the name of her husband, James Earl Crouch, at his request and in his presence. Both signatures were affixed to the Annuity Service Request form in the presence of Ronda Robinson who also signed the form as a witness to both signatures. Following such executions, Robinson then sent the Annuity Service Request form to Lincoln which in turn sent James Earl Crouch, Ina Sue Crouch and Ronda Robinson notices confirming the beneficiary change.

Following the death of James Earl Crouch on February 14, 2001, Robinson assisted Ina Sue Crouch in filing the appropriate forms with Lincoln requesting a cancellation of the annuity contract and a single sum distribution. On March 22, 2001, Lincoln properly issued a check payable to Ina Sue Crouch as primary beneficiary in the amount of $290,487.96. The Court finds that Plaintiff Crouch has no interest in or valid claim to said proceeds.

### 4. DISCUSSION

The claims against AmSouth, AmSouth Investment Services and Ina Sue Crouch all seek to recover the annuity proceeds paid to Ina Sue Crouch plus interest and are brought as state common law actions for fraud, negligence, tortions interference with a contract, breach of contract and a claim for specific performance. The thrust of all the Plaintiff's claims is to invalidate the April 4, 2000 amendment to the annuity which changed the primary beneficiary

from the Plaintiff to his Mother, Ina Sue Crouch.  All of Plaintiff's claims rest upon the primary contention that the Defendants forged his Father's name on the Annuity Service Request form.

In light of the undisputed evidence that Ina Sue Crouch signed her name as a joint owner and then signed her husband's name as a joint owner at his request and in his presence and the presence of Ronda Robinson, there can be no doubt that the Annuity Service Request form was valid and binding as a matter of law.  It has long been the law in Alabama that a person "may affix his signature by a hand of another, the subscription being made in his presence and at his direction, however capable he may be mentally and physically at the time of writing his own name." *Middlebrooks v. Barefoot,* 25 So. 102, 103 (Ala. 1899).  This was recognized by the Court in its Order dismissing Lincoln as a Defendant as follows:  "The law is clear and well-established in Alabama that it would be proper for Ina Sue to sign James Earl's name on his behalf and at his direction. *See, e.g., Hamilton v. Adams,* 108 So. 1, 1 (1926)."  The Court further finds that the Plaintiff was validly removed by Lincoln as the primary beneficiary under the annuity and, the proceeds of the annuity were properly paid to Ina Sue Crouch.  Plaintiff's various common law actions also collectively fall with the Plaintiff's contention that the signature of James Earl Crouch on the change of beneficiary form was a forgery.  More specifically, the Plaintiff has failed to establish any of the basic requisite elements to establish the Plaintiff's common law claims under Alabama law.  Likewise, the Plaintiff has established no facts which would support a valid claim for any type of specific performance.

## 5. CONCLUSION

1. All of the claims of the Plaintiff James E. Crouch should be rejected and denied and the Plaintiff should have no recovery against any of the Defendants AmSouth Bank, AmSouth Investment Services or Ina Sue Crouch.

2. Judgment should be entered in favor of the Defendants AmSouth Bank, AmSouth Investment Services and Ina Sue Crouch.

3. This case should be dismissed with prejudice and with costs taxed against the Plaintiff for which let execution issue.

Respectfully submitted this 28th day of September, 2007.

/s/ Joseph Seawell Moore
One of the Attorneys for Defendants AmSouth Bank and AIS, Inc.

**OF COUNSEL:**

Charles B. Paterson (ASB-1542-R73C)
Joseph Seawell Moore (ASB-9146-O77M)
BALCH & BINGHAM LLP
105 Tallapoosa Street, Suite 200
Montgomery, AL 36104-2549
Telephone: (334) 834-6500
Facsimile: (334) 269-3115
cpaterson@balch.com
jsmoore@balch.com

Paul J. Delcambre, Jr.
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228)864-9900
Facsimile: (228) 864-8221
pdelcambre@balch.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and service will be perfected upon the following:

| | |
|---|---|
| Glenn L. White, Esquire<br>Holmes & White, PLLC<br>601 Highway 42 E<br>P.O. Box 672<br>Petal, Mississippi 39465<br><br>*Attorney for James E Crouch* | Carol Ann Estes Bustin<br>Bustin Law Firm<br>109 Fairfield Drive, Suite 109<br>Hattiesburg, Mississippi 39402<br><br>*Attorney for Ina Sue Crouch* |
| Samuel S. McHard, Esq.<br>Bryan Nelson Randolph PA<br>P.O. Box 18109<br>Hattiesburg, Mississippi 39404<br><br>*Attorney for James E. Crouch* | Glenda W. Hughes, Esq.<br>103-B Commerce Street<br>Wetumpka, Alabama 36092<br><br>*Attorney for Ina Sue Crouch* |
| Mitchell D. Greggs, Esq.<br>Lightfoot, Franklin & White, L.L.C.<br>The Clark Building<br>400 North 20th Street<br>Birmingham, Alabama 35203-3200<br><br>*Attorney for Lincoln National Life Insurance Company* | |

on this the 28th day of September, 2007

/s/ Joseph Seawell Moore
Of Counsel