# B&B

**BALCH & BINGHAM LLP**

Alabama • Georgia • Mississippi • Washington, DC

Joseph Seawell Moore
(334) 956-8123

Attorneys and Counselors
105 Tallapoosa Street, Suite 200
P.O. Box 78 (36101-0078)
Montgomery, Alabama 36104-3515
(334) 834-6500
(334) 269-3115 Fax
www.balch.com

(866) 771-3270 (direct fax)
jsmoore@balch.com

September 27, 2007

**BY EMAIL**

Samuel McHard, Esq.
McHard & Associates, P.L.L.C.
223 West Canebrake Blvd.
Hattiesburg, MS 39402

Re: *James E. Crouch v. AmSouth Bank, Ina Sue Crouch and John and Jane Does 1-10*
Civil Action No. 2:06-cv-00111-MEF

Dear Sam:

I am in receipt of your letter dated September 27, 2007 with the settlement counteroffer of $145,000.00 to settle all claims and causes of action against all defendants. This counteroffer is not acceptable and I have been authorized to offer collectively $30,000.00 as a final offer to settle all claims and causes of actions in this matter. Please advise me accordingly.

Sincerely,

Joseph Seawell Moore

JSM:bl




| | |
|---|---|
| **From:** | Sam McHard |
| **To:** | "Moore, Joe S."; "cpaterson@balch.com"; "gwhughes@elmore.rr.com"; "bamahoops@aol.com"; |
| **cc:** | Erica McHard; Sam McHard; |
| **Subject:** | pdf acceptance letter.pdf - Adobe Acrobat Professional |
| **Date:** | Thursday, October 04, 2007 6:06:06 PM |
| **Attachments:** | pdf acceptance letter.pdf |

Counsel,

Attached is the Plaintiff's acceptance of the Defendants' combined settlement offer. Please Advise.

Sincerely,
Joseph Tullos
McHard & Associates, PLLC
32 Milbranch Road, Suite 50
Hattiesburg, MS  39402
Telephone: 601-450-1715
Facsimile: 601-450-1719
Email: jtullos@mchardlaw.com

CONFIDENTIALITY NOTICE
This email message is legally privileged and confidential. It is intended for the named addressee(s) only. If you are not an authorized recipient, distribution or copying of this message is strictly forbidden. If you have received this information in error, please notify us immediately by telephone and destroy the original email message and its contents.



### FrontDesk

| | |
|---|---|
| **From:** | Moore, Joe S. [jsmoore@balch.com] |
| **Sent:** | Thursday, September 27, 2007 5:23 PM |
| **To:** | Sam McHard |
| **Cc:** | Paterson, Charles; gwhughes@elmore.rr.com; Moore, Joe S.; Leveille, Brenda |
| **Subject:** | Letter to Mr. Samuel McHard |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Red |
| **Attachments:** | Document.pdf |



# BB

## BALCH & BINGHAM LLP

Alabama • Georgia • Mississippi • Washington, DC

Joseph Seawell Moore
(334) 956-8123

Attorneys and Counselors
105 Tallapoosa Street, Suite 200
P.O. Box 78 (36101-0078)
Montgomery, Alabama 36104-3515
(334) 834-6500
(334) 269-3115 Fax
www.balch.com

(866) 771-3270 (direct fax)
jsmoore@balch.com

September 27, 2007

**BY EMAIL**

Samuel McHard, Esq.
McHard & Associates, P.L.L.C.
223 West Canebrake Blvd.
Hattiesburg, MS 39402

Re: *James E. Crouch v. AmSouth Bank, Ina Sue Crouch and John and Jane Does 1-10*
Civil Action No. 2:06-cv-00111-MEF

Dear Sam:

I am in receipt of your letter dated September 27, 2007 with the settlement counteroffer of $145,000.00 to settle all claims and causes of action against all defendants. This counteroffer is not acceptable and I have been authorized to offer collectively $30,000.00 as a final offer to settle all claims and causes of actions in this matter. Please advise me accordingly.

Sincerely,

Joseph Seawell Moore

JSM:bl

### Lorraine Sumrall

| | |
|---|---|
| **From:** | Lorraine Sumrall |
| **Sent:** | Tuesday, September 25, 2007 4:05 PM |
| **To:** | 'jsmoore@balch.com' |
| **Subject:** | FW: Attached Image-DO NOT REPLY |
| **Attachments:** | 0921_001.pdf |

Sincerely,
Lorraine Sumrall
Paralegal to Samuel S. McHard
McHard & Associates, PLLC
32 Milbranch Road, Suite 50
Hattiesburg, MS 39402
T: 601-450-1715
F: 601-450-1719
email: lsumrall@mchardlaw.com

CONFIDENTIALITY NOTICE
This email message is legally privileged and confidential. It is intended for the named addressee(s) only. If you are not an authorized recipient, distribution or copying of this message is strictly forbidden. If you have received this information in error, please notify us immediately by telephone and destroy the original email message and its contents.

**From:** copier@mchardlaw.com [mailto:copier@mchardlaw.com]
**Sent:** Tuesday, September 25, 2007 3:05 PM
**To:** Lorraine Sumrall
**Subject:** Attached Image-DO NOT REPLY



9/25/2007

# McHard & Associates, P.L.L.C.

32 Milbranch Road, Suite 50
Hattiesburg, MS 39402

Samuel S. McHard
Erica R. McHard
Licensed in MS, IL, IA

Telephone: (601) 450-1715
Facsimile: (601) 450-1719

September 25, 2007

Joseph Seawell Moore
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36104

RE: *James E. Crouch v. AmSouth Bank, Ina Sue Crouch and John and Jane Does 1-10*
Civil Action No. 2:06cv111-CSC

Dear Joe Seawell:

I'm writing you this letter as a professional courtesy and follow up to our discussions this morning. Our demand of $145,000.00 will remain open only for forty-eight (48) hours from the date of this email. We believe that the 180 degree shift in the strategy on behalf of AmSouth claiming that their representative, Ronda Robinson, witnessed the proper execution of the document by seeing both James Earl Crouch and Ina Sue Crouch sign their own names to a new story similar to "the dog ate my home work" of "James Earl didn't have his reading glasses and authorized Ina Sue to sign his own name" is totally incredible. Based upon judicial notice, judicial estoppel and the exhibits which will be admitted into evidence we have documented this shift in strategy and have outlined it in our Findings of Fact and Conclusions of Law. Likewise we have documented Amsouth's spoliation of evidence. This greatly impacts the credibility and viability of AmSouth's defense.

The Plaintiff's offer amounts to approximately 25% of the actual damages he has suffered. AmSouth's effective defense of this case depends entirely on Defendants proving a principal and agent relationship existed between James Earl Crouch and Ina Sue Crouch. *See Consolidated Motor Co. of Ala. v. Malik*, 92 So. 262, 263 (Ala. 1922); *Wright v. Forgy*, 28 So. 198 (Ala. 1900) ("It was perfectly competent and legal for the surety *to act as an agent for the principal in signing his name* . . . .") (emphasis added). As we have stated since the summary judgment stage, and recently in the Motions in Limine, the Defendants bear the burden of proof on your theory of the case.[1] Stated

---

[1] Under Alabama law, a party asserting the existence of a principal/agent relationship has the burden of proving that relationship. *Wallace v. Frontier Bank, N.A.* 903 So. 2d 792, 801 (Ala. 2004) (". . . agency is a question of fact, and agency may not be presumed; the party

differently, AmSouth must prove that James Earl Crouch authorized Ina Sue Crouch to sign his name to the change of beneficiary form. Further, AmSouth's entire case is based on the hearsay of a dead man, and the learned judge will certainly take into account the inherent credibility issues with blatant hearsay statements of the forever silenced James Earl Crouch. Also, note your pending Motion in Limine in which AmSouth moved the Court to exclude all statements of James Earl Crouch. If your Motion in Limine is granted, AmSouth loses this case.

Further, it is clear by now that Ina Sue Crouch and Ronda Robinson have some serious issues with telling the truth. Currently, there exists a wealth of impeachment evidence on these two individuals, who are the key to your success in the case. As well, AmSouth has completely shifted defensive strategies in this case, which undermines the veracity of your current defense of authorization to sign. As noted above, one of the issues with your case is that you will bear the almost the entire burden at trial; the binding stipulations of fact present a prima facie case of forgery. If Ina Sue Crouch and Ronda Robinson are impeached to the point of having no credibility with the Court, which I believe they already have been, AmSouth will not be able to meet its burden of proof. We all know that trial testimony is one the greatest un-predictables in the practice of law; is AmSouth willing to take such a risk, especially when it bears the burden of proof? I am also aware that AmSouth will have some serious issues with admission of evidence because no witness has been designated which can even attempt to authenticate the unauthenticated documents upon which defendants rely.

Therefore, I believe that Plaintiff's offer of $145,000.00 actual damages is an extremely reasonable offer of settlement. The downside potential in this case for AmSouth is huge, because the interest clock on approximately $290,000.00 running for six and a half years, plus the potential for punitive damages.

Please advise.

Very Truly Yours,
McHARD & ASSOCIATES, PLLC

SAMUEL S. MCHARD
For the Firm

SSM/las

---

asserting it has the burden of adducing sufficient evidence to prove its existence."); *Kennedy v. Western Sizzlin Corp.*, 857 So. 2d 71, 77 (Ala. 2003) ("This is not to say, however, that agency may be presumed; the party asserting it has the burden of adducing [substantial] evidence to prove its existence."); *Lincoln Log Home Enter., Inc. v Autrey*, 836 So. 2d 804, 806 (Ala. 2002) ("The party asserting the existence of an agency relationship has the burden of adducing sufficient evidence to prove its existence.")

# MCHARD & ASSOCIATES, P.L.L.C.

32 Milbranch Road, Suite 50
Hattiesburg, MS 39402

Samuel S. McHard
Erica R. McHard
Licensed in MS, IL, IA

Telephone: (601) 450-1715
Facsimile: (601) 450-1719

September 25, 2007

Joseph Seawell Moore
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36104

RE: *James E. Crouch v. AmSouth Bank, Ina Sue Crouch and John and Jane Does 1-10*
Civil Action No. 2:06cv111-CSC

Dear Joe Seawell:

I'm writing you this letter as a professional courtesy and follow up to our discussions this morning. Our demand of $145,000.00 will remain open only for forty-eight (48) hours from the date of this email. We believe that the 180 degree shift in the strategy on behalf of AmSouth claiming that their representative, Ronda Robinson, witnessed the proper execution of the document by seeing both James Earl Crouch and Ina Sue Crouch sign their own names to a new story similar to "the dog ate my home work" of "James Earl didn't have his reading glasses and authorized Ina Sue to sign his own name" is totally incredible. Based upon judicial notice, judicial estoppel and the exhibits which will be admitted into evidence we have documented this shift in strategy and have outlined it in our Findings of Fact and Conclusions of Law. Likewise we have documented Amsouth's spoliation of evidence. This greatly impacts the credibility and viability of AmSouth's defense.

The Plaintiff's offer amounts to approximately 25% of the actual damages he has suffered. AmSouth's effective defense of this case depends entirely on Defendants proving a principal and agent relationship existed between James Earl Crouch and Ina Sue Crouch. *See Consolidated Motor Co. of Ala. v. Malik*, 92 So. 262, 263 (Ala. 1922); *Wright v. Forgy*, 28 So. 198 (Ala. 1900) ("It was perfectly competent and legal for the surety *to act as an agent for the principal in signing his name* . . . .") (emphasis added). As we have stated since the summary judgment stage, and recently in the Motions in Limine, the Defendants bear the burden of proof on your theory of the case.[1] Stated

---

[1] Under Alabama law, a party asserting the existence of a principal/agent relationship has the burden of proving that relationship. *Wallace v. Frontier Bank, N.A.* 903 So. 2d 792, 801 (Ala. 2004) (". . . agency is a question of fact, and agency may not be presumed; the party

differently, AmSouth must prove that James Earl Crouch authorized Ina Sue Crouch to sign his name to the change of beneficiary form. Further, AmSouth's entire case is based on the hearsay of a dead man, and the learned judge will certainly take into account the inherent credibility issues with blatant hearsay statements of the forever silenced James Earl Crouch. Also, note your pending Motion in Limine in which AmSouth moved the Court to exclude all statements of James Earl Crouch. If your Motion in Limine is granted, AmSouth loses this case.

Further, it is clear by now that Ina Sue Crouch and Ronda Robinson have some serious issues with telling the truth. Currently, there exists a wealth of impeachment evidence on these two individuals, who are the key to your success in the case. As well, AmSouth has completely shifted defensive strategies in this case, which undermines the veracity of your current defense of authorization to sign. As noted above, one of the issues with your case is that you will bear the almost the entire burden at trial; the binding stipulations of fact present a prima facie case of forgery. If Ina Sue Crouch and Ronda Robinson are impeached to the point of having no credibility with the Court, which I believe they already have been, AmSouth will not be able to meet its burden of proof. We all know that trial testimony is one the greatest un-predictables in the practice of law; is AmSouth willing to take such a risk, especially when it bears the burden of proof? I am also aware that AmSouth will have some serious issues with admission of evidence because no witness has been designated which can even attempt to authenticate the unauthenticated documents upon which defendants rely.

Therefore, I believe that Plaintiff's offer of $145,000.00 actual damages is an extremely reasonable offer of settlement. The downside potential in this case for AmSouth is huge, because the interest clock on approximately $290,000.00 running for six and a half years, plus the potential for punitive damages.

Please advise.

Very Truly Yours,
McHARD & ASSOCIATES, PLLC

SAMUEL S. MCHARD
For the Firm

SSM/las

---

asserting it has the burden of adducing sufficient evidence to prove its existence."); *Kennedy v. Western Sizzlin Corp.*, 857 So. 2d 71, 77 (Ala. 2003) ("This is not to say, however, that agency may be presumed; the party asserting it has the burden of adducing [substantial] evidence to prove its existence."); *Lincoln Log Home Enter., Inc. v Autrey*, 836 So. 2d 804, 806 (Ala. 2002) ("The party asserting the existence of an agency relationship has the burden of adducing sufficient evidence to prove its existence.")

# McHARD & ASSOCIATES, P.L.L.C.

32 Milbranch Road, Suite 50
Hattiesburg, MS 39402

Samuel S. McHard
Erica R. McHard
Licensed in MS, IL, IA

Telephone: (601) 450-1715
Facsimile: (601) 450-1719

September 25, 2007

Joseph Seawell Moore
Balch & Bingham LLP
Post Office Box 78
Montgomery, AL 36104

**DEFENDANT'S EXHIBIT**
CASE NO. 2:06cv111-MM
EXHIBIT NO. 1

RE: *James E. Crouch v. AmSouth Bank, Ina Sue Crouch and John and Jane Does 1-10*
Civil Action No. 2:06cv111-CSC

Dear Joe Seawell:

I'm writing you this letter as a professional courtesy and follow up to our discussions this morning. Our demand of $145,000.00 will remain open only for forty-eight (48) hours from the date of this email. We believe that the 180 degree shift in the strategy on behalf of AmSouth claiming that their representative, Ronda Robinson, witnessed the proper execution of the document by seeing both James Earl Crouch and Ina Sue Crouch sign their own names to a new story similar to "the dog ate my home work" of "James Earl didn't have his reading glasses and authorized Ina Sue to sign his own name" is totally incredible. Based upon judicial notice, judicial estoppel and the exhibits which will be admitted into evidence we have documented this shift in strategy and have outlined it in our Findings of Fact and Conclusions of Law. Likewise we have documented Amsouth's spoliation of evidence. This greatly impacts the credibility and viability of AmSouth's defense.

The Plaintiff's offer amounts to approximately 25% of the actual damages he has suffered. AmSouth's effective defense of this case depends entirely on Defendants proving a principal and agent relationship existed between James Earl Crouch and Ina Sue Crouch. *See Consolidated Motor Co. of Ala. v. Malik*, 92 So. 262, 263 (Ala. 1922); *Wright v. Forgy*, 28 So. 198 (Ala. 1900) ("It was perfectly competent and legal for the surety *to act as an agent for the principal in signing his name* . . . .") (emphasis added). As we have stated since the summary judgment stage, and recently in the Motions in Limine, the Defendants bear the burden of proof on your theory of the case.[1] Stated

---

[1] Under Alabama law, a party asserting the existence of a principal/agent relationship has the burden of proving that relationship. *Wallace v. Frontier Bank, N.A.* 903 So. 2d 792, 801 (Ala. 2004) (". . . agency is a question of fact, and agency may not be presumed; the party

differently, AmSouth must prove that James Earl Crouch authorized Ina Sue Crouch to sign his name to the change of beneficiary form. Further, AmSouth's entire case is based on the hearsay of a dead man, and the learned judge will certainly take into account the inherent credibility issues with blatant hearsay statements of the forever silenced James Earl Crouch. Also, note your pending Motion in Limine in which AmSouth moved the Court to exclude all statements of James Earl Crouch. If your Motion in Limine is granted, AmSouth loses this case.

Further, it is clear by now that Ina Sue Crouch and Ronda Robinson have some serious issues with telling the truth. Currently, there exists a wealth of impeachment evidence on these two individuals, who are the key to your success in the case. As well, AmSouth has completely shifted defensive strategies in this case, which undermines the veracity of your current defense of authorization to sign. As noted above, one of the issues with your case is that you will bear the almost the entire burden at trial; the binding stipulations of fact present a prima facie case of forgery. If Ina Sue Crouch and Ronda Robinson are impeached to the point of having no credibility with the Court, which I believe they already have been, AmSouth will not be able to meet its burden of proof. We all know that trial testimony is one the greatest un-predictables in the practice of law; is AmSouth willing to take such a risk, especially when it bears the burden of proof? I am also aware that AmSouth will have some serious issues with admission of evidence because no witness has been designated which can even attempt to authenticate the unauthenticated documents upon which defendants rely.

Therefore, I believe that Plaintiff's offer of $145,000.00 actual damages is an extremely reasonable offer of settlement. The downside potential in this case for AmSouth is huge, because the interest clock on approximately $290,000.00 running for six and a half years, plus the potential for punitive damages.

Please advise.

Very Truly Yours,
McHARD & ASSOCIATES, PLLC

SAMUEL S. MCHARD
For the Firm

SSM/las

---

asserting it has the burden of adducing sufficient evidence to prove its existence."); *Kennedy v. Western Sizzlin Corp.*, 857 So. 2d 71, 77 (Ala. 2003) ("This is not to say, however, that agency may be presumed; the party asserting it has the burden of adducing [substantial] evidence to prove its existence."); *Lincoln Log Home Enter., Inc. v Autrey*, 836 So. 2d 804, 806 (Ala. 2002) ("The party asserting the existence of an agency relationship has the burden of adducing sufficient evidence to prove its existence.")

**Date:** Thursday, September 27, 2007 8:09 AM
**From:** gwhughes@elmore.rr.com
**To:** Moore, Joe S. <jsmoore@balch.com>
**Subject:** Re: Crouch v. AmSouth, et al.

```
Joe:  Ms. Crouch declines the counteroffer.

Glenda
---- "Moore wrote:
> Glenda,
>
> Attached please find a letter from Plaintiff making a $145,000
> counteroffer.  Please forward this on to Ms. Austin and let me know if
> Ms. Crouch would like to respond.  Thank you.
>
> Joe Seawell
>
>
> Joseph Seawell Moore
> Balch & Bingham LLP
> 105 Tallapoosa St., Suite 200
> P.O. Box 78 (36101-0078)
> Montgomery, Alabama 36104
> (334) 956-8123 - Phone
> (866) 771-3270 - Fax
> Download vCard <blocked::
>                 <blocked::                          >                  >
>
> IRS CIRCULAR 230 DISCLOSURE: Unless explicitly stated to the contrary,
> this communication (including any attachments) is not intended or
> written to  be used, and cannot be used, for the purpose of (i) avoiding
> penalties under  the Internal Revenue Code or (ii) promoting, marketing,
> or recommending to  another party any transaction or matter addressed
> herein. Click here for more information.
> <blocked::
> etter.pdf>
>
> CONFIDENTIALITY NOTE: This email and any attachments may be confidential
> and protected by legal privilege. If you are not the intended recipient,
> be aware that any disclosure, copying, distribution or use of the e-mail
> or any attachment is prohibited. If you have received this email in
> error, please notify us immediately by replying to the sender and
> deleting this copy and the reply from your system. Thank you for your
> cooperation.
>
>
> _____
>
> From: Lorraine Sumrall [                          ]
> Sent: Tuesday, September 25, 2007 4:05 PM
> To: Moore, Joe S.
> Subject: FW: Attached Image-DO NOT REPLY
>
>
>
>
>
>
>
> Sincerely,
>
> Lorraine Sumrall
>
> Paralegal to Samuel S. McHard
>
> McHard & Associates, PLLC
>
```

```
> 32 Milbranch Road, Suite 50
>
> Hattiesburg, MS 39402
>
> T: 601-450-1715
>
> F: 601-450-1719
>
> email:
>
>
>
> CONFIDENTIALITY NOTICE
>
> This email message is legally privileged and confidential. It is
> intended for the named addressee(s) only. If you are not an authorized
> recipient, distribution or copying of this message is strictly
> forbidden.  If you have received this information in error, please
> notify us immediately by telephone and destroy the original email
> message and its contents.
>
> _____
>
> From:                         [                    ]
> Sent: Tuesday, September 25, 2007 3:05 PM
> To: Lorraine Sumrall
> Subject: Attached Image-DO NOT REPLY
>
>
>
>
>
```

TM & © Warner Bros. Entertainment Inc.